## CASE NO. 25-6073

_____

## IN THE

## UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

## PHOENIX CHARITABLE TRUST, Appellant,

### and

## UNIVERSITAS EDUCATION LLC, Appellee.

_____

**Appealed from the United States District Court for the
Western District of Oklahoma
Honorable Joe Heaton, United States District Judge
USDC Case No. 5:24-MC-00005-HE**

_____

## APPENDIX VOLUME 1

_____

**ATTORNEYS FOR APPELLANTS:**

Jeffrey R. Sandberg
jsandberg@pamlaw.com
PALMER LEHMAN SANDBERG, PLLC
8350 N. Central Expressway; Suite 1111
Dallas, Texas 75206
(214) 242-6444/Fax (214) 265-1950
**COUNSEL FOR APPELLANT
PHOENIX CHARITABLE TRUST**

**ATTORNEYS FOR APPELLEE:**

> Joseph L. Manson III
> 600 Cameron Street
> Alexandria, Virginia 22314
> Telephone: (202) 674-1450
> Facsimile: (703) 340-1642
> jmanson@jmansonlaw.com
> **COUNSEL FOR APPELLEE**
> **UNIVERSITAS EDUCATION LLC**

# Appendix

## Table of Contents

## Volume 1
## Pages 1 - 314

<u>Document</u>                                                                                   <u>Page</u>

Docket – District Court, dated April 1, 2024............................................................1

Registration of Foreign Judgment filed by Universitas
Education, LLC (Doc. 1) ..........................................................................66

Entry of Appearance by Judy Hamilton Morse on behalf of
Universitas Education LLC (Doc. 3) ........................................................72

Entry of Appearance by Lysbeth L. George on behalf of
Universitas Education LLC (Doc. 4) ........................................................74

Writ of General Execution issued as to SDM Holdings, LLC (Doc. 10)................76

Post−Judgment General Garnishment Summons Issued Electronically as to
SDM Holdings, LLC (Doc. 13) .................................................................80

Writ of General Execution [10] Returned Unexecuted as to
SDM Holdings, LLC (Doc. 16) .................................................................83

Certificate of Mailing to Avon Capital (Doc. 19)......................................................87

Affidavit of Service to Avon Capital (Doc. 20) ........................................................89

Notice of Return of Service to SDM Holdings, LLC to Appear and to Show Cause
(Doc. 23) .....................................................................................................91

Entry of Appearance by Paula K. Colbath on behalf of
Universitas Education LLC (Doc. 27) .......................................................95

Return of Service to Asset Servicing Group (Doc. 30) .............................................97

Return of Service to SDM Holdings (Doc. 32) .........................................................98

137364299.1

Affidavit of Service to Avon Capital (Doc. 33) .......................................................99

Amended Order for Avon Capital, LLC and SDM Holdings, LLC to
 Appear and To Show Cause (Doc. 42) ................................................................100

Avon Capital LLC a Wyoming Limited Liability Company's Motion to Intervene
 and Brief-in-Support (Doc. 56)...........................................................................103

Appendix to Motion to Intervene and Brief-in-Support by Avon Capital LLC
 a Wyoming Limited Liability Company (Doc. 57) ..............................................127

Disclosure Statement by Avon Capital LLC a Wyoming limited
 liability company (Doc. 58) ................................................................................188

Entry of Appearance of Gerald P. Green on behalf of Avon Capital LLC
 a Wyoming Limited Liability Company (Doc. 59) ..............................................190

Order granting Respondent Avon Capital a Wyoming limited
 liability company 's motion for leave to intervene. (Doc. 71) .............................192

Motion for Permanent Injunction and Brief-in-Support by Avon Capital
 LLC, a Wyoming Limited Liability Company (Doc. 73) ......................................193

Memorandum in Opposition re 73 Motion for Permanent Injunction
 and Brief-in-Support filed by Universitas Education LLC (Doc. 77) ..................209

APPEAL,CONV,MITCHELL,REOPEN,STAYED,_LDF

# U.S. District Court
## Western District of Oklahoma[LIVE] (Oklahoma City)
## CIVIL DOCKET FOR CASE #: 5:14-fj-00005-HE

| | |
|---|---|
| Universitas Education LLC v. Nova Group Inc | Date Filed: 11/07/2014 |
| Assigned to: Honorable Joe Heaton | Jury Demand: None |
| Case in other court:  Tenth Circuit, 21-06044 | Nature of Suit: 890 Other Statutory Actions |
| Tenth Circuit, 21-06049 | Jurisdiction: Federal Question |
| Tenth Circuit, 21-06133 | |
| Tenth Circuit, 21-06134 | |
| Tenth Circuit, 22-06038 | |
| Tenth Circuit, 23-06125 | |
| Tenth Circuit, 23-06126 | |
| Tenth Circuit, 23-06167 | |
| Tenth Circuit, 23-06168 | |
| Tenth Circuit, 24-06006 | |
| Tenth Circuit, 24-06033 | |
| Tenth Circuit, 24-06066 | |
| Tenth Circuit, 25-06073 | |
| District Court Southern District of New York, CIV-11-01590 | |
| Cause: Civil Miscellaneous Case | |

**Petitioner**

**Universitas Education LLC**                    represented by    **Gerald P Green**
Pierce Couch Hendrickson Baysinger &
Green-OKC
P O Box 26350
Oklahoma City, OK 73126-0350
405-235-1611
Fax: 405-235-0085
Email: jgreen@piercecouch.com
*TERMINATED: 04/15/2016*
*ATTORNEY TO BE NOTICED*

**Joseph L Manson , III**
Law Offices of Joseph L Manson III
600 Cameron St
Alexandria, VA 22314
703-340-1649
Email: jmanson@jmansonlaw.com
*ATTORNEY TO BE NOTICED*

**Joshua C Greenhaw**
Mee Mee Hoge & Epperson PLLP
1900 NW Expressway
Suite 1400
Oklahoma City, OK 73118

405-848-9100
Fax: 405-848-9101
Email: jcg@meehoge.com
*ATTORNEY TO BE NOTICED*

**Judy Hamilton Morse**
Crowe & Dunlevy-OKC
Braniff Building
324 N Robinson Ave
Suite 100
Oklahoma City, OK 73102
405-235-7700
Fax: 405-272-5242
Email: judy.morse@crowedunlevy.com
*TERMINATED: 09/18/2018*
*ATTORNEY TO BE NOTICED*

**Lysbeth L George**
Law Office of Liz George, PLLC
8101 S Walker, Suite F
Oklahoma City, OK 73139
405-689-5502
Fax: 405-689-5502
Email: liz@georgelawok.com
*TERMINATED: 09/18/2018*
*ATTORNEY TO BE NOTICED*

**Paula K Colbath**
Loeb & Loeb LLP-NEW YORK
345 Park Ave
New York, NY 10154
212-407-4000
Fax: 212-407-4990
Email: pcolbath@loeb.com
*TERMINATED: 06/28/2018*

**Timothy F Campbell**
Sweet Dewberry Hubbard, PLC
24 West Park Place
Oklahoma City, OK 73103
405-601-9400
Fax: 405-601-9444
Email: tcampbell@hallboothsmith.com
*TERMINATED: 06/22/2022*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor**

**Avon Capital LLC**
*a Wyoming limited liability company*

represented by  **Alan L Rupe**
Lewis Brisbois Bisgaard & Smith LLP -
WICHITA
1605 N Waterfront Parkway

Suite 150
Wichita, KS 67206-6634
316-609-7900
Fax: 316-462-5746
Email: alan.rupe@lewisbrisbois.com
*TERMINATED: 02/24/2025*
*ATTORNEY TO BE NOTICED*

**Angela Probasco**
Lewis Brisbois Bisgaard & Smith LLP -
KANSAS CITY
4600 Madison Ave
Suite 700
Kansas City, MO 64112
816-299-4244
Fax: 816-299-4245
Email: angela.probasco@lewisbrisbois.com
*TERMINATED: 10/19/2017*
*PRO HAC VICE*

**Francis Schneider**
Lewis Brisbois Bisgaard & Smith
1605 N. Waterfront Parkway
Suite 150
Wichita, KS 67206
316-609-7900
Fax: 316-462-5746
Email: francis.schneider@lewisbrisbois.com
*TERMINATED: 02/24/2025*
*ATTORNEY TO BE NOTICED*

**Gerald P Green**
(See above for address)
*TERMINATED: 02/24/2025*
*ATTORNEY TO BE NOTICED*

V.

**Garnishee**

**Asset Servicing Group LLC**       represented by **Clayton D Ketter**
Phillips Murrah P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103
405-235-4100
Fax: 405-235-4133
Email: cdketter@phillipsmurrah.com
*ATTORNEY TO BE NOTICED*

**Melvin R McVay , Jr**
Phillips Murrah P.C.
424 NW 10th Street
Ste 300
Oklahoma City, OK 73103

405-235-4100
Fax: 405-235-4133
Email: mrmcvay@phillipsmurrah.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Nova Group Inc**

**Respondent**

**SDM Holdings LLC**        represented by **Jeffrey Sandberg**
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway
Suite 1111
Dallas, TX 75206
214-242-6444
Fax: 214-265-1950
Email: jsandberg@pamlaw.com
*ATTORNEY TO BE NOTICED*

**John D Stiner**
Stiner Law Firm, PLLC
Oklahoma
701 North Broadway Avenue
Suite 430
73102
Oklahoma City, OK 73102
405-602-1591
Fax: 405-602-1754
Email: john@stinerlaw.com
*ATTORNEY TO BE NOTICED*

**Joseph H Bocock**
Bocock Law PLLC
119 N Robinson Ave
Suite 630
Oklahoma City, OK 73102
405-605-0218
Fax: 405-602-1754
Email: joe@bococklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Receiver**

**Ryan Leonard**        represented by **Heidi J Long**
6301 N. Western Ave.                                 Leonard, Long & Cassil, PLLC
Suite 250                                                    6301 North Western Ave
Oklahoma City, OK 73118                      Ste 250
4053670555                                             Oklahoma City, OK 73118
405-803-8343
Fax: 405-605-8381

Email: hlong@llc-attorneys.com
*ATTORNEY TO BE NOTICED*

**Ryan T Leonard**
Leonard, Long & Cassil, PLLC
6301 North Western Ave
Ste 250
Oklahoma City, OK 73118
405-702-9900
Email: rleonard@llc-attorneys.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/07/2014 | 1 | REGISTRATION of Foreign Judgment. filed by Universitas Education LLC. (Attachments: # 1 Attachment Judgment, # 2 Attachment Order)(pw) (Entered: 11/07/2014) |
| 11/07/2014 | 2 | Receipt for Money Received from Universitas Education LLC in the amount of $46.00, receipt number OKW500043059 regarding 1 Registration of Foreign Judgment (pw) (Entered: 11/07/2014) |
| 11/12/2015 | 3 | ENTRY of Appearance by Judy Hamilton Morse on behalf of Universitas Education LLC (Morse, Judy) (Entered: 11/12/2015) |
| 11/12/2015 | 4 | ENTRY of Appearance by Lysbeth L George on behalf of Universitas Education LLC (George, Lysbeth) (Entered: 11/12/2015) |
| 11/12/2015 | 5 | MOTION for Leave to Appear Pro Hac Vice *Motion for Admission Pro Hac Vice of Paula Colbath* Filing fee $ 50, receipt number 1087-2182354 by Universitas Education LLC. (Attachments: # 1 Attachment Request for Admission Pro Hac Vice)(George, Lysbeth) (Entered: 11/12/2015) |
| 11/12/2015 | 6 | MOTION for Hearing *Motion for Order Requiring Judgement Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property* by Universitas Education LLC. (George, Lysbeth) (Entered: 11/12/2015) |
| 11/16/2015 | 7 | ORDER granting 5 Paula Colbath, Esq., leave to appear pro hac vice as counsel for plaintiff. Signed by Honorable Joe Heaton on 11/16/2015. (lam) (Entered: 11/16/2015) |
| 11/23/2015 | 8 | ORDER REFERRING MOTION all post-judgment collection matters to Magistrate Judge Suzanne Mitchell for further proceedings and determination. Signed by Honorable Joe Heaton on 11/23/2015. (lam) (Entered: 11/23/2015) |
| 11/23/2015 | 9 | RETURN OF SERVICE - NON SUMMONS Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property [Dkt. 6], and Clerk's Certification of a Judgment to Be Registered in Another District, Judgment and Order [Dkt. 1] by Universitas Education LLC (George, Lysbeth) (Entered: 11/23/2015) |
| 12/03/2015 | 10 | WRIT of General Execution issued as to SDM Holdings, LLC (sm) (Entered: 12/03/2015) |
| 12/03/2015 | 11 | WRIT of General Execution issued as to Asset Servicing Group, LLC (sm) (Entered: 12/03/2015) |

| | | |
|---|---|---|
| 12/03/2015 | 12 | Post-Judgment General Garnishment Summons Issued Electronically as to Asset Servicing Group, LLC. (sm) (Entered: 12/03/2015) |
| 12/03/2015 | 13 | Post-Judgment General Garnishment Summons Issued Electronically as to SDM Holdings, LLC (sm) (Entered: 12/03/2015) |
| 12/03/2015 | 14 | ORDER granting 6 Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property. Hearing set before Magistrate Judge Suzanne Mitchell of the USDC/WDOK on 1/7/16 @ 10:00 a.m. Signed by Magistrate Judge Suzanne Mitchell on 12/03/2015. (sm) (Entered: 12/03/2015) |
| 12/03/2015 | | Set/Reset Hearings: Judgment Debtor Exam set for 1/7/2016 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (sm) (Entered: 12/03/2015) |
| 12/04/2015 | 15 | ENTER ORDER re 14 Order to appear and answer as to assets. The judgment debtor exam currently scheduled is reset for 1/27/2016 at 10:00 a.m. Entered at the direction of Magistrate Judge Suzanne Mitchell on 12/04/15. (sm) (Main Document 15 replaced on 12/4/2015) (sm). (Entered: 12/04/2015) |
| 12/04/2015 | | Set/Reset Hearings: Judgment Debtor Exam reset for 1/27/2016 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (sm) (Entered: 12/04/2015) |
| 12/10/2015 | 16 | WRIT of General Execution 10 Returned Unexecuted as to SDM Holdings. (sm) (Entered: 12/10/2015) |
| 12/10/2015 | 17 | WRIT of General Execution 11 Returned Unexecuted as to Asset Servicing Group, LLC. (sm) (Entered: 12/10/2015) |
| 12/15/2015 | 18 | CERTIFICATE OF MAILING. (George, Lysbeth) (Entered: 12/15/2015) |
| 12/15/2015 | 19 | CERTIFICATE OF MAILING. (George, Lysbeth) (Entered: 12/15/2015) |
| 12/15/2015 | 20 | RETURN OF SERVICE - NON SUMMONS Writ and Garnishment Documents Directed to Asset Servicing Group, LLC (Dkts. 11, 12), Writ and Garnishment Documents Directed to SDM Holdings, LLC (Dkts. 10, 13), Order for Avon Capital, LLC to Appear and Answer as to Assets and Injunction Forbidding Transfer (Dkt. 14), Amended Order Resetting HOA for January 27, 2016 (Dkt. 15), Subpoenas to Appear at Hearing on Assts and to Produce and Permit Inspection and Copying of Documents to Asset Servicing Group, LLC and SDM Holdings, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 12/15/2015) |
| 12/15/2015 | 21 | RETURN OF SERVICE - NON SUMMONS Writ and Garnishment Documents Directed to Asset Servicing Group, LLC (Dkts. 11, 12), Writ and Garnishment Documents Directed to SDM Holdings, LLC (Dkts. 10, 13), Order for Avon Capital, LLC to Appear and Answer as to Assets and Injunction Forbidding Transfer (Dkt. 14), Amended Order Resetting HOA for January 27, 2016 (Dkt. 15), Subpoenas to Appear at Hearing on Assts and to Produce and Permit Inspection and Copying of Documents to Asset Servicing Group, LLC and SDM Holdings, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 12/15/2015) |
| 12/15/2015 | 22 | RETURN OF SERVICE - NON SUMMONS Order for Avon Capital, LLC to Appear and Answer as to Assets (Dkt. 14), Amended Order Resetting Hearing on Assets for Avon Capital, LLC (Dkt. 15), Writ of General Execution to Asset Servicing Group, LLC (Dkt. 11), and Post-Judgment General Garnishment Summons to Asset Servicing Group, LLC (Dkt. 12) by Universitas Education LLC (Attachments: # 1 Exhibit A - Return of Service) (George, Lysbeth) (Entered: 12/15/2015) |

Appendix Page 6

| | | |
|---|---|---|
| 12/15/2015 | 23 | RETURN OF SERVICE - NON SUMMONS Order for Avon Capital, LLC to Appear and Answer as to Assets (Dkt. 14), Amended Order resetting Hearing on Assets for Avon Capital, LLC (Dkt. 15), Writ of General Execution to SDM Holdings, LLC (Dkt. 10), and Post-Judgment General Garnishment Summons to SDM Holdings, LLC (Dkt. 13) by Universitas Education LLC (Attachments: # 1 Exhibit A - Return of Service)(George, Lysbeth) (Entered: 12/15/2015) |
| 12/17/2015 | 24 | ANSWER to Writ of Garnishment re 12 Summons Issued by Asset Servicing Group, LLC. (Attachments: # 1 Exhibit A-Garnishee's Answer/Affidavit)(Ketter, Clayton) (Entered: 12/17/2015) |
| 12/18/2015 | 25 | OBJECTIONS *TO SUBPOENA* filed by Asset Servicing Group, LLC. (Attachments: # 1 Exhibit 1)(Ketter, Clayton) (Entered: 12/18/2015) |
| 12/28/2015 | 26 | RETURN OF SERVICE - NON SUMMONS Writ and Garnishment Documents Directed to Asset Servicing Group, LLC (Dkts. 11, 12), Writ and Garnishment Documents Directed to SDM Holdings, LLC (Dkts. 10, 13), Order for Avon Capital, LLC to Appear and Answer as to Assets and Injunction Forbidding Transfer (Dkt. 14), Amended Order Resetting HOA for January 27, 2016 (Dkt. 15), Subpoenas to Appear at Hearing on Assts and to Produce and Permit Inspection and Copying of Documents to Asset Servicing Group, LLC and SDM Holdings, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 12/28/2015) |
| 01/05/2016 | 27 | ENTRY of Appearance by Paula K Colbath on behalf of Universitas Education LLC (Colbath, Paula) (Entered: 01/05/2016) |
| 01/25/2016 | 28 | UNOPPOSED MOTION to Continue *Judgment Debtor Examination* by Universitas Education LLC. (George, Lysbeth) (Entered: 01/25/2016) |
| 01/25/2016 | 29 | ORDER granting 28 Defendant's Unopposed Motion to Continue Judgment Examination. The Judgment Debtor Exam scheduled in this matter for January 27, 2016, is hereby stricken and the Court hereby re-sets same for March 24, 2016 at 10:00 a.m. Signed by Magistrate Judge Suzanne Mitchell on 1/25/16. (sm) (Entered: 01/25/2016) |
| 01/25/2016 | | Set/Reset Hearings: Judgment Debtor Exam set for 3/24/2016 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (sm) (Entered: 01/25/2016) |
| 02/08/2016 | 30 | AFFIDAVIT of Service for Amended Subpoena served on Asset Servicing Group LLC on 1/27/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) Modified on 2/8/2016 to correct party served (cla). (Entered: 02/08/2016) |
| 02/08/2016 | 31 | OBJECTIONS *to Amended Subpoena* filed by Asset Servicing Group LLC. (Attachments: # 1 Exhibit 1-Amended Subpoena)(Ketter, Clayton) (Entered: 02/08/2016) |
| 02/08/2016 | 32 | AFFIDAVIT of Service for Amended Subpoena served on SDM Holdings, LLC on 1/27/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 02/08/2016) |
| 03/17/2016 | 33 | RETURN OF SERVICE - NON SUMMONS Avon Capital, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 03/17/2016) |
| 03/17/2016 | 34 | RETURN OF SERVICE - NON SUMMONS Avon Capital, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 03/17/2016) |
| 03/17/2016 | 35 | RETURN OF SERVICE - NON SUMMONS Avon Capital, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 03/17/2016) |
| 03/17/2016 | 36 | MOTION for Protective Order by Asset Servicing Group LLC. (Attachments: # 1 Exhibit 1-proposed agreed protective order)(Ketter, Clayton) (Entered: 03/17/2016) |

Appendix Page 7

| 03/17/2016 | 37 | CERTIFICATE OF SERVICE by Petitioner Universitas Education LLC (George, Lysbeth) (Entered: 03/17/2016) |
|---|---|---|
| 03/18/2016 | 38 | AGREED PROTECTIVE ORDER granting 36 Motion for Protective Order. Signed by Magistrate Judge Suzanne Mitchell on 3/18/2016. (brs) (Entered: 03/18/2016) |
| 03/24/2016 | 39 | Minute Entry for proceedings held before Magistrate Judge Suzanne Mitchell: Judgment Debtor Exam held on 3/24/2016. Plaintiff appears. Judgment Debtor Avon Capital, LLC appears not. (sm) (Entered: 03/24/2016) |
| 03/31/2016 | 40 | MOTION for Contempt by Universitas Education LLC. (Attachments: # 1 Exhibit 1 - Amended Subpoena to SDM Holdings)(George, Lysbeth) (Entered: 03/31/2016) |
| 04/07/2016 | 41 | THIS ORDER IS STRICKEN. SEE AMENDED ORDER 42 . Order for Judgment Debtor to appear and show cause. Signed by Magistrate Judge Suzanne Mitchell on 04/07/16. (sm) (Entered: 04/07/2016) |
| 04/07/2016 | 42 | AMENDED ORDER FOR AVON CAPITAL, LLC AND SDM HOLDINGS, LLC TO APEAR AND TO SHOW CAUSE. Show Cause Hearing set for 4/18/2016 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. Signed by Magistrate Judge Suzanne Mitchell on 04/07/16. (sm) (Entered: 04/07/2016) |
| 04/08/2016 | 43 | ENTRY of Appearance by Melvin R McVay, Jr on behalf of Asset Servicing Group LLC (McVay, Melvin) (Entered: 04/08/2016) |
| 04/12/2016 | 44 | RETURN OF SERVICE - NON SUMMONS Motion for Contempt by Universitas Education LLC (George, Lysbeth) (Entered: 04/12/2016) |
| 04/12/2016 | 45 | RETURN OF SERVICE - NON SUMMONS Motion for Contempt by Universitas Education LLC (George, Lysbeth) (Entered: 04/12/2016) |
| 04/14/2016 | 46 | AFFIDAVIT of Service for Order to Appear and Show Cause served on Avon Capital, LLC on 04/11/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 47 | AFFIDAVIT of Service for Order to Appear and Show Cause served on Avon Capital, LLC on 04/11/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 48 | AFFIDAVIT of Service for Order to Appear and Show Cause served on Avon Capital, LLC on 04/08/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 49 | CERTIFICATE OF SERVICE by Petitioner Universitas Education LLC re 42 Order to Show Cause, *by Certified Mail* (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 50 | AFFIDAVIT of Service for Motion for Contempt served on Avon Capital, LLC on 04/04/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 51 | AFFIDAVIT of Service for Motion for Contempt served on Avon Capital, LLC on 04/04/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 52 | AFFIDAVIT of Service for Motion for Contempt served on Avon Capital, LLC on 04/04/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 53 | CERTIFICATE OF SERVICE by Petitioner Universitas Education LLC re 42 Order to Show Cause, *on SDM Holdings, LLC* (George, Lysbeth) (Entered: 04/14/2016) |

| 04/15/2016 | 54 | ENTRY of Appearance by Alan L Rupe on behalf of Avon Capital LLC a Wyoming limited liability company (Rupe, Alan) (Entered: 04/15/2016) |
|---|---|---|
| 04/15/2016 | 55 | CERTIFICATE OF SERVICE by Petitioner Universitas Education LLC re 42 Order to Show Cause, *to Avon Capital, LLC via Certified Mail* (George, Lysbeth) (Entered: 04/15/2016) |
| 04/15/2016 | 56 | MOTION to Intervene *and Brief in Support* by Avon Capital LLC a Wyoming limited liability company. (Attachments: # 1 Exhibit A: Proposed Motion for Injunctive Relief) (Rupe, Alan) (Entered: 04/15/2016) |
| 04/15/2016 | 57 | APPENDIX re 56 MOTION to Intervene *and Brief in Support* by Avon Capital LLC a Wyoming limited liability company. (Attachments: # 1 Exhibit 1: New York Action ECF 310-4, Pages 23-27, # 2 Exhibit 2: Avon Capital, LLC, a Connecticut limited liability company's Secretary of State filing, # 3 Exhibit 3: April 15, 2016 Declaration of Donald Trudeau, # 4 Exhibit 3-1: December 30, 2009 assignments of SDM Holding, LLCs membership interests to Avon Capital-WY, # 5 Exhibit 3-2: Restraining Notice dated March 17, 2016 served by Universitas Education, LLC, # 6 Exhibit 4: Avon Capital, LLC, a Wyoming limited liability companys Secretary of State filing, # 7 Exhibit 5: New York Action ECF 310-4, Pages 4-13, # 8 Exhibit 6: New York Action ECF 310-4, Page 2, # 9 Exhibit 7: New York Action ECF 310-4, Page 21, # 10 Exhibit 8: New York Action ECF 118-1, Pages 2-15, # 11 Exhibit 9: April 1, 2016 Affidavit of Alan L. Rupe, # 12 Exhibit 9-1: January 20, 2016 email and attachment, # 13 Exhibit 9-2: March 23, 2016 email and attachments)(Rupe, Alan) (Entered: 04/15/2016) |
| 04/15/2016 | 58 | DISCLOSURE STATEMENT - LLC by Avon Capital LLC a Wyoming limited liability company . (Rupe, Alan) (Entered: 04/15/2016) |
| 04/15/2016 | 59 | ENTRY of Appearance by Gerald P Green on behalf of Avon Capital LLC a Wyoming limited liability company (Green, Gerald) (Entered: 04/15/2016) |
| 04/15/2016 | 60 | MOTION for Leave to Appear Pro Hac Vice *of Angela Probasco* Filing fee $ 50, receipt number 1087-2269764 by Avon Capital LLC a Wyoming limited liability company. (Attachments: # 1 Exhibit 1 Request for Admission Pro Hac Vice)(Green, Gerald) (Entered: 04/15/2016) |
| 04/15/2016 | 61 | ORDER striking show cause hearing set for Monday, 4/18/16. Pursuant to Local Rule 7.1(g), Plaintiff, Universitas Education, LLC has 21 days to file its response to 56 Avon Capital's Motion to Intervene. Signed by Magistrate Judge Suzanne Mitchell on 04/15/16. (sm) (Entered: 04/15/2016) |
| 04/15/2016 | | Show cause hearing set for 4/18/16 is stricken to be reset at later date. (sm) (Entered: 04/15/2016) |
| 04/18/2016 | 62 | ORDER granting 60 Motion to Appear Pro Hac Vice of Angela Probasco. Signed by Magistrate Judge Suzanne Mitchell on 04/18/2016. (sm) (Entered: 04/18/2016) |
| 04/19/2016 | 63 | ENTRY of Appearance by Angela Probasco on behalf of Avon Capital LLC (Probasco, Angela) (Entered: 04/19/2016) |
| 05/03/2016 | 64 | UNOPPOSED MOTION for Extension of Time by Universitas Education LLC. (George, Lysbeth) (Entered: 05/03/2016) |
| 05/03/2016 | 65 | ORDER granting 64 Plaintiff's Motion for Extension of Time to file response. Plaintiff's response is due on or before 6/6/16. Signed by Magistrate Judge Suzanne Mitchell on 05/03/16. (sm) (Entered: 05/03/2016) |
| 06/03/2016 | 66 | SECOND MOTION for Extension of Time to File Response/Reply as to 56 MOTION to Intervene *and Brief in Support* by Universitas Education LLC. (George, Lysbeth) |

Appendix Page 9

| | | |
|---|---|---|
| | | (Entered: 06/03/2016) |
| 06/07/2016 | 67 | ORDER granting 66 Plaintiff's second unopposed motion for extension of time to respond to 56 Motion to Intervene. Plaintiff response is due by 7/29/2016. Signed by Magistrate Judge Suzanne Mitchell on 6/7/16. (sm) (Entered: 06/07/2016) |
| 07/26/2016 | 68 | THIRD MOTION for Extension of Time to File Response/Reply as to 56 MOTION to Intervene *and Brief in Support* by Universitas Education LLC. (George, Lysbeth) (Entered: 07/26/2016) |
| 07/27/2016 | 69 | ORDER granting 68 Plaintiff's third unopposed Motion for Extension of Time to File Response to 56 MOTION to Intervene. Responses due by 9/27/2016. Signed by Magistrate Judge Suzanne Mitchell on 07/27/16. (sm) (Entered: 07/27/2016) |
| 09/26/2016 | 70 | RESPONSE in Opposition re 56 MOTION to Intervene *and Brief in Support* filed by Universitas Education LLC. (George, Lysbeth) (Entered: 09/26/2016) |
| 09/29/2016 | 71 | ORDER granting 56 Respondent Avon Capital's unopposed motion for leave to intervene. The court orders Avon Capital to file a motion for injunctive relief by 10/6/16. Signed by Magistrate Judge Suzanne Mitchell on 09/29/16. (sm) (Entered: 09/29/2016) |
| 09/29/2016 | 72 | ENTER ORDER -- A status conference is scheduled before United States Magistrate Judge Suzanne Mitchell on October 18, 2016, at 10:00 a.m., William J. Holloway, Jr. Courthouse, 200 N.W. 4th Street, Room 1301, Oklahoma City, Oklahoma 73102. See also Local Rule 16.1(b)(4). Entered by direction of Magistrate Judge Suzanne Mitchell on 09/29/2016. (sm) (Entered: 09/29/2016) |
| 09/29/2016 | | Set/Reset Hearings: Status Conference set for 10/18/2016 10:00 AM in Room 1301 before Magistrate Judge Suzanne Mitchell. (sm) (Entered: 09/29/2016) |
| 10/06/2016 | 73 | MOTION for Permanent Injunction *and Brief in Support* by Avon Capital LLC. (Rupe, Alan) (Entered: 10/06/2016) |
| 10/18/2016 | 74 | Minute Entry for proceedings held before Magistrate Judge Suzanne Mitchell: Status Conference held on 10/18/2016. (sm) (Entered: 10/18/2016) |
| 10/26/2016 | 75 | UNOPPOSED MOTION for Extension of Time by Universitas Education LLC. (George, Lysbeth) (Entered: 10/26/2016) |
| 10/27/2016 | 76 | ORDER granting 75 Plaintiff's unopposed motion for extension of time to respond to Avon Capital's Motion for Permanent Injunction. Plaintiff's response is due on or before 11/10/16. Signed by Magistrate Judge Suzanne Mitchell on 10/27/16. (sm) (Entered: 10/27/2016) |
| 11/10/2016 | 77 | MEMORANDUM in Opposition re 73 MOTION for Permanent Injunction *and Brief in Support* filed by Universitas Education LLC. (Attachments: # 1 Attachment Declaration of Paula K. Colbath, # 2 Exhibit A - Bank Statements, # 3 Exhibit B - Deposition Excerpts, # 4 Exhibit C - Declaration of Donald Trudeau, # 5 Exhibit D - Stipulation, # 6 Exhibit E - Deposition Excerpts, # 7 Exhibit F - Wyoming Secretary of State Records, # 8 Exhibit G - Connecticut Secretary of State Records, # 9 Exhibit H - Amended Answer of Avon Capital, LLC, # 10 Exhibit I - Judgment, # 11 Exhibit J - Oklahoma Statute, # 12 Exhibit K - OBA Article)(George, Lysbeth) (Entered: 11/10/2016) |
| 11/14/2016 | 78 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 77 Memorandum in Opposition,, by Avon Capital LLC. (Green, Gerald) (Entered: 11/14/2016) |
| 11/15/2016 | 79 | ORDER granting 78 Motion for Extension of Time to File Reply re 77 Memorandum in Opposition. Defendant's reply is due on or before December 9, 2016. Signed by |

| | | |
|---|---|---|
| | | Magistrate Judge Suzanne Mitchell on 11/15/2016. (jb) (Entered: 11/15/2016) |
| 12/08/2016 | 80 | UNOPPOSED MOTION for Extension of Time to File Response/Reply by Intervenor Avon Capital, LLC, Wyoming as to 77 Memorandum in Opposition,, by Universitas Education LLC. (Green, Gerald) Modified on 1/10/2017 (lb). (Entered: 12/08/2016) |
| 12/08/2016 | 81 | ORDER granting 80 Intervenor Avon Capital, LLC's Motion for Extension of Time to File Response/Reply re 73 MOTION for Permanent Injunction *and Brief in Support*. Intervenor's reply due on or before 1/2/2017. Signed by Magistrate Judge Suzanne Mitchell on 12/8/16. (lb) (Entered: 12/08/2016) |
| 01/03/2017 | 82 | RESPONSE in Support re 73 MOTION for Permanent Injunction *and Brief in Support* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 01/03/2017) |
| 01/03/2017 | 83 | APPENDIX re 82 Response in Support of Motion *for Permanent Injunction* by Avon Capital LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Rupe, Alan) (Entered: 01/03/2017) |
| 03/02/2017 | 84 | REPORT AND RECOMMENDATION re 73 MOTION for Permanent Injunction and Brief in Support filed by Avon Capital LLC. The undersigned recommends the dismissal of Intervenor's claim for permanent injunctive relief, Doc. 73, as moot. Objections to R&R due by 3/22/2017. This Report and Recommendation does not terminate the referral in this matter. Signed by Magistrate Judge Suzanne Mitchell on 3/2/17. (lb) (Entered: 03/02/2017) |
| 03/22/2017 | 85 | OBJECTION TO REPORT AND RECOMMENDATION 84 filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/22/2017) |
| 04/04/2017 | 86 | UNOPPOSED MOTION for Extension of Time by Universitas Education LLC. (George, Lysbeth) (Entered: 04/04/2017) |
| 04/06/2017 | 87 | ORDER granting 86 plaintiff's unopposed motion for extension of deadline...plaintiff shall file its objections to the Report and Recommendation 85 not later than 04/19/2017. Signed by Honorable Joe Heaton on 04/06/2017. (lam) (Entered: 04/06/2017) |
| 04/17/2017 | 88 | SECOND MOTION for Extension of Time *Second Unopposed Motion for Extension of Time* by Universitas Education LLC. (George, Lysbeth) (Entered: 04/17/2017) |
| 04/18/2017 | 89 | ORDER granting 88 plaintiff's second unopposed motion for extension of deadline...plaintiff shall file its response not later than 04/26/2017. Signed by Honorable Joe Heaton on 04/18/2017. (lam) (Entered: 04/18/2017) |
| 04/26/2017 | 90 | RESPONSE re 85 Objection to Report and Recommendation *Universitas Education, LLC's Response to Avon Capital, LLC's Objections to Report and Recommendation* filed by Universitas Education LLC. (Attachments: # 1 Attachment - Declaration of Paula K. Colbath, Esq., # 2 Exhibit A to Declaration of Declaration of Paula K. Colbath, Esq.) (George, Lysbeth) (Entered: 04/26/2017) |
| 05/11/2017 | 91 | NOTICE of Change of Address by Alan L Rupe (Rupe, Alan) (Entered: 05/11/2017) |
| 09/13/2017 | 92 | ORDER declining to adopt the Report and Recommendation 84 of Magistrate Judge Suzanne Mitchell...the court denies the motion for permanent injunction 73 ; this case remains assigned to Judge Mitchell for a recommendation as to the contempt issue and for further appropriate post-judgment collection proceedings. Signed by Honorable Joe Heaton on 9/13/2017. (cla) (Entered: 09/13/2017) |
| 10/18/2017 | 93 | MOTION to Withdraw as Attorney by Avon Capital LLC. (Probasco, Angela) (Entered: 10/18/2017) |

| 10/19/2017 | 94 | ORDER granting 93 Motion to Withdraw as Attorney. Attorney Angela Probasco terminated. Signed by Magistrate Judge Suzanne Mitchell on 10/19/17. (lb) (Entered: 10/19/2017) |
| 10/30/2017 | 95 | ORDER. The undersigned orders the parties to file a joint status report no later than Monday, November 13, 2017, addressing both the contempt issue and the status of post-judgment collection proceedings in this matter. Signed by Magistrate Judge Suzanne Mitchell on 10/30/17. (lb) (Entered: 10/30/2017) |
| 11/13/2017 | 96 | JOINT STATUS REPORT by Intervenor Avon Capital LLC, Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 11/13/2017) |
| 01/09/2018 | 97 | ORDER. The undersigned orders the parties to file a joint status report no later than Tuesday, January 23, 2018, addressing both the contempt issue and the status of post-judgment collection proceedings in this matter. Signed by Magistrate Judge Suzanne Mitchell on 1/9/18. (lb) (Entered: 01/09/2018) |
| 01/22/2018 | 98 | MOTION for Contempt *and to Compel SDM Holdings, LLC to Comply with this Court's Order* by Universitas Education LLC. (George, Lysbeth) (Entered: 01/22/2018) |
| 01/23/2018 | 99 | JOINT STATUS REPORT by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 01/23/2018) |
| 01/31/2018 | 100 | AFFIDAVIT of Service for Plaintiffs' Renewed Motion for Contempt and to Compel SDM Holdings, LLC to Comply with this Courts Order and Related Amended Subpoena [Dkt 98], Plaintiffs' Motion for Contempt and to Compel Judgment Debtor, Avon Capital, LLC and SDM Holdings, LLC to Comply with this Courts Order and Related Amended Subpoena [Dkt 40] served on SDM Holdings, LLC on January 23, 2018, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 01/31/2018) |
| 02/09/2018 | 101 | ENTRY of Appearance by John D Stiner on behalf of SDM Holdings LLC (Stiner, John) (Entered: 02/09/2018) |
| 02/09/2018 | 102 | MOTION for Extension of Time to File Response/Reply as to 98 MOTION for Contempt *and to Compel SDM Holdings, LLC to Comply with this Court's Order* by SDM Holdings LLC. (Stiner, John) (Entered: 02/09/2018) |
| 02/09/2018 | 103 | ORDER granting 102 Motion for Extension of Time to File Response/Reply re 98 MOTION for Contempt *and to Compel SDM Holdings, LLC to Comply with this Court's Order*. SDM Holdings, LLC's response due 2/23/2018. Signed by Magistrate Judge Suzanne Mitchell on 2/9/18. (lb) (Entered: 02/09/2018) |
| 02/09/2018 | 104 | ENTRY of Appearance by Joseph H Bocock on behalf of SDM Holdings LLC (Bocock, Joseph) (Entered: 02/09/2018) |
| 02/23/2018 | 105 | RESPONSE in Opposition re 98 MOTION for Contempt *and to Compel SDM Holdings, LLC to Comply with this Court's Order* filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Certificate)(Stiner, John) (Entered: 02/23/2018) |
| 03/02/2018 | 106 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 105 Response in Opposition to Motion by Universitas Education LLC. (George, Lysbeth) (Entered: 03/02/2018) |
| 03/02/2018 | 107 | ORDER granting 106 Motion for Extension of Time to File Response/Reply. Plaintiff's reply due on or before 3/16/2018. Signed by Magistrate Judge Suzanne Mitchell on 3/2/18. (lb) (Entered: 03/02/2018) |
| 03/14/2018 | 108 | UNOPPOSED MOTION to Continue *Proceedings on Motion for Contempt* by Universitas Education LLC. (George, Lysbeth) (Entered: 03/14/2018) |

| | | |
|---|---|---|
| 03/15/2018 | [109](#) | ORDER granting [108](#) Agreed Motion to Stay Proceedings on Motion for Contempt. The court orders that the proceedings related to Plaintiff's Renewed Motion for Contempt are stayed for a period of thirty (30) days, until April 15, 2018. Signed by Magistrate Judge Suzanne Mitchell on 3/15/18. (lb) (Entered: 03/15/2018) |
| 04/12/2018 | [110](#) | MOTION to Continue *Stay of Proceedings on Motion for Contempt* by Universitas Education LLC. (George, Lysbeth) (Entered: 04/12/2018) |
| 04/16/2018 | [111](#) | ORDER granting [110](#) Motion to Continue Stay of Proceedings on Motion for Contempt, for a period of 14 days, through 4/30/18. Signed by Magistrate Judge Suzanne Mitchell on 4/16/18. (lb) (Entered: 04/16/2018) |
| 04/30/2018 | [112](#) | REPLY by Petitioner Universitas Education LLC re [105](#) Response in Opposition to Motion filed by Universitas Education LLC. (George, Lysbeth) (Entered: 04/30/2018) |
| 05/02/2018 | [113](#) | MOTION for Leave *to file Surreply* by SDM Holdings LLC. (Attachments: # [1](#) Exhibit March 12, 2018 Letter, # [2](#) Exhibit April 23, 2018 E-mail, # [3](#) Exhibit April 23, 2018 E-mail, # [4](#) Exhibit April 23, 2018 E-mail, # [5](#) Exhibit April 23, 2018 E-mail, # [6](#) Exhibit April 26, 2018 Letter, # [7](#) Exhibit May 1, 2018 Letter)(Stiner, John) (Entered: 05/02/2018) |
| 05/03/2018 | [114](#) | ORDER granting [113](#) Respondent's Motion for Leave to file surreply. Signed by Magistrate Judge Suzanne Mitchell on 5/3/18. (lb) (Entered: 05/03/2018) |
| 05/03/2018 | [115](#) | SURREPLY re [112](#) Reply filed by SDM Holdings LLC. (Attachments: # [1](#) Exhibit March 12, 2018 Letter, # [2](#) Exhibit April 26, 2018 Letter, # [3](#) Exhibit May 1, 2018 Letter, # [4](#) Exhibit Resignation, # [5](#) Exhibit Appointment)(Stiner, John) (Entered: 05/03/2018) |
| 05/11/2018 | [116](#) | STATUS REPORT *Regarding Universitas's Receipt of Settlement Funds* by Intervenor Avon Capital LLC. (Rupe, Alan) (Entered: 05/11/2018) |
| 05/14/2018 | [117](#) | ORDER. Show Cause Hearing set for 6/18/2018 at 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. Signed by Magistrate Judge Suzanne Mitchell on 5/14/18. (lb) (Entered: 05/14/2018) |
| 05/14/2018 | [118](#) | RESPONSE re [116](#) Status Report *Plaintiff's Notice of Response Letter to Intervenor's Status Report Regarding Universitas's Receipt of Settlement Funds* filed by Universitas Education LLC. (Attachments: # [1](#) Attachment Response Letter to Intervenor's Status Report)(George, Lysbeth) (Entered: 05/14/2018) |
| 06/12/2018 | [119](#) | UNOPPOSED MOTION to Continue *Show Cause Hearing* by Universitas Education LLC. (George, Lysbeth) (Entered: 06/12/2018) |
| 06/13/2018 | [120](#) | ORDER granting [119](#) Motion to Continue. SDM Holdings, LLC to appear before United States Magistrate Judge Suzanne Mitchell, at the William J. Holloway, Jr. United States Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma, Courtroom #102 at 10:00 a.m. on the 20th day of August, 2018. Signed by Magistrate Judge Suzanne Mitchell on 06/13/2018. (jb) (Entered: 06/13/2018) |
| 06/13/2018 | | Set/Reset Hearings: Show Cause Hearing continued to 8/20/2018 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (jb) (Entered: 06/13/2018) |
| 06/14/2018 | [121](#) | MOTION to Continue *Hearing* by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Order)(Stiner, John) (Entered: 06/14/2018) |
| 06/15/2018 | [122](#) | ORDER granting [121](#) Motion to Continue Show Cause Hearing Date. SDM Holdings, LLC to appear before United States Magistrate Judge Suzanne Mitchell, at the William J. Holloway, Jr. United States Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma, |

Appendix Page 13

Courtroom #102 at 1:30 p.m. on the 20th day of September, 2018. Signed by Magistrate Judge Suzanne Mitchell on 06/15/2018. (jb) (Entered: 06/15/2018)

| 06/15/2018 | | Set/Reset Hearings: Show Cause Hearing reset to 9/20/2018 01:30 PM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (jb) (Entered: 06/15/2018) |
|---|---|---|
| 06/26/2018 | 123 | MOTION to Withdraw as Attorney by Universitas Education LLC. (Colbath, Paula) (Entered: 06/26/2018) |
| 06/28/2018 | 124 | ORDER granting 123 Motion to Withdraw as Attorney. Attorney Paula K Colbath terminated. Signed by Magistrate Judge Suzanne Mitchell on 6/28/18. (lb) (Entered: 06/28/2018) |
| 09/18/2018 | 125 | MOTION to Continue *Show Cause Hearing*, MOTION to Withdraw as Attorney by Universitas Education LLC. (George, Lysbeth) (Entered: 09/18/2018) |
| 09/18/2018 | 126 | ORDER granting 125 Motion to Continue in part; striking the hearing of Show Cause ; granting 125 Motion to Withdraw as Attorney. Attorney Lysbeth L George and Judy Hamilton Morse terminated. Signed by Magistrate Judge Suzanne Mitchell on 9/18/2018. (cps) (Entered: 09/18/2018) |
| 09/18/2018 | | Show Cause Hearing scheduled for September 20, 2018 has been stricken. (cps) (Entered: 09/18/2018) |
| 11/01/2018 | 127 | REPORT AND RECOMMENDATION. The undersigned recommends the Court dismiss this action without prejudice. Adoption of this recommendation would moot Petitioner's pending motions re 40 MOTION for Contempt filed by Universitas Education LLC, 98 MOTION for Contempt *and to Compel SDM Holdings, LLC to Comply with this Court's Order* filed by Universitas Education LLC. Objections to R&R due by 11/23/2018. This report and recommendation terminates the referral in the present case. Signed by Magistrate Judge Suzanne Mitchell on 11/1/18. (lb) (Entered: 11/01/2018) |
| 11/20/2018 | 128 | OBJECTION TO REPORT AND RECOMMENDATION 127 filed by SDM Holdings LLC. (Stiner, John) (Entered: 11/20/2018) |
| 11/26/2018 | 129 | ENTRY of Appearance by Joshua C Greenhaw on behalf of Universitas Education LLC (Greenhaw, Joshua) (Entered: 11/26/2018) |
| 11/26/2018 | 130 | MOTION for Extension of Time by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 11/26/2018) |
| 11/27/2018 | 131 | ORDER granting 130 petitioner Universitas Education, LLC's motion for extension of deadline...petitioner shall file its reply to the report and recommendations not later than 11/30/2018. Signed by Honorable Joe Heaton on 11/27/2018. (lam) (Entered: 11/27/2018) |
| 11/30/2018 | 132 | OBJECTION TO REPORT AND RECOMMENDATION 127 filed by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 11/30/2018) |
| 12/10/2018 | 133 | RESPONSE re 132 Objection to Report and Recommendation filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Judgment, # 2 Exhibit Arbitration Award, # 3 Exhibit Notice of Removal, # 4 Exhibit Order Confirming Award, # 5 Exhibit NY Statute, # 6 Exhibit Turnover Motion, # 7 Exhibit Barnett Declaration, # 8 Exhibit Exhibit 36 to Barnett Dec., # 9 Exhibit Turnover Opinion, # 10 Exhibit Order on Injunction Motion, # 11 Exhibit Motion to Intervene, # 12 Exhibit Memo in Opposition, # 13 Exhibit Colbath Motion, # 14 Exhibit George Motion, # 15 Exhibit Nov. 23, 2018 Letter, # 16 Exhibit Oct. 19, 2018 Letter, # 17 Exhibit Complaint)(Stiner, John) (Entered: 12/10/2018) |
| 12/14/2018 | 134 | ORDER ADOPTING REPORT AND RECOMMENDATION 127 of Magistrate Judge Suzanne Mitchell to this extent: as a sanction, petitioner's motions for a finding of |

| | | |
|---|---|---|
| | | contempt 40 and 98 are denied; further, petitioners will be required to pay respondent SDM Holdings, LLC's reasonable attorneys fees incurred in connection with its objection to the Report 128 ; the parties are directed to confer and attempt to reach agreement as to the amount of fees; absent agreement, SDM Holdings, LLC shall file a motion to determine the amount within 30 days; petitioner shall pay the fees within 21 days after the amount is determined; absent payment, this case will be subject to dismissal; this matter is re-referred to Judge Mitchell for further proceedings. Signed by Honorable Joe Heaton on 12/14/2018. (cla) (Entered: 12/14/2018) |
| 12/14/2018 | 135 | NOTICE of Change of Address by John D Stiner (Stiner, John) (Entered: 12/14/2018) |
| 02/13/2019 | 136 | ORDER. The undersigned orders the parties to file a joint status report addressing the status of the amount and payment of the attorneys fees in question no later than February 20, 2019. Signed by Magistrate Judge Suzanne Mitchell on 2/13/19. (lb) (Entered: 02/13/2019) |
| 02/13/2019 | 137 | JOINT STATUS REPORT by Respondent SDM Holdings LLC, Petitioner Universitas Education LLC. (Stiner, John) (Entered: 02/13/2019) |
| 02/21/2019 | 138 | ENTER ORDER. Status Conference set for 3/7/2019 at 10:00 AM in Room 1301 before Magistrate Judge Suzanne Mitchell. Entered by direction of Magistrate Judge Suzanne Mitchell on 2/21/19. (lb) (Entered: 02/21/2019) |
| 02/21/2019 | 139 | MOTION to Continue *Status Conference* by SDM Holdings LLC. Motions referred to Suzanne Mitchell. (Attachments: # 1 Exhibit Order in Case No. 17-767)(Stiner, John) (Entered: 02/21/2019) |
| 02/22/2019 | 140 | ORDER granting 139 MOTION to Continue *Status Conference* filed by SDM Holdings LLC. Status Conference continued to 4/11/2019 at 10:00 AM in Room 1301 before Magistrate Judge Suzanne Mitchell. Signed by Magistrate Judge Suzanne Mitchell on 2/22/19. (lb) (Entered: 02/22/2019) |
| 03/21/2019 | 141 | NOTICE (other) by SDM Holdings LLC *of Counsel's Summons for Jury Service* (Attachments: # 1 Exhibit Summons for Jury Service)(Stiner, John) (Entered: 03/21/2019) |
| 04/11/2019 | 142 | Minute Entry for proceedings held before Magistrate Judge Suzanne Mitchell: Status Conference held on 4/11/2019. (lb) (Entered: 04/11/2019) |
| 04/11/2019 | 143 | ENTER ORDER. Petitioner is ordered to file its motion no later than 4/25/19. Parties opposing the motion shall file a response within twenty-one days of the filing of the motion. Entered by direction of Magistrate Judge Suzanne Mitchell on 4/11/19. (lb) (Entered: 04/11/2019) |
| 04/25/2019 | 144 | MOTION for Discovery *(Post-Judgment)* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Greenhaw, Joshua) (Entered: 04/25/2019) |
| 04/25/2019 | 145 | MOTION for Discovery *(Post-Judgment) Brief in Support* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Attachments: # 1 Appendix Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31)(Greenhaw, Joshua) (Entered: 04/25/2019) |
| 04/30/2019 | 146 | ENTER ORDER striking 145 Brief in Support of Motion for Discovery. Entered by direction of Magistrate Judge Suzanne Mitchell on 4/30/19. (lb) (Entered: 04/30/2019) |

Appendix Page 15

| | | |
|---|---|---|
| 04/30/2019 | 147 | BRIEF IN SUPPORT re 144 MOTION for Discovery *(Post-Judgment)* by Universitas Education LLC. (Attachments: # 1 Appendix Declaration of Benjamin Chernow, # 2 Exhibit Memo by Daniel Carpenter, # 3 Exhibit Stipulation In Re Grand Jury Investigation, # 4 Exhibit Declaration of Wayne Bursey, # 5 Exhibit Excerpted deposition transcript of Daniel Carpenter, # 6 Exhibit Articles of Organization for Avon Capital LLC-Wyoming, # 7 Exhibit 2008 Annual Report for Avon Capital LLC-Wyoming, # 8 Exhibit Wyoming Secretary of State records for Avon Capital LLC, # 9 Exhibit Application for Certificate of Reinstatement for Avon Capital LLC-Wyoming, # 10 Exhibit Excerpted deposition transcript of Donald Trudeau, # 11 Exhibit 2011 Annual Report for Avon Capital LLC-Wyoming, # 12 Exhibit Articles of Organization for Avon Capital LLC-Nevada, # 13 Exhibit Articles of Organization for Grist Mill Capital LLC-Connecticut, # 14 Exhibit Avon Capital LLC Banking Resolution with TD-Bank, # 15 Exhibit Various redacted banking records-TD-Bank account ending in 4689-Peoples United Bank account ending in 3286, # 16 Exhibit Various redacted banking records-TD-Bank account ending in 4689-Peoples United Bank account ending in 3286 Account summary the Peoples United Bank account ending in 3286-redacted, # 17 Exhibit Articles of Organization for Avon Capital LLC-Connecticut, # 18 Exhibit Connecticut Secretary of State records for Avon Capital LLC, # 19 Exhibit Affidavit of H. Thomas Moran, # 20 Exhibit Membership Purchase Agreement between SDM Holdings and Avon Capital, # 21 Exhibit Assignment of Membership interest between H Thomas Moran Jane Moran and Avon Capital LLC, # 22 Exhibit Various TD Bank statements from December 1 2009 to January 31 2010-redacted, # 23 Exhibit Email sent on behalf of SDM to Donald Trudeau and Andrew Terrell, # 24 Exhibit Letter sent by H Thomas Moran and Jane Moran to Donald Trudeau, # 25 Exhibit Various Peoples United Bank records from November 30 2010 to July 8 2011, # 26 Exhibit Monthly invoice from Asset Servicing Group LLC, # 27 Exhibit Monthly invoices from Asset Servicing Group LLC-various bank records from TD Bank and Peoples United Bank, # 28 Exhibit Deposition transcript of Daniel Carpenter, # 29 Exhibit Order in SDNY Case Nos-11 Civ 1590 and 11 Civ 8726, # 30 Exhibit Excerpted deposition transcript-Donald Trudeau, # 31 Exhibit 2009 Franchise Tax Report-Benistar Admin Services Inc, # 32 Exhibit Memo in D Conn Crim No 3-13CR226)(Greenhaw, Joshua) (Entered: 04/30/2019) |
| 05/16/2019 | 148 | RESPONSE to Motion re 144 MOTION for Discovery *(Post-Judgment)* filed by SDM Holdings LLC. (Stiner, John) (Entered: 05/16/2019) |
| 05/16/2019 | 149 | MEMORANDUM in Opposition re 144 MOTION for Discovery *(Post-Judgment)*, 145 MOTION for Discovery *(Post-Judgment) Brief in Support* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 05/16/2019) |
| 05/31/2019 | 150 | ORDER granting 144 Petitioner's Motion for Post-Judgment Discovery. Signed by Magistrate Judge Suzanne Mitchell on 5/31/19. (lb) (Entered: 05/31/2019) |
| 06/14/2019 | 151 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Avon Capital LLC re 150 Order on Motion for Discovery (Rupe, Alan) (Entered: 06/14/2019) |
| 06/28/2019 | 152 | RESPONSE re 151 Appeal of Magistrate Judge Decision to District Court filed by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 06/28/2019) |
| 07/02/2019 | 153 | MOTION for Leave to Appear Pro Hac Vice by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Attachments: # 1 Exhibit Ex 1 Request for Admission Pro Hac Vice)(Greenhaw, Joshua) (Entered: 07/02/2019) |
| 07/05/2019 | 154 | REPLY by Intervenor Avon Capital LLC re 151 Appeal of Magistrate Judge Decision to District Court filed by Avon Capital LLC. (Rupe, Alan) (Entered: 07/05/2019) |
| 07/09/2019 | 155 | Receipt for Money Received from Universitas Education LLC in the amount of $50.00, receipt number OKW500074947 regarding 153 MOTION for Leave to Appear Pro Hac |

| | | |
|---|---|---|
| | | Vice : (nv) (Entered: 07/09/2019) |
| 07/09/2019 | 156 | ORDER granting 153 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Suzanne Mitchell on 7/9/2019. (sr) (Entered: 07/09/2019) |
| 07/10/2019 | 157 | ENTRY of Appearance by Joseph L Manson, III on behalf of Universitas Education LLC (Manson, Joseph) (Entered: 07/10/2019) |
| 07/23/2019 | 158 | ORDER...Magistrate Judge Suzanne Mitchell's order 130 is AFFIRMED; Universitas may conduct up to 3 depositions in this matter, directed to the matters referenced in that order; the depositions shall take place within 4 months from the date of this (rather than the Magistrate Judge's) order. Signed by Honorable Joe Heaton on 07/23/2019. (lam) (Entered: 07/23/2019) |
| 09/13/2019 | 159 | NOTICE of Subpoena by Universitas Education LLC (Attachments: # 1 Exhibit Proposed Subpoena 1, # 2 Exhibit Proposed Subpoena 2, # 3 Exhibit Proposed Subpoena 3) (Manson, Joseph) (Entered: 09/13/2019) |
| 09/18/2019 | 160 | NOTICE of Subpoena by Universitas Education LLC (Attachments: # 1 Exhibit Proposed Subpoena 1)(Manson, Joseph) (Entered: 09/18/2019) |
| 09/24/2019 | 161 | AFFIDAVIT of Service for Subpoena to Testify at Deposition served on Andrew Terrell on 9/17/2019, filed by Petitioner Universitas Education LLC. (Manson, Joseph) (Entered: 09/24/2019) |
| 09/24/2019 | 162 | AFFIDAVIT of Service for Subpoena to Testify at Deposition served on Wells Fargo on 9/16/2019, filed by Petitioner Universitas Education LLC. (Manson, Joseph) (Entered: 09/24/2019) |
| 09/24/2019 | 163 | AFFIDAVIT of Service for Subpoena to Testify at Deposition served on Donald Trudeau on 9/18/2019, filed by Petitioner Universitas Education LLC. (Manson, Joseph) (Entered: 09/24/2019) |
| 10/02/2019 | 164 | MOTION for Extension of Time *to file Motion to Quash Subpoena and for Protective Order* by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 10/02/2019) |
| 10/03/2019 | 165 | ORDER granting 164 Intervenor's Motion for Extension of Time to File a motion to quash subpoena and for protective order. Intervenor has until 10/7/19 to file its motion. Signed by Magistrate Judge Suzanne Mitchell on 10/3/19. (lb) (Entered: 10/03/2019) |
| 10/07/2019 | 166 | MOTION for Protective Order by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 10/07/2019) |
| 10/07/2019 | 167 | MEMORANDUM in Support re 166 MOTION for Protective Order filed by Avon Capital LLC. (Rupe, Alan) (Entered: 10/07/2019) |
| 10/08/2019 | 168 | ORDER regarding 166 Motion for Protective Order. Petitioner is ordered to file its response on or before 10/15/19. Signed by Magistrate Judge Suzanne Mitchell on 10/8/19. (lb) (Entered: 10/08/2019) |
| 10/14/2019 | 169 | MOTION for Leave to Appear Pro Hac Vice *of Nanette Turner Kalcik* Filing fee $ 50, receipt number 1087-3016110 by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Attachments: # 1 Exhibit Request for Admission)(Green, Gerald) (Entered: 10/14/2019) |
| 10/15/2019 | 170 | ORDER granting 169 Motion to Appear Pro Hac Vice. The Court hereby orders that Nanette Turner Kalcik is admitted pro hac vice for the limited purpose of representing the Intervenor in the above-captioned matter. Counsel is directed to become familiar with the |

Appellate Case: 25-6073     Document: 23-1     Date Filed: 07/28/2025     Page: 22

| | | Local Rules of this District and in particular LCvR83.2(g). Signed by Magistrate Judge Suzanne Mitchell on 10/15/19. (nv) (Entered: 10/15/2019) |
|---|---|---|
| 10/15/2019 | [171](#) | MEMORANDUM in Opposition *to Intervenor's Motion for Protective Order* filed by Universitas Education LLC. (Attachments: # [1](#) Attachment Declaration of Benjamin Chernow in Support, # [2](#) Exhibit 1 - Andrew Terrell Bio, # [3](#) Exhibit 2 - Trial Testimony, # [4](#) Exhibit 3 - Trudeau Affidavit, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # [7](#) Exhibit 6 - Carpenter Deposition Excerpt, # [8](#) Exhibit 7 - Grist Mill Holdings, LLC Bank Records, # [9](#) Exhibit 8 - Avon Capital, LLC Bank Records, # [10](#) Exhibit 9 - Trudeau Deposition Excerpt, # [11](#) Exhibit 10 - Grist Mill Trust Change of Sponsor, # [12](#) Exhibit 11)(Manson, Joseph) (Entered: 10/15/2019) |
| 10/15/2019 | [172](#) | FIRST MOTION for Leave *to File Exhibits Under Seal* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Attachments: # [1](#) Attachment Proposed Order) (Manson, Joseph) (Entered: 10/15/2019) |
| 10/15/2019 | [173](#) | NOTICE of Conventional Filing by Joseph L Manson, III on behalf of Universitas Education LLC (Manson, Joseph) (Entered: 10/15/2019) |
| 10/16/2019 | [174](#) | ORDER granting [172](#) Petitioner's Motion for Leave to file exhibits under seal. Signed by Magistrate Judge Suzanne Mitchell on 10/16/19. (lb) (Entered: 10/16/2019) |
| 10/16/2019 | [175](#) | ORDER re [171](#) Memorandum in Opposition filed by Universitas Education LLC, [166](#) MOTION for Protective Order filed by Avon Capital LLC. If Intervenor wishes to file a Reply, it may do so today by 5:00 p.m. central time. Signed by Magistrate Judge Suzanne Mitchell on 10/16/19. (lb) (Entered: 10/16/2019) |
| 10/16/2019 | [176](#) | SEALED EXHIBIT by Petitioner Universitas Education LLC, Re: [171](#) Memorandum in Opposition. (nv) (Entered: 10/16/2019) |
| 10/16/2019 | [177](#) | SEALED EXHIBIT by Petitioner Universitas Education LLC Re: [171](#) Memorandum in Opposition. (nv) (Entered: 10/16/2019) |
| 10/16/2019 | [178](#) | SEALED EXHIBIT by Petitioner Universitas Education LLC Re: [171](#) Memorandum in Opposition. (nv) (Entered: 10/16/2019) |
| 10/16/2019 | [179](#) | REPLY by Intervenor Avon Capital LLC re [171](#) Memorandum in Opposition,, [166](#) MOTION for Protective Order , [167](#) Memorandum in Support filed by Avon Capital LLC. (Rupe, Alan) (Entered: 10/16/2019) |
| 10/17/2019 | [180](#) | ORDER denying [166](#) Motion for Protective Order. Signed by Magistrate Judge Suzanne Mitchell on 10/17/19. (lb) (Entered: 10/17/2019) |
| 01/07/2020 | [181](#) | MOTION for Order *Setting Status Conference* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Campbell, Timothy) (Entered: 01/07/2020) |
| 01/09/2020 | [182](#) | ORDER denying [181](#) Motion for Order Setting Status Conference. The parties are ordered to file a joint status report with the Court on or before 1/29/20. Signed by Magistrate Judge Suzanne Mitchell on 1/9/20. (lb) (Entered: 01/09/2020) |
| 01/29/2020 | [183](#) | JOINT STATUS REPORT by Petitioner Universitas Education LLC. (Campbell, Timothy) (Entered: 01/29/2020) |
| 02/10/2020 | [184](#) | MOTION to Seal Document and Directing the Filing of Redacted Document re: [38](#) Order on Motion for Protective Order by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Campbell, Timothy) (Entered: 02/10/2020) |
| 02/11/2020 | [185](#) | ORDER granting [184](#) Petitioner's Motion for Leave to File Under Seal. Signed by Magistrate Judge Suzanne Mitchell on 2/11/20. (lb) (Entered: 02/11/2020) |

Appendix Page 18

| | | |
|---|---|---|
| 02/11/2020 | 186 | MOTION for Summary Judgment by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Manson, Joseph) (Entered: 02/11/2020) |
| 02/11/2020 | 187 | BRIEF IN SUPPORT *of Petitioner's Motion for Summary Judgment* by Universitas Education LLC. (Attachments: # 1 Appendix Declaration of Ben Chernow in Support, # 2 Exhibit Trial Testimony, # 3 Exhibit Trudeau Deposition Excerpt, # 4 Exhibit Trudeau Declaration, # 5 Exhibit Excerpt of Avon-NV Taxes, # 6 Exhibit Trudeau Deposition Excerpt, # 7 Exhibit Trudeau Email to Daniel Carpenter, # 8 Exhibit Exhibit 7, # 9 Exhibit Avon Capital Commitment Letter, # 10 Exhibit Exhibit 9, # 11 Exhibit Avon-WY Corporate Disclosure Statement, # 12 Exhibit Letter from Jack E. Robinson, # 13 Exhibit Various Avon-NV Bank Records, # 14 Exhibit Avon Capital, LLC General Ledger, # 15 Exhibit Avon-NV Tax Payment, # 16 Exhibit Avon Capital, LLC Cash Disbursement Journal, # 17 Exhibit Avon-WY Letter Correspondence, # 18 Exhibit Exhibit 17, # 19 Exhibit Trudeau Deposition Excerpt, # 20 Exhibit Avon Capital Information Packet, # 21 Exhibit Trial Testimony, # 22 Exhibit Trial Testimony, # 23 Exhibit Exhibit 22, # 24 Exhibit Various Corporate Documents for Yates Worldwide)(Manson, Joseph) (Entered: 02/11/2020) |
| 02/11/2020 | 188 | NOTICE of Conventional Filing by Joseph L Manson, III on behalf of Universitas Education LLC (Manson, Joseph) (Entered: 02/11/2020) |
| 02/11/2020 | 189 | ORDER. The court orders the parties to file any dispositive motions on or before 2/28/20. Signed by Magistrate Judge Suzanne Mitchell on 2/11/20. (lb) (Entered: 02/11/2020) |
| 02/11/2020 | 190 | CONVENTIONAL FILED EXHIBIT 7,9,17, and 22 of the Chernow Declaration dated February 10,2020 received by Clerk's Office.(ac) (Entered: 02/11/2020) |
| 02/28/2020 | 191 | MOTION to Quash *Garnishment Summons* by SDM Holdings LLC. Motions referred to Suzanne Mitchell. (Stiner, John) (Entered: 02/28/2020) |
| 02/28/2020 | 192 | MOTION for Partial Summary Judgment by SDM Holdings LLC. (Attachments: # 1 Exhibit Garnishee Affidavit, # 2 Exhibit Delaware Sec. of State Doc.)(Stiner, John) (Entered: 02/28/2020) |
| 02/28/2020 | 193 | MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 02/28/2020) |
| 02/28/2020 | 194 | MOTION for Summary Judgment by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 02/28/2020) |
| 02/28/2020 | 195 | MEMORANDUM in Support re 194 MOTION for Summary Judgment filed by Avon Capital LLC. (Attachments: # 1 Exhibit 1 Avon Capital Articles of Organization filed with Nevada Secretary of State, # 2 Exhibit 2 Avon Capital's Articles of Organization filed with Connecticut Secretary of State, # 3 Exhibit 3 Declaration of Don Trudeau, # 4 Exhibit 4 Articles of Organization filed with Wyoming Secretary of State, # 5 Exhibit 5 Deposition of Don Trudeau, # 6 Attachment New York Judgment)(Rupe, Alan) (Entered: 02/28/2020) |
| 03/02/2020 | 196 | MOTION for Joinder, joining MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* filed by Avon Capital LLC, by SDM Holdings LLC. Motions referred to Suzanne Mitchell. (Stiner, John) (Entered: 03/02/2020) |
| 03/03/2020 | 197 | RESPONSE in Opposition re 186 MOTION for Summary Judgment filed by SDM Holdings LLC. (Stiner, John) (Entered: 03/03/2020) |
| 03/03/2020 | 198 | MOTION for Extension of Time to File Response/Reply as to 186 MOTION for Summary Judgment , 187 Brief,,,, by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 03/03/2020) |

Appendix Page 19

| | | |
|---|---|---|
| 03/03/2020 | 199 | MEMORANDUM in Opposition re 194 MOTION for Summary Judgment , 195 Memorandum in Support,, filed by Avon Capital LLC. (Rupe, Alan) STRICKEN by Order 203 on 3/10/2020 (lb). (Entered: 03/03/2020) |
| 03/04/2020 | 200 | ENTER ORDER denying as moot 198 Intervenor's Motion for Extension of Time to File Response/Reply. Entered by direction of Magistrate Judge Suzanne Mitchell on 3/4/20. (lb) (Entered: 03/04/2020) |
| 03/09/2020 | 201 | REPLY to Response to Motion re 186 MOTION for Summary Judgment filed by Universitas Education LLC. (Manson, Joseph) (Entered: 03/09/2020) |
| 03/09/2020 | 202 | MOTION to Strike 199 Memorandum in Opposition *to Summary Judgment* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Manson, Joseph) (Entered: 03/09/2020) |
| 03/10/2020 | 203 | ORDER granting 202 Petitioner's Motion to Strike 199 Intervenor's Memorandum in Opposition to Petitioner's Motion for Summary Judgment. The Court orders Intervenor to file a compliant brief by 3/12/20. Signed by Magistrate Judge Suzanne Mitchell on 3/10/20. (lb) (Entered: 03/10/2020) |
| 03/12/2020 | 204 | MEMORANDUM in Opposition re 186 MOTION for Summary Judgment , 187 Brief,,,, filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/12/2020) |
| 03/19/2020 | 205 | RESPONSE in Opposition re 194 MOTION for Summary Judgment filed by Universitas Education LLC. (Attachments: # 1 Appendix Supporting Declaration, # 2 Exhibit Carpenter Affidavit, # 3 Exhibit Search Warrant Inventory, # 4 Exhibit Westcott Deposition, # 5 Exhibit Westcott Email, # 6 Exhibit Screenshot of Simione Macca & Larrow Website, # 7 Exhibit Grist Mill Capital Taxes, # 8 Exhibit Avon Capital Taxes) (Manson, Joseph) (Entered: 03/19/2020) |
| 03/20/2020 | 206 | RESPONSE in Opposition re 192 MOTION for Partial Summary Judgment filed by Universitas Education LLC. (Attachments: # 1 Appendix Supporting Declaration, # 2 Exhibit Trudeau Declaration)(Manson, Joseph) (Entered: 03/20/2020) |
| 03/20/2020 | 207 | RESPONSE in Opposition re 191 MOTION to Quash *Garnishment Summons* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 03/20/2020) |
| 03/20/2020 | 208 | MOTION to Strike 191 MOTION to Quash *Garnishment Summons* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Manson, Joseph) (Entered: 03/20/2020) |
| 03/20/2020 | 209 | RESPONSE in Opposition re 193 MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* filed by Universitas Education LLC. (Attachments: # 1 Exhibit Unpublished Case)(Manson, Joseph) (Entered: 03/20/2020) |
| 03/26/2020 | 210 | RESPONSE to Motion re 208 MOTION to Strike 191 MOTION to Quash *Garnishment Summons* filed by SDM Holdings LLC. (Stiner, John) (Entered: 03/26/2020) |
| 03/26/2020 | 211 | REPLY to Response to Motion re 191 MOTION to Quash *Garnishment Summons* filed by SDM Holdings LLC. (Stiner, John) (Entered: 03/26/2020) |
| 03/26/2020 | 212 | REPLY to Response to Motion re 192 MOTION for Partial Summary Judgment filed by SDM Holdings LLC. (Stiner, John) (Entered: 03/26/2020) |
| 03/26/2020 | 213 | MOTION to Strike *Second Declaration of Benjamin Chernow* by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 03/26/2020) |
| 03/26/2020 | 214 | REPLY to Response to Motion re 194 MOTION for Summary Judgment filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/26/2020) |

Appendix Page 20

Appellate Case: 25-6073    Document: 23-1    Date Filed: 07/28/2025    Page: 25

| 03/27/2020 | 215 | REPLY to Response to Motion re 193 MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/27/2020) |
| 04/06/2020 | 216 | RESPONSE in Opposition re 213 MOTION to Strike *Second Declaration of Benjamin Chernow* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 04/06/2020) |
| 04/13/2020 | 217 | REPLY to Response to Motion re 213 MOTION to Strike *Second Declaration of Benjamin Chernow* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 04/13/2020) |
| 10/20/2020 | 218 | REPORT AND RECOMMENDATION re 193 MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* filed by Avon Capital LLC, 213 MOTION to Strike *Second Declaration of Benjamin Chernow* filed by Avon Capital LLC, 196 MOTION for Joinder, joining MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* filed by Avon Capital LLC, filed by SDM Holdings LLC, 186 MOTION for Summary Judgment filed by Universitas Education LLC, 194 MOTION for Summary Judgment filed by Avon Capital LLC, 191 MOTION to Quash *Garnishment Summons* filed by SDM Holdings LLC, 192 MOTION for Partial Summary Judgment filed by SDM Holdings LLC, and 208 MOTION to Strike 191 MOTION to Quash *Garnishment Summons* filed by Universitas Education LLC. THE UNDERSIGNED RECOMMENDS the Court DENY Avon-WY's motions to strike, Docs. 193, 213; the Court GRANT SDM's motion to join Avon-WY's first motion to strike, Doc. 196; the Court GRANT Universitas's motion for summary judgment and find that Avon-WY and Avon-NV are alter egos of Avon-CT, the named judgment debtor, Doc. 186; the Court DENY Avon-WY's motion for summary judgment, Doc. 194; the Court DENY SDM's motion to quash, Doc. 191; the Court DENY SDM's motion for partial summary judgment, Doc. 192; the Court DENY Universitas's motion to strike SDM's motion to quash, Doc. 208; the Court ENJOIN Avon-WY from transferring, alienating, and/or concealing or encumbering its ownership of any interest in SDM; and the Court ENJOIN Avon-WY, Avon-CT, and Avon-NV from transferring, alienating, and/or concealing or encumbering any non-exempt property. OBJECTIONS to R&R due by 11/3/2020. This Report and Recommendation disposes of all issues referred to the Magistrate Judge. Signed by Magistrate Judge Suzanne Mitchell on 10/20/20. (lb) (Entered: 10/20/2020) |
| 10/21/2020 | 219 | MOTION for Leave to Appear Pro Hac Vice *of Jeffrey R. Sandberg* Filing fee $ 50, receipt number AOKWDC-3340806 by SDM Holdings LLC. (Attachments: # 1 Exhibit Request for Admission)(Stiner, John) (Entered: 10/21/2020) |
| 10/22/2020 | 220 | ORDER...the motion for admission pro hac vice 219 of Jeffrey R. Sandberg, Esq., to practice before the this court is granted. See order for further specifics. Signed by Honorable Joe Heaton on 10/22/2020. (lam) (Entered: 10/22/2020) |
| 10/26/2020 | 221 | ENTRY of Appearance by Jeffrey Sandberg on behalf of SDM Holdings LLC (Sandberg, Jeffrey) (Entered: 10/26/2020) |
| 11/02/2020 | 222 | OBJECTION TO REPORT AND RECOMMENDATION 218 filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 11/02/2020) |
| 11/03/2020 | 223 | OBJECTION to 218 Report and Recommendation by Avon Capital LLC. (Rupe, Alan) (Entered: 11/03/2020) |
| 11/16/2020 | 224 | MEMORANDUM in Opposition re 222 Objection to Report and Recommendation filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 11/16/2020) |
| 11/17/2020 | 225 | MEMORANDUM in Opposition re 223 Objection to Report and Recommendation filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 11/17/2020) |
| 11/23/2020 | 226 | REPLY by Respondent SDM Holdings LLC re 222 Objection to Report and Recommendation, 224 Memorandum in Opposition, 218 REPORT AND |

Appendix Page 21

| | | |
|---|---|---|
| | | RECOMMENDATION re [194](#) MOTION for Summary Judgment filed by Avon Capital LLC, [213](#) MOTION to Strike *Second Declaration of Benjamin Chernow* filed by Avon Capital LLC, [208](#) MOTION to Strike [191](#) MOTION to filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 11/23/2020) |
| 11/24/2020 | [227](#) | REPLY by Intervenor Avon Capital LLC re [223](#) Objection to Report and Recommendation, [225](#) Memorandum in Opposition filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/24/2020) |
| 02/11/2021 | [228](#) | ORDER ADOPTING REPORT AND RECOMMENDATION [218](#) of Magistrate Judge Suzanne Mitchell...see order for specifics...the parties are directed to confer and advise the court by joint filing within 14 days of their view(s) as to whether in light of the order's disposition other issues remain for resolution in this proceeding and if so, what. Signed by Honorable Joe Heaton on 02/11/2021. (lam) (Entered: 02/11/2021) |
| 02/25/2021 | [229](#) | RESPONSE re [228](#) Order Adopting Report and Recommendation, *(Joint)* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 02/25/2021) |
| 02/26/2021 | [230](#) | ORDER for Response...SDM is ordered to file an answer to the Writ of General Execution [10](#) and Garnishment Summons [13](#) within 30 days of the date of this order...see order for specifics. Signed by Honorable Joe Heaton on 02/26/2021. (lam) (Entered: 02/26/2021) |
| 03/11/2021 | [231](#) | MOTION to Alter Judgment *Garnishee SDM Holdings, LLC's Motion for Relief From Judgment or Order and Motion to Amend a Judgment and Brief-in-Support* by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exh A, # [2](#) Exhibit Exh A1, # [3](#) Exhibit Exh A2)(Sandberg, Jeffrey) (Entered: 03/11/2021) |
| 03/11/2021 | [232](#) | NOTICE (other) by SDM Holdings LLC *Garnishee SDM Holdings, LLC's Notice of Filing Answer and Supplemental Answer* (Sandberg, Jeffrey) (Entered: 03/11/2021) |
| 03/11/2021 | [233](#) | MOTION to Amend/Correct [232](#) Notice (other) *Garnishee SDM Holdings, LLC's Notice of Filing Answer and Supplemental Answer* by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exh A1, # [2](#) Exhibit Exh A2)(Sandberg, Jeffrey) (Entered: 03/11/2021) |
| 03/12/2021 | [234](#) | NOTICE (other) by Universitas Education LLC *Letter to the Court* (Attachments: # [1](#) Exhibit 1 - Letter to SDM)(Manson, Joseph) (Entered: 03/12/2021) |
| 03/30/2021 | [235](#) | NOTICE (other) by Universitas Education LLC *of Opposition to Answer of Garnishee SDM Holdings LLC* (Attachments: # [1](#) Exhibit Green Card)(Campbell, Timothy) (Entered: 03/30/2021) |
| 03/31/2021 | [236](#) | MOTION for Sanctions by Universitas Education LLC. (Campbell, Timothy) (Entered: 03/31/2021) |
| 03/31/2021 | [237](#) | BRIEF IN SUPPORT re [236](#) MOTION for Sanctions by Universitas Education LLC. (Attachments: # [1](#) Exhibit Affidavit, # [2](#) Exhibit Email)(Campbell, Timothy) (Attachments replaced on 3/31/2021 to correct filing error.) (knt) (Entered: 03/31/2021) |
| 03/31/2021 | [238](#) | RESPONSE in Opposition re [231](#) MOTION to Alter Judgment *Garnishee SDM Holdings, LLC's Motion for Relief From Judgment or Order and Motion to Amend a Judgment and Brief-in-Support* filed by Universitas Education LLC. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit)(Campbell, Timothy) (Entered: 03/31/2021) |
| 04/07/2021 | [239](#) | REPLY to Response to Motion re [231](#) MOTION to Alter Judgment *Garnishee SDM Holdings, LLC's Motion for Relief From Judgment or Order and Motion to Amend a Judgment and Brief-in-Support* filed by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exh 1 to SDM Reply.117-1 Univ Memorandum in Support of Universitas Motion for Reconsideration)(Sandberg, Jeffrey) (Entered: 04/07/2021) |

Appendix Page 22

| 04/08/2021 | 240 | ORDER denying SDM Holdings, LLC's motion to alter judgment 231 and to amend the judgment 233 ...see order for specifics. Signed by Honorable Joe Heaton on 04/08/2021. (lam) (Entered: 04/08/2021) |
|---|---|---|
| 04/08/2021 | 241 | NOTICE OF APPEAL as to 228 Order Adopting Report and Recommendation, 230 Order for Response, 240 Order on Motion to Alter Judgment, Order on Motion to Amend/Correct by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 04/08/2021) |
| 04/09/2021 | 242 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 241 Notice of Appeal. (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(knt) (Entered: 04/09/2021) |
| 04/12/2021 | 243 | Tenth Circuit USCA Case Number 21-6044 for 241 Notice of Appeal filed by SDM Holdings LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 04/09/2021 Docketing statement, transcript order form, fee and notice of appearance due 04/26/2021 for SDM Holdings, LLC. Notice of appearance also due on 04/26/2021 for Universitas Education, LLC [21-6044] (jjs) (Entered: 04/14/2021) |
| 04/14/2021 | 244 | Receipt for Money Received from SDM Holdings LLC in the amount of $505, receipt number OKW500085006 regarding 241 Notice of Appeal (jjs) (Entered: 04/14/2021) |
| 04/14/2021 | 245 | NOTICE OF APPEAL as to 228 Order Adopting Report and Recommendation, by Avon Capital LLC. Filing fee $ 505, receipt number AOKWDC-3663551. (Rupe, Alan) (Entered: 04/14/2021) |
| 04/16/2021 | 246 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 245 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(jjs) (Entered: 04/16/2021) |
| 04/16/2021 | 247 | NOTICE (other) by Universitas Education LLC re 240 Order on Motion to Alter Judgment, Order on Motion to Amend/Correct *Notice of Renewal of Judgment* (Campbell, Timothy) (Entered: 04/16/2021) |
| 04/16/2021 | 248 | Tenth Circuit USCA Case Number 21-6049 for 245 Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 04/16/2021 Docketing statement, transcript order form and notice of appearance due 04/30/2021 for Avon Capital, LLC. Notice of appearance also due on 04/30/2021 for Universitas Education, LLC [21-6049] (jjs) (Entered: 04/19/2021) |
| 04/20/2021 | 249 | RESPONSE to Motion re 236 MOTION for Sanctions filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Exh 1 (Sanctions Response) 110 - Order Dist.D.Conn._3-20-cv-00738_110, # 2 Exhibit Exh 2 (Sanctions Response) 661 Order Denying Chernow Letter Motions in SDNY.200331.)(Sandberg, Jeffrey) (Entered: 04/20/2021) |
| 04/21/2021 | 250 | TRANSCRIPT Order Form by SDM Holdings LLC that transcripts are not necessary. See order form for dates and proceedings. (Sandberg, Jeffrey) (Entered: 04/21/2021) |
| 04/21/2021 | 251 | TRANSCRIPT LETTER re 241 Notice of Appeal filed by SDM Holdings LLC. The record is ready for appeal purposes. (jjs) (Entered: 04/21/2021) |
| 04/27/2021 | 252 | MOTION for Hearing *on Assets* by Universitas Education LLC. (Campbell, Timothy) (Entered: 04/27/2021) |
| 04/27/2021 | 253 | REPLY by Petitioner Universitas Education LLC re 249 Response to Motion, filed by Universitas Education LLC. (Attachments: # 1 Exhibit Affidavit of J. Edward Waesche, # 2 Exhibit United States DOJ letter 2-25-16)(Campbell, Timothy) (Entered: 04/27/2021) |

Appendix Page 23

| | | |
|---|---|---|
| 04/27/2021 | 254 | ORDER REFERRING MOTION: 252 petitioner's motion for hearing on assets is referred to U.S. Magistrate Judge Suzanne Mitchell for further proceedings. Signed by Honorable Joe Heaton on 04/27/2021. (lam) (Entered: 04/27/2021) |
| 04/29/2021 | 255 | NOTICE of Subpoena by Universitas Education LLC (Attachments: # 1 Exhibit Subpoena to Non-Party)(Campbell, Timothy) (Entered: 04/29/2021) |
| 04/30/2021 | 256 | TRANSCRIPT LETTER re 245 Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. Notice received from Avon Capital, LLC in 21-6049 that a transcript is not necessary for this appeal. Served on: 04/28/2021. Manner of Service: email [21-6049, 21-6044] (jjs) (Entered: 04/30/2021) |
| 04/30/2021 | 257 | TRANSCRIPT Order Form by Avon Capital LLC re 245 Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 04/30/2021) |
| 05/04/2021 | 258 | ORDER granting 252 MOTION for Hearing on Assets filed by Universitas Education LLC. Judgment Debtor Exam set for 5/13/2021 at 10:30 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. Signed by Magistrate Judge Suzanne Mitchell on 5/4/21. (lb) (Entered: 05/04/2021) |
| 05/05/2021 | 259 | MOTION to Extend Deadlines or Hearings on Assets by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/05/2021) |
| 05/06/2021 | 260 | ORDER granting 259 MOTION to Continue Hearing on Assets filed by Universitas Education LLC. Judgment Debtor Exam continued to 6/8/2021 at 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. Signed by Magistrate Judge Suzanne Mitchell on 5/6/21. (lb) (Entered: 05/06/2021) |
| 05/06/2021 | 261 | MOTION to Quash *NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO ASSET SERVICING GROUP, INC. AND BRIEF-IN-SUPPORT* by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 05/06/2021) |
| 05/06/2021 | 262 | RESPONSE *NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS OPPOSITION TO THE NOTICE OF RENEWAL OF JUDGMENT FILED BY UNIVERSITAS EDUCATION, LLC AND BRIEF-IN-SUPPORT* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 05/06/2021) |
| 05/06/2021 | 263 | MOTION for Hearing *GARNISHEE AND NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS RESPONSE TO JUDGMENT CREDITORS MOTION FOR HEARING ON ASSETS, OR, IN THE ALTERNATIVE, OBJECTION TO THE MAGISTRATES REPORT AND RECOMMENDATION, AND BRIEF-IN-SUPPORT* by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 05/06/2021) |
| 05/11/2021 | 264 | REPLY to Response to Motion re 263 MOTION for Hearing *GARNISHEE AND NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS RESPONSE TO JUDGMENT CREDITORS MOTION FOR HEARING ON ASSETS, OR, IN THE ALTERNATIVE, OBJECTION TO THE MAGISTRATES REPORT AND RECOMMENDATION, AND BRIEF-IN-SUPPORT* filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/11/2021) |
| 05/11/2021 | 265 | RESPONSE in Opposition re 261 MOTION to Quash *NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO ASSET SERVICING GROUP, INC. AND BRIEF-IN-SUPPORT* filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/11/2021) |

| 05/11/2021 | 266 | MOTION for Leave *to File Supplement Brief* by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/11/2021) |
|---|---|---|
| 05/11/2021 | 267 | CERTIFICATE *CERTIFICATE OF CONFERENCE ON NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO ASSET SERVICING GROUP, INC. AND BRIEF-IN-SUPPORT [DKT 261].* (Sandberg, Jeffrey) (Entered: 05/11/2021) |
| 05/13/2021 | 268 | ORDER granting 266 petitioner's motion to file supplemental brief...a supplemental brief not exceeding 5 pages may be filed on or before 05/20/2021. Signed by Honorable Joe Heaton on 05/13/2021. (lam) (Entered: 05/13/2021) |
| 05/13/2021 | 269 | RESPONSE to Motion re 261 MOTION to Quash *NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO ASSET SERVICING GROUP, INC. AND BRIEF-IN-SUPPORT* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 05/13/2021) |
| 05/17/2021 | 270 | REPLY by Respondent SDM Holdings LLC re 261 MOTION to Quash *NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO ASSET SERVICING GROUP, INC. AND BRIEF-IN-SUPPORT*, 265 Response in Opposition to Motion, filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 05/17/2021) |
| 05/19/2021 | 271 | MOTION for Leave *to File Exhibit Under Seal* by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/19/2021) |
| 05/19/2021 | 272 | ORDER granting 271 MOTION for Leave to File Exhibit Under Seal by Universitas Education LLC. Signed by Honorable Joe Heaton on 05/19/2021. (jjs) (Entered: 05/19/2021) |
| 05/20/2021 | 273 | SUPPLEMENTAL MOTION for Sanctions *Brief in Support of Motion* by Universitas Education LLC. (Attachments: # 1 Exhibit Sealed Exhibit, # 2 Exhibit LLC Letter and Security Agreement, # 3 Exhibit Redacted Check)(Campbell, Timothy) (Entered: 05/20/2021) |
| 05/20/2021 | 274 | SEALED EXHIBIT by Petitioner Universitas Education LLC Re: 273 SUPPLEMENTAL MOTION for Sanctions *Brief in Support of Motion* (Campbell, Timothy) (Entered: 05/20/2021) |
| 05/20/2021 | 275 | MOTION for Sanctions *Against Jeffrey Sandberg, Esq.* by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/20/2021) |
| 05/20/2021 | 276 | BRIEF IN SUPPORT re 275 MOTION for Sanctions *Against Jeffrey Sandberg, Esq.* by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/20/2021) |
| 06/04/2021 | 277 | ORDER denying 261 the motion to quash subpoena...see order for specifics. Signed by Honorable Joe Heaton on 06/04/2021. (lam) (Entered: 06/04/2021) |
| 06/04/2021 | 278 | NOTICE (other) by Avon Capital LLC *Of Letter to Magistrate Judge Mitchell Concerning Hearing on Assets* (Attachments: # 1 Exhibit May 12 E-Mail, # 2 Exhibit May 12 Response)(Rupe, Alan) (Entered: 06/04/2021) |
| 06/09/2021 | 279 | Minute Entry for proceedings held before Magistrate Judge Suzanne Mitchell: Judgment Debtor Exam held on 6/8/2021. Judgment Debtor Exam continued until 7/20/2021 at 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (lb) (Entered: 06/09/2021) |
| 06/10/2021 | 280 | RESPONSE to Motion re 273 SUPPLEMENTAL MOTION for Sanctions *Brief in Support of Motion* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: |

| Date | Doc | Description |
|---|---|---|
| 06/10/2021 | 281 | RESPONSE to Motion re 275 MOTION for Sanctions *Against Jeffrey Sandberg, Esq.* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 06/10/2021) |
| 06/16/2021 | 282 | REPLY by Petitioner Universitas Education LLC re 281 Response to Motion filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 06/16/2021) |
| 07/20/2021 | 283 | Minute Entry for proceedings held before Magistrate Judge Suzanne Mitchell: Judgment Debtor Exam held on 7/20/2021. Universitas to file a brief w/in 14 days. The parties' briefs are restricted to ten pages; reply brief is restricted to five pages. (lb) (Entered: 07/20/2021) |
| 07/23/2021 | 284 | ORDER re 283 Judgment Debtor Exam. Universitas' motion is GRANTED. The Court's injunction is continued until such time as a disposition of the assets is made under the registered judgment. Signed by Magistrate Judge Suzanne Mitchell on 7/23/21. (lb) (Entered: 07/23/2021) |
| 07/30/2021 | 285 | MOTION for Leave *to File Exhibits Under Seal* by Universitas Education LLC. (Campbell, Timothy) (Entered: 07/30/2021) |
| 07/30/2021 | 286 | ORDER granting 285 the petitioner's motion for leave to file document under seal....petitioner may file its 4 exhibits under seal in conjunction with its forthcoming motions. Signed by Honorable Joe Heaton on 07/30/2021. (lam) (Entered: 07/30/2021) |
| 08/02/2021 | 287 | MOTION for Order *for Application of Property to Satisfaction of Judgment* by Universitas Education LLC. (Manson, Joseph) (Entered: 08/02/2021) |
| 08/02/2021 | 288 | MEMORANDUM in Support re 287 MOTION for Order *for Application of Property to Satisfaction of Judgment* filed by Universitas Education LLC. (Attachments: # 1 Exhibit 1 - Damages Analysis, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 - Deposition Excerpt, # 5 Exhibit 5 - Deposition Excerpt, # 6 Exhibit 6 - Summary Chart, # 7 Exhibit 7 - Screenshot from Actuarial Standards Board)(Manson, Joseph) (Entered: 08/02/2021) |
| 08/02/2021 | 289 | MOTION to Appoint Receiver by Universitas Education LLC. (Manson, Joseph) (Entered: 08/02/2021) |
| 08/02/2021 | 290 | MEMORANDUM in Support re 289 MOTION to Appoint Receiver filed by Universitas Education LLC. (Attachments: # 1 Exhibit 1 - Accounting Records, # 2 Exhibit 2, # 3 Exhibit 3 - General Ledger, # 4 Exhibit 4)(Manson, Joseph) (Entered: 08/02/2021) |
| 08/03/2021 | 291 | SEALED EXHIBIT by Petitioner Universitas Education LLC Re: 287 MOTION for Order *for Application of Property to Satisfaction of Judgment* (Campbell, Timothy) (Entered: 08/03/2021) |
| 08/03/2021 | 292 | SEALED EXHIBIT by Petitioner Universitas Education LLC Re: 289 MOTION to Appoint Receiver (Campbell, Timothy) (Entered: 08/03/2021) |
| 08/23/2021 | 293 | RESPONSE in Opposition re 289 MOTION to Appoint Receiver filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Exh 1 - 2015 Order (SDNY)., # 2 Exhibit Exh 2 - 2020 SDNY Order., # 3 Exhibit Exh 3 - ED VA Suit 29 Amended Complaint for Interpleader.180523.)(Sandberg, Jeffrey) (Entered: 08/23/2021) |
| 08/23/2021 | 294 | RESPONSE in Opposition re 287 MOTION for Order *for Application of Property to Satisfaction of Judgment* filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Exh 1 - 2015 Order (SDNY)., # 2 Exhibit Exh 2 - 2020 SDNY Order., # 3 Exhibit Exh 3 - ED VA Suit 29 Amended Complaint for Interpleader.180523.)(Sandberg, Jeffrey) (Entered: 08/23/2021) |

| 08/23/2021 | 295 | MOTION to Stay Case *post judgment proceedings and execution of judgment pending resolution of appeal* by Avon Capital LLC. (Attachments: # 1 Exhibit A Declaration of Kathy Kehoe, # 2 Exhibit B 10th Circuit Docket, # 3 Exhibit C Docketing Statement) (Rupe, Alan) (Main Document 295 replaced on 8/24/2021) (jjs). (Entered: 08/23/2021) |
|---|---|---|
| 08/23/2021 | 296 | MEMORANDUM in Opposition re 289 MOTION to Appoint Receiver filed by Avon Capital LLC. (Rupe, Alan) (Entered: 08/23/2021) |
| 08/23/2021 | 297 | MEMORANDUM in Opposition re 287 MOTION for Order *for Application of Property to Satisfaction of Judgment* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 08/23/2021) |
| 08/30/2021 | 298 | REPLY to Response to Motion re 287 MOTION for Order *for Application of Property to Satisfaction of Judgment* filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 08/30/2021) |
| 08/30/2021 | 299 | REPLY to Response to Motion re 289 MOTION to Appoint Receiver filed by Universitas Education LLC. (Attachments: # 1 Exhibit Docket Sheet, # 2 Attachment Unpublished Case)(Campbell, Timothy) (Entered: 08/30/2021) |
| 08/31/2021 | 300 | RESPONSE to Motion re 295 MOTION to Stay Case *post judgment proceedings and execution of judgment pending resolution of appeal SDM HOLDINGS, LLCS JOINDER IN THE RELIEF REQUESTED BY THE MOTION TO STAY CASE* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 08/31/2021) |
| 09/08/2021 | 301 | RESPONSE in Opposition re 295 MOTION to Stay Case *post judgment proceedings and execution of judgment pending resolution of appeal* filed by Universitas Education LLC. (Attachments: # 1 Exhibit 1 - Carpenter email correspondence, # 2 Exhibit 2 - Carpenter email correspondence, # 3 Exhibit 3 - Appellate Order, # 4 Exhibit 4 - Sandberg email) (Manson, Joseph) (Entered: 09/08/2021) |
| 09/08/2021 | 302 | ORDER petitioner's motions for application of property 287 and for appointment of receiver 289 and Avon Capital's motion to stay 295 are set for hearing on 09/20/2021 @ 10:00 a.m., in Courtroom No. 501. Signed by Honorable Joe Heaton on 09/08/2021. (lam) (Main Document 302 replaced on 9/8/2021) (lam). Modified on 9/8/2021 (lam). (Entered: 09/08/2021) |
| 09/08/2021 | | Set/Reset Hearings: per order 302 motions 287 , 289 and 295 are set for hearing on 09/21/2021 @ 10:00 AM in Courtroom 501 Honorable Joe Heaton. (lam) (Entered: 09/08/2021) |
| 09/08/2021 | | CORRECTION...Per order 302 motions 287 , [ 289 and 295 are set for hearing on Monday, September 20, 2021 at 10:00 a.m., in Courtroom No. 501. (lam) (Entered: 09/08/2021) |
| 09/08/2021 | | CORRECTION...Set Deadlines/Hearings: per order 302 motions 287 , 289 and 295 are set for hearing on 09/20/2021 @ 10:00 AM in Courtroom 501 Honorable Joe Heaton. (lam) (Entered: 09/08/2021) |
| 09/10/2021 | 303 | MOTION to Extend Deadlines or Hearings *(Scheduled for September 20, 2021)* by Avon Capital LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rupe, Alan) (Entered: 09/10/2021) |
| 09/13/2021 | 304 | RESPONSE in Opposition re 303 MOTION to Extend Deadlines or Hearings *(Scheduled for September 20, 2021)* filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 09/13/2021) |
| 09/14/2021 | 305 | ORDER denying 303 Respondents' motion to reschedule hearing on pending motions now set 09/20/2021; parties are directed to confer and determine whether one of the |

| | | |
|---|---|---|
| | | proposed dated for the court conduct hearing; parties are directed to indicate any request for change to one of the proposed dates by joint filing on or before 09/17/2021. Signed by Honorable Joe Heaton on 09/14/2021. (lam) (Entered: 09/14/2021) |
| 09/15/2021 | 306 | REPLY by Intervenor Avon Capital LLC re 295 MOTION to Stay Case *post judgment proceedings and execution of judgment pending resolution of appeal* filed by Avon Capital LLC. (Attachments: # 1 Exhibit A Declaration of Don Trudeau)(Rupe, Alan) (Entered: 09/15/2021) |
| 09/16/2021 | 307 | NOTICE (other) by Avon Capital LLC re 305 Order on Motion to Extend Deadlines or Hearings, (Rupe, Alan) (Entered: 09/16/2021) |
| 09/20/2021 | 308 | Minute Entry for proceedings held before Honorable Joe Heaton...hearing held on motions 287 , 289 and 295 ; court hears arguments from counsel...written order to follow. (Court Reporter Cassy Kerr.) (lam) (Entered: 09/20/2021) |
| 09/21/2021 | 309 | REPLY by Respondent SDM Holdings LLC re 295 MOTION to Stay Case *post judgment proceedings and execution of judgment pending resolution of appeal*, 306 Reply, *SDM HOLDINGS, LLCS JOINDER IN THE REPLY BY AVON-WY REGARDING PETITIONER'S RESPONSE TO THE MOTION TO STAY CASE* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 09/21/2021) |
| 09/22/2021 | 310 | ORDER...for the reasons stated in the order 1) petitioner's motion for application of property 287 is denied; petitioner's motion for appointment of receiver 289 is granted...Ryan Leonard, Esq., is appointed as Receiver of Avon Capital LLC; and 3) respondent Avon's motion to stay 295 is granted conditioned on and effective as of the approval by the court os a corprate surety bond in the amount of $11,100,000.00...see order for specifics. Signed by Honorable Joe Heaton on 09/22/2021. (lam) (Entered: 09/22/2021) |
| 09/22/2021 | 311 | ORDER appointing Ryan Leonard, Esq., as Receiver of Avon Capital LLC a limited liability company formed under the laws of the State of Wyoming...see order for specifics. Signed by Honorable Joe Heaton on 09/22/2021. (lam) (Entered: 09/22/2021) |
| 09/24/2021 | 312 | OATH OF RECEIVER...by Ryan Leonard, Esq., Receiver for Avon Capital, LLC. (lam) (Entered: 09/24/2021) |
| 09/29/2021 | 313 | Receipt for Money Received in the amount of $10000, receipt number OKW500087396 regarding 311 Order (dtb) (Entered: 09/29/2021) |
| 09/30/2021 | 314 | BOND OF RECEIVER...Ryan Leonard, Receiver for Avon Capitol in the amount of $10,000.00 to be held by the Clerk of Court. (lam) (Entered: 09/30/2021) |
| 10/14/2021 | 315 | NOTICE OF APPEAL as to 310 Order on Motion for Order, Order on Motion to Appoint Receiver, Order on Motion to Stay Case,,,,,, 311 Order by Avon Capital LLC. (Rupe, Alan) (Entered: 10/14/2021) |
| 10/14/2021 | 316 | NOTICE OF APPEAL as to 310 Order on Motion for Order, Order on Motion to Appoint Receiver, Order on Motion to Stay Case,,,,,, 311 Order by SDM Holdings LLC. Filing fee $ 505, receipt number AOKWDC-3780241. (Sandberg, Jeffrey) (Entered: 10/14/2021) |
| 10/18/2021 | 317 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 315 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(jjs) (Entered: 10/18/2021) |
| 10/18/2021 | 318 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 316 Notice of Appeal |

Appendix Page 28

| | | |
|---|---|---|
| | | (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(jjs) (Entered: 10/18/2021) |
| 10/18/2021 | 319 | Tenth Circuit USCA Case Number 21-6133 for 316 Notice of Appeal filed by SDM Holdings LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 10/18/2021 Docketing statement due 11/01/2021 for SDM Holdings, LLC. Transcript order form due 11/01/2021 for SDM Holdings, LLC. Notice of appearance due on 11/01/2021 for SDM Holdings, LLC and Universitas Education, LLC [21-6133] (jjs) (Entered: 10/18/2021) |
| 10/18/2021 | 320 | Tenth Circuit USCA Case Number 21-6134 for 315 Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 10/18/2021 Fee is due by 11/01/2021 for Avon Capital, LLC. Docketing statement due 11/01/2021 for Avon Capital, LLC. Transcript order form due 11/01/2021 for Avon Capital, LLC. Notice of appearance due on 11/01/2021 for Avon Capital, LLC and Universitas Education, LLC. [21-6134] (jjs) (Entered: 10/18/2021) |
| 10/29/2021 | 321 | Receipt for Money Received from Avon Capital LLC in the amount of $505.00, receipt number OKW500087848 regarding 315 Notice of Appeal. Emailed to debbie.drumbelow@lewis.brisbois.com (kah) (Entered: 10/29/2021) |
| 11/01/2021 | 322 | TRANSCRIPT Order Form by SDM Holdings LLC re 316 Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Sandberg, Jeffrey) (Entered: 11/01/2021) |
| 11/01/2021 | 323 | STATUS REPORT *of Receiver October 2021* by Petitioner Universitas Education LLC. (Campbell, Timothy) (Entered: 11/01/2021) |
| 11/01/2021 | 324 | TRANSCRIPT Order Form by Avon Capital LLC re 315 Notice of Appeal that transcripts are necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 11/01/2021) |
| 11/02/2021 | 325 | TRANSCRIPT Order Form that transcripts ARE necessary. See order form for dates and proceedings. Estimated completion date November 4, 2021. (Kerr, Cassandra) (Entered: 11/02/2021) |
| 11/02/2021 | 326 | MOTION for Order *Approving Receiver's September and October Fees and Costs* by Universitas Education LLC. (Attachments: # 1 Exhibit Statements, # 2 Exhibit Receiver's Report)(Campbell, Timothy) (Entered: 11/02/2021) |
| 11/04/2021 | 327 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on September 20, 2021 before Judge Joe Heaton. Court Reporter: Cassy Kerr, Telephone number 405-609-5096. Transcript of: motions hearing Volume: I of I Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2021. Redacted Transcript Deadline set for 12/6/2021. Release of Transcript Restriction set for 2/2/2022. (Kerr, Cassandra) (Entered: 11/04/2021) |
| 11/09/2021 | 328 | TRANSCRIPT LETTER re 316 Notice of Appeal filed by SDM Holdings LLC. The record is ready for appeal purposes. (jjs) (Entered: 11/09/2021) |
| 11/09/2021 | 329 | TRANSCRIPT LETTER re 315 Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. (jjs) (Entered: 11/09/2021) |
| 11/16/2021 | 330 | MOTION for Order *Allowing Interpleader of Funds, With Brief in Support and Request for Emergency Hearing* by Asset Servicing Group LLC. (Attachments: # 1 Exhibit 1 - Servicing Agreement, # 2 Exhibit 2 - Removal and Replacement, # 3 Exhibit 3 - |

Appendix Page 29

| | | |
|---|---|---|
| | | Carpenter Email, # 4 Exhibit 4 - Sandberg Email 1, # 5 Exhibit 5 - Sandberg Email 2, # 6 Exhibit 6 - Sandberg Email 3)(McVay, Melvin) (Entered: 11/16/2021) |
| 11/22/2021 | 331 | MOTION for Release of Funds by Universitas Education LLC. (Attachments: # 1 Affidavit of Joseph L. Manson III, # 2 Affidavit of Timothy Campbell, # 3 Affidavit of Sharon Siebert)(Manson, Joseph) (Entered: 11/22/2021) |
| 11/23/2021 | 332 | RESPONSE in Opposition re 326 MOTION for Order *Approving Receiver's September and October Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 11/23/2021) |
| 11/23/2021 | 333 | OBJECTIONS re 326 MOTION for Order *Approving Receiver's September and October Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/23/2021) |
| 11/29/2021 | 334 | ENTRY of Appearance by Heidi J Long on behalf of Ryan Leonard (Long, Heidi) (Entered: 11/29/2021) |
| 11/30/2021 | 335 | REPLY to Response to Motion re 326 MOTION for Order *Approving Receiver's September and October Fees and Costs* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 11/30/2021) |
| 12/03/2021 | 336 | STATUS REPORT *November 2021* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 12/03/2021) |
| 12/07/2021 | 337 | ORDER Setting Hearing on Motions 326 , 330 and 331 for 12/21/2021 at 1:30 p.m., in Courtroom No. 501 before Judge Joe Heaton. Signed by Judge Joe Heaton on 12/07/2021. (lam) (Entered: 12/07/2021) |
| 12/07/2021 | 338 | MOTION for Leave to File SURREPLY re 335 Reply to Response to Motion, 326 MOTION for Order *Approving Receiver's September and October Fees and Costs SDM Holdings, LLCs Motion To File Sur-Response And Sur-Response To The Reply [Dkt 335] Filed By Universitas Education, LLC Regarding Receivers Application For Order Approving Payment Of Receivers Fees And Costs [Dkt 326]* filed by SDM Holdings LLC. (Sandberg, Jeffrey) Modified on 12/9/2021 (jjs). (Entered: 12/07/2021) |
| 12/07/2021 | 339 | RESPONSE in Opposition re 330 MOTION for Order *Allowing Interpleader of Funds, With Brief in Support and Request for Emergency Hearing* filed by Universitas Education LLC. (Attachments: # 1 Exhibit SDM Merger Documents)(Manson, Joseph) (Entered: 12/07/2021) |
| 12/07/2021 | 340 | RESPONSE in Opposition re 330 MOTION for Order *Allowing Interpleader of Funds, With Brief in Support and Request for Emergency Hearing Non-Judgment Debtor SDM Holdings, LLCs Opposition To Asset Servicing Group, LLCs Motion For Interpleader Regarding SDMs Assets1, And Brief-In-Support* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 12/07/2021) |
| 12/09/2021 | 341 | NOTICE (other) by Universitas Education LLC *Notice of Refiling of Judgment* (Campbell, Timothy) (Entered: 12/09/2021) |
| 12/09/2021 | 342 | MOTION for Order *Approving Payment of November Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 12/09/2021) |
| 12/09/2021 | 343 | RESPONSE in Support re 342 MOTION for Order *Approving Payment of November Fees and Costs* filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 12/09/2021) |
| 12/13/2021 | 344 | RESPONSE in Opposition re 331 MOTION for Release of Funds *Non-Judgment Debtor SDM Holdings, LLCs Opposition To Petitioners Second Motion1 For Applying SDMs* |

Appendix Page 30

| | | |
|---|---|---|
| | | *Assets To Judgment2, And Brief-In-Support* filed by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exh 1 - 10th Circuit Order Consolidating Appeals.211103., # [2](#) Exhibit Exh 2 - 31.1 Manson Decl filed in ED Va.180523., # [3](#) Exhibit Exh 3 - Satisfaction of Judgment re GMT filed by Univ (Dkt 651).180619.)(Sandberg, Jeffrey) (Entered: 12/13/2021) |
| 12/13/2021 | [345](#) | RESPONSE in Opposition re [331](#) MOTION for Release of Funds *Non-Judgment Debtor SDM Holdings, LLCs Amended Opposition To Petitioners Second Motion For Applying SDMs Assets To Judgment, And Brief-In-Support* filed by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exh 1 - 10th Circuit Order Consolidating Appeals.211103., # [2](#) Exhibit Exh 2 - 31.1 Manson Decl filed in ED Va.180523., # [3](#) Exhibit Exh 3 - Satisfaction of Judgment re GMT filed by Univ (Dkt 651).180619., # [4](#) Exhibit Exh 4 - 293.1 SDNY 2015 Order., # [5](#) Exhibit Exh 5 - 293.2 SDNY 2020 Order.)(Sandberg, Jeffrey) (Entered: 12/13/2021) |
| 12/13/2021 | [346](#) | RESPONSE in Opposition re [331](#) MOTION for Release of Funds filed by Avon Capital LLC. (Attachments: # [1](#) Exhibit A)(Rupe, Alan) (Entered: 12/13/2021) |
| 12/14/2021 | [347](#) | MOTION to Withdraw [330](#) MOTION for Order *Allowing Interpleader of Funds, With Brief in Support and Request for Emergency Hearing* by Asset Servicing Group LLC. (McVay, Melvin) (Entered: 12/14/2021) |
| 12/17/2021 | [348](#) | RESPONSE in Opposition re [342](#) MOTION for Order *Approving Payment of November Fees and Costs SDM Holdings, LLCs Opposition To Receivers Application For Order Approving Payment Of Receivers Fees And Costs [Dkt 342]* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 12/17/2021) |
| 12/17/2021 | [349](#) | RESPONSE *Non-Judgment Debtor SDM Holdings, LLCs Opposition To The Notice Of Refiling Of Judgment Filed By Universitas Education, LLC And Brief-In-Support* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 12/17/2021) |
| 12/17/2021 | [350](#) | REPLY by Petitioner Universitas Education LLC re [331](#) MOTION for Release of Funds filed by Universitas Education LLC. (Attachments: # [1](#) Exhibit SDNY Memorandum Opinion and Order)(Manson, Joseph) (Entered: 12/17/2021) |
| 12/20/2021 | [351](#) | MOTION for Leave *SDM Holdings, LLCs Motion To File Sur-Opposition And Sur-Opposition To The Reply [Dkt 350] Filed By Universitas Education, LLC Regarding Petitioners Second Motion For Applying SDMs Assets To Judgment, And Brief-In-Support [Dkt 331]* by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exhibit 1 Order - Transfer Mot to Quash ASG Subpoena (Dkt 3).130613.)(Sandberg, Jeffrey) (Entered: 12/20/2021) |
| 12/21/2021 | [352](#) | Minute Entry for proceedings held before Judge Joe Heaton...hearing held on Universitas' motion for order approving receiver's September and October Fees and Costs [326](#) ; Assist Servicing Group LLC's motion for order allowing interpleader of funds [330](#) ; and Universitas' motion for release of funds [331](#) ; counsel for the parties present; court hears arguments from counsel; court makes findings from the bench; written order to follow. (Court Reporter Cassy Kerr.) (lam) (Entered: 12/21/2021) |
| 12/21/2021 | [353](#) | ORDER for the reasons stated from the bench at the hearing held 12/21/2021 the court orders as follows: [326](#) the receiver's motion for approval of fees and expenses for September and October is granted in the amount of $12,760.18...the motion of Asset Servicing Group, LLC for leave to interplead funds [330](#) is stricken...the motion of Universitas for an order authorizing payment of various amounts [331](#) is denied...the receiver's motion for approval of fees and expenses for November [342](#) is granted in part...the objection nominally filed by SDM to the refiling by Universitas of its judgment [349](#) is stricken...see order for specifics. Signed by Judge Joe Heaton on 12/21/2021. (lam) (Entered: 12/21/2021) |

| | | |
|---|---|---|
| 12/30/2021 | [354](#) | MOTION for Leave *to file motions on behalf of SMD* by SDM Holdings LLC. (Attachments: # [1](#) Attachment Opposition by SMD, # [2](#) Attachment Motion to reconsider Order, # [3](#) Exhibit Exhibit 1, # [4](#) Exhibit Exhibit 2)(Sandberg, Jeffrey) (Entered: 12/30/2021) |
| 01/13/2022 | [355](#) | STATUS REPORT *December 2021* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 01/13/2022) |
| 01/14/2022 | [356](#) | NOTICE (other) by Ryan Leonard *of Compensation Arrangement* (Long, Heidi) (Entered: 01/14/2022) |
| 01/20/2022 | [357](#) | RESPONSE to Motion re [354](#) MOTION for Leave *to file motions on behalf of SMD* filed by Ryan Leonard. (Attachments: # [1](#) Exhibit Transcript Excerpt)(Long, Heidi) (Entered: 01/20/2022) |
| 01/20/2022 | [358](#) | MEMORANDUM in Opposition re [354](#) MOTION for Leave *to file motions on behalf of SMD* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 01/20/2022) |
| 01/25/2022 | [359](#) | MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 01/25/2022) |
| 01/25/2022 | [360](#) | AMENDED MOTION for Order *Approving Payment of November Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 01/25/2022) |
| 01/25/2022 | [361](#) | MOTION for Order *Approving Payment of December Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 01/25/2022) |
| 01/27/2022 | [362](#) | REPLY to Response to Motion re [354](#) MOTION for Leave *to file motions on behalf of SMD SDM HOLDINGS, LLCS REPLY TO THE RECEIVERS RESPONSE AND PLAINTIFFS RESPONSE TO SDM HOLDINGS, LLCS MOTION FOR RECONSIDERATION OF ORDER REQUIRING AUTHORIZATION BY RECEIVER OR MANAGER TO REPRESENT SDM AND MOTION FOR LEAVE TO FILE OPPOSITION TO UNIVERSITAS REFILING OF JUDGMENT AND MOTION FOR RECONSIDERATION OF ORDER APPROVING RECEIVER APPLICATION FOR PAYMENT* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 01/27/2022) |
| 02/01/2022 | [363](#) | ORDER denying [354](#) the motion seeking reconsideration of the prior determination as to control of SDM; any party or party in interest, broadly defined, objecting to the receivers pending motions [Doc. Nos. 359, 360 and 361] shall appear as interested parties in this case and file their objection within seven (7) days of the date of this order...see order for further specifics. Signed by Judge Joe Heaton on 02/01/2022. (lam) (Entered: 02/01/2022) |
| 02/04/2022 | [364](#) | OBJECTIONS re [360](#) AMENDED MOTION for Order *Approving Payment of November Fees and Costs*, [359](#) MOTION for Order *Approving Distribution*, [361](#) MOTION for Order *Approving Payment of December Fees and Costs*, [356](#) Notice (other) filed by Avon Capital LLC. (Rupe, Alan) (Entered: 02/04/2022) |
| 02/04/2022 | [365](#) | OBJECTIONS re [356](#) Notice (other) *INTERESTED PARTY STATEMENT AND SDM HOLDINGS, LLCS OPPOSITION TO RECEIVERS NOTICE OF COMPENSATION ARRANGEMENT [DKT 356]* filed by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exh 1 - Dkt 354-4, # [2](#) Exhibit Exh 2 - Dkt 354-3, # [3](#) Exhibit Exh 3 - SDM returns (2011-19) and K1s (2010-19)_Redacted)(Sandberg, Jeffrey) (Entered: 02/04/2022) |
| 02/08/2022 | [366](#) | OBJECTIONS re [360](#) AMENDED MOTION for Order *Approving Payment of November Fees and Costs*, [359](#) MOTION for Order *Approving Distribution*, [361](#) MOTION for |

| | | |
|---|---|---|
| | | Order *Approving Payment of December Fees and Costs INTERESTED PARTY STATEMENT AND SDM HOLDINGS, LLCS OPPOSITION TO RECEIVERS APPLICATION FOR ORDER APPROVING: (1) DISTRIBUTION BY SDM HOLDINGS, LLC TO AVON CAPITAL, LLC; AND (2) PAYMENTS FOR RECEIVERS FEES [DKT 359, 360. & 361]* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 02/08/2022) |
| 02/09/2022 | [367](#) | ORDER granting motions [360](#) and [361](#) and payment is authorized as sought in the motions...the motions for sanctions [236](#) , [273](#) and [275](#) remain pending and will be addressed in due course...see order for specifics. Signed by Judge Joe Heaton on 02/09/2022. (lam) (Entered: 02/09/2022) |
| 02/17/2022 | [368](#) | SECOND MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 02/17/2022) |
| 02/17/2022 | [369](#) | STATUS REPORT *January 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 02/17/2022) |
| 02/21/2022 | [370](#) | MOTION for Order *Approving Payment of January Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 02/21/2022) |
| 03/01/2022 | [371](#) | NOTICE OF APPEAL as to [353](#) Order on Motion for Order,, Order on Motion for Release of Funds,,,,,,,,,, [363](#) Order on Motion for Leave to, by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 03/01/2022) |
| 03/02/2022 | [372](#) | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re [371](#) Notice of Appeal (Attachments: # [1](#) Attachment 1 - Preliminary Record on Appeal)(jjs) (Entered: 03/02/2022) |
| 03/02/2022 | [373](#) | Tenth Circuit USCA Case Number 22-6038 for [371](#) Notice of Appeal filed by SDM Holdings LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 03/02/2022. Fee is due by 03/16/2022 for SDM Holdings, LLC. Transcript order form and docketing statement due 03/16/2022 for SDM Holdings, LLC. Notice of appearance due on 03/16/2022 for SDM Holdings, LLC and Universitas Education, LLC. [22-6038] (jjs) (Entered: 03/02/2022) |
| 03/03/2022 | [374](#) | Receipt for Money Received from SDM Holdings LLC in the amount of $505, receipt number OKW500089487 regarding [371](#) Notice of (so) (Entered: 03/03/2022) |
| 03/03/2022 | [375](#) | TRANSCRIPT REQUEST by SDM Holdings LLC for proceedings held on 12/21/2021. (Sandberg, Jeffrey) (Entered: 03/03/2022) |
| 03/07/2022 | [376](#) | RESPONSE in Opposition re [370](#) MOTION for Order *Approving Payment of January Fees and Costs*, [368](#) SECOND MOTION for Order *Approving Distribution* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 03/07/2022) |
| 03/10/2022 | [377](#) | OBJECTIONS re [368](#) SECOND MOTION for Order *Approving Distribution* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/10/2022) |
| 03/14/2022 | [378](#) | RESPONSE in Opposition re [370](#) MOTION for Order *Approving Payment of January Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/14/2022) |
| 03/18/2022 | [379](#) | STATUS REPORT *February 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 03/18/2022) |
| 03/30/2022 | [380](#) | ORDER granting [368](#) and [370](#) motions to authorized distribution of funds from SDM Holding, LLC to Avon Capital LLC and the Receiver's application for approval of |

| | | |
|---|---|---|
| | | payment of costs and fees...see order for specifics. Signed by Judge Joe Heaton on 03/30/2022. (lam) (Entered: 03/30/2022) |
| 03/31/2022 | 381 | MOTION for Order *Approving Payment of February Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 03/31/2022) |
| 04/07/2022 | 382 | TRANSCRIPT Order Form that transcripts ARE necessary. See order form for dates and proceedings. Estimated completion date March 11, 2022. (Kerr, Cassandra) (Entered: 04/07/2022) |
| 04/07/2022 | 383 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on December 21, 2021 before Judge Joe Heaton. Court Reporter: Cassy Kerr, Telephone number 405-609-5096. Transcript of: motion hearing Volume: I of I Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/28/2022. Redacted Transcript Deadline set for 5/9/2022. Release of Transcript Restriction set for 7/6/2022. (Kerr, Cassandra) (Entered: 04/07/2022) |
| 04/14/2022 | 384 | RESPONSE in Opposition re 381 MOTION for Order *Approving Payment of February Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 04/14/2022) |
| 04/14/2022 | 385 | TRANSCRIPT LETTER re 371 Notice of Appeal filed by SDM Holdings LLC. The record is ready for appeal purposes. (jjs) (Entered: 04/14/2022) |
| 04/18/2022 | 386 | STATUS REPORT *March 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 04/18/2022) |
| 04/20/2022 | 387 | MOTION for Order *Approving Payment of March Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 04/20/2022) |
| 04/21/2022 | 388 | RESPONSE in Opposition re 381 MOTION for Order *Approving Payment of February Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 04/21/2022) |
| 05/05/2022 | 389 | ORDER granting 381 the Receiver's application for order approving payment of fees and costs...see order for specifics. Signed by Judge Joe Heaton on 05/05/2022. (lam) (Entered: 05/05/2022) |
| 05/06/2022 | 390 | OBJECTIONS re 387 MOTION for Order *Approving Payment of March Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 05/06/2022) |
| 05/11/2022 | 391 | RESPONSE in Opposition re 387 MOTION for Order *Approving Payment of March Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 05/11/2022) |
| 05/12/2022 | 392 | ORDER of USCA as to 371 Notice of Appeal filed by SDM Holdings LLC. Order filed by Judges Bacharach and Briscoe denying Appellant's motion for stay pending appeal filed by SDM Holdings, LLC. Served on 05/12/2022. [22-6038] (jjs) (Entered: 05/12/2022) |
| 05/19/2022 | 393 | STATUS REPORT *April 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 05/19/2022) |
| 05/23/2022 | 394 | THIRD MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 05/23/2022) |
| 05/31/2022 | 395 | MOTION for Order *Approving Payment of April Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 05/31/2022) |

Appendix Page 34

| | | |
|---|---|---|
| 06/01/2022 | 396 | ORDER granting 387 receiver's application for order approving payment of fees and costs...see order for specifics. Signed by Judge Joe Heaton on 06/01/2022. (lam) (Entered: 06/01/2022) |
| 06/03/2022 | 397 | OBJECTIONS re 394 THIRD MOTION for Order *Approving Distribution* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 06/03/2022) |
| 06/03/2022 | 398 | OBJECTIONS re 395 MOTION for Order *Approving Payment of April Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 06/03/2022) |
| 06/13/2022 | 399 | OBJECTIONS re 394 THIRD MOTION for Order *Approving Distribution* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 06/13/2022) |
| 06/16/2022 | 400 | STATUS REPORT *May 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 06/16/2022) |
| 06/17/2022 | 401 | MOTION to Withdraw as Attorney by Universitas Education LLC. (Campbell, Timothy) (Entered: 06/17/2022) |
| 06/21/2022 | 402 | OBJECTIONS re 395 MOTION for Order *Approving Payment of April Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 06/21/2022) |
| 06/22/2022 | 403 | ORDER granting 401 motion of Timothy F. Campbell, Esq., leave to withdraw as counsel for petitioner Universitas Education, LLC...the clerk of court is directed to strike Mr. Campbell's name as counsel of record for the referenced petitioner. Signed by Judge Joe Heaton on 06/22/2022. (lam) (Entered: 06/22/2022) |
| 06/22/2022 | 404 | MOTION for Order *Approving Payment of May Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 06/22/2022) |
| 06/23/2022 | 405 | ORDER granting 395 Receiver's application for order approving payment of April fees and costs...see order for specifics. Signed by Judge Joe Heaton on 06/23/2022. (lam) (Entered: 06/23/2022) |
| 07/01/2022 | 406 | OBJECTIONS re 404 MOTION for Order *Approving Payment of May Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 07/01/2022) |
| 07/12/2022 | 407 | OBJECTIONS *to Receiver Ryan Leonard's Application for Order Approving Payment of Receiver's May and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 07/12/2022) |
| 07/20/2022 | 408 | STATUS REPORT *June 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 07/20/2022) |
| 07/20/2022 | 409 | MOTION for Order *Approving Payment of June Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 07/20/2022) |
| 07/28/2022 | 410 | ORDER granting 404 the Receiver's application for order approving payment...the receiver is authorized to pay his May fees and costs in the amount of $2,252.50. Signed by Judge Joe Heaton on 07/28/2022. (lam) (Entered: 07/28/2022) |
| 08/01/2022 | 411 | OBJECTIONS re 409 MOTION for Order *Approving Payment of June Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 08/01/2022) |
| 08/10/2022 | 412 | MEMORANDUM in Opposition re 409 MOTION for Order *Approving Payment of June Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 08/10/2022) |
| 08/18/2022 | 413 | ORDER granting 409 the Receiver's application for order approving payment...the Receiver's fees and costs in the amount of $1,187.50 as set forth in the motion are |

Appendix Page 35

| | | approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 08/18/2022. (lam) (Entered: 08/18/2022) |
|---|---|---|
| 08/18/2022 | [414](#) | STATUS REPORT *July 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 08/18/2022) |
| 08/29/2022 | [415](#) | MOTION for Order *Approving Payment of July Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 08/29/2022) |
| 09/06/2022 | [416](#) | OBJECTIONS re [415](#) MOTION for Order *Approving Payment of July Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 09/06/2022) |
| 09/14/2022 | [417](#) | STATUS REPORT *August 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 09/14/2022) |
| 09/14/2022 | [418](#) | MOTION for Order *Approving Payment of August Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 09/14/2022) |
| 09/19/2022 | [419](#) | OBJECTIONS *to Receiver Ryan Leonard's Application for Order Approving Payment of Receiver's July Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 09/19/2022) |
| 09/27/2022 | [420](#) | ORDER granting [415](#) Receiver's motion for order approving payment of fees and costs...see order for specifics. Signed by Judge Joe Heaton on 09/27/2022. (lam) (Entered: 09/27/2022) |
| 10/04/2022 | [421](#) | OBJECTIONS re [418](#) MOTION for Order *Approving Payment of August Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 10/04/2022) |
| 10/13/2022 | [422](#) | FOURTH MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 10/13/2022) |
| 10/18/2022 | [423](#) | STATUS REPORT *September 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 10/18/2022) |
| 10/19/2022 | [424](#) | OBJECTIONS *INTERESTED PARTY STATEMENT AND SDM HOLDINGS, LLCS OPPOSITION TO RECEIVERS FOURTH APPLICATION FOR ORDER APPROVING DISTRIBUTION* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 10/19/2022) |
| 10/19/2022 | [425](#) | NOTICE of Subpoena by Universitas Education LLC (Attachments: # [1](#) Attachment, # [2](#) Attachment)(Manson, Joseph) (Entered: 10/19/2022) |
| 10/20/2022 | [426](#) | ORDER granting [418](#) Receiver's motion for order approving payment of fees and costs in the amount of $1,197.50 as set forth in the motion are approved and may be paid to the receivership estate. Signed by Judge Joe Heaton on 10/20/2022. (lam) (Entered: 10/20/2022) |
| 10/25/2022 | [427](#) | MOTION to Quash *Interested Party Statement and Non-Judgment Debtor SDM Holdings, LLC's Motion to Quash Subpoenas Duces Tecum [DKT 425] Issued to Asset Servicing Group, Inc. and Receiver and Motion for Protective Order, and Brief-In-Support* by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 10/25/2022) |
| 10/25/2022 | [428](#) | MOTION for Protective Order *and alternatively, motion to quash* by Avon Capital LLC. (Rupe, Alan) (Entered: 10/25/2022) |
| 10/26/2022 | [429](#) | AMENDED MOTION to Quash *Subpoenas Duces and Receiver Motion for Protective Order and Brief in Support* by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 10/26/2022) |

Appendix Page 36

| | | |
|---|---|---|
| 10/28/2022 | 430 | MEMORANDUM in Opposition re 428 MOTION for Protective Order *and alternatively, motion to quash*, 429 AMENDED MOTION to Quash *Subpoenas Duces and Receiver Motion for Protective Order and Brief in Support* filed by Universitas Education LLC. (Attachments: # 1 Affidavit)(Manson, Joseph) (Entered: 10/28/2022) |
| 10/31/2022 | 431 | MOTION for Order *Approving Payment of September Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 10/31/2022) |
| 11/03/2022 | 432 | OBJECTIONS re 422 FOURTH MOTION for Order *Approving Distribution* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/03/2022) |
| 11/04/2022 | 433 | REPLY by Respondent SDM Holdings LLC, other Phoenix Charitable Trust re 429 AMENDED MOTION to Quash *Subpoenas Duces and Receiver Motion for Protective Order and Brief in Support*, 425 Notice of Subpoena filed by SDM Holdings LLC, Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 11/04/2022) |
| 11/04/2022 | 434 | OBJECTIONS re 431 MOTION for Order *Approving Payment of September Fees and Costs* filed by Phoenix Charitable Trust, SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 11/04/2022) |
| 11/04/2022 | 435 | REPLY by Intervenor Avon Capital LLC re 428 MOTION for Protective Order *and alternatively, motion to quash* filed by Avon Capital LLC. (Attachments: # 1 Exhibit A) (Rupe, Alan) (Entered: 11/04/2022) |
| 11/08/2022 | 436 | ORDER setting Hearing on motions 422 , 427 , 428 , 429 and 431 are set for hearing on 12/01/2022 @ 10:00 AM in Courtroom 501 before Judge Joe Heaton.Signed by Judge Joe Heaton on 11/08/2022. (lam) (Entered: 11/08/2022) |
| 11/21/2022 | 437 | OBJECTIONS re 431 MOTION for Order *Approving Payment of September Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/21/2022) |
| 11/28/2022 | 438 | STATUS REPORT *October 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 11/28/2022) |
| 11/28/2022 | 439 | MOTION for Order *Excusing Appearance of Local Counsel* by Avon Capital LLC. (Rupe, Alan) (Entered: 11/28/2022) |
| 11/30/2022 | 440 | ORDER granting 439 Intervenor's motion to be excused at the motions hearing set 12/01/2022. Signed by Judge Joe Heaton on 11/30/2022. (lam) (Entered: 11/30/2022) |
| 11/30/2022 | 441 | MOTION for Order *Approving Payment of October Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 11/30/2022) |
| 12/01/2022 | 442 | Minute Entry for proceedings held before Judge Joe Heaton...motions hearing docket held on 12/1/2022 on 422 FOURTH MOTION for Order *Approving Distribution* filed by Ryan Leonard; 428 MOTION for Protective Order *and alternatively, motion to quash* filed by Avon Capital LLC; 427 MOTION to Quash *Interested Party Statement and Non-Judgment Debtor SDM Holdings, LLC's Motion to Quash Subpoenas Duces Tecum [DKT 425] Issued to Asset Servicing Group, Inc. and Receiver and Motion for Protective Order filed by SDM Holdings LLC,; 429 AMENDED MOTION to Quash Subpoenas Duces and Receiver Motion for Protective Order and Brief in Support filed by SDM Holdings LLC; and 431 MOTION for Order Approving Payment of September Fees and Costs filed by Ryan Leonard; the court hears arguments from counsel; the court grants motions 422 , 427 , 428 , 429 and 431 ...the court makes findings from the bench...written order to follow; court adjourned. (Court Reporter Susan Fenimore.) (lam) (Entered: 12/01/2022)* |

| | | |
|---|---|---|
| 12/02/2022 | 443 | ORDER granting motions 422 , 427 , 428 , 429 and 431 ...the subpoenas directed to the Receiver and Asset Servicing Group are quashed....see order for specifics. Signed by Judge Joe Heaton on 12/02/2022. (lam) (Entered: 12/02/2022) |
| 12/16/2022 | 444 | OBJECTIONS re 441 MOTION for Order *Approving Payment of October Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 12/16/2022) |
| 12/16/2022 | 445 | OBJECTIONS re 441 MOTION for Order *Approving Payment of October Fees and Costs* filed by Phoenix Charitable Trust, SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 12/16/2022) |
| 12/21/2022 | 446 | ORDER AND JUDGMENT of USCA as to 371 Notice of Appeal filed by SDM Holdings LLC. Dismissed. Terminated on the merits after submissions without oral hearing. Written, signed, unpublished. Judges Bacharach, Phillips (authoring) and Moritz. Mandate to issue. [22-6038] (rr) (Entered: 12/23/2022) |
| 01/04/2023 | 447 | ORDER granting 441 the Receiver's application for order approving payment...Receiver's fees and costs in the amount of $4,390.00 as set forth in the motion are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 01/04/2023. (lam) (Entered: 01/04/2023) |
| 01/05/2023 | 448 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 12-1-22 before Judge Heaton. Court Reporter: Susan Fenimore, Telephone number 405-609-5145. Transcript of: Motion Hearing Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/26/2023. Redacted Transcript Deadline set for 2/6/2023. Release of Transcript Restriction set for 4/5/2023. (sf) (Entered: 01/05/2023) |
| 01/12/2023 | 449 | STATUS REPORT *November 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 01/12/2023) |
| 01/12/2023 | 450 | STATUS REPORT *December 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 01/12/2023) |
| 01/20/2023 | 451 | MOTION for Order *Approving Payment of November Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 01/20/2023) |
| 01/30/2023 | 452 | OBJECTIONS re 451 MOTION for Order *Approving Payment of November Fees and Costs* filed by Phoenix Charitable Trust, SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 01/30/2023) |
| 01/30/2023 | 453 | ORDER of USCA as to 371 Notice of Appeal. Order filed by Judges Bacharach, Phillips and Moritz denying the petition for rehearing en banc filed by Appellant SDM Holdings, LLC. (cps) (Entered: 01/31/2023) |
| 02/07/2023 | 454 | USCA MANDATE Issued re 371 Notice of Appeal filed by SDM Holdings LLC. Mandate issued. [22-6038] (naa) (Entered: 02/07/2023) |
| 02/08/2023 | 455 | MOTION for Order *Approving Payment of December Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 02/08/2023) |
| 02/10/2023 | 456 | OBJECTIONS re 451 MOTION for Order *Approving Payment of November Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 02/10/2023) |
| 02/13/2023 | 457 | ORDER granting 451 Receiver's motion for approval of payment for November, 2022 costs and fees. See order for specifics. Signed by Judge Joe Heaton on 02/13/2023. (lam) |

| | | (Entered: 02/13/2023) |
|---|---|---|
| 02/14/2023 | 458 | STATUS REPORT *January 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 02/14/2023) |
| 02/20/2023 | 459 | OBJECTIONS re 455 MOTION for Order *Approving Payment of December Fees and Costs* filed by Phoenix Charitable Trust, SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 02/20/2023) |
| 02/21/2023 | 460 | MOTION for Order *Approving Payment of January Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 02/21/2023) |
| 02/28/2023 | 461 | USCA Supplemental MANDATE Issued re 371 Notice of Appeal filed by SDM Holdings LLC. Supplement to mandate issued. [22-6038] (naa) (Entered: 03/01/2023) |
| 02/28/2023 | 465 | ORDER of USCA as to 371 Notice of Appeal filed by SDM Holdings LLC. Order filed by Judges Bacharach, Phillips and Moritz granting appellee's motion for attorneys' fees and remanding to district court to determine the amount as set forth in the attached order. Served on 02/28/2023. [22-6038] (naa) (Entered: 03/08/2023) |
| 03/01/2023 | 462 | OBJECTIONS re 455 MOTION for Order *Approving Payment of December Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/01/2023) |
| 03/07/2023 | 463 | FIFTH MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 03/07/2023) |
| 03/07/2023 | 464 | ORDER granting 455 the Receiver's motion for order approving payment. See order for specifics. Signed by Judge Joe Heaton on 03/07/2023. (lam) (Entered: 03/07/2023) |
| 03/10/2023 | 466 | OBJECTIONS re 460 MOTION for Order *Approving Payment of January Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/10/2023) |
| 03/14/2023 | 467 | OBJECTIONS re 460 MOTION for Order *Approving Payment of January Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/14/2023) |
| 03/20/2023 | 468 | OBJECTIONS re 463 FIFTH MOTION for Order *Approving Distribution* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/20/2023) |
| 03/20/2023 | 469 | ORDER granting 460 Receiver's motion for order approving payment. Receiver's fees and costs in the amount of $5,370.76 are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 03/20/2023. (lam) (Entered: 03/20/2023) |
| 03/24/2023 | 470 | MOTION for Attorney Fees *Against Jeffrey Sandberg* by Universitas Education LLC. (Attachments: # 1 Affidavit)(Manson, Joseph) (Entered: 03/24/2023) |
| 03/24/2023 | 471 | STATUS REPORT *February 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 03/24/2023) |
| 03/28/2023 | 472 | OBJECTIONS re 463 FIFTH MOTION for Order *Approving Distribution* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/28/2023) |
| 03/31/2023 | 473 | MOTION for Order *Approving Payment of February Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 03/31/2023) |
| 04/04/2023 | 474 | ORDER granting 463 the Receiver's application for order approving distribution. The manager of SDM is authorized to make a distribution to its member Avon Capital, LLC in receivership in the amount of $10,855.00. Signed by Judge Joe Heaton on 04/04/2023. (lam) (Entered: 04/04/2023) |

Appendix Page 39

| | | |
|---|---|---|
| 04/10/2023 | 475 | OBJECTIONS re 470 MOTION for Attorney Fees *Against Jeffrey Sandberg* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/10/2023) |
| 04/14/2023 | 476 | OBJECTIONS re 473 MOTION for Order *Approving Payment of February Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/14/2023) |
| 04/17/2023 | 477 | REPLY by Petitioner Universitas Education LLC re 470 MOTION for Attorney Fees *Against Jeffrey Sandberg*, 475 Objections filed by Universitas Education LLC. (Attachments: # 1 Exhibit)(Manson, Joseph) (Entered: 04/17/2023) |
| 04/21/2023 | 478 | ENTRY of Appearance by Ryan T Leonard on behalf of Ryan Leonard (Leonard, Ryan) (Main Document 478 replaced on 4/24/2023) (cps). (Entered: 04/21/2023) |
| 04/21/2023 | 479 | MOTION for Order *Receiver's Motion for Authority to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* by Ryan Leonard. (Leonard, Ryan) (Entered: 04/21/2023) |
| 04/21/2023 | 480 | ORDER granting 470 motion for attorney fees. See order for specifics. Signed by Judge Joe Heaton on 04/21/2023. (lam) (Entered: 04/21/2023) |
| 04/21/2023 | 481 | OBJECTIONS re 473 MOTION for Order *Approving Payment of February Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 04/21/2023) |
| 04/27/2023 | 482 | REPLY by other Phoenix Charitable Trust re 480 Order on Motion for Attorney Fees filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/27/2023) |
| 04/28/2023 | 483 | STATUS REPORT *March 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 04/28/2023) |
| 04/28/2023 | 484 | MEMORANDUM in Opposition re 482 Reply filed by Universitas Education LLC. (Manson, Joseph) (Entered: 04/28/2023) |
| 05/03/2023 | 485 | ORDER pursuant to the order of remand and for the reasons stated more fully in the courts Order entered April 21, 2023 480 the court concludes the amount of fees reasonably and necessarily incurred by plaintiff in connection with the referenced appeal is $38,847.50.Signed by Judge Joe Heaton on 05/03/2023. (lam) (Entered: 05/03/2023) |
| 05/03/2023 | 486 | ORDER granting 473 Receivers application for order approving payment of fees and costs. The Receivers fees and costs in the amount of $3,762.50, as set forth in the motion are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 05/03/2023. (lam) (Entered: 05/03/2023) |
| 05/05/2023 | 487 | OBJECTIONS re 479 MOTION for Order *Receiver's Motion for Authority to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/05/2023) |
| 05/12/2023 | 488 | OBJECTIONS re 479 MOTION for Order *Receiver's Motion for Authority to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* filed by Avon Capital LLC. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B) (Rupe, Alan) (Entered: 05/12/2023) |
| 05/22/2023 | 489 | MOTION for Order *Approving Payment of March Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 05/22/2023) |
| 05/30/2023 | 490 | ORDER granting 479 the Receiver's motion for authority. The Receiver is authorized to instruct the manager of SDM to pursue loans against policies held by it in an amount up to $300,000, as stated in the motion. Signed by Judge Joe Heaton on 05/30/2023. (lam) (Entered: 05/30/2023) |

Appellate Case: 25-6073     Document: 23-1     Date Filed: 07/28/2025     Page: 45

| | | |
|---|---|---|
| 06/06/2023 | 491 | OBJECTIONS re 489 MOTION for Order *Approving Payment of March Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 06/06/2023) |
| 06/08/2023 | 492 | STATUS REPORT *April 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 06/08/2023) |
| 06/12/2023 | 493 | OBJECTIONS re 489 MOTION for Order *Approving Payment of March Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 06/12/2023) |
| 06/13/2023 | 494 | MOTION for Order *Approving Payment of April Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 06/13/2023) |
| 06/26/2023 | 495 | OBJECTIONS re 494 MOTION for Order *Approving Payment of April Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 06/26/2023) |
| 07/05/2023 | 496 | OBJECTIONS re 494 MOTION for Order *Approving Payment of April Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 07/05/2023) |
| 07/07/2023 | 497 | USCA SUPPLEMENTAL MANDATE Issued re 371 Notice of Appeal filed by SDM Holdings LLC. Supplement to mandate issued. [22-6038] (kb) (Entered: 07/10/2023) |
| 07/11/2023 | 498 | ORDER granting 489 the Receiver's application for order approving payment. See order for specifics. Signed by Judge Joe Heaton on 07/11/2023. (lam) (Entered: 07/11/2023) |
| 07/13/2023 | 499 | ORDER AND JUDGMENT of USCA as to 241 Notice of Appeal filed by SDM Holdings LLC. Vacated and Remanded. Terminated on the merits after oral hearing. Written, signed, unpublished; Judges Eid (authoring judge), Baldock and Carson. Mandate to issue. [21-6044, 21-6049, 21-6133, 21-6134, 22-6038] (kb) (Entered: 07/13/2023) |
| 07/13/2023 | 500 | ORDER to address the impact of the Court of Appeals' order on prior actions and to determine the course of further proceedings, this case is set for pretrial conference on 08/15/2023 at 1:30 p.m., in Courtroom No. 501 with the expectation that the parties may assert their respective positions by appropriate motions in the meantime. In the interim the court preliminarily readopts, instanter, the Report and Recommendation 218 previously adopted and based on the conclusions reached there, ORDERS AND ENJOINS Avon Capital LLC - Wyoming from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings, LLC or authorizing or permitting SDM Holdings, LLC to dispose of its assets pending further order of the court. Signed by Judge Joe Heaton on 07/13/2023. (lam) (Entered: 07/13/2023) |
| 07/14/2023 | 501 | STATUS REPORT *May 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 07/14/2023) |
| 07/14/2023 | 502 | MOTION for Order *Approving Payment of May Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 07/14/2023) |
| 07/18/2023 | 503 | ORDER of USCA as to 241 Notice of Appeal filed by SDM Holdings LLC, 316 Notice of Appeal filed by SDM Holdings LLC, 245 Notice of Appeal filed by Avon Capital LLC, 315 Notice of Appeal filed by Avon Capital LLC. Order filed by Clerk of the Court to correct clerical error in the 7/13/23 Order and Judgment (to remove 22-6038 from the caption). Served on 07/18/2023. [21-6044, 21-6049, 21-6133, 21-6134] (rr) (Entered: 07/19/2023) |
| 07/19/2023 | 504 | ORDER AND JUDGMENT of USCA as to 241 Notice of Appeal filed by SDM Holdings LLC, 316 Notice of Appeal filed by SDM Holdings LLC, 245 Notice of Appeal filed by Avon Capital LLC, 315 Notice of Appeal filed by Avon Capital LLC. Vacated and Remanded. Terminated on the merits after oral hearing. Written, signed, unpublished; |

| | | Judges Eid (authoring judge), Baldock and Carson. Mandate to issue. [21-6044, 21-6049, 21-6133, 21-6134](rr) (Entered: 07/19/2023) |
|---|---|---|
| 07/20/2023 | [505](#) | STATUS REPORT *June 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 07/20/2023) |
| 07/28/2023 | [506](#) | MOTION for Order *Imposing Constructive Trust* by Universitas Education LLC. (Manson, Joseph) (Entered: 07/28/2023) |
| 07/28/2023 | [507](#) | MEMORANDUM in Support re [506](#) MOTION for Order *Imposing Constructive Trust* filed by Universitas Education LLC. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit)(Manson, Joseph) (Entered: 07/28/2023) |
| 07/31/2023 | [508](#) | MOTION for Order *Approving Payment of June Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 07/31/2023) |
| 08/04/2023 | [509](#) | ORDER of USCA as to [241](#) Notice of Appeal filed by SDM Holdings LLC, [316](#) Notice of Appeal filed by SDM Holdings LLC, [245](#) Notice of Appeal filed by Avon Capital LLC, [315](#) Notice of Appeal filed by Avon Capital LLC. Order filed by Judges Eid, Baldock and Carson granting SDM Holdings, LLC's motion for leave to include an appendix to its petition for rehearing and granting both petitions for panel rehearing in part to the extent of the modifications in the attached revised order and judgment. The 07/13/2023 order and judgment is withdrawn and replaced by the attached order and judgment. [21-6044, 21-6049, 21-6133, 21-6134] (rr) (Entered: 08/07/2023) |
| 08/04/2023 | [510](#) | ORDER AND JUDGMENT of USCA as to [241](#) Notice of Appeal filed by SDM Holdings LLC, [316](#) Notice of Appeal filed by SDM Holdings LLC, [245](#) Notice of Appeal filed by Avon Capital LLC, [315](#) Notice of Appeal filed by Avon Capital LLC. Vacated and Remanded. Terminated on the merits after oral hearing. Written, signed, unpublished. Judges Eid (authoring), Baldock and Carson. Mandate to issue. [21-6044, 21-6049, 21-6133, 21-6134] (rr) (Entered: 08/07/2023) |
| 08/07/2023 | [511](#) | NOTICE (other) by Universitas Education LLC *of Refiling of Judgment* (Attachments: # [1](#) Attachment Certified Judgment and Order)(Manson, Joseph) (Entered: 08/07/2023) |
| 08/07/2023 | [512](#) | ORDER the court's order entered 07/13/2023, [500](#) is reaffirmed and considered reentered as of the date of this order. Signed by Judge Joe Heaton on 08/07/2023. (lam) (Entered: 08/07/2023) |
| 08/14/2023 | [513](#) | MOTION to Dismiss by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 08/14/2023) |
| 08/14/2023 | [514](#) | ENTRY of Appearance by Alan L Rupe on behalf of Avon Capital LLC (Rupe, Alan) (Entered: 08/14/2023) |
| 08/14/2023 | [515](#) | MEMORANDUM in Opposition re [506](#) MOTION for Order *Imposing Constructive Trust*, [507](#) Memorandum in Support filed by Avon Capital LLC. (Rupe, Alan) (Entered: 08/14/2023) |
| 08/14/2023 | [516](#) | MOTION to Dismiss for Lack of Jurisdiction by Avon Capital LLC. (Rupe, Alan) (Entered: 08/14/2023) |
| 08/14/2023 | [517](#) | MEMORANDUM in Support re [516](#) MOTION to Dismiss for Lack of Jurisdiction filed by Avon Capital LLC. (Attachments: # [1](#) Exhibit 1)(Rupe, Alan) (Entered: 08/14/2023) |
| 08/14/2023 | [518](#) | ENTRY of Appearance by Gerald P Green on behalf of Avon Capital LLC (Green, Gerald) (Entered: 08/14/2023) |

Appendix Page 42

| Date | Doc | Description |
|---|---|---|
| 08/15/2023 | 519 | RESPONSE in Opposition re 506 MOTION for Order *Imposing Constructive Trust* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 08/15/2023) |
| 08/15/2023 | 520 | Minute Entry for proceedings held before Judge Joe Heaton: Pretrial Conference held on 8/15/2023. Counsel for the parties present. Court hears oral arguments from counsel as to the recent judgment issued by the 10th Circuit Cour of Appeals as to the court's subject matter jurisdiction. The court re-acquires jurisdiction in this case. Effective upon issuance of the Mandate by the 10th Circuit the court denies the pending motions to dismiss 516 and 517 and readopts the Report and Recommendations by Magistrate Judge Suzanne Mitchell. The court invites supplemental briefing on the pending sanction motions with 21 days from the date the Mandate is filed. Court Adjourned. (Court Reporter Susan Fenimore.) (lam) (Entered: 08/15/2023) |
| 08/15/2023 | 521 | ORDER For the reasons stated more fully at the conclusion of the pretrial conference held on 08/15/2023 the court orders as follows: 1) effective as of the issuance of the mandate the pending motions to dismiss 513 and 516 are denied; 2) effective as of the issuance of the mandate this court's order of 02/11/2021 is readopted. Subject to the reacquisition of subject matter jurisdiction; 3) within 21 days from the issuance of the mandate the parties are directed to file any appropriate motions as to any reappointment of a receiver; 4) responses to Avon Capital and Phoenix to plaintiff's motion for imposition of a constructive trust 506 is due within 21 days from the issuance of the mandate; 5) within 21 days from the issuance of the mandate the parties and/or interested persons are granted leave to file a supplemental brief addressing the impact of the Circuit Court of Appeals decision if any on the pending motions for sanctions 236 , 273 and 275 ; and 6) within 7 days from the issuance of the mandate Universitas is directed to take whatever formal post-judgment collection steps it relies on in its efforts to collect the judgment as issue. See order for further specifics.. Signed by Judge Joe Heaton on 08/15/2023. (lam) (Entered: 08/15/2023) |
| 09/06/2023 | 522 | NOTICE OF APPEAL by SDM Holdings LLC. Filing fee $ 505, receipt number AOKWDC-4244441. (Sandberg, Jeffrey) (Entered: 09/06/2023) |
| 09/06/2023 | 523 | NOTICE OF APPEAL as to 512 Order by Avon Capital LLC. (Rupe, Alan) (Entered: 09/06/2023) |
| 09/07/2023 | 524 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 522 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(rr) (Entered: 09/07/2023) |
| 09/07/2023 | 525 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 523 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(rr) (Entered: 09/07/2023) |
| 09/07/2023 | 526 | Tenth Circuit USCA Case Number 23-6125 for 522 Notice of Appeal filed by SDM Holdings LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 09/07/2023 Docketing statement and transcript order form due 09/21/2023 for SDM Holdings, LLC. Notice of appearance due on 09/21/2023 for SDM Holdings, LLC and Universitas Education, LLC. Disclosure statement due on 09/21/2023 for SDM Holdings, LLC and Universitas Education, LLC. [23-6125] (rr) (Entered: 09/07/2023) |
| 09/07/2023 | 527 | Tenth Circuit USCA Case Number 23-6126 for 523 Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 09/06/2023 Docketing statement and transcript order form due 09/21/2023 for Avon Capital, LLC. Notice of appearance and disclosure statement due on 09/21/2023 for Avon |

| | | Capital, LLC, SDM Holdings, LLC and Universitas Education, LLC. [23-6126] (rr) (Entered: 09/07/2023) |
|---|---|---|
| 09/20/2023 | 528 | TRANSCRIPT REQUEST by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 09/20/2023) |
| 09/20/2023 | 529 | TRANSCRIPT LETTER advising no transcripts are necessary re 522 Notice of Appeal filed by SDM Holdings LLC. The record is ready for appeal purposes. (rp) (Entered: 09/20/2023) |
| 09/21/2023 | 530 | USCA Appeal Fee received in the amount of $ 505, receipt number 500003692, re 523 Notice of Appeal filed by Avon Capital LLC (naa) (Entered: 09/21/2023) |
| 09/21/2023 | 531 | TRANSCRIPT Order Form by Avon Capital LLC re 523 Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 09/21/2023) |
| 09/25/2023 | 532 | TRANSCRIPT LETTER advising no transcripts are necessary re 523 Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. (ekw) (Entered: 09/25/2023) |
| 09/28/2023 | 533 | USCA MANDATE Issued re 241 Notice of Appeal filed by SDM Holdings LLC, 316 Notice of Appeal filed by SDM Holdings LLC, 245 Notice of Appeal filed by Avon Capital LLC, 315 Notice of Appeal filed by Avon Capital LLC. Mandate issued. [21-6044, 21-6049, 21-6133, 21-6134] (ekw) (Entered: 09/28/2023) |
| 10/05/2023 | 534 | MOTION for Judgment Debtor Exam by Universitas Education LLC. (Manson, Joseph) (Entered: 10/05/2023) |
| 10/05/2023 | 535 | MOTION for Writ of Garnishment *Issuance of Garnishment Summons* by Universitas Education LLC. (Attachments: # 1 Affidavit Garnishment Affidavit, # 2 Appendix Proposed Garnishment Summons)(Manson, Joseph) (Entered: 10/05/2023) |
| 10/13/2023 | 536 | NOTICE OF APPEAL as to 521 Order,,,,, by SDM Holdings LLC. Filing fee $ 505, receipt number AOKWDC-4271387. (Sandberg, Jeffrey) (Entered: 10/13/2023) |
| 10/19/2023 | 537 | MEMORANDUM in Support re 275 MOTION for Sanctions *Against Jeffrey Sandberg, Esq.*, 273 SUPPLEMENTAL MOTION for Sanctions *Brief in Support of Motion*, 236 MOTION for Sanctions filed by Universitas Education LLC. (Manson, Joseph) (Entered: 10/19/2023) |
| 10/19/2023 | 538 | RESPONSE in Opposition re 506 MOTION for Order *Imposing Constructive Trust* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 10/19/2023) |
| 10/19/2023 | 539 | SUPPLEMENT re 275 MOTION for Sanctions *Against Jeffrey Sandberg, Esq.*, 273 SUPPLEMENTAL MOTION for Sanctions *Brief in Support of Motion*, 236 MOTION for Sanctions by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 10/19/2023) |
| 10/19/2023 | 540 | MOTION to Appoint Receiver by Universitas Education LLC. (Manson, Joseph) (Entered: 10/19/2023) |
| 10/19/2023 | 541 | MEMORANDUM in Support re 540 MOTION to Appoint Receiver filed by Universitas Education LLC. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Manson, Joseph) (Entered: 10/19/2023) |
| 10/19/2023 | 542 | MEMORANDUM in Opposition re 506 MOTION for Order *Imposing Constructive Trust* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 10/19/2023) |
| 10/19/2023 | 543 | MOTION to Vacate 310 Order on Motion for Order, Order on Motion to Appoint Receiver, Order on Motion to Stay Case,,,,,, 311 Order by Avon Capital LLC. (Rupe, |

| | | |
|---|---|---|
| | | Alan) (Entered: 10/19/2023) |
| 10/25/2023 | [544](#) | NOTICE OF APPEAL as to [521](#) Order,,,,, by Avon Capital LLC. (Rupe, Alan) (Entered: 10/25/2023) |
| 10/25/2023 | [545](#) | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re [544](#) Notice of Appeal (Attachments: # [1](#) Attachment 1 - Preliminary Record on Appeal)(kb) (Entered: 10/26/2023) |
| 10/26/2023 | [546](#) | MEMORANDUM in Opposition re [534](#) MOTION for Judgment Debtor Exam filed by Avon Capital LLC. (Rupe, Alan) (Entered: 10/26/2023) |
| 10/27/2023 | [547](#) | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re [536](#) Notice of Appeal (Attachments: # [1](#) Attachment 1 - Preliminary Record on Appeal)(kmt) (Entered: 10/27/2023) |
| 10/27/2023 | [548](#) | Tenth Circuit USCA Case Number 23-6167 for [536](#) Notice of Appeal filed by SDM Holdings LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 10/27/2023 Docketing statement and transcript order form due 11/13/2023 for SDM Holdings, LLC. Notice of appearance due on 11/13/2023 for SDM Holdings, LLC and Universitas Education, LLC. Disclosure statement due on 11/13/2023 for SDM Holdings, LLC and Universitas Education, LLC [23-6167] (rp) (Entered: 10/27/2023) |
| 10/27/2023 | [549](#) | Tenth Circuit USCA Case Number 23-6168 for [544](#) Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 10/26/2023. Notice of appearance, transcript order form, disclosure statement and docketing statement due 11/13/2023 for Avon Capital, LLC. Fee is due in district court by 11/13/2023 for Avon Capital, LLC. Notice of appearance and disclosure statement due on 11/13/2023 for Universitas Education, LLC. [23-6168] (rp) (Entered: 10/27/2023) |
| 10/30/2023 | [550](#) | USCA Appeal Fee received in the amount of $ 505, receipt number 500004262, re [544](#) Notice of Appeal filed by Avon Capital LLC. Receipt e-mailed to payer. (rp) (Entered: 10/30/2023) |
| 10/31/2023 | [551](#) | MOTION to Amend/Correct [541](#) Memorandum in Support *of Motion to Appoint Receiver* by Universitas Education LLC. (Attachments: # [1](#) Exhibit Proposed Amended Motion, # [2](#) Exhibit Redline)(Manson, Joseph) (Entered: 10/31/2023) |
| 11/07/2023 | [552](#) | SUPPLEMENT re [537](#) Memorandum in Support, by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 11/07/2023) |
| 11/09/2023 | [553](#) | TRANSCRIPT Order Form by SDM Holdings LLC re [536](#) Notice of Appeal that transcripts are necessary. See order form for dates and proceedings. (Sandberg, Jeffrey) (Entered: 11/09/2023) |
| 11/09/2023 | [554](#) | MEMORANDUM in Opposition re [543](#) MOTION to Vacate [310](#) Order on Motion for Order, Order on Motion to Appoint Receiver, Order on Motion to Stay Case,,,,,, [311](#) Order filed by Universitas Education LLC. (Manson, Joseph) (Entered: 11/09/2023) |
| 11/09/2023 | [555](#) | RESPONSE in Opposition re [540](#) MOTION to Appoint Receiver filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 11/09/2023) |
| 11/09/2023 | [556](#) | RESPONSE in Opposition re [540](#) MOTION to Appoint Receiver filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/09/2023) |
| 11/13/2023 | [557](#) | TRANSCRIPT Order Form by Avon Capital LLC re [544](#) Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: |

Appellate Case: 25-6073    Document: 23-1    Date Filed: 07/28/2025    Page: 50

| | | |
|---|---|---|
| | | 11/13/2023) |
| 11/14/2023 | 558 | TRANSCRIPT LETTER advising no transcripts are necessary re 544 Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. (rp) (Entered: 11/14/2023) |
| 11/16/2023 | 559 | REPLY to Response to Motion re 543 MOTION to Vacate 310 Order on Motion for Order, Order on Motion to Appoint Receiver, Order on Motion to Stay Case,,,,,, 311 Order filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/16/2023) |
| 11/21/2023 | 560 | MEMORANDUM in Opposition re 551 MOTION to Amend/Correct 541 Memorandum in Support *of Motion to Appoint Receiver* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/21/2023) |
| 11/27/2023 | 561 | TRANSCRIPT Order Form by Susan Fenimore that transcripts are necessary. See order form for dates and proceedings. Estimated completion date 12-27-23. (sf) (Entered: 11/27/2023) |
| 12/19/2023 | 562 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT before Judge Heaton, re 536 Notice of Appeal Court Reporter Susan Fenimore, Telephone number 405-609-5145. Transcript of: Proceedings Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/9/2024. Redacted Transcript Deadline set for 1/19/2024. Release of Transcript Restriction set for 3/18/2024. (sf) (Entered: 12/19/2023) |
| 12/27/2023 | 563 | TRANSCRIPT LETTER advising transcripts have been electronically filed re 536 Notice of Appeal filed by SDM Holdings LLC. The record is ready for appeal purposes. A review of the district court docket indicates the ordered transcript has been filed by Susan Fenimore. Notice due that record is complete by 01/03/2024 for Carmelita Reeder Shinn [23-6167] (kb) (Entered: 12/27/2023) |
| 01/04/2024 | 564 | ORDER for the reasons stated in the order the court orders as follows: 1) the motion for sanctions against SDM 236 and 273 is stricken; 2) the motion for sanctions against Mr. Sandberg 275 is denied; 3) the pending motions for approval of compensation for the former receiver 494 , 502 and 508 are denied; 4) the motion for appointment of receiver 540 is granted; 5) petitioner's motion to amend 551 is granted; 6) the motion for imposition of a constructive trust 506 is denied; 7) the motion for issuance of writ of garnishment 535 is granted; 8) the motion for hearing on assets 534 is denied; and 9) the motion to vacate orders and shifts costs 543 is granted to the extent stated in the order. Per that discussion, Avon Capital - Wyoming shall be entitled to recover the costs of the receivership, in the amount of $96,323, from petitioner Universitas Education LLC, subject to offset as indicated, at the conclusion of the case. Signed by Judge Joe Heaton on 01/04/2024. (lam) (Entered: 01/04/2024) |
| 01/04/2024 | 565 | ORDER for the reasons stated in the order 564 entered this date, Ryan Leonard, Esq. is appointed as Receiver of Avon Capital LLC, a limited liability company formed under the laws of the State of Wyoming...the court further orders as follow: 1) the Receiver shall have the powers and duties ordinarily held by court appointed receivers; 2) Receiver is directed to identify and take steps as may be appropriate to preserve the assets of Avon Capital LLC including the insurance policies held through SDM Holdings, LLC; 3) The Receiver is authorized to pay bills and expenses necessary to maintain Avon Capital LLC assets; 4) the Receiver is authorized to enter into contracts; 5) Absent further order of the court, the Receiver's authority shall not extend to authorizing or directing, directly or indirectly the sale or other disposition of the assets of SDM Holdings, LLC including insurance policies at issue in the case; 6) The Receiver shall be entitled to compensation; 7) The Receiver is directed to file forthwith the attached Oath of Receiver and is directed |

Appendix Page 46

| | | |
|---|---|---|
| | | to file or reaffirm his earlier receiver' bond in the amount of $10,000 within 7 days; 8) The Receiver serves to discharge his duties under the order as an officer of the court; 9) the Receiver is directed to file monthly reports of his findings and activities; and 10) The Receiver or any party may move to supplement and/or clarify this order of appointment as necessary and appropriate.. Signed by Judge Joe Heaton on 01/04/2024. (Attachments: # 1 Attachment Oath to the Receiver)(lam) (Entered: 01/04/2024) |
| 01/08/2024 | 566 | OATH OF RECEIVER by Ryan Leonard as an officer of the court to discharge duties as Receiver. (lam) (Entered: 01/09/2024) |
| 01/09/2024 | 567 | BOND OF RECEIVER in the amount of $10,000.00 posted by Ryan Leonard, Receiver per order of the court 565 . (lam) (Entered: 01/09/2024) |
| 01/09/2024 | 568 | NOTICE OF APPEAL as to 564 Order on Motion for Order,,,, Order on Motion for Judgment Debtor Exam, Order on Motion for Writ of Garnishment, Order on Motion to Appoint Receiver, Order on Motion to Vacate, Order on Motion to Amend/Correct, Order on Motion for Sanctions,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, 565 Order,,,,,, by Avon Capital LLC. Filing fee $ 605, receipt number AOKWDC-4331295. (Rupe, Alan) (Entered: 01/09/2024) |
| 01/09/2024 | 569 | NOTICE (other) by Ryan Leonard *Removal and Appointment of Manager(s) of SDM Holdings, LLC* (Leonard, Ryan) (Entered: 01/09/2024) |
| 01/09/2024 | 570 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 568 Notice of Appeal, (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(kb) (Entered: 01/10/2024) |
| 01/22/2024 | 571 | MOTION to Clarify *Authority* by Ryan Leonard. (Attachments: # 1 Exhibit 1- ASG's counsel's correspondence dated January 19, 2024)(Leonard, Ryan) (Entered: 01/22/2024) |
| 01/23/2024 | 572 | ORDER any response to the Receiver's motion to clarify authority 571 shall be filed on or before 01/30/2024. Signed by Judge Joe Heaton on 01/23/2024. (lam) (Entered: 01/23/2024) |
| 01/24/2024 | 573 | TRANSCRIPT Order Form by Avon Capital LLC re 568 Notice of Appeal, that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 01/24/2024) |
| 01/24/2024 | 574 | TRANSCRIPT LETTER advising no transcripts are necessary re 568 Notice of Appeal, filed by Avon Capital LLC. The record is ready for appeal purposes. (kb) (Entered: 01/24/2024) |
| 01/26/2024 | 575 | NOTICE (other) by Ryan Leonard *Change of Firm Name and Email Address* (Leonard, Ryan) (Entered: 01/26/2024) |
| 01/26/2024 | 576 | NOTICE (other) by Ryan Leonard *Change of Firm Name and Email Address* (Long, Heidi) (Entered: 01/26/2024) |
| 01/30/2024 | 577 | OBJECTIONS re 571 MOTION to Clarify *Authority* filed by Phoenix Charitable Trust. (Attachments: # 1 Exhibit Exh A - OK SOS Info)(Sandberg, Jeffrey) (Entered: 01/30/2024) |
| 01/30/2024 | 578 | RESPONSE to Motion re 571 MOTION to Clarify *Authority* filed by Asset Servicing Group LLC. (McVay, Melvin) (Entered: 01/30/2024) |
| 01/30/2024 | 579 | RESPONSE to Motion re 571 MOTION to Clarify *Authority* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 01/30/2024) |

| 01/30/2024 | 580 | MEMORANDUM in Opposition re 571 MOTION to Clarify *Authority* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 01/30/2024) |
| 02/01/2024 | 581 | NOTICE (other) by Ryan Leonard *Receiver's Report for January 2024* (Leonard, Ryan) (Entered: 02/01/2024) |
| 02/05/2024 | 582 | ORDER granting 571 Receiver's motion to clarify authority. The court states that it would grant the receivers motion and/or answer the questions of ASG as indicated if the case is remanded for that purpose. See order for specifics. Signed by Judge Joe Heaton on 02/05/2024. (lam) (Entered: 02/05/2024) |
| 02/06/2024 | 583 | Tenth Circuit USCA Case Number 24-6006 for 568 Notice of Appeal, filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 01/10/2024 Docketing statement, transcript order form, disclosure statement and notice of appearance due 01/24/2024 for Avon Capital, LLC. Disclosure statement and notice of appearance due on 01/24/2024 for Universitas Education, LLC [24-6006] (naa) (Entered: 02/07/2024) |
| 02/12/2024 | 584 | EMERGENCY MOTION for Interpleader Deposit (28 U.S.C. Section 1335) *and Request for Emergency Hearing* by Asset Servicing Group LLC. (Attachments: # 1 Exhibit Agreement and Plan of Merger)(McVay, Melvin) (Entered: 02/12/2024) |
| 02/13/2024 | 585 | MOTION for Order *Approving Payment of January 2024 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 02/13/2024) |
| 02/13/2024 | 586 | MOTION for Order *Modifying Injunction* by Universitas Education LLC. (Attachments: # 1 Exhibit)(Manson, Joseph) (Entered: 02/13/2024) |
| 02/14/2024 | 587 | RESPONSE to Motion re 571 MOTION to Clarify *Authority Supplement to Response of Asset Servicing Group, LLC to Receiver's Motion to Clarify Authority* filed by Asset Servicing Group LLC. (Attachments: # 1 Exhibit 1-Agreement and Plan of Merger) (McVay, Melvin) (Entered: 02/14/2024) |
| 02/15/2024 | 588 | MOTION for Leave to Appear Pro Hac Vice *of Francis M. Schneider* Filing fee $ 100, receipt number AOKWDC-4360603 by Avon Capital LLC. (Attachments: # 1 Exhibit Request for Admission Pro Hac Vice)(Green, Gerald) (Entered: 02/15/2024) |
| 02/15/2024 | 589 | ORDER granting 588 Francis M. Schneider, Esq. leave to appear pro hac vice as counsel for Avon Capital LLC. See order for specifics. Signed by Judge Joe Heaton on 02/15/2024. (lam) (Entered: 02/15/2024) |
| 02/16/2024 | 590 | ENTRY of Appearance by Francis Schneider on behalf of Avon Capital LLC (Schneider, Francis) (Entered: 02/16/2024) |
| 02/16/2024 | 591 | ORDER of USCA as to 568 Notice of Appeal, filed by Avon Capital LLC. Order filed by Judges Matheson and Bacharach granting Receiver Ryan T. Leonard's motion for leave to intervene for limited purpose of seeking partial remand. We remand to the district court for the limited purpose of ruling on Mr. Leonard's Motion to Clarify Authority. The deadline for Avon-WY to file its opening brief and appendix in this appeal is vacated, and proceedings are abated pending further order of the court. Please see attached order for additional information. Served on 02/16/2024. [24-6006] (naa) (Entered: 02/16/2024) |
| 02/19/2024 | 592 | OBJECTIONS re 571 MOTION to Clarify *Authority Post -Advisory Opinion Opposition to and Interested Party Statement Regarding the Receiver's Motion to Clarify Authority, and Brief-in-Support* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 02/19/2024) |

Appendix Page 48

| 02/20/2024 | 593 | RESPONSE in Opposition re 571 MOTION to Clarify *Authority* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 02/20/2024) |
| 02/22/2024 | 594 | ORDER the Receiver's motion to clarify authority 571 is granted, clarifying or re-stating the court's determinations as set out in this order. Signed by Judge Joe Heaton on 02/22/2024. (lam) (Entered: 02/22/2024) |
| 02/28/2024 | 595 | NOTICE OF APPEAL as to 594 Order by Avon Capital LLC. Filing fee $ 605, receipt number AOKWDC-4370892. (Rupe, Alan) (Entered: 02/28/2024) |
| 02/28/2024 | 596 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 595 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(ekw) (Entered: 02/28/2024) |
| 02/28/2024 | 597 | MOTION to Disqualify Judge *Interested Party's Partially Unopposed Motion for Disqualification and Brief-In-Support* by Phoenix Charitable Trust. (Attachments: # 1 Exhibit Exh 1 Transcript - 09-20-2021., # 2 Exhibit Exh 2 Book cover., # 3 Exhibit Exh 3 Joe Heaton Author - Oklahoma Hall of Fame (book re J Leonard, # 4 Exhibit Exh 4 Decl of J Sandberg)(Sandberg, Jeffrey) (Entered: 02/28/2024) |
| 02/29/2024 | 598 | Tenth Circuit USCA Case Number 24-6033 for 595 Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 02/28/2024. Notice of appearance, Docketing statement, Disclosure statement, and Transcript order form due 03/14/2024 for Avon Capital, LLC. Notice of appearance and Disclosure statement due on 03/14/2024 for Universitas Education, LLC. Notice of appearance due on 03/14/2024 for Ryan T. Leonard. LLC [24-6033] (naa) (Entered: 02/29/2024) |
| 02/29/2024 | 599 | ORDER denying 597 Phoenix Charitable Trust's motion to disqualify presiding judge. There is nothing about the facts referenced in the motion which is materially different from the courts prior disclosures, or which otherwise creates a basis for recusal. Signed by Judge Joe Heaton on 02/29/2024. (lam) (Entered: 02/29/2024) |
| 03/04/2024 | 600 | OBJECTIONS re 585 MOTION for Order *Approving Payment of January 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/04/2024) |
| 03/04/2024 | 601 | OBJECTIONS re 584 EMERGENCY MOTION for Interpleader Deposit (28 U.S.C. Section 1335) *and Request for Emergency Hearing* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/04/2024) |
| 03/04/2024 | 602 | MEMORANDUM in Opposition re 584 EMERGENCY MOTION for Interpleader Deposit (28 U.S.C. Section 1335) *and Request for Emergency Hearing* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 03/04/2024) |
| 03/05/2024 | 603 | TRANSCRIPT Order Form by Avon Capital LLC re 595 Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 03/05/2024) |
| 03/05/2024 | 604 | TRANSCRIPT LETTER advising no transcripts are necessary re 595 Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. (naa) (Entered: 03/05/2024) |
| 03/05/2024 | 605 | NOTICE (other) by Asset Servicing Group LLC re 584 EMERGENCY MOTION for Interpleader Deposit (28 U.S.C. Section 1335) *and Request for Emergency Hearing Withdrawal of Doc. 584* (Ketter, Clayton) (Entered: 03/05/2024) |
| 03/05/2024 | 606 | RESPONSE in Opposition re 586 MOTION for Order *Modifying Injunction Interested Party Statement and Opposition to Universitas Education, LLC's Motion to Modify* |

Appellate Case: 25-6073     Document: 23-1     Date Filed: 07/28/2025     Page: 54

| | | |
|---|---|---|
| | | *Injunction, and Brief-In-Support* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/05/2024) |
| 03/05/2024 | 607 | MEMORANDUM in Opposition re 586 MOTION for Order *Modifying Injunction* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 03/05/2024) |
| 03/06/2024 | 608 | NOTICE (other) by Ryan Leonard *Receiver's Report for February 2024* (Leonard, Ryan) (Entered: 03/06/2024) |
| 03/07/2024 | 609 | ENTER ORDER striking 584 Asset Servicing Group, LLC's emergency motion for order allowing interpleader of funds and establishing ownership and control of the SDM Portfolio. Motion withdrawn per Notice 605 . Signed by Judge Joe Heaton on 03/07/2024. (lam) (Entered: 03/07/2024) |
| 03/11/2024 | 610 | MOTION for Extension of Time *to File Reply Brief* by Universitas Education LLC. (Manson, Joseph) (Entered: 03/11/2024) |
| 03/12/2024 | 611 | MOTION for Order *Approving Payment of February 2024 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 03/12/2024) |
| 03/12/2024 | 612 | ORDER granting 610 Universitas Education LLC's unopposed motion for extension of deadline. Petitioner shall file its reply to its emergency motion to modify injunction 586 not later than 03/22/2024. Signed by Judge Joe Heaton on 03/12/2024. (lam) (Entered: 03/12/2024) |
| 03/20/2024 | 613 | OBJECTIONS re 611 MOTION for Order *Approving Payment of February 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/20/2024) |
| 03/21/2024 | 614 | ORDER granting 585 Receiver's motion for order approving payment of fees and costs for January 2024. Signed by Judge Joe Heaton on 03/21/2024. (lam) (Entered: 03/21/2024) |
| 03/22/2024 | 615 | REPLY by Petitioner Universitas Education LLC re 586 MOTION for Order *Modifying Injunction* filed by Universitas Education LLC. (Attachments: # 1 Exhibit)(Manson, Joseph) (Entered: 03/22/2024) |
| 03/25/2024 | 616 | MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 03/25/2024) |
| 03/26/2024 | 617 | NOTICE (other) by Ryan Leonard *Notice Regarding Status of Portfolio of Policies Held Through SDM Holdings, LLC* (Attachments: # 1 Exhibit 1- Cease and Desist Correspondence of March 7, 2023, # 2 Exhibit 2- Sampling of Insurer Correspondence Reflecting Change of Address to Connecticut)(Leonard, Ryan) (Entered: 03/26/2024) |
| 03/29/2024 | 618 | ORDER granting 586 Universitas' emergency motion to modify injunction. The injunction previously entered is modified with additional proscriptions as more fully stated in the order. Signed by Judge Joe Heaton on 03/29/2024. (lam) (Entered: 03/29/2024) |
| 04/01/2024 | 619 | CERTIFICATE of Counsel re 618 Order on Motion for Order by Alan L Rupe on behalf of Avon Capital LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rupe, Alan) (Entered: 04/01/2024) |
| 04/02/2024 | 620 | RESPONSE in Opposition re 611 MOTION for Order *Approving Payment of February 2024 Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 04/02/2024) |
| 04/02/2024 | 621 | CERTIFICATE *Interested Party's Certificate - Order Emailed by Counsel.* (Sandberg, Jeffrey) (Entered: 04/02/2024) |

Appendix Page 50

| | | |
|---|---|---|
| 04/05/2024 | [622](#) | MOTION for Order *Approving Payment of March 2024 Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 04/05/2024) |
| 04/05/2024 | [623](#) | NOTICE (other) by Ryan Leonard *Receiver's March 2024 Report* (Leonard, Ryan) (Entered: 04/05/2024) |
| 04/08/2024 | [624](#) | MOTION for Order *Receiver's Motion for Authorization to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* by Ryan Leonard. (Leonard, Ryan) (Entered: 04/08/2024) |
| 04/08/2024 | [625](#) | NOTICE OF APPEAL as to [618](#) Order on Motion for Order by Avon Capital LLC. Filing fee $ 605, receipt number AOKWDC-4403610. (Schneider, Francis) (Entered: 04/08/2024) |
| 04/09/2024 | [626](#) | AMENDED NOTICE OF APPEAL as to [618](#) Order on Motion for Order by Avon Capital LLC . (Schneider, Francis) (Entered: 04/09/2024) |
| 04/09/2024 | [627](#) | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re [626](#) Amended Notice of Appeal (Attachments: # [1](#) Attachment 1 - Preliminary Record on Appeal)(naa) (Entered: 04/09/2024) |
| 04/09/2024 | [628](#) | Tenth Circuit USCA Case Number 24-6066 for [626](#) Amended Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 04/09/2024. Notice of appearance, Docketing statement, Disclosure statement, and Transcript order form due 04/23/2024 for Avon Capital, LLC. Notice of appearance and Disclosure statement due on 04/23/2024 for Universitas Education, LLC. [24-6066] (naa) (Entered: 04/10/2024) |
| 04/15/2024 | [629](#) | MEMORANDUM in Opposition re [616](#) MOTION for Order *Approving Distribution* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 04/15/2024) |
| 04/15/2024 | [630](#) | RESPONSE in Opposition re [616](#) MOTION for Order *Approving Distribution* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/15/2024) |
| 04/19/2024 | [631](#) | ORDER granting [611](#) the Receiver's motion for order approving payment of fees and costs in the amount of $11,357.50 to be paid from the receivership estate. Signed by Judge Joe Heaton on 04/19/2024. (lam) (Entered: 04/19/2024) |
| 04/23/2024 | [632](#) | RESPONSE in Opposition re [624](#) MOTION for Order *Receiver's Motion for Authorization to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/23/2024) |
| 04/23/2024 | [633](#) | OBJECTIONS re [622](#) MOTION for Order *Approving Payment of March 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/23/2024) |
| 04/25/2024 | [634](#) | TRANSCRIPT Order Form by Avon Capital LLC re [626](#) Amended Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 04/25/2024) |
| 04/25/2024 | [635](#) | MOTION for Order *Authorizing Distributions* by Ryan Leonard. (Attachments: # [1](#) Exhibit Portion of 12-21-2021 Transcript)(Long, Heidi) (Entered: 04/25/2024) |
| 04/25/2024 | [636](#) | TRANSCRIPT LETTER advising no transcripts are necessary re [626](#) Amended Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. (naa) (Entered: 04/25/2024) |

Appendix Page 51

| | | |
|---|---|---|
| 04/26/2024 | 637 | MEMORANDUM in Opposition re 622 MOTION for Order *Approving Payment of March 2024 Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 04/26/2024) |
| 04/29/2024 | 638 | OBJECTIONS re 624 MOTION for Order *Receiver's Motion for Authorization to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 04/29/2024) |
| 04/30/2024 | 639 | ORDER granting 616 the Receiver's motion for order approving distribution of funds. See order for specifics. Signed by Judge Joe Heaton on 04/30/2024. (lam) (Entered: 04/30/2024) |
| 05/02/2024 | 640 | NOTICE of Subpoena by Ryan Leonard *Notice of Intent to Serve Subpoena- Asset Servicing Group, LLC* (Attachments: # 1 Exhibit 1- Subpoena to Asset Servicing Group, LLC)(Leonard, Ryan) (Entered: 05/02/2024) |
| 05/02/2024 | 641 | NOTICE of Subpoena by Ryan Leonard *Notice of Intent to Serve Subpoena- Metropolitan Life Insurance Company* (Attachments: # 1 Exhibit 1- Subpoena to MetLife)(Leonard, Ryan) (Entered: 05/02/2024) |
| 05/06/2024 | 642 | ORDER granting 622 the Receiver's motion for order approving payment of fees and costs as set forth in the motion. Signed by Judge Joe Heaton on 05/06/2024. (lam) (Entered: 05/06/2024) |
| 05/06/2024 | 643 | NOTICE (other) by Ryan Leonard *Receiver's Emergency Notice Regarding Correspondence from Insurance Company* (Attachments: # 1 Exhibit 1- Correspondence from Counsel for Jackson National Life Insurance Company, # 2 Exhibit 2- Correspondence from ASG, LLC to Jackson dated March 28, 2024, # 3 Exhibit 3- Receiver's Correspondence to Jackson dated March 29, 2024, # 4 Exhibit 4- SDM-Connecticut Correspondence to Jackson Received on April 30, 2024)(Leonard, Ryan) (Entered: 05/06/2024) |
| 05/09/2024 | 644 | ORDER granting 624 Receiver's motion for authority. The Receiver is authorized to instruct the manager of SDM to pursue loans against policies held by it in an amount up to $400,000 as stated in the motion. Signed by Judge Joe Heaton on 05/09/2024. (lam) (Entered: 05/09/2024) |
| 05/09/2024 | 645 | MOTION to Quash *INTERESTED PARTY STATEMENT AND NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENAS DUCES TECUM [DKT 640, 641] ISSUED TO ASSET SERVICING GROUP, INC. AND METROPOLITAN LIFE INSURANCE COMPANY AND MOTION FOR PROTECTIVE ORDER, AND BRIEF-IN-SUPPORT* by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/09/2024) |
| 05/09/2024 | 646 | OBJECTIONS re 640 Notice of Subpoena filed by Avon Capital LLC. (Schneider, Francis) (Entered: 05/09/2024) |
| 05/09/2024 | 647 | OBJECTIONS re 641 Notice of Subpoena filed by Avon Capital LLC. (Schneider, Francis) (Entered: 05/09/2024) |
| 05/09/2024 | 648 | OBJECTIONS re 635 MOTION for Order *Authorizing Distributions INTERESTED PARTY STATEMENT AND SDM HOLDINGS, LLCS OPPOSITION TO RECEIVERS APPLICATION FOR DISTRIBUTION [DKT635]* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/09/2024) |
| 05/15/2024 | 649 | ORDER denying 645 Phoenix Charitable Trust motion to quash. See order for specifics. Signed by Judge Joe Heaton on 05/15/2024. (lam) (Entered: 05/15/2024) |

| | | |
|---|---|---|
| 05/16/2024 | 650 | MEMORANDUM in Opposition re 635 MOTION for Order *Authorizing Distributions* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 05/16/2024) |
| 05/17/2024 | 651 | MOTION for Order *Approving Payment of April 2024 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 05/17/2024) |
| 05/22/2024 | 652 | MOTION to Vacate *INTERESTED PARTYS PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUITS ORDER AFFIRMING THE DISMISSAL OF UNIVERSITASS CLAIMS AND BRIEF-IN-SUPPORT* by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/22/2024) |
| 05/28/2024 | 653 | NOTICE (other) by Ryan Leonard *Receiver's Report (Time-Sensitive)* (Attachments: # 1 Exhibit 1- J. Boothroyd Correspondence of May 16, 2024, to Lafayette Life Insurance Company and Western and Southern Life Insurance Company, # 2 Exhibit 2- MetLife Interpleader Complaint, # 3 Exhibit 3- January 2024 Correspondence, # 4 Exhibit 4- February 2024 Correspondence, # 5 Exhibit 5- March 2024 Correspondence, # 6 Exhibit 6- April 2024 Correspondence)(Leonard, Ryan) (Entered: 05/28/2024) |
| 05/30/2024 | 654 | NON-CONTINUING GARNISHMENT SUMMONS the State of Oklahoma to garnishee, SDM Holdings, LLC as garnishee for defendant Avon Capital, LLC. See Garnishment Summons for specifics. (lam) (Entered: 05/30/2024) |
| 06/03/2024 | 655 | EMERGENCY MOTION for Order to Show Cause by Universitas Education LLC. (Attachments: # 1 Exhibit, # 2 Exhibit)(Manson, Joseph) (Entered: 06/03/2024) |
| 06/05/2024 | 656 | ORDER TO SHOW CAUSE to SDM Holdings, LLC, Daniel E. Carpenter, and Johathan Boothroyd to appear at the Show Cause Hearing set 06/26/2024 @ 10:00 AM in Courtroom 501 before Judge Joe Heaton. The United States Marshal is directed to effect personal service of this order on SDM Holdings, LLC, Daniel E. Carpenter, and Jonathan Boothroyd and to file proof of service promptly after making same but in no event later than 06/20/2024. Universitas is directed to immediately provide to the U.S. Marshal such additional location/address information as it may have for the referenced entity and individuals. Signed by Judge Joe Heaton on 06/05/2024. (lam) (Entered: 06/05/2024) |
| 06/07/2024 | 657 | RESPONSE in Opposition re 651 MOTION for Order *Approving Payment of April 2024 Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 06/07/2024) |
| 06/10/2024 | 658 | ANSWER to Writ of Garnishment re 654 Summons Issued by Ryan Leonard. (Leonard, Ryan) (Entered: 06/10/2024) |
| 06/10/2024 | 659 | OBJECTIONS re 651 MOTION for Order *Approving Payment of April 2024 Fees and Costs INTERESTED PARTYS STATEMENT AND OPPOSITION TO RECEIVERS APPLICATION FOR ORDER APPROVING APRIL FEES AND COSTS [DKT 651]* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 06/10/2024) |
| 06/12/2024 | 660 | MEMORANDUM in Opposition re 652 MOTION to Vacate *INTERESTED PARTYS PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUITS ORDER AFFIRMING THE DISMISSAL OF UNIVERSITASS CLAIMS AND BRIEF-IN-SUPPORT* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 06/12/2024) |
| 06/14/2024 | 661 | MOTION for Order *Approving Payment of May 2024 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 06/14/2024) |
| 06/19/2024 | 662 | NOTICE (other) by Ryan Leonard *Receiver's Report (through June 19, 2024)* (Attachments: # 1 Exhibit 1- Correspondence of SDM-CT counsel Robert Cox to Jackson |

|            |     | National Life Insurance Company dated May 23, 2024)(Leonard, Ryan) (Entered: 06/19/2024) |
|------------|-----|-----|
| 06/24/2024 | 663 | REPLY by other Phoenix Charitable Trust *INTERESTED PARTYS REPLY TO PETITIONERS RESPONSE TO THE PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUITS ORDER AFFIRMING THE DISMISSAL OF UNIVERSITASS CLAIMS AND BRIEF-IN-SUPPORT* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 06/24/2024) |
| 06/24/2024 | 664 | SUPPLEMENT re 663 Reply, by Phoenix Charitable Trust. (Attachments: # 1 Exhibit Exh 2)(Sandberg, Jeffrey) (Entered: 06/24/2024) |
| 06/25/2024 | 665 | OBJECTIONS re 655 EMERGENCY MOTION for Order to Show Cause filed by Avon Capital LLC. (Attachments: # 1 Exhibit A, Letter from J. Manson to A. Rupe dated February 10, 2021, # 2 Exhibit B, Letter from A. Rupe to J. Manson dated February 12, 2024)(Schneider, Francis) (Entered: 06/25/2024) |
| 06/25/2024 | 666 | SUMMONS Returned the court's order 656 was executed on counsel for the specific parties by the U.S. Marshal's Office, District of Connecticut. (naa) Modified on 6/25/2024 (lam). (Entered: 06/25/2024) |
| 06/26/2024 | 667 | Minute Entry for proceedings held before Judge Joe Heaton: Show Cause hearing held on Universitas Education LLC's Emergency Motion for Order to Show Cause 655 filed 06/03/2024 and the court's Order 656 filed 06/05/2024. Counsel for the parties present. U.S. Marshal Johnny Kuhlman addresses the court as to the U.S. Marshals Office in the district of Connecticut failed to timely effect service of the courts show cause order on the designated parties listed in the show cause order. The court then hears arguments from counsel. The court continues this hearing to 07/18/2024 at 10:00 a.m., in Courtroom No. 501 and directs the U.S. Marshal to effect service on the designated parties. Written order to follow. Court Adjourned. (Court Reporter Cassy Kerr.) (lam) (Entered: 06/26/2024) |
| 06/26/2024 | 668 | ORDER granting 651 the Receiver's motion for approval of payment for April 2024 costs and fees. See order for specifics. Signed by Judge Joe Heaton on 06/26/2024. (lam) (Entered: 06/26/2024) |
| 06/26/2024 | 669 | ORDER granting 635 Receiver's motion for approval of distributions from SDM Holdings, LLC to Avon Capital, LLC for fees and expenses from 02/2024. See order for specifics. Signed by Judge Joe Heaton on 06/26/2024. (lam) (Entered: 06/26/2024) |
| 06/27/2024 | 670 | SECOND ORDER TO SHOW CAUSE...in light of the failure of service and non-appearance, and for the reasons stated at the 06/26/2024 show cause hearing the court orders as follows: 1) SDM Holdings, LLC, Daniel E. Carpenter and Jonathan Boothroyd shall appear on 07/18/2024 at 10:00 a.m. in Courtroom No. 501 and show cause why they should not be found in contempt for violating the court's 03/29/2024 injunction; 2) the U.S. Marshal is ordered to effect personal service on the parties (and not through service on a purported agent) and file proof of service not later than 07/16/2024. Universitas is directed to immediately provide the U.S. Marshal with additional location/address information as to the referenced entity and individuals; 3) the court concludes that the contempt proceedings should be viewed as criminal in nature. The court tenders this matter to the U.S. Attorney for entry of their appearances forthwith. The contempt charges are set for trial on 08/21/2024 in the U.S. Courthouse for this district. The Clerk of Court is directed to open a new file under a separate Miscellaneous file number with the heading "In Re Contempt Proceedings Against Daniel E. Carpenter, Jonathan Boothroyd and SDM Moldings, LLC." Further filings as to criminal contempt matter shall be filed under the Miscellaneous case number. See order for further specifics. Signed by Judge Joe Heaton on 06/27/2024. (lam) (Entered: 06/27/2024) |

Appendix Page 54

Appellate Case: 25-6073     Document: 23-1     Date Filed: 07/28/2025     Page: 59

| | | |
|---|---|---|
| 07/05/2024 | 671 | OBJECTIONS re 661 MOTION for Order *Approving Payment of May 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 07/05/2024) |
| 07/08/2024 | 672 | RETURN OF SERVICE (dtb) (Entered: 07/08/2024) |
| 07/08/2024 | 673 | RESPONSE in Opposition re 661 MOTION for Order *Approving Payment of May 2024 Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 07/08/2024) |
| 07/09/2024 | 674 | ORDER granting 661 Receiver's motion for order approving payment of fees and costs. Signed by Judge Joe Heaton on 07/09/2024. (lam) (Entered: 07/09/2024) |
| 07/17/2024 | | Terminate deadline (lam) (Entered: 07/17/2024) |
| 07/17/2024 | 675 | MOTION for Order *Approving Payment of June 2024 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 07/17/2024) |
| 07/24/2024 | 676 | OBJECTIONS re 675 MOTION for Order *Approving Payment of June 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 07/24/2024) |
| 07/26/2024 | 677 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on June 26, 2024, before Judge Joe Heaton. Court Reporter: Cassy Kerr, Telephone number 405-609-5096. Transcript of: civil show cause hearing. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/16/2024. Redacted Transcript Deadline set for 8/26/2024. Release of Transcript Restriction set for 10/24/2024. (crk) (Entered: 07/26/2024) |
| 08/07/2024 | 678 | RESPONSE in Opposition re 675 MOTION for Order *Approving Payment of June 2024 Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 08/07/2024) |
| 08/09/2024 | 679 | ORDER granting 675 the Receiver's motion for order approving payment. Receiver's fees and costs in the amount of $12,610.00 as set forth in the motion are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 08/09/2024. (lam) (Entered: 08/09/2024) |
| 08/14/2024 | 680 | MOTION for Order *Approving Payment of July Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 08/14/2024) |
| 08/21/2024 | 681 | NOTICE (other) by Ryan Leonard *Receiver's Report* (Attachments: # 1 Exhibit 1- Multiple correspondence from New York Life, # 2 Exhibit 2- Principal Life Insurance Company correspondence dated July 30, 2024)(Leonard, Ryan) (Entered: 08/21/2024) |
| 08/29/2024 | 682 | OBJECTIONS re 680 MOTION for Order *Approving Payment of July Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 08/29/2024) |
| 09/03/2024 | 683 | MEMORANDUM in Opposition re 680 MOTION for Order *Approving Payment of July Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 09/03/2024) |
| 09/13/2024 | 684 | ORDER granting 680 the Receiver's motion for order approving payment of fees and costs in the amount of $6,180.00. Signed by Judge Joe Heaton on 09/13/2024. (lam) (Entered: 09/13/2024) |
| 09/23/2024 | 685 | MOTION for Order *Approving Payment of August Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statment of Fees)(Long, Heidi) (Entered: 09/23/2024) |
| 09/30/2024 | 686 | MEMORANDUM in Opposition re 685 MOTION for Order *Approving Payment of August Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 09/30/2024) |

Appendix Page 55

Appellate Case: 25-6073    Document: 23-1    Date Filed: 07/28/2025    Page: 60

| 09/30/2024 | 687 | OBJECTIONS re 685 MOTION for Order *Approving Payment of August Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 09/30/2024) |
|---|---|---|
| 10/08/2024 | 688 | ORDER granting 685 the Receiver's motion for order approving payment of fees and costs in the amount of $8,603.90. Signed by Judge Joe Heaton on 10/08/2024. (lam) (Entered: 10/08/2024) |
| 10/11/2024 | 689 | MOTION for Order *Approving Payment of September Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 10/11/2024) |
| 10/16/2024 | 690 | MEMORANDUM in Opposition re 689 MOTION for Order *Approving Payment of September Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 10/16/2024) |
| 10/21/2024 | 691 | OBJECTIONS re 689 MOTION for Order *Approving Payment of September Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 10/21/2024) |
| 10/22/2024 | 692 | ORDER granting 689 the Receiver's motion for order approving payment of fees and costs in the amount of $7,515.00. Signed by Judge Joe Heaton on 10/22/2024. (lam) (Entered: 10/22/2024) |
| 10/30/2024 | 693 | NOTICE (other) by Ryan Leonard *Receiver's Report* (Leonard, Ryan) (Entered: 10/30/2024) |
| 11/07/2024 | 694 | MOTION for Order *Approving Payment of October Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 11/07/2024) |
| 11/11/2024 | 695 | MEMORANDUM in Opposition re 694 MOTION for Order *Approving Payment of October Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 11/11/2024) |
| 11/13/2024 | 696 | ORDER in light of the pending appeals, this court lacks jurisdiction to address the pending motion of Phoenix Charitable Trust to vacate the judgment previously entered in this case. The motion 652 is therefore stricken, but may be re-urged if appropriate upon resolution of the pertinent appeals. Signed by Judge Joe Heaton on 11/13/2024. (lam) (Entered: 11/13/2024) |
| 11/22/2024 | 697 | OBJECTIONS re 694 MOTION for Order *Approving Payment of October Fees and Costs INTERESTED PARTYS STATEMENT AND OPPOSITION TO RECEIVERS APPLICATION FOR ORDER APPROVING OCTOBER FEES AND COSTS [DKT 694]* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 11/22/2024) |
| 11/26/2024 | 698 | ORDER granting 694 the Receiver's motion for order approving payment of fees and costs. Signed by Judge Joe Heaton on 11/26/2024. (lam) (Entered: 11/26/2024) |
| 12/03/2024 | 699 | MOTION for Disbursement of Funds *Emergency Motion to Pay Funds* by Universitas Education LLC. (Attachments: # 1 Exhibit, # 2 Exhibit)(Greenhaw, Joshua) (Entered: 12/03/2024) |
| 12/13/2024 | 700 | MOTION for Order *Approving Payment of November 2024 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 12/13/2024) |
| 12/19/2024 | 701 | MEMORANDUM in Opposition re 700 MOTION for Order *Approving Payment of November 2024 Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 12/19/2024) |

Appendix Page 56

| 12/23/2024 | [702](#) | OBJECTIONS re [699](#) MOTION for Disbursement of Funds *Emergency Motion to Pay Funds* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 12/23/2024) |
|---|---|---|
| 12/23/2024 | [703](#) | OBJECTIONS re [699](#) MOTION for Disbursement of Funds *Emergency Motion to Pay Funds* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 12/23/2024) |
| 12/31/2024 | [704](#) | USCA OPINION as to [536](#) Notice of Appeal filed by SDM Holdings LLC, [568](#) Notice of Appeal, filed by Avon Capital LLC, [595](#) Notice of Appeal filed by Avon Capital LLC, [626](#) Amended Notice of Appeal filed by Avon Capital LLC, [523](#) Notice of Appeal filed by Avon Capital LLC, [544](#) Notice of Appeal filed by Avon Capital LLC, [522](#) Notice of Appeal filed by SDM Holdings LLC. Affirmed; Terminated on the merits after oral hearing; Written, signed, published. Judges Tymkovich (authoring), Moritz and Carson. Mandate to issue. [23-6125, 23-6126, 24-6066, 23-6167, 23-6168, 24-6006, 24-6033] (rp) (Entered: 12/31/2024) |
| 12/31/2024 | [705](#) | USCA JUDGMENT as to [625](#) Notice of Appeal filed by Avon Capital LLC, [536](#) Notice of Appeal filed by SDM Holdings LLC, [568](#) Notice of Appeal, filed by Avon Capital LLC, [595](#) Notice of Appeal filed by Avon Capital LLC, [626](#) Amended Notice of Appeal filed by Avon Capital LLC, [523](#) Notice of Appeal filed by Avon Capital LLC, [544](#) Notice of Appeal filed by Avon Capital LLC, [522](#) Notice of Appeal filed by SDM Holdings LLC. Judgment for opinion filed. [23-6125, 23-6126, 24-6066, 23-6167, 23-6168, 24-6006, 24-6033] (rp) (Entered: 01/02/2025) |
| 01/03/2025 | [706](#) | OBJECTIONS re [700](#) MOTION for Order *Approving Payment of November 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 01/03/2025) |
| 01/06/2025 | [707](#) | ORDER granting [700](#) the Receiver's motion for approval of payment for 11/2024 costs and fees. Receivers fees and costs in the amount of $8,052.50, as set forth in the motion, are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 01/06/2025. (lam) (Entered: 01/06/2025) |
| 01/06/2025 | [708](#) | REPLY to Response to Motion re [699](#) MOTION for Disbursement of Funds *Emergency Motion to Pay Funds* filed by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 01/06/2025) |
| 01/13/2025 | [709](#) | NOTICE (other) by Ryan Leonard *Receiver's Report* (Leonard, Ryan) (Entered: 01/13/2025) |
| 01/20/2025 | [710](#) | MOTION for Order *Approving Payment of December 2024 Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 01/20/2025) |
| 01/27/2025 | [711](#) | ORDER of USCA as to [536](#) Notice of Appeal filed by SDM Holdings LLC, [568](#) Notice of Appeal, filed by Avon Capital LLC, [595](#) Notice of Appeal filed by Avon Capital LLC, [626](#) Amended Notice of Appeal filed by Avon Capital LLC, [523](#) Notice of Appeal filed by Avon Capital LLC, [544](#) Notice of Appeal filed by Avon Capital LLC, [522](#) Notice of Appeal filed by SDM Holdings LLC. Order filed by Judges Tymkovich, Moritz and Carson denying Appellants' petition for rehearing and rehearing en banc filed by Avon Capital, LLC and SDM Holdings, LLC. [23-6125, 23-6126, 24-6066, 23-6167, 23-6168, 24-6006, 24-6033] (rp) (Entered: 01/27/2025) |
| 02/04/2025 | [712](#) | USCA MANDATE Issued re [536](#) Notice of Appeal filed by SDM Holdings LLC, [568](#) Notice of Appeal, filed by Avon Capital LLC, [595](#) Notice of Appeal filed by Avon Capital LLC, [626](#) Amended Notice of Appeal filed by Avon Capital LLC, [523](#) Notice of Appeal filed by Avon Capital LLC, [544](#) Notice of Appeal filed by Avon Capital LLC, [522](#) Notice of Appeal filed by SDM Holdings LLC. Mandate issued. [23-6125, 23-6126, 24-6066, 23-6167, 23-6168, 24-6006, 24-6033] (rp) (Entered: 02/04/2025) |

Appendix Page 57

| | | |
|---|---|---|
| 02/04/2025 | 713 | MOTION to Enforce *Judgment by Receiver's Sale of Property* by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 02/04/2025) |
| 02/06/2025 | 714 | OBJECTIONS re 710 MOTION for Order *Approving Payment of December 2024 Fees and Costs INTERESTED PARTYS STATEMENT AND OPPOSITION TO RECEIVERS APPLICATION FOR ORDER APPROVING DECEMBER FEES AND COSTS [DKT 710]1* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 02/06/2025) |
| 02/07/2025 | 715 | MOTION to Withdraw as Attorney by Avon Capital LLC. (Rupe, Alan) (Entered: 02/07/2025) |
| 02/07/2025 | 716 | ORDER of USCA as to 536 Notice of Appeal filed by SDM Holdings LLC, 568 Notice of Appeal, filed by Avon Capital LLC, 595 Notice of Appeal filed by Avon Capital LLC, 626 Amended Notice of Appeal filed by Avon Capital LLC, 523 Notice of Appeal filed by Avon Capital LLC, 544 Notice of Appeal filed by Avon Capital LLC, 522 Notice of Appeal filed by SDM Holdings LLC.Order filed by Clerk of the Court granting Attorneys Alan L. Rupe and Francis M. Schneider's Motion to Withdraw as Counsel for Avon, LLC in appeal nos. 23-6125, 24-6006, 23-6167, 23-6168, 24-6033, 24-6066. Served on 02/07/2025. Text only entry - no attachment. [23-6125, 23-6126, 24-6066, 23-6167, 23-6168, 24-6006, 24-6033].(rp) (Entered: 02/07/2025) |
| 02/12/2025 | 717 | ORDER Setting Hearing on Motions. Pending motions for disbursement of funds 699 and for enforcement of judgment 713 are set for hearing on 02/27/2025 @ 10:00 a.m. in Courtroom No. 501 before Judge Joe Heaton. The parties are directed to file by 02/25/2025 a written statement of their respective positions as to matters remaining for resolution. Signed by Judge Joe Heaton on 02/12/2025. (lam) (Entered: 02/12/2025) |
| 02/12/2025 | 718 | MOTION for Order *Approving Payment of January 2025 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 02/12/2025) |
| 02/12/2025 | 719 | MOTION to Withdraw as Attorney by Avon Capital LLC. (Green, Gerald) (Entered: 02/12/2025) |
| 02/18/2025 | 720 | NOTICE (other) by Ryan Leonard *Receiver's Report* (Leonard, Ryan) (Entered: 02/18/2025) |
| 02/19/2025 | 721 | ORDER granting 710 the Receiver's motion for order approving payment of fees and costs in the amount of $4,360.00. Signed by Judge Joe Heaton on 02/19/2025. (lam) (Entered: 02/19/2025) |
| 02/24/2025 | 722 | ORDER the motion to withdraw of Alan L. Rupe, Esq. and Francis M. Schneider, Esq. as counsel for Avon Capital, LLC 715 is GRANTED. The clerk of court is directed to strike Mr. Rupe and Ms. Schneider as counsel of record for Avon Capital, LLC. Signed by Judge Joe Heaton on 02/24/2025. (lam) (Entered: 02/24/2025) |
| 02/24/2025 | 723 | ORDER the motion to withdraw of Gerald Green, Esq., as counsel for Avon Capital, LLC 719 is GRANTED. The clerk of court is directed to strike Mr. Greens name as counsel of record for Avon Capital, LLC. Signed by Judge Joe Heaton on 02/24/2025. (lam) (Entered: 02/24/2025) |
| 02/25/2025 | 724 | NOTICE (other) by Phoenix Charitable Trust re 717 Order Setting Hearing on Motion, *INTERESTED PARTYS STATEMENT OF POSITION ON MATTERS REMAINING FOR RESOLUTION [DKT 717]1* (Sandberg, Jeffrey) (Entered: 02/25/2025) |
| 02/25/2025 | 725 | NOTICE (other) by Universitas Education LLC re 717 Order Setting Hearing on Motion, *Notice of Universitas' Position Statement* (Greenhaw, Joshua) (Entered: 02/25/2025) |

Appendix Page 58

| | | |
|---|---|---|
| 02/25/2025 | <u>726</u> | RESPONSE in Opposition re <u>713</u> MOTION to Enforce *Judgment by Receiver's Sale of Property* filed by Phoenix Charitable Trust. (Attachments: # <u>1</u> Exhibit EXH A., # <u>2</u> Exhibit EXH B., # <u>3</u> Exhibit EXH C., # <u>4</u> Exhibit EXH D., # <u>5</u> Exhibit EXH E. Dismissal Order (D. CT), # <u>6</u> Exhibit EXH F - 651 - Satisfaction of Judgment re GMT.180619., # <u>7</u> Exhibit EXH G - Motion to Stay Mandate.250224., # <u>8</u> Exhibit EXH H - Opinion by 2nd Cir affirming dismissal.240425., # <u>9</u> Exhibit EXH I - Scheindlin Order w Footnotes) (Sandberg, Jeffrey) (Entered: 02/25/2025) |
| 02/26/2025 | <u>727</u> | ENTRY of Appearance by Alan L Rupe on behalf of Avon Capital LLC (Rupe, Alan) (Entered: 02/26/2025) |
| 02/26/2025 | <u>728</u> | MOTION for Leave *to file written statement out of time* by Avon Capital LLC. (Attachments: # <u>1</u> Exhibit A)(Rupe, Alan) (Entered: 02/26/2025) |
| 02/26/2025 | <u>729</u> | MOTION for Leave *to File Objections to Motion for Order Authorizing Receiver to Sell Property of the Receivership Estate Out of Time* by Avon Capital LLC. (Attachments: # <u>1</u> Exhibit A)(Rupe, Alan) (Entered: 02/26/2025) |
| 02/27/2025 | <u>730</u> | NOTICE (other) by Avon Capital LLC re <u>717</u> Order Setting Hearing on Motion, *Written Statement of Avon Capital, LLC* (Rupe, Alan) (Entered: 02/27/2025) |
| 02/27/2025 | <u>731</u> | OBJECTIONS re <u>713</u> MOTION to Enforce *Judgment by Receiver's Sale of Property* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 02/27/2025) |
| 02/27/2025 | <u>732</u> | Minute Entry for proceedings held before Judge Joe Heaton: Motions Hearing held on 02/27/2025 on Universitas Education LLC's motions for disbursement of funds <u>699</u> and to enforce judgment <u>713</u> . Counsel for the parties present. Court hears oral arguments from counsel. The court grants Avon Capital LLCs motion for leave to file written statement out of time [Doc. #728]. The court directs counsel to file its supplemental motion as to damages and contempt matters within 10 days from this date with responses due within 7 days. Court Adjourned. (Court Reporter Tracy Thompson.) (lam) (Entered: 02/28/2025) |
| 03/03/2025 | <u>733</u> | RESPONSE to Motion re <u>718</u> MOTION for Order *Approving Payment of January 2025 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/03/2025) |
| 03/05/2025 | <u>734</u> | RESPONSE in Opposition re <u>718</u> MOTION for Order *Approving Payment of January 2025 Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/05/2025) |
| 03/05/2025 | <u>735</u> | MOTION for Order *Approving Payment of February 2025 Fees and Costs* by Ryan Leonard. (Attachments: # <u>1</u> Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 03/05/2025) |
| 03/10/2025 | <u>736</u> | RESPONSE to Motion re <u>713</u> MOTION to Enforce *Judgment by Receiver's Sale of Property* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/10/2025) |
| 03/10/2025 | <u>737</u> | RESPONSE in Opposition re <u>713</u> MOTION to Enforce *Judgment by Receiver's Sale of Property (Supplemental)* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/10/2025) |
| 03/10/2025 | <u>738</u> | MOTION for Attorney Fees *and costs and for incorporation of argument for constructive trust* by Universitas Education LLC. (Attachments: # <u>1</u> Exhibit Affidavit of Joseph Manson, # <u>2</u> Exhibit Affidavit of Joshua Greenhaw, # <u>3</u> Exhibit Declaration of Ryan Leonard)(Greenhaw, Joshua) (Entered: 03/10/2025) |
| 03/11/2025 | <u>739</u> | RESPONSE to Motion re <u>699</u> MOTION for Disbursement of Funds *Emergency Motion to Pay Funds* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/11/2025) |

| | | |
|---|---|---|
| 03/11/2025 | [740](#) | ORDER granting [718](#) Receiver's motion for order approving payment. Receiver's fees and costs in the amount of $14,329.39 are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 03/11/2025. (lam) (Entered: 03/11/2025) |
| 03/17/2025 | [741](#) | REPLY by Petitioner Universitas Education LLC re [731](#) Objections filed by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 03/17/2025) |
| 03/17/2025 | [742](#) | RESPONSE in Opposition re [738](#) MOTION for Attorney Fees *and costs and for incorporation of argument for constructive trust* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/17/2025) |
| 03/17/2025 | [743](#) | RESPONSE in Opposition re [738](#) MOTION for Attorney Fees *and costs and for incorporation of argument for constructive trust* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/17/2025) |
| 03/19/2025 | [744](#) | MOTION to Clarify by Universitas Education LLC. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2)(Greenhaw, Joshua) (Entered: 03/19/2025) |
| 03/24/2025 | [745](#) | OBJECTIONS re [735](#) MOTION for Order *Approving Payment of February 2025 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/24/2025) |
| 03/25/2025 | [746](#) | RESPONSE in Opposition re [735](#) MOTION for Order *Approving Payment of February 2025 Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/25/2025) |
| 03/28/2025 | [747](#) | MOTION to Vacate [618](#) Order on Motion for Order by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/28/2025) |
| 03/31/2025 | [748](#) | ORDER granting [735](#) the Receivers motion for order approving payment of fees and costs. Receivers fees and costs in the amount of $19,965.10, as set forth in the motion, are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 03/31/2025. (lam) (Entered: 03/31/2025) |
| 04/01/2025 | [749](#) | NOTICE (other) by Ryan Leonard *Receiver's Report* (Leonard, Ryan) (Entered: 04/01/2025) |
| 04/09/2025 | [750](#) | OBJECTIONS re [744](#) MOTION to Clarify filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/09/2025) |
| 04/09/2025 | [751](#) | MEMORANDUM in Opposition re [744](#) MOTION to Clarify filed by Avon Capital LLC. (Rupe, Alan) (Entered: 04/09/2025) |
| 04/11/2025 | [752](#) | MOTION for Order *Approving Payment of March 2025 Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 04/11/2025) |
| 04/16/2025 | [753](#) | MOTION for Extension of Time *to Respond to Motion to Vacate Order (Doc. 747)* by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 04/16/2025) |
| 04/17/2025 | [754](#) | ORDER granting [753](#) Universitas' unopposed motion for extension of time. Universitas shall file its response to the motion to vacate order [747](#) not later than 04/21/2025. Signed by Judge Joe Heaton on 04/17/2025. (lam) (Entered: 04/17/2025) |
| 04/21/2025 | [755](#) | RESPONSE in Opposition re [747](#) MOTION to Vacate [618](#) Order on Motion for Order filed by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 04/21/2025) |
| 04/22/2025 | [756](#) | REPLY to Response to Motion re [744](#) MOTION to Clarify filed by Universitas Education LLC. (Attachments: # [1](#) Exhibit 1)(Greenhaw, Joshua) (Entered: 04/22/2025) |

| 05/02/2025 | 757 | RESPONSE in Opposition re 752 MOTION for Order *Approving Payment of March 2025 Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 05/02/2025) |
|---|---|---|
| 05/02/2025 | 758 | PETITION FOR WRIT OF CERTIORARI re Supreme Court Number:24-1126. Petition for writ of certiorari filed by Avon Capital, LLC on 04/28/2025 and placed on the Supreme Court docket 05/01/2025 as Supreme Court Number 24-1126. [23-6125, 23-6126, 24-6066, 23-6167, 23-6168, 24-6006, 24-6033] (rp) (Entered: 05/02/2025) |
| 05/07/2025 | 759 | OBJECTIONS re 752 MOTION for Order *Approving Payment of March 2025 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/07/2025) |
| 05/13/2025 | 760 | ORDER granting 752 Receiver's motion for order approving payment of fees and costs in the amount of $8,026.40. Signed by Judge Joe Heaton on 05/13/2025. (lam) (Entered: 05/13/2025) |
| 05/21/2025 | 761 | ORDER granting 713 Universitas' motion to enforce judgment. Petitioners motion for emergency distribution of funds 699 is STRICKEN and Avon-WYs motion for leave to file objections out of time 729 is GRANTED (the attached objection is deemed filed). See order for specifics. Signed by Judge Joe Heaton on 05/21/2025. (lam) (Entered: 05/21/2025) |
| 05/21/2025 | 762 | ORDER for these reasons, the court concludes petitioners motion for attorneys fees 738 should be and is GRANTED to this extent: Universitas Education, LLC shall recover from Daniel E. Carpenter the sum of $76,246, attributable to the fees and costs reasonably incurred by Universitas and/or the Receiver in responding to Mr. Carpenters actions in this case. Signed by Judge Joe Heaton on 05/21/2025. (lam) (Entered: 05/21/2025) |
| 05/21/2025 | 763 | ORDER denying 747 motion to vacate of Phoenix Charitable Trust for the reasons stated in the order. See order for specifics. Signed by Judge Joe Heaton on 05/21/2025. (lam) (Entered: 05/21/2025) |
| 05/21/2025 | 764 | REPLY by other Phoenix Charitable Trust re 755 Response in Opposition to Motion *INTERESTED PARTYS REPLY TO PLAINTIFFS RESPONSE [DKT. 755] TO MOTION TO VACATE ORDER UNDER RULE 60(b) AND SUPPORTING BRIEF [DKT 618]* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/21/2025) |
| 05/23/2025 | 765 | NOTICE OF APPEAL as to 761 Order on Motion for Disbursement of Funds, Order on Motion to Enforce, Order on Motion for Leave to,,, 763 Order on Motion to Vacate, 762 Order on Motion for Attorney Fees, by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/23/2025) |
| 05/23/2025 | 766 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 765 Notice of Appeal, (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(rp) (Entered: 05/23/2025) |
| 05/27/2025 | 767 | Tenth Circuit USCA Case Number 25-6073 for 765 Notice of Appeal, filed by Phoenix Charitable Trust. Civil case docketed. Preliminary record filed. DATE RECEIVED: 05/23/2025. Fee, docketing statement, transcript order form, notice of appearance and Rule 26 disclosure statement due by 06/10/2025 for Phoenix Charitable Trust. Notice of appearance and Rule 26 disclosure statement due by 06/10/2025 for Universitas Education, LLC [25-6073] (rp) (Entered: 05/27/2025) |
| 06/02/2025 | 768 | MOTION for Order *Approving Payment of April 2025 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 06/02/2025) |

| | | |
|---|---|---|
| 06/04/2025 | 769 | MOTION for Order *Approving Payment of May 2025 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 06/04/2025) |
| 06/10/2025 | 770 | TRANSCRIPT Order Form by Phoenix Charitable Trust that transcripts are not necessary. See order form for dates and proceedings. (Sandberg, Jeffrey) (Entered: 06/10/2025) |
| 06/11/2025 | 771 | TRANSCRIPT LETTER advising no transcripts are necessary re 765 Notice of Appeal, filed by Phoenix Charitable Trust. The record is ready for appeal purposes. (rp) (Entered: 06/11/2025) |
| 06/11/2025 | 772 | USCA Appeal Fee received in the amount of $ 605, receipt number 500012355, re 765 Notice of Appeal, filed by Phoenix Charitable Trust (llr) (Entered: 06/11/2025) |
| 06/11/2025 | 773 | TRANSCRIPT Order Form by Phoenix Charitable Trust that transcripts are necessary. See order form for dates and proceedings. (Sandberg, Jeffrey) (Entered: 06/11/2025) |
| 06/12/2025 | 774 | ORDER of USCA as to 765 Notice of Appeal, filed by Phoenix Charitable Trust. Order filed by Clerk of the Court granting Appellant's unopposed motion to file corrected transcript order form and reschedule brief deadline. The deadline for Appellants brief and appendix is vacated and will be reset by the court once the ordered hearing transcript has been filed. Served on 06/12/2025. [25-6073](rp) (Entered: 06/12/2025) |
| 06/15/2025 | 775 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 2/27/2025 before Judge Heaton. Court Reporter: Tracy Thompson, Telephone number 405-609-5505. re 765 Notice of Appeal, filed by Phoenix Charitable Trust Transcript of: Motion hearing Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/7/2025. Redacted Transcript Deadline set for 7/16/2025. Release of Transcript Restriction set for 9/15/2025. (tt, ) (Entered: 06/15/2025) |
| 06/16/2025 | 776 | MEMORANDUM in Opposition re 768 MOTION for Order *Approving Payment of April 2025 Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 06/16/2025) |
| 06/17/2025 | 777 | TRANSCRIPT Order Form by Tracy Thompson re 765 Notice of Appeal, that transcripts are necessary. See order form for dates and proceedings. Estimated completion date: transcript is already on file. (tt, ) (Entered: 06/17/2025) |
| 06/18/2025 | 778 | TRANSCRIPT LETTER advising transcripts have been electronically filed re 765 Notice of Appeal, filed by Phoenix Charitable Trust. The record is ready for appeal purposes. (rp) (Entered: 06/18/2025) |
| 06/19/2025 | 779 | MOTION for Disbursement of Funds *by Receiver* by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 06/19/2025) |
| 06/20/2025 | 780 | MEMORANDUM in Opposition re 769 MOTION for Order *Approving Payment of May 2025 Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 06/20/2025) |
| 06/23/2025 | 781 | OBJECTIONS re 768 MOTION for Order *Approving Payment of April 2025 Fees and Costs INTERESTED PARTYS STATEMENT AND OPPOSITION TO RECEIVERS APPLICATION FOR ORDER APPROVING APRIL FEES AND COSTS [DKT 768]1* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 06/23/2025) |
| 06/24/2025 | 782 | OBJECTIONS re 769 MOTION for Order *Approving Payment of May 2025 Fees and Costs INTERESTED PARTYS STATEMENT AND OPPOSITION TO RECEIVERS APPLICATION FOR ORDER APPROVING MAY FEES AND COSTS [DKT 769]1* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 06/24/2025) |

Appendix Page 62

| 06/26/2025 | 783 | ORDER granting 768 the Receivers Application for Order Approving Payment. Receivers fees and costs in the amount of $5,278.20, as set forth in the motion, are approved and may be paid from the receivership estate.. Signed by Judge Joe Heaton on 06/26/2025. (lam) (Entered: 06/26/2025) |
| 06/26/2025 | 784 | ORDER granting 769 the Receivers Application for Order Approving Payment. Receivers fees and costs in the amount of $6,699.97, as set forth in the motion, are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 06/26/2025. (lam) (Entered: 06/26/2025) |
| 06/30/2025 | 785 | NOTICE (other) by Ryan Leonard *Receiver's Report* (Leonard, Ryan) (Entered: 06/30/2025) |
| 07/03/2025 | 786 | MOTION for Order *Approving Payment of June 2025 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 07/03/2025) |
| 07/10/2025 | 787 | OBJECTIONS re 779 MOTION for Disbursement of Funds *by Receiver INTERESTED PARTYS STATEMENT AND OPPOSITION TO PETITIONERS MOTION FOR DISBURSEMENT OF INSURANCE PROCEEDS [DKT 779]* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 07/10/2025) |
| 07/10/2025 | 788 | OBJECTIONS re 779 MOTION for Disbursement of Funds *by Receiver* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 07/10/2025) |
| 07/17/2025 | 789 | MOTION for Extension of Time *to File Reply Brief* by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 07/17/2025) |
| 07/18/2025 | 790 | ORDER granting 789 Universitas Education, LLCs unopposed motion for extension of time. Universitas shall file its reply to its motion for distribution 779 not later than July 18, 2025. Signed by Judge Joe Heaton on 07/18/2025. (lam) (Entered: 07/18/2025) |
| 07/18/2025 | 791 | REPLY to Response to Motion re 779 MOTION for Disbursement of Funds *by Receiver* filed by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 07/18/2025) |
| 07/24/2025 | 792 | RESPONSE in Opposition re 786 MOTION for Order *Approving Payment of June 2025 Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 07/24/2025) |
| 07/24/2025 | 793 | OBJECTIONS re 786 MOTION for Order *Approving Payment of June 2025 Fees and Costs INTERESTED PARTYS STATEMENT AND OPPOSITION TO RECEIVERS APPLICATION FOR ORDER APPROVING JUNE FEES AND COSTS [DKT 786]1* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 07/24/2025) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/26/2025 13:49:08 | | | |
| **PACER Login:** | jeffsandberg | **Client Code:** | 14184 |
| **Description:** | Docket Report | **Search Criteria:** | 5:14-fj-00005-HE Start date: 1/1/1974 End date: 7/28/2025 |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |



FILED

NOV 0 7 2014

CARMELITA REE... SR SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

# UNITED STATES DISTRICT COURT
## for the
## Southern District of New York

Universitas Education, LLC
*Plaintiff*
V.                                    Civil Action No. 11 Civ. 1590    14-FJ-5-HE
Nova Group Inc.
*Defendant*

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on (date) 08/12/2014

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and appeals have been filed and are still pending.  Clerk's certification is issued as per judge's order dated 11/5/2014, Doc #493.

Date: 11/05/2014

CLERK OF COURT

Signature of Clerk or Deputy Clerk

NY1307510.1
214560-10001

Case 5:14-fi-00005-HE   Document 1-1   Filed 11/07/14   Page 1 of 3
Appellate Case: 14-6049   Document: 01019323184   Date Filed: 02/26/2025   Page: 58

Case 1:11-cv-01590-LTS-HBP   Document 475   Filed 08/12/14   Page 1 of 3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                      Petitioner,

        -against-

NOVA GROUP, INC.,

                  Respondent.
--------------------------------------------------------------X

USDC SDNY
DOCUMENT     475
ELECTRONICALLY FILED 08/12/2014

11 **CIVIL** 1590 (LTS) (HBP)
11 **CIVIL** 8726 (LTS) (HBP)

**JUDGMENT**

      Whereas following entry of judgment in its favor in the above captioned-actions, Universitas

Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and

Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets

by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill

Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust

Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the

"Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover

Respondents of money and assets, including certain specified insurance policies, until Petitioner's

judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ.

1590); Mr. Carpenter and certain third parties having moved to modify the temporary injunction to

allow transactions between themselves and certain of the Turnover Respondents (See docket entry

nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura

Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its

Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money

judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist

Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the

amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

Case 5:14-fj-00005-HE   Document 1-1   Filed 11/07/14   Page 3 of 3
Appellate Case 026-6078 Document 01-3993238 Date Filed 02/26/2025 Page: 60
Case 1:11-cv-01590-LTS-HBP   Document 475   Filed 08/12/14   Page 3 of 3

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

**Dated:**  New York, New York
       August 12, 2014

**RUBY J. KRAJICK**

BY:

_____
**Clerk of Court**

K. mango

_____
**Deputy Clerk**

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** 8/12/2014

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

Catherine Lapsley
Deputy Clerk

Appendix Page 69

Case 5:14-fj-00005-HE   Document 1-2   Filed 11/07/14   Page 1 of 2
Appellate Case: 14-6226   Document: 01319353238   Date Filed: 02/26/2015   Page: 61
Case 1:11-cv-01590-LTS-HBP   Document 493   Filed 11/05/14   Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

        Petitioner,

    -v-

NOVA GROUP, INC.,

        Respondent.

No. 11 Civ. 1590 (LTS)(HBP)

------------------------------------------------------------x

NOVA GROUP, INC.,

        Petitioner,

    -v-

UNIVERSITAS EDUCATION, LLC,

        Respondent.

No. 11 Civ. 8726 (LTS)(HBP)

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 05 2014

ORDER

    Universitas Education, LLC ("Universitas") moved on September 25, 2014, to register the judgment entered on August 15, 2014 in other judicial districts pursuant to 28 U.S.C. § 1963. (Docket entry no. 485.)[1]   No opposition to this motion was filed.   For substantially the reasons stated in Universitas' memorandum in support of its motion (docket entry no. 496), and supported by the September 25, 2014 Declaration of Michael Barnett (docket entry no. 487), the motion is granted.

---------------------------

[1]    Docket entry numbers in this Order refer exclusively to those in case number 11 Civ. 1590.

Case 5:14-fj-00005-HE   Document 1-2   Filed 11/07/14   Page 2 of 2
Appellate Case 21-6058 Document 010110555230 Date Filed 06/26/2021 Page: 62
Case 1:11-cv-01590-LTS-HBP   Document 493   Filed 11/05/14   Page 2 of 2

This Order resolves docket entry no. 485.

SO ORDERED.

Dated: New York, New York
       November 5, 2014

_____
LAURA TAYLOR SWAIN
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) UNIVERSITAS EDUCATION, LLC, )<br><br>       Plaintiff )<br><br>v. )<br><br>(1) NOVA )<br>       Defendants. ) | Case No. 14-FJ-00005-HE |

## ENTRY OF APPEARANCE

TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

Judy Hamilton Morse of the firm of Crowe & Dunlevy, P.C., hereby enters her appearance as counsel for the Plaintiff, Universitas Education, LLC.

Respectfully Submitted,

*s/ Judy Hamilton Morse*
Judy Hamilton Morse, OBA #6098
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 272-5203 (Facsimile)
judy.morse@crowedunlevy.com

**COUNSEL FOR PLAINTIFF,
UNIVERSITAS EDUCATION, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2015, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants.


s/ Judy Hamilton Morse
Judy Hamilton Morse

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| (1) UNIVERSITAS EDUCATION, LLC, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 14-FJ-00005-HE |
| ) | |
| (1) NOVA ) | |
| Defendants. ) | |

## ENTRY OF APPEARANCE

TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

Lysbeth George of the firm of Crowe & Dunlevy, P.C., hereby enters her appearance as counsel for the Plaintiff, Universitas Education, LLC.

Respectfully Submitted,

s/Lysbeth George
LYSBETH GEORGE, OBA #30562
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 272-5203 (Facsimile)
lysbeth.george@crowedunlevy.com

**COUNSEL FOR PLAINTIFF,
UNIVERSITAS EDUCATION, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2015, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants.


s/ Lysbeth George
Lysbeth George

2809292.1

# IN THE UNITED STATES DISTRICT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-FJ-05-HE |
| | ) | |
| NOVA GROUP, INC. | ) | |
| | ) | |
| Defendant. | | |

## WRIT OF GENERAL EXECUTION

The United States District Court for the Western District of Oklahoma, To the United States Marshal for the Western District of Oklahoma, Greetings:

WHEREAS, the 12th day of August, 2014, Universitas Education, LLC. ("Universitas"), obtained a judgment against Daniel E. Carpenter, in the amount of $30,600,000.00; against Grist Mill Capital, LLC in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00, with liability under the judgment being joint and several. (Collectively, the aforementioned parties against which judgment was obtained are hereinafter referred to as the "Judgment Debtors"), in Civil Action Nos. 11 Civ. 1590 and 11 Civ. 8726 in the

1

United States District Court of for the Southern District of New York, styled *Universitas Education, LLC v. Nova Group, Inc. at al.* with the total amount of the judgment being $110,737,073.73 plus post-judgment interest accruing from and after August 12, 2014. The judgment was thereafter registered and filed with United States District Court for the Western District of Oklahoma, on November 7, 2014, in case 14-FJ-5-HE styled *Universitas Education, LLC v. Nova Group, Inc.*

WHEREAS, there has been no money paid to Universitas and the total amount of the judgment owed jointly and severally by Judgment Debtors is $110,737,073.73, plus post-judgment interest accruing from and after August 12, 2014, until paid.

NOW, THEREFORE, YOU ARE HEREBY COMMANDED that of the goods and chattels of the said Judgment Debtors, including but not limited to the goods and/or chattels hereinafter described on Exhibit "A" hereto, you cause to be made the money above-specified and any costs of execution incurred or which will be incurred; and for want of goods and chattels you cause to be made on the lands and tenements of said Judgment Debtors said sum of money; and make return of this execution, showing how you executed the same, within sixty (60) days from the date hereof.

2

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the official

seal of the said court, at my office in the Western District of Oklahoma, Oklahoma

County, Oklahoma, this 3rd day of December, 2015.

CARMELITA REEDER SHINN
Clerk of the United States District Court
for the Western District of Oklahoma


By: \_\_\_/s/ Susan McKey_____
                    DEPUTY


Received at \_\_\_\_:\_\_\_\_ \_\_. M. this \_\_\_\_ day of _____, 2015.


_____
United Stated Marshal for the
Western District of Oklahoma

3

## EXHIBIT "A"

All right, title, or interest in any and all assets of any kind whatsoever of: (a) Avon Capital, LLC, or any of its parents, subsidiaries and/or affiliates, whether direct or indirect, or any of Avon Capital, LLC's former, present and future officers, directors, employees, insurers, reinsurers, agents, assigns, representatives, predecessors, successors, legal representatives, or any other persons acting for or on behalf of Avon Capital, LLC, either directly or indirectly, either in whole or in part; or (b) any of the named Judgment Debtors, including any of the Judgment Debtors' parents, subsidiaries and/or affiliates, whether direct or indirect, or any of the Judgment Debtors' former, present and future officers, directors, employees, insurers, reinsurers, agents, assigns, representatives, predecessors, successors, legal representatives, or any other persons acting for or on behalf of the Judgment Debtors, either directly or indirectly, either in whole or in part, in your possession and/or control, including, without limitation:

> A) All ownership interest of Avon Capital, LLC or any of the named Judgment Debtors in SDM Holdings and/or Asset Servicing Group, LLC;
>
> and
>
> B) All right, title, interest of Avon Capital, LLC, or any of the named Judgment Debtors, as shareholder, owner, member, manager, or otherwise of SDM Holdings, LLC in connection with certain insurance policies, which may be administered, managed, controlled, or serviced by Asset Servicing Group, LLC.

4

# IN THE UNITED STATES DISTRICT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC    )
                                         )
       Plaintiff,             )
                                         )
v.                                            )
                                       )
NOVA GROUP, INC.              )
                                       )    Case No. 14-FJ-5-HE
       Defendant.       )
                                       )
and                                        )
                                       )
SDM Holdings, LLC,           )
                                       )
       Garnishee.       )

## POST-JUDGMENT GENERAL GARNISHMENT SUMMONS

The United States District Court for the Western District of Oklahoma, to said Garnishee:

You are hereby summoned pursuant to the attached affidavit as garnishee for the defendant/Judgment Debtor **Avon Capital, LLC** ("Judgment Debtor"), and required, within ten (10) days from the date of service of this summons upon you, to answer according to law whether you are indebted to, or have in your possession or under your control, any property belonging to such Judgment Debtor, to file your answer with the Clerk of this Court, and, at the time that you file your answer, to deliver or mail a copy of your answer to the judgment creditor's attorney, or judgment creditor if not represented by an attorney, and to the Judgment Debtor.  If you are not a financial institution, you are further ordered to withhold any such property or indebtedness belonging to such Judgment Debtor or owing on the date of service of this summons, and to pay the required amount and/or deliver the property to the attorney for judgment creditor or judgment creditor if not represented by an attorney, unless otherwise ordered by the court when you file your answer.  If you are a financial institution, you may proceed in accordance with 31 CFR Part 212, or similar federal or state law, if applicable, and you are further ordered to withhold any unprotected property or indebtedness belonging to such Judgment Debtor or owing on the date of your review of the debtor's account, and to pay such unprotected amount and/or deliver the property to the attorney for judgment creditor or judgment creditor if not represented by an attorney, unless otherwise ordered by the court when you file your answer.

If the garnishee is indebted to or holds property or money belonging to the Judgment Debtor, the garnishee immediately shall mail by first-class mail a copy of the notice of garnishment and

1

exemptions, and the application for hearing, to the Judgment Debtor at the last-known address of the Judgment Debtor shown on the records of the garnishee at the time the garnishment summons was served on the garnishee.  If more than one address is shown on the records of the garnishee at the time of service of the summons, the garnishee shall discharge his duty by mailing to any one of the addresses shown on its records.  In lieu of mailing, the garnishee may hand-deliver a copy of the Notice of Garnishment and Exemptions, and the Application for Hearing, to the Judgment Debtor.

You are hereby directed to pay or deliver to the attorney for judgment creditor, or judgment creditor if not represented by an attorney, with your answer the amount and/or property stated in the answer, and in case of your failure to do so, you will be liable to further proceedings according to law, and judgment shall be rendered against you in the amount of $110,737,073.73 plus post-judgment interest accruing from and after August 12, 2014 at the rate of 9.00% per annum, until paid, and attorney fees and costs that continue to accrue in connection with the attempted collection of the amounts owed by judgment debtor to assignee judgment creditors, all as awarded in the attached judgment, until paid.

Issued this 3rd day of December, 2015, and shall be returned with proof of service within ten (10) days of this date.



SUMMONS ISSUED:
  8:59 am, Dec 03, 2015
CARMELITA REEDER SHINN, Clerk

By. *Susan McKey*
            Deputy Clerk

Plaintiff:  Universitas Education, LLC

Attorney:  Lysbeth L. George
OBA #:  30562

Address: CROWE & DUNLEVY
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
Phone: 405-235-7700

2

## OFFICER'S RETURN

Received this writ on the _____ day of _____, 20__, at _____ o'clock __m by
_____.

Dated this ___ day of _____, 20__.

_____
U. S. Marshall

_____
Deputy

3

Case 5:14-fj-00005-HE   Document 16   Filed 12/10/15   Page 1 of 4
Appellate Case: 07-6078   Document 01 9893238   Date Filed: 06/26/2025   Page: 74
Case 5:14-fj-00005-HE   Document 10   Filed 12/03/15   Page 1 of 4

## IN THE UNITED STATES DISTRICT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC )
)
    Plaintiff, )
)
v. )    Case No. 14-FJ-05-HE
)
NOVA GROUP, INC. )
)
    Defendant. )

### WRIT OF GENERAL EXECUTION

The United States District Court for the Western District of Oklahoma, To the United States Marshal for the Western District of Oklahoma, Greetings:

WHEREAS, the 12th day of August, 2014, Universitas Education, LLC. ("Universitas"), obtained a judgment against Daniel E. Carpenter, in the amount of $30,600,000.00; against Grist Mill Capital, LLC in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00, with liability under the judgment being joint and several. (Collectively, the aforementioned parties against which judgment was obtained are hereinafter referred to as the "Judgment Debtors"), in Civil Action Nos. 11 Civ. 1590 and 11 Civ. 8726 in the

1

Case 5:14-fj-00005-HE   Document 10   Filed 12/03/15   Page 2 of 4

United States District Court of for the Southern District of New York, styled *Universitas Education, LLC v. Nova Group, Inc. at al.* with the total amount of the judgment being $110,737,073.73 plus post-judgment interest accruing from and after August 12, 2014. The judgment was thereafter registered and filed with United States District Court for the Western District of Oklahoma, on November 7, 2014, in case 14-FJ-5-HE styled *Universitas Education, LLC v. Nova Group, Inc.*

WHEREAS, there has been no money paid to Universitas and the total amount of the judgment owed jointly and severally by Judgment Debtors is $110,737,073.73, plus post-judgment interest accruing from and after August 12, 2014, until paid.

NOW, THEREFORE, YOU ARE HEREBY COMMANDED that of the goods and chattels of the said Judgment Debtors, including but not limited to the goods and/or chattels hereinafter described on Exhibit "A" hereto, you cause to be made the money above-specified and any costs of execution incurred or which will be incurred; and for want of goods and chattels you cause to be made on the lands and tenements of said Judgment Debtors said sum of money; and make return of this execution, showing how you executed the same, within sixty (60) days from the date hereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the official

seal of the said court, at my office in the Western District of Oklahoma, Oklahoma

County, Oklahoma, this 3rd day of December, 2015.

**Certified Copy**
**FJ-14-05-HE;  Doc #10**

9:33 am, Dec 03, 2015
**Carmelita Reeder Shinn, Clerk**

CARMELITA REEDER SHINN
Clerk of the United States District Court
for the Western District of Oklahoma


By:___/s/ Susan McKey_____
                    DEPUTY


Received at ____:____ __. M. this ____ day of _____, 2015.


_____
United Stated Marshal for the
Western District of Oklahoma

3

## EXHIBIT "A"

All right, title, or interest in any and all assets of any kind whatsoever of: (a) Avon Capital, LLC, or any of its parents, subsidiaries and/or affiliates, whether direct or indirect, or any of Avon Capital, LLC's former, present and future officers, directors, employees, insurers, reinsurers, agents, assigns, representatives, predecessors, successors, legal representatives, or any other persons acting for or on behalf of Avon Capital, LLC, either directly or indirectly, either in whole or in part; or (b) any of the named Judgment Debtors, including any of the Judgment Debtors' parents, subsidiaries and/or affiliates, whether direct or indirect, or any of the Judgment Debtors' former, present and future officers, directors, employees, insurers, reinsurers, agents, assigns, representatives, predecessors, successors, legal representatives, or any other persons acting for or on behalf of the Judgment Debtors, either directly or indirectly, either in whole or in part, in your possession and/or control, including, without limitation:

A) All ownership interest of Avon Capital, LLC or any of the named Judgment Debtors in SDM Holdings and/or Asset Servicing Group, LLC;

and

B) All right, title, interest of Avon Capital, LLC, or any of the named Judgment Debtors, as shareholder, owner, member, manager, or otherwise of SDM Holdings, LLC in connection with certain insurance policies, which may be administered, managed, controlled, or serviced by Asset Servicing Group, LLC.

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-FJ-00005-HE |
| | ) | |
| (1) NOVA GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF MAILING

The undersigned hereby confirms that on the 15th day of December, 2015, true and correct copies of the documents listed below were mailed by Federal Express overnight delivery to (i) Avon Capital, LLC, c/o CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89119, and to (ii) Alan L. Rupe, Kutak Rock LLP, 1605 N. Waterfront Parkway, Suite 150, Wichita, Kansas 67206-6634:

(1) Clerk's Certification of a Judgment to be Registered in Another District, with attached Judgment from the U.S. District Court for the Southern District of New York;

(2) Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property;

(3) Order for Avon Capital, LLC to Appear and Answer as to Assets and Injunction Forbidding Transfer or Other Disposition of Property;

(4) Amended Order resetting Hearing on Assets for January 27, 2016

(5) Subpoena to Asset Servicing Group, LLC to Appear at Hearing on Assets;

(6) Writ of General Execution relating to Asset Servicing Group, LLC;

(7) Subpoena to SDM Holdings, LLC to Appear at Hearing on Assets; and

(8) Writ of General Execution relating to SDM Holdings, LLC.

Respectfully submitted,

s/Lysbeth George
LYSBETH GEORGE, OBA #30562
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 272-5203 (Facsimile)
lysbeth.george@crowedunlevy.com

**COUNSEL FOR PLAINTIFF,
UNIVERSITAS EDUCATION, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2015, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants.

s/ Lysbeth George
Lysbeth George



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
---------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

        Plaintiff,

     -against-

NOVA GROUP, INC.,

        Defendant.
---------------------------------------------------------X
STATE OF WYOMING        )
        S.S.:
COUNTY OF   ALBANY     )

Case No. 14-FJ-5-HE

AFFIDAVIT OF SERVICE

     DANIELLE BRODERICK, being duly sworn, deposes and says that she is over the age of eighteen years, is an agent of the attorney service, D.L.S., INC., and is not a party to this action.

     That on the 8th day of December, 2015, at approximately 10:38 am, deponent served a true copy of the WRIT AND GARNISHMENT DOCUMENTS DIRECTED TO ASSET SERVICING GROUP, LLC (including Writ of General Execution, Post-Judgment General Garnishment Summons, Garnishment Affidavit, Non-Continuing and General Garnishee's Answer/Affidavit, and Claim for Exemption and Request for Hearing); WRIT AND GARNISHMENT DOCUMENTS DIRECTED TO SDM HOLDINGS, LLC (including Writ of General Execution, Post-Judgment General Garnishment Summons, Garnishment Affidavit, Claim for Exemption and Request for Hearing, and Notice of Garnishment and Exemptions); AMENDED ORDER RESETTING HOA FOR JANUARY 27, 2016; ORDER FOR AVON CAPITAL, LLC TO APPEAR AND ANSWER AS TO ASSETS AND INJUNCTION FORBIDDING TRANSFER OR OTHER DISPOSITION OF PROPERTY; SUBPOENA TO APPEAR AT HEARING ON ASSETS AND TO PRODUCE AND PERMIT INSPECTION AND COPYING OF DOCUMENTS DIRECTED TO ASSET SERVICING GROUP, LLC; and SUBPOENA TO APPEAR AT HEARING ON ASSETS AND TO PRODUCE AND PERMIT INSPECTION AND COPYING OF DOCUMENTS DIRECTED TO SDM HOLDINGS, LLC upon AVON CAPITAL, LLC c/o Incorp Services, Inc. at 1621 Central Avenue, Cheyenne, WY 82001, by personally delivering and leaving the same with ROSE GARCIA, who informed deponent

D.L.S., Inc.
01 Broadway
e. 510
ew York, NY 10013
12-925-1220
www.dlsnational.com

Appellate Case: ... Document: ... Date Filed: ... Page: 81



that she is an Agent for Service at Incorp Services, Inc. and is authorized by appointment to receive service at that address.

      ROSE GARCIA is a tan (Hispanic) female, approximately in her 40's, stands approximately 5 feet 1 inch tall, and weighs approximately 160 pounds with black hair.


**DANIELLE BRODERICK**

Sworn to before me this 9th
    day of December, 2015.

KAYLA MARROQUIN - NOTARY PUBLIC
County of Albany
State of Wyoming
My Commission Expires February 5, 2018

NOTARY PUBLIC

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) UNIVERSITAS EDUCATION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-FJ-00005-HE |
| ) | |
| (1) NOVA GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF RETURN OF SERVICE

As set forth on the Return of Service attached hereto as Exhibit A, true and correct copies of the documents listed below were served by a licensed process server SDM Holdings, LLC, 105 N. Hudson, Ste. 500, Oklahoma City, OK 73102 on the 9th day of December, 2015:

(1)   Order for Avon Capital, LLC to Appear and Answer as to Assets and Injunction Forbidding Transfer or Other Disposition of Property (Dkt. #14);

(2)   Amended Order resetting Hearing on Assets for January 27, 2016 (Dkt. #15);

(3)   Subpoena to SDM Holdings, LLC to Appear at Hearing on Assets;

(4)   Post-Judgment General Garnishment Summons to SDM Holdings, LLC (Dkt. #13); and

(5)   Writ of General Execution relating to SDM Holdings, LLC (Dkt. #10).


Respectfully submitted,

s/Lysbeth George
LYSBETH GEORGE, OBA #30562
CROWE & DUNLEVY
A Professional Corporation
Braniff Building

324 N. Robinson, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 272-5203 (Facsimile)
lysbeth.george@crowedunlevy.com

**COUNSEL FOR PLAINTIFF,
UNIVERSITAS EDUCATION, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2015, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants.

s/ Lysbeth George
Lysbeth George

Daniel R. Dick

Private Investigator-Process Server

4817 Newport Drive

Del City, OK  73115

405-833-1233

Case # FJ-14-05-HE

## **Return of Service**

Daniel R. Dick, of lawful age, being first deposes and states:  That I am a Private Process Server, pursuant to 12 O.S., Section 158.1; that I received the following process for service, to wit:

1) Order for Avon Capital, LLC to Appear and Answer as to Assets;
2) Amended Order resetting Hearing on Assets for Avon Capital, LLC;
3) Subpoena to SDM Holding, LLC to Appear at Hearing on Assets and to Produce Documents;
4) Writ of General Execution to SDM Holdings, LLC;
5) Garnishment Summons to SDM Holdings, LLC and related garnishment documents.

That said process was served as follows:

By delivering a true and correct copy of said process to SDM Holdings, LLC at 105 N. Hudson, Suite 500, Oklahoma City, OK  73102 by serving Benham D. Kirk, Jr. he/she being the Service Agent, Officer of Corporation , a General Agent in Charge, or to any other agent authorized by appointment or by law to receive service of process.  Date of service was December 9th, 2015 at 11:00 A.M.

Lic #PPS-1271

Daniel R. Dick, Oklahoma State wide

Subscribed and sworn to before me this ___ day of ___, 2015.

**EXHIBIT A**

*Cathy Wilson*

**Notary**

Appellate Case: 16-6078   Document: 01019823837   Date Filed: 02/26/2025   Page: 86

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 14-FJ-00005-HE |
| | ) | |
| (1) NOVA GROUP, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for Plaintiff, Universitas Education, LLC.

Respectfully submitted,

s/*Paula Colbath*

Paula Colbath, New York Bar #2461481
Admitted *Pro Hac Vice*
LOEB & LOEB, LLP
345 Park Avenue
New York, NY  10154
(212) 407-4124
(212) 253-4057  (Facsimile)
pcolbath@loeb.com

ATTORNEY FOR PLAINTIFF, UNIVERSITAS
EDUCATION, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2016, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants.

s/ Paula Colbath
Paula Colbath

2

# Daniel R. Dick

## Private Investigator-Process Server

## 4817 Newport Drive

## Del City, OK  73115

## 405-833-1233

Case # FJ-14-05-HE

## **Return of Service**

Daniel R. Dick, of lawful age, being first deposes and states:  That I am a Private Process Server, pursuant to 12 O.S., Section 158.1; that I received the following process for service, to wit:

1) Amended Subpoena to Appear at Hearing on Assets and to Produce and Permit Inspection and copying of documents;
2) Order;
3) Unopposed Motion to Continue Judgment Debtor Examination.

That said process was served as follows:

By delivering a true and correct copy of said process to Asset Servicing Group at 501 W. Wilshire, Oklahoma City, OK by serving Michelle Nashert,  he/she being the Service Agent, Officer of Corporation , a General Agent in Charge, or to any other agent authorized by appointment or by law to receive service of process.  Date of service was January 27th, 2016

_____ Lic #PPS-15-26

Daniel R. Dick, Oklahoma State wide

Subscribed and sworn to before me this _30th_ day of _Jan._ 2016.



*Cathy Wilson*

Appendix Page 97

Appellate Case: 16-6067   Document: 01019823387   Date Filed: 02/24/2017   Page: 89

# Daniel R. Dick

## Private Investigator-Process Server

### 4817 Newport Drive

### Del City, OK  73115

### 405-833-1233

Case # FJ-14-05-HE

## **Return of Service**

Daniel R. Dick, of lawful age, being first deposes and states:  That I am a Private Process Server, pursuant to 12 O.S., Section 158.1; that I received the following process for service, to wit:

1) Amended Subpoena to Appear at Hearing on Assets and to Produce and Permit Inspection and copying of documents;
2) Order;
3) Unopposed Motion to Continue Judgment Debtor Examination.

That said process was served as follows:

By delivering a true and correct copy of said process to SDM Holdings, LLC by serving Benham D. Kirk, Jr. at 105 N. Hudson, Suite 500, Oklahoma City, OK  73102  he/she being the Service Agent, Officer of Corporation , a General Agent in Charge, or to any other agent authorized by appointment or by law to receive service of process.  Date of service: January 27th, 2016.

_____ Lic #PPS-15-26

Daniel R. Dick, Oklahoma State wide

Subscribed and sworn to before me this ___30rn___ day of ___Jan.___ 2016.



_Cathy Wilson_

Appendix Page 98



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
-------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

        Plaintiff,                          Case No. FJ-14-05-HE

    -against-                            AFFIDAVIT OF SERVICE

NOVA GROUP, INC.,

        Defendant.
-------------------------------------------------------X
STATE OF WYOMING    )
                     S.S.:
COUNTY OF ALBANY    )

        **DANIELLE BRODERICK,** being duly sworn, deposes and says that she is over the age of

eighteen years, is an agent of the attorney service, D.L.S., INC., and is not a party to this action.

        That on the 27th day of January, 2016, at approximately 3:06 pm, deponent served a true copy

of the **ORDER, UNOPPOSED MOTION TO CONTINUE JUDGMENT DEBTOR EXAMINATION,**

**AMENDED SUBPOENA TO APPEAR AT HEARING ON ASSETS AND TO PRODUCE AND**

**PERMIT INSPECTION AND COPYING OF DOCUMENTS DIRECTED TO ASSET SERVICING**

**GROUP, LLC, and AMENDED SUBPOENA TO APPEAR AT HEARING ON ASSETS AND TO**

**PRODUCE AND PERMIT INSPECTION AND COPYING OF DOCUMENTS DIRECTED TO**

**SDM HOLDINGS, LLC** upon **AVON CAPITAL, LLC** c/o Incorp Services, Inc. at 1621 Central Avenue,

Cheyenne, WY 82001, by personally delivering and leaving the same with **LIZ GARCIA,** who informed

deponent that she is an Agent for Service and is authorized by appointment to receive service at that address.

        **LIZ GARCIA** is a tan (Hispanic) female, approximately in her 30's, stands approximately 5

feet 4 inches tall, and weighs approximately 140 pounds with black hair.

**DANIELLE BRODERICK**

Sworn to before me this
9 day of February, 2016

NOTARY PUBLIC

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

Appellate Case: 16-6073   Document: 01019613823   Date Filed: 04/26/2016   Page: 91

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 14-FJ-05-HE |
| | ) | |
| NOVA GROUP, INC., | ) | |
| | ) | |
| Respondent. | ) | |

## AMENDED ORDER FOR AVON CAPTIAL, LLC
## AND SDM HOLDINGS, LLC TO APPEAR AND TO SHOW CAUSE

Pending before the court is Petitioner Universitas Education LLC's (Petitioner) Motion for Contempt and to Compel Judgement Debtor, Avon Capital, LLC and SDM Holdings, LLC to Comply with the Court's Order and Related Amended Subpoena.  Doc. 40 (Motion for Contempt).  On November 12, 2015, Petitioner filed a Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property.  Doc. 6.  Chief District Court Judge Joe Heaton referred all post-judgment collection matters to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(3).  Doc. 8.  On December 3, 2015, the undersigned granted Petitioner's motion.  Doc. 14.  That hearing was rescheduled for March 24, 2016.

Avon Capital, LLC did not appear at the March 24, 2016 Judgment Debtor Examination.  At the hearing, counsel for Petitioner advised that the record contained affidavits of service giving notice of the hearing and its revised date as to Avon Capital, LLC.

The undersigned orders Judgment Debtor Avon Capital, LLC to appear before United Magistrate Suzanne Mitchell, at the William J. Holloway, Jr. United States Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma, Courtroom #102 at 10 a.m. on the 18th day of April, 2016, to show cause why it failed to comply with the Court's order in this matter.  *See* Doc. 14.

The undersigned also orders SDM Holdings, LLC to appear at the same hearing to show cause as to why it failed to comply with the amended subpoena in this matter.  *See* Doc. 40, Ex. 1.

At this hearing, the undersigned will give Judgment Debtor and SDM Holdings, LLC each an opportunity to explain each's conduct prior to the matter being certified to the district court.  If those explanations are satisfactory, the undersigned may choose not to certify the matter[s] for further proceedings.  Should the undersigned not be satisfied with Judgment Debtor's and SDM Holdings, LLC's explanations, the undersigned may adjudicate the matter[s] via § 636(e)'s certification process.  *Bowens v. Atl. Maintenance Corp.,* 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (In connection with certifying the facts to the district judge, "the magistrate judge may

2

conduct a hearing, but the magistrate judge functions only to certify the facts and not to issue any order of contempt." (internal quotation and citations omitted)).

IT IS SO ORDERED this 7th day of April, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

Appellate Case: 26-6607 Document: 01019682833 Date Filed: 01/26/2024 Page: 94

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

      Petitioner/Judgment Creditor,

v.

NOVA GROUP, INC.,

and

AVON CAPITAL, LLC, a Connecticut
limited liability company,

      Respondents/Judgment Debtors.

Case No. 14-FJ-5-HE

**AVON CAPITAL, LLC A WYOMING LIMITED LIABILITY COMPANY'S
MOTION TO INTERVENE AND BRIEF IN SUPPORT**

Avon Capital, LLC, a Wyoming limited liability company ("Avon Capital-WY"),

pursuant to Federal Rule of Civil Procedure 24 and LCvR7.1, hereby moves the Court for an

order granting Avon Capital-WY leave to intervene in the above-captioned ancillary

proceeding.  In support of this motion, Avon Capital-WY relies on the following opening

brief, exhibits filed contemporaneously herewith, and all motions and papers on file with this

Court.

**OPENING BRIEF**

## I.    INTRODUCTION

In this ancillary proceeding, Petitioner/Judgment Creditor Universitas Education, LLC

("Universitas Education") seeks to enforce and execute a judgment entered in its favor by the

United States District Court for the Southern District of New York against several parties,

4850-4789-8671

including Respondent/Judgment Debtor Avon Capital, LLC, a Connecticut limited liability company ("Avon Capital-CT"). The assets Universitas Education is pursuing in this ancillary proceeding, however, do not belong to Avon Capital-CT, but rather to the completely separate and distinct business entity Avon Capital-WY. Accordingly, Avon Capital-WY requests leave to intervene as a matter of right pursuant to Rule 24(a)(2) and file a proposed motion for injunctive relief in substantially the same form as the attached Exhibit A because Avon Capital-WY has an interest in property that is the subject of this proceeding, disposition of this proceeding will impair or impede Avon Capital-WY's ability to protect its interest, and the existing parties do not adequately represent Avon Capital-WY's interests. Avon Capital-WY moves in the alternative for leave to intervene pursuant to Rule 24(b)(1)(B) because Avon Capital-WY's proposed motion for injunctive relief shares common questions of law and fact with this ancillary proceeding.

## II.      BACKGROUND

### A.      The Three Distinct Avon Capital, LLCs

On June 6, 2006, Avon Capital, a Nevada limited liability ("Avon Capital-NV") filed articles of organization with the Nevada Secretary of State. (S.D.N.Y. Case No. 11 Civ. 1590, Doc. 310-4, pages 25-26[1]) Avon Capital-NV's managing member was Grist Mill

---

[1]Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of documents filed in other actions. *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009). The Court may also take judicial notice of facts that are a matter of public record. *Van Woudenberg v. Gibson*, 211 F.3d 560 (10th Cir. 2000). Courts routinely take judicial notice of public documents filed with a secretary of state's office. *JP Morgan Trust Co., Nat'l Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp.2d 1244, 1258 (D. Kan. 2006). For the Court's (footnote continued)

Capital LLC.  (*Id.*)  On November 21, 2006, Avon Capital-CT filed articles of organization with the Connecticut Secretary of State.  (Exhibit 2)  Avon Capital-CT's Tax Identification Number ends in 6827.  (Exhibit 3-2)

On May 18, 2007, Avon Capital-WY filed articles of organization with the Wyoming Secretary of State.  (Exhibit 4)  Avon Capital-WY's Tax Identification Number end with 1285.  (Exhibit 3)  On December 30, 2009, Avon Capital-WY was assigned 100% of the membership interests in Garnishee SDM Holdings, LLC ("SDM"), an Oklahoma limited liability company.  (Exhibit 3-1)

### B.    Universitas Education's Judgment Against Nova and Avon Capital-CT

On May 15, 2009, the Lincoln National Life Insurance Company paid the Charter Oak Trust $30 million in life insurance proceeds, plus interest, under two policies issued to Sash Spencer, who passed away in June 2008.  *Universitas Educ., LLC v. T.D. Bank, N.A.*, No. 15-cv-5643, 2015 U.S. Dist. LEXIS 170264, *1 (S.D.N.Y. Dec. 21, 2015);  *Universitas Educ., LLC v. Nova Grp., Inc.*, Nos. 11Civ. 1590 and 11 Civ. 8726,[2] 2013 U.S. Dist. LEXIS 165803, *4-5 (S.D.N.Y. Nov. 20, 2013).  Shortly thereafter, Respondent/Judgment Debtor Nova Group, Inc. ("Nova"), as the corporate trustee of the Charter Oak Trust, denied Universitas Education's claim as the sole, irrevocable beneficiary of the Charter Oak Trust to the life insurance proceeds.  *Universitas Educ.*, 2013 U.S. Dist. LEXIS 165803 at *5-6.

---

convenience, a true and correct copy of this document is included as Exhibit 1 in the appendix of exhibits filed contemporaneously with this motion.

[2]S.D.N.Y. case numbers 11 Civ. 1590 and 11 Civ. 8726 were consolidated on November 16, 2011.  *Universitas Educ., LLC. V. Nova Group, Inc.*, 2012  U.S. Dist. LEXIS 79295, at *3 (S.D.N.Y. 2012 June 5, 2012).

On May 18, 2009, the Charter Oak Trust deposited $30,677,276.85 into an account

ending in 4548 at TD Banknorth.  (S.D.N.Y. Case No. 1:11-cv-1590, Doc. 310-4, page 4[3])

On May 20, 2009, Avon Capital-NV opened an account ending in 4689 at  TD Bank, N.A.

("TD Bank").  (*Id.* at pages 23-27)  On October 27, 2009, the Charter Oak Trust withdrew

$19,800,000.00  from the account ending in 4548 and transferred the funds to Grist Mill

Capital's account ending in 4712.  (*Id.* at page 2[4])  On November 11, 2009, Grist Mill

Capital withdrew $6,710,065.92 from its account and deposited the entire amount into Avon

Capital-NV's TD Bank account ending in 4689.  (*Id.* at page 21[5])

On June 17, 2010, Universitas Education commenced an arbitration against Nova,

seeking to recover the life insurance proceeds paid by the Lincoln National Life Insurance

Company to the Charter Oak Trust.  *Universitas Educ.*, 2013 U.S. Dist. LEXIS 165803 at *6.

On January 24, 2011, Universitas Education recovered an arbitration award in the amount of

$26,525,535.98 against Nova.  *Id.*  On June 5, 2012, the United States District Court for the

Southern District of New York confirmed the arbitration award and on June 7, 2012, entered

judgment in favor of Universitas Education in the total amount of $30,181,880.30 against

Nova.  *Id.* at *7.  On July 30, 2012, in aid of execution of the June 7, 2012 judgment,

Universitas Education issued a subpoena directed to Avon Capital-CT (S.D.N.Y. No. 1:11-

cv-1590, Doc. 118-1, pages 6 and 9[6]) for the production of certain business records based on

---

[3]Exhibit 5.

[4]Exhibit 6.

[5]Exhibit 7.

[6]Exhibit 8.

Universitas Education's belief Avon Capital-CT "owe[d] a debt to Nova" or had possession of or access to property in which Nova has an interest.  (*Id.* at page 2[7])

On October 21, 2013, Universitas Education filed a motion for turnover of assets against several respondents, including Avon Capital-CT, pursuant to New York Civil Practice Law and Rules section 5225(b) and Federal Rule of Civil Procedure 69, as part of Universitas Education's continued efforts to execute on the June 7, 2012 judgment. *Universitas Educ., LLC v. Nova Group, Inc.*, Nos. 11-cv-1590 and 11-cv-8726, 2014 U.S. Dist. LEXIS 109077, *3-4 (S.D.N.Y. Aug. 7, 2014).  On August 7, 2014, the court entered an order finding the November 11, 2009 transfer from Grist Mill Capital to Avon Capital-NV's TD Bank account to be a fraudulent conveyance of life insurance proceeds originally paid to the Charter Oak Trust. *Id.* at *32.  In the same August 7, 2014 order, the court denied Avon Capital-CT's and the other respondents' motion to dismiss based on lack of personal jurisdiction, specifically noting the "Turnover Respondents" were all "entities formed in Delaware and Connecticut." *Id.* at *22.  On August 15, 2014, the court awarded Universitas Education a money judgment against Avon Capital-CT in the amount of $6,710,065.92 ("New York Judgment"). *Id.* at *33.

### C.    Procedural Background

On November 7, 2014, Universitas Education registered the New York Judgment with this court and commenced the instant ancillary proceeding.  (Doc. 1)  On November 11, 2015, Universitas Education filed a Motion for Order Requiring Judgment Debtor to Appear

and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property.  (Doc. 6)  Universitas Education identified "Avon Capital, LLC" as the judgment debtor.  (*Id.*)  On December 3, 2015, the Court issued an order for the judgment debtor "Avon Capital, LLC" to appear at a debtor's exam on January 7, 2016.  (Doc. 14)

Also on December 3, 2015, the Clerk of the Court issued a post-judgment general garnishment summons that identified SDM as the Garnishee.  (Doc. 13. Page 1)   On December 8, 2015, Universitas Education served on Asset Servicing Group, LLC ("Asset Servicing Group") a subpoena to appear at a hearing on assets and a post-judgment general garnishment summons.  (Doc. 22)  Asset Servicing Group provides administrative services for life insurance policies owned by SDM.  (Doc. 31, page 1)  In Asset Servicing Group's answer filed on December 17, 2015, to the garnishment, it asserted that it did not hold assets owned by the judgment debtor.  (Doc. 24-1, page 1)  It admitted to possessing property owned by SDM, but asserted that it believed SDM was a separate and distinct legal entity from the judgment debtor.  (*Id.*)

On December 15, 2015, Avon Capital-WY's counsel received a letter from Universitas Education's counsel enclosing copies of several documents related to the enforcement of Universitas Education's judgment.  (Exhibit 9-1)  On January 20, 2016, counsel for Avon Capital-WY sent a letter in reply informing Universitas Education that his firm did not represent Avon Capital-CT or Avon Capital-NV.  (*Id.*)  In the letter, Avon Capital-WY objected to any future attempts by Universitas Education to satisfy its judgment against Avon Capital-CT with assets of Avon Capital-WY.  (*Id.*)

On February 8, 2016, Assert Servicing Group filed objections to an amended subpoena to appear at a hearing on assets.  (Doc. 31)  In part, it argued that the subpoena sought disclosure of confidential information and that no protective order had been entered in the case.  (*Id.*, page 3)  On March 17, 2016, Asset Servicing Group filed a motion for entry of an agreed protective order with Universitas Education's approval governing the production of confidential or proprietary information.  (Doc. 36.)  The Court entered the protective order on March 18, 2016.  (Doc. 38)

In another letter dated March 23, 2016, Avon Capital-WY's counsel advised counsel for Universitas Education and Asset Servicing Group that on March 17, 2016, Avon Capital-WY learned for the first time that Asset Servicing Group may intend to produce documents to Universitas Education regarding SDM.  (Exhibit 9-2)  Avon Capital-WY's counsel reiterated in the letter that Avon Capital-WY is not the same entity as Avon Capital-CT or Avon Capital-NV.  (*Id.*)

On March 31, 2016, Universitas Education filed a motion for contempt and to compel the judgment debtor "Avon Capital, LLC" and SDM to comply with the Court's order to appear, asserting that the "Judgment Debtor" failed to appear or produce the requested documents.  (Doc. 40, pages 1 and 3)  The Court later ordered "Judgment Debtor Avon Capital, LLC" to appear on April 18, 2016 and show cause why it did not comply with the Court's order. (Doc. 42, page 2)  It also ordered SDM to appear at the same hearing and show cause why it did not comply with the subpoena directed at it.  (*Id.*)

## III.   LEGAL STANDARD FOR INTERVENTION

Pursuant to Rule 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Pursuant to Rule 24(b)(1) "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

## IV.   ARGUMENT

### A.   Avon Capital-WY Has Standing to Intervene.

"Any party invoking the power of the federal courts must demonstrate standing to do so." *Greenbaum v. Bailey*, 781 F.3d 1240, 1242 (10th Cir. 2015).  Standing requires: (1) "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized" and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted).

Here, Universitas Education has targeted SDM, an asset of Avon Capital-WY, in the course of its attempt to satisfy its judgment against Avon Capital-CT.  (Doc. 13)  This represents an actual or imminent invasion of Avon Capital-WY's legally protected interests. *See Wagstaff v. United States*, 111 Fed. Cl. 754, 762 (2013) (holding that an alleged illegal

wage garnishment constituted an injury in fact for purposes of standing).  Given that Universitas Education is the party pursing SDM in this ancillary proceeding, there is a direct link between Universitas Education's actions and the invasion of Avon Capital-WY's interests.  (Doc. 13)

Moreover, a favorable decision by this Court would redress the injury to Avon Capital-WY because Avon Capital-WY seeks to intervene for the purpose of filing a motion for injunctive relief prohibiting Universitas Education from satisfying the New York Judgment with any assets of Avon Capital-WY, including assets held by SDM.  For these reasons, Avon Capital-WY satisfies the requirements of standing.

### B.    Avon Capital-WY's Motion to Intervene Is Timely.

"The timeliness of a motion to intervene is determined in light of all of the circumstances." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010) (internal quotations omitted).  The Tenth Circuit has identified a nonexclusive list of four factors that should be considered: (1) how long the movant has known of its interests in the case, (2) prejudice to existing parties, (3) prejudice to the movant, and (4) any unusual circumstances.  *Id.* at 1232.

As to the first factor, Avon Capital-WY was not a party to the New York litigation between Universitas Education and Avon Capital-CT.  (Exhibit 3)  Nor did Universitas Education name Avon Capital-WY as a respondent or garnishee in this ancillary proceeding.  *See* docket.  Universitas Education did, however, serve copies of documents filed in this proceeding on Avon Capital-WY's registered  agent.  (Doc. 33)  Avon Capital-WY sent Universitas Education and ASG two letters advising them that Avon Capital-WY is a

separate and distinct business entity from the judgment debtor, Avon Capital-CT, and from

the holder of the account into which the fraudulently transferred funds were deposited, Avon

Capital-NV.  (Exhibits 9-1 and 9-2)  Intervention only became necessary after the letters, one

of which was mailed on March 23, 2016, did not dissuade Universitas Education from

continuing its improper pursuit of Avon Capital-WY's assets. (Exhibit 9-2)

Next, intervention would not prejudice the existing parties.  Universitas Education has

already obtained a money judgment against its chosen defendants and obtained a turnover

order against Avon Capital-CT.  *Universitas Educ.,* 2014 U.S. Dist. LEXIS 109077 at *33.

But Universitas Education did not assert any claims against Avon Capital-WY nor did it

make Avon Capital-WY a defendant in the New York litigation.  (Exhibit 3)  As a result,

Avon Capital-WY's intervention to protect assets owned by it alone should not be found to

be prejudicial to Universitas Education.   Denial of Avon Capital-WY's motion to intervene

would, however, prejudice Avon Capital-WY because enforcement efforts could potentially

continue against SDM.  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 7 (1979) ("It is

a violation of due process for a judgment to be binding on a litigant who was not a party or a

privy and therefore has never had an opportunity to be heard.").

Finally, intervention in post-judgment ancillary proceedings is entirely appropriate.

*Tweedle v. State Farm Fire Cas. Co.*, Case No. 2007 U.S. Dist. LEXIS 11380, at *3-*4.

(E.D. Ark. 2007).  Avon Capital-WY seeks to intervene now because its assets were not a

subject of this litigation until Universitas Education began enforcement efforts against SDM.

Under these circumstances, intervention is proper so that Avon Capital-WY may file a

motion for injunctive relief  that would prevent Universitas Education from satisfying the

New York Judgment with assets of Avon Capital-WY.  *Seegmiller v. Accredited Home Lenders*, 2011 U.S. Dist. LEXIS 120931, at *7-*8 (D. Utah 2011) (finding that injunctive relief is appropriate to prevent a due process violation from taking effect).

### C.    Avon Capital-WY Has a Right to Intervene under Rule 24(a)(2).

The assets of Avon Capital-WY have become a subject of this action because of Universitas Education's efforts to execute the New York Judgment on  assets owned by SDM.  (Doc. 13)  If these efforts continue, Avon Capital-WY's ability to protect those assets will be impeded.

Furthermore, no existing parties adequately represent Avon Capital-WY's interests in this case.  The burden is on the intervenor to establish that representation by the existing parties is inadequate, but this burden is minimal.  *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. DOI*, 100 F.3d 837, 844 (10th Cir. 1996).  The party seeking intervention may show inadequacy of representation by establishing that the representative has an interest adverse to the intervenor.  *Id.* at 844-45.  In this case, there are no existing parties representing the interests of Avon Capital-WY as they relate to SDM.  Since none of the judgment debtors have an ownership interest in SDM, their interests are, in fact, adverse to those of Avon Capital-WY.  (Exhibit 3-1).  The judgment debtors have little or no incentive to protect assets of a company that they do not own because if Universitas Education were able to reach assets of SDM, whatever money it collected would reduce the debt owed by the actual judgment debtors.  Under these circumstances, Avon Capital-WY has a right to intervene.

### D.   Alternatively, Avon Capital-WY Should Be Permitted to Intervene Under Rule 24(b)(1)(B).

Pursuant to Rule 24(b)(1), the court may allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Under Rule 24(b)(3), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, Avon Capital-WY has a claim or defense that shares common questions of law or fact because it argues that it is not liable for the New York Judgment. *See Tierce v. US Baird Corp.*, Case No. 15-CV-0358, 2015 U.S. Dist. LEXIS 87737, at \*4-5 (N.D. Okla. July 7, 2015) (noting that an equitable subrogation claim shares common questions of law and fact with underlying liability of defendant).

Further, allowing intervention would not unduly delay or prejudice the original parties. Universitas Education remains free to pursue its money judgment against the judgment debtors in this case. Fed. R. Civ. P. 69. Avon Capital-WY simply asserts that it is not a judgment debtor.

### E.   Avon Capital-WY's Motion for Injunctive Relief Satisfies the Purpose of Rule 24(c).

Pursuant to Rule 24(c), a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." In turn, Rule 7(a) limits the definition of a pleading to a complaint, an answer to a complaint, and answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer. Admittedly, the motion for injunctive relief, attached as Exhibit A to this motion, does not fit that definition of a pleading.

But the Tenth Circuit has long held that the purpose of the rule requiring a pleading to accompany a motion to intervene is "to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted." *Miami Cnty. Nat. Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941). Courts within the Tenth Circuit have therefore granted motions to intervene despite technical noncompliance with Rule 24(c). *E.g.*, *Alattar v. Bell*, No. 13-cv-2990, 2014 U.S. Dist. LEXIS 73872, at *6 (D. Colo. May 30, 2014); (granting motion to intervene when party attached a state court pleading); *United States v. Wagner*, No. 07-cv-00978, 2011 U.S. Dist. LEXIS 63598, at *23 (D. Colo. June 16, 2011) (granting motion with no attached pleading).

The Motion for Permanent Injunction attached as Exhibit A fulfills the purpose of Rule 24(c).  As argued above, Avon Capital-WY is an interested party entitled to intervene in this case.  But given this case has already resulted in a judgment for Universitas Education, it would be both unnecessary and futile for Avon Capital-WY to file a pleading in this case as defined by Rule 7(a).  *Jarita Mesa Livestock Grazing Ass'n v. United States Forest Serv.*, Case No. CIV 12-0069 , 2015 U.S. Dist. LEXIS 116782, at *23-32 n.3 (D.N.M. Aug. 26, 2015) (describing a final judgment as a jurisdictional bookend to a case).  The attached motion, however, adequately informs the court and the parties of the purpose behind this motion to intervene.  Following the Tenth Circuit's "somewhat liberal line in allowing intervention," this motion to intervene should be granted.  *WildEarth Guardians v. U.S. Forest Service*, 573 F.3d 992, 995 (10th Cir. 2009) (internal quotations and citations omitted).

## V.    CONCLUSION

For the reasons discussed above, the Court should grant Avon Capital-WY permission to intervene because Avon Capital-WY has an interest in the subject of this action that could be impaired by the disposal of this action and the existing parties do not adequately represent Avon-Capital-WY.

Dated this 15th day of April, 2016.

By:  **/s/ Alan L. Rupe**
Alan L. Rupe, OBA No. 20440
LEWIS BRISBOIS BISGAARD &
SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316-609-7900
Facsimile: 316-462-5746
alan.rupe@lewisbrisbois.com

*Attorney for Avon Capital, LLC,*
*a Wyoming limited liability company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2016, I electronically transmitted attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Judy H. Morse
Lysbeth L. George
CROWE & DUNLEVY
Braniff Building
324 N. Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 272-5242

judy.morse@crowedunlevy.com
lysbeth.george@crowedunlevy.com

and

Paula K. Colbath
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Facsimile: (212) 407-4990
pcolbath@loeb.com
*Attorneys for Universitas Education, LLC*

Clayton D. Ketter
Melvin R. McVay, Jr.
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrmcvay@phillipsmurrah.com
cdketter@phillpsmurrah.com
*Attorneys for Garnishee Asset Servicing Group, LLC*

**/s/ Alan L. Rupe**
Alan L. Rupe, 20440

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

     Petitioner/Judgment Creditor,

v.                               Case No. 14-FJ-5-HE

NOVA GROUP, INC.,

and

AVON CAPITAL, LLC, a Connecticut
limited liability company,

     Respondents/Judgment Debtors.

## AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY'S MOTION FOR PERMANENT INJUNCTION AND BRIEF IN SUPPORT

     Avon Capital, LLC, a Wyoming limited liability company ("Avon Capital-WY"), pursuant to Federal Rule of Civil Procedure 65 and LCvR7.1, hereby moves the Court for an order enjoining Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas Education") from satisfying its money judgment awarded in United States District Court for the Southern District of New York case number 1:11-cv-1590 (New York Judgment) against Respondent/Judgment Debtor Avon Capital, LLC, a Connecticut limited liability company ("Avon Capital-CT") with assets belonging to the completely separate business entity Avon Capital-WY.  In support of this motion, Avon Capital-WY relies on the following opening brief and all pleadings and papers on file with this Court.



## OPENING BRIEF

### I.   INTRODUCTION

Avon Capital-WY respectfully requests the Court to enter an order enjoining Universitas Education from satisfying its New York Judgment with assets owned by Avon Capital-WY because Avon Capital-WY is not the judgment debtor and Universitas Education cannot execute its New York Judgment on assets of Avon Capital-WY in this ancillary proceeding.

### II.   FACTUAL BACKGROUND

Avon Capital-WY restates and incorporates herein Section II of its motion to intervene and brief in support.  (Doc. __, pages ___)

### III.   LEGAL STANDARD FOR A PERMANENT INJUNCTION

"In order to obtain a permanent injunction, a party must prove: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Wyoming v. USDA*, 661 F.3d 1209, 1272 (10th Cir. 2011).

### IV.   ARGUMENT

#### A.   Avon Capital-WY Is Not Bound by the New York Judgment.

"It is a fundamental rule of civil procedure that one who was not a party to an action is not bound by the judgment." *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008).  Avon Capital-WY was not a party to the New York litigation that resulted in the New York Judgment.  (Doc. __)  Furthermore, the postjudgment turnover order issued by the District

4821-2696-8879

2

Court for the Southern District of New York referred only to Delaware and Connecticut entities, making it clear that Avon Capital-WY was not a party to that order. *Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *22. Therefore, Avon Capital-WY is not bound by the New York Judgment. Because Avon Capital-WY owns 100% of the membership interests in SDM, any attempt to enforce the New York Judgment against assets owned by SDM is improper. (Doc. __)

### B. Universitas Education Cannot Pursue Assets of Avon Capital-WY With a Rule 69 Motion.

Federal Rule of Civil Procedure 69 "defers to state law to provide methods for collecting judgments." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1235 (10th Cir. 2000) (internal quotations and citations omitted). In Universitas Education's motion for an order requiring Avon Capital-CT to appear, it relied on 12 O.S. § 842. (Doc. 6) That statute allows a judgment creditor to subpoena a judgment debtor to appear an answer concerning the debtor's assets. 12 O.S. § 842(B)(1). It also allows judgment creditors to subpoena any person to answer concerning the judgment debtor's property. 12 O.S. § 842(B)(2).

Significantly, the statute does not authorize a judgment creditor to subpoena a nonparty to answer questions concerning the nonparty's assets. *See* 12 O.S. § 842. This statute stands in stark contrast to New York Civil Practice Law and Rules section 5225(b), which Universitas Education relied on in conjunction with Rule 69 in the District Court for the Southern District of New York to obtain the turnover order against Avon Capital-CT. *Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *3-*4. New York Civil Practice Law

and Rules section 5225(b) allows a judgment creditor to pursue payment from nonparties to an action that are in possession of assets that the judgment debtor is entitled to. The Oklahoma statute relied on by Universitas Education does not have any similar provisions. *See* 12 O.S. § 842.

Given that Universitas Education can only pursue assets of a judgment debtor, it is unclear what theory of liability it is asserting against Avon Capital-WY. To the extent that Universitas Education may be suggesting that Avon Capital-WY is in possession of a judgment debtor's assets or that Avon Capital-WY is the alter ego of Avon Capital-CT, the judgment debtor, Universitas cannot assert such a claim in a Rule 69 motion. In *Gilbert v. DHC Dev., LLC*, Case No. 2:08-CV-258, 2013 U.S. Dist. LEXIS 131321, *32-*33 (D. Utah 2013), the court noted that property in possession of an unnamed party may properly be sought by a judgment creditor only if the unnamed party is an alter ego of the judgment debtor or if there was a fraudulent transfer from the judgment debtor. In that case, however, the court specifically found that Utah law prohibited parties from asserting either theory of liability in the abbreviated post-judgment procedures of Rule 69. *Id.* at *34. It found that a defendant facing claims of alter ego liability or fraudulent transfers must be afforded due process in the form of a trial and the right to appeal. *Id.* at *36. "Absent due process, a court wields no power over an individual because a court only acquires jurisdiction over a party through proper service of process, which provides notice to the defendant that he is being sued and that he must appear and defend himself." *Id.* at *32.

Oklahoma courts have similarly indicated that "'in the absence of a fully developed factual record and adequate findings of fact [a court] cannot determine whether [an]

equitable doctrine [of piercing the corporate veil] should be applied.'" *Sproles v. Gulfcor, Inc.*, 987 P.2d 454, 457 (Okla. Civ. App. 1999) (quoting *Micciche v. Billings*, 727 P.2d 367, 373 (Colo. 1986)).  Oklahoma has also adopted the Uniform Fraudulent Transfer Act, 24 O.S. §§ 112-23.  Its purpose is to give creditors a cause of action that provides an opportunity to invalidate fraudulent transfers by a debtor if the transfers put assets out of reach of creditors.  *Estrada v. Kriz*, 345 P.3d 403, 411 (Okla. Civ. App. 2015).

The authorities cited above show that Universitas Education must first develop a factual record by which it can prove a cause of action showing that Avon Capital-WY is liable for the New York Judgment rendered against Avon Capital-CT before it can attempt to execute it on assets of Avon Capital-WY.  Universitas Education has not even attempted to develop such a record.  Instead, it sought to circumvent Avon Capital-WY's due process rights by filing a motion for an order requiring the judgment debtor to appear without specifying which Avon Capital entity was the alleged judgment debtor.  (Doc. 6)  It then treated Avon Capital-WY as a judgment debtor without any factual basis to do so by serving documents on Avon Capital-WY aimed on enforcing the New York Judgment.  (Doc. 33)  This is impermissible.

But even if it were permissible to attempt to establish liability on the part of Avon Capital-WY in a postjudgment Rule 69 motion, Universitas has not even attempted to do so.  In the New York action, Universitas never asserted any cause of action against Avon Capital-WY.  (Doc._)  Even in these ancillary proceedings, Universitas Education failed to explicitly name Avon Capital-WY as a judgment debtor or transferee of funds from any judgment debtor.  *See* docket.

**C.      Even if Avon Capital-WY Is Not an Alter Ego of Any Judgment Debtor.**

First, it is necessary to determine what substantive law applies to a veil-piercing analysis in this case.  In this context, the laws of Oklahoma, the location of this action, and Wyoming, the place of Avon Capital-WY's incorporation, conflict.  Under Wyoming law, the veil of an LLC may only be pierced if "(1) the limited liability company is not only owned, influenced and governed by its members, but the required separateness has ceased to exist due to misuse of the limited liability company; and (2) the facts are such that an adherence to the fiction of its separate existence would, under the particular circumstances, lead to injustice, fundamental unfairness, or inequity."  *GreenHunter Energy, Inc. v. W. Ecosystems Tech., Inc.*, 337 P.3d 454, 462 (Wyo. 2014).  Oklahoma courts apply a more lenient standard, requiring a party to show either "(1) the separate existence is a design or scheme to perpetrate a fraud, or (2) one corporation is merely an instrumentality or agent of the other."  *Gilbert v. Sec. Fin. Corp. of Okla., Inc.*, 152 P.3d 165, 175 (Okla. 2006).

Wyoming law applies to any veil-piercing analysis of Avon Capital-WY.  Oklahoma courts have followed the Restatement (Second) of Conflicts of Law and concluded that, when analyzing veil-piercing issues, the law of the place of incorporation is applicable. *Clemmer v. Dist. of Columbia Grp.*, No. CIV-13-1335, 2014 U.S. Dist. LEXIS 52557, at *7-*8 (W.D. Okla. Apr. 16, 2014).

The Wyoming Supreme Court recently identified three factors that courts should consider in determining if both prongs of the test for piercing an LLC's veil have been met: (1) whether there has been fraud, (2) whether the LCC has inadequate capitalization, and (3)

the degree to which the business and finances of the LLC and the members are intermingled. *GreenHunter Energy*, 337 P.3d at 463-64.

Given that Avon Capital-WY was never made a party to the lawsuit that led to the New York Judgment, there have been no allegations against it of fraud, inadequate capitalization, or the intermingling of assets or finances. (Doc. __) Avon Capital-WY has kept bank accounts and financial records entirely separate from those of its members. (Doc. __).

Finally, and most importantly, Wyoming law requires injustice or unfairness to be proven before an LLC's veil will be pierced. *GreenHunter Energy*, 337 P.3d at 464. No injustice or unfairness would result from continuing to recognize Avon Capital-WY as an entity separate and distinct from its owners or any other judgment debtors in this case. Universitas Education obtained a judgment against Avon Capital-CT. *Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *22. However, it never sought to make Avon Capital-WY a defendant or judgment debtor in this lawsuit. (Doc. __) Rather, Universitas Education simply began efforts to execute the New York Judgment against SDM, an entity wholly owned by Avon Capital-WY. (Docs. 13, __)

To the extent Universitas Education believes Avon Capital-WY's assets are subject to garnishment or execution, it is unclear what theory of liability Universitas Education is asserting. Regardless, because Universitas Education did not plead any causes of action against Avon Capital-WY and did not join Avon Capital-WY as a defendant in its lawsuit seeking money damages, Universitas Education is not entitled to any judgment against Avon Capital-WY. *See Gilbert*, CV-258, 2013 U.S. Dist. LEXIS 131321 (D. Utah 2013)

(plaintiffs were not entitled to judgment against a party they did not join as a defendant on a claim they did not plead at all).  Given these circumstances, it would not be fair to treat Avon Capital-WY as if it were a judgment debtor in this case.

### D.    Injunctive Relief is Appropriate

"In order to obtain a permanent injunction, a party must prove: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Wyoming v. USDA*, 661 F.3d 1209, 1272 (10th Cir. 2011).  Here, because Avon Capital-WY was not a party to the lawsuit leading to the New York Judgment, it had no opportunity to participate in addressing the merits of the case.  (Doc. __)  But it is that lack of opportunity that establishes Avon Capital-WY's entitlement to injunctive relief because, as mentioned above, "It is a fundamental rule of civil procedure that one who was not a party to an action is not bound by the judgment." *Pelt*, 539 F.3d at 1281.  Avon Capital-WY has shown in this motion that it was not a party to the action and Universitas has not asserted any theory of liability that would bind Avon Capital-WY to the judgment against Avon Capital-CT.

Unless an injunction is issued, irreparable harm will result.  "It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 7 (1979).  Injunctive relief is appropriate if it can prevent a due process violation from taking effect.  *Seegmiller v. Accredited Home Lenders*, 2011 U.S. Dist. LEXIS 120931, at *7-*8 (D. Utah 2011).  Here, Universitas has not satisfied any portion of

the New York Judgment. (Doc. 40, pages 2-3) Therefore, injunctive relief is appropriate in order to prevent a violation of Avon Capital-WY's due process rights from taking effect.

Further, neither Universitas Education nor the public interest would be harmed or adversely affected by this proposed injunction. The New York Judgment did not establish that Avon Capital-WY owes a debt to Universitas Education. *See Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *22. Consequently, an injunction would merely prevent Universitas Education from taking actions that it was never authorized to take in the first place.

## V. CONCLUSION

Because Avon Capital-WY is not a judgment debtor in this action, the Court should grant this motion for permanent injunction prohibiting Universitas from attempting to enforce the New York Judgment against SDM or another other assets solely owned by Avon-Capital-WY.

Dated this ___ day of April, 2016.

By: _____
Alan L. Rupe, OBA No. 20440
LEWIS BRISBOIS BISGAARD &
SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316-609-7900
Facsimile: 316-462-5746
alan.rupe@lewisbrisbois.com

*Attorney for Avon Capital, LLC*

4821-2696-8879

9

Appellate Case: 25-6018   Document: 010111899238   Date Filed: 02/28/2025   Page: 118

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

      Petitioner/Judgment Creditor,

v.                                                    Case No. 14-FJ-5-HE

NOVA GROUP, INC.,

and

AVON CAPITAL, LLC, a Connecticut
limited liability company,

      Respondents/Judgment Debtors.

---

**APPENDIX TO AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY
COMPANY'S MOTION TO INTERVENE AND BRIEF IN SUPPORT**

Exhibit 1     True and correct copy of pages 23 through 27 of document 310-4 filed in *Universitas Education, LLC v. Nova Group, Inc.*, S.D.N.Y. Case No. 11-cv-1590[1]

Exhibit 2     True and correct copy of Avon Capital, LLC, a Connecticut limited liability company's online secretary of state filing obtained from http://www.ct.gov/sots/site/default.asp on April 14, 2016.[2]

Exhibit 3     April 15, 2016 Declaration of Donald Trudeau

---

[1] Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of documents filed in other actions. *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009)

[2] The Court may take judicial notice of facts that are a matter of public record. *Van Woudenberg v. Gibson*, 211 F.3d 560 (10th Cir. 2000). Courts routinely take judicial notice of public documents filed with a secretary of state's office. *JP Morgan Trust Co., Nat'l Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp.2d 1244, 1258 (D. Kan. 2006).

4817-8720-6704

Exhibit 3-1   True and correct copy of the December 30, 2009 assignments of SDM Holdings, LLC's membership interests to Avon Capital-WY.

Exhibit 3-2   True and correct copy of a Restraining Notice dated March 17, 2016 served by Universitas Education, LLC.

Exhibit 4   True and correct copy of Avon Capital, LLC, a Wyoming limited liability company's online secretary of state filing obtained from http://soswy.state.wy.us/default.aspx on April 14, 2016.

Exhibit 5   True and correct copy of pages 4 through 13 of document 310-4 filed in Universitas Education, LLC v. Nova Group, Inc., S.D.N.Y. Case No. 11-cv-1590[3]

Exhibit 6   True and correct copy of page 2 of document 310-4 filed in *Universitas Education, LLC v. Nova Group, Inc.*, S.D.N.Y. Case No. 11-cv-1590

Exhibit 7   True and correct copy of page 21 of document 310-4 filed in *Universitas Education, LLC v. Nova Group, Inc.*, S.D.N.Y. Case No. 11-cv-1590

Exhibit 8   True and correct copy of pages 2 through 15 of document 118-1 filed in *Universitas Education, LLC v. Nova Group, Inc.*, S.D.N.Y. Case No. 11-cv-1590

Exhibit 9   April 1, 2016 Affidavit of Alan L. Rupe

Exhibit 9-1   True and correct copy of the January 20, 2016 email and attached correspondence Alan L. Rupe sent to Lysbeth George with copies to Judy Morse, Paula K. Colbath, Melvin R. McVay, and Clayton Ketter.

Exhibit 9-2   True and correct copy of the March 23, 2016 email and attached correspondence Alan L. Rupe sent to Melvin R. McVay and Clayton Ketter with copies to Lysbeth George, Judy Morse, and Paula K. Colbath.

4817-8720-6704

2

**Banknorth**

# LIMITED LIABILITY COMPANY BANKING RESOLUTION
## (For Deposit Accounts)

| Account Holder: | Financial Institution: |
|---|---|
| AVON CAPITAL LLC<br>100 GRIST MILL ROAD<br>SIMSBURY , CT 06070 | TD Bank, N.A.<br>Drake Mill Mall, 714 Hopmeadow St<br><br>Simsbury, CT 06070 |
| Account No. REDACTED4689 | State / Commonwealth: CT |

In consideration of the existing or proposed banking relationship between AVON CAPITAL LLC
a Limited Liability Company (the "Company") and TD Bank, N.A., the persons signing below jointly and severally and on
behalf of the Company do hereby certify that and agree as follows:

AVON CAPITAL LLC _____ is the complete and correct name of the Account Holder.

Managers, Members and Authorized Signers:  We further certify that the following is a complete list of the names of all
managers, members and authorized signers of the Company.  We agree to notify the Financial Institution of any change in
the Company, including the adding of new members and leaving of current members from the Company, before the change
takes effect.

| Title | Name | Signature |
|---|---|---|
| Chairman Managing Member | DANIEL E CARPENTER | Daniel E Carpenter |
| Secretary | AMANDA ROSSI | Andr R. |
| | | |
| | | |

Assumed Business Names:  Excluding the name of the Company, the following is a complete list of all assumed business
names under which the Company does business:

Assumed Business Name #1: _____

Assumed Business Name #2: _____

We further certify that at a meeting of the members of the Company (or by other duly authorized Company action in lieu of a
meeting, duly called and held on _____May 20 2009_____ , at which a quorum was present and voting, the following
resolutions were adopted:

**Be It Resolved,** that TD Bank, N.A., at any one or more of its branches, be and it hereby is designated as the Financial
Institution of and depository for the funds of this Company, which may be withdrawn on checks, drafts, advices of debit, notes
or other orders for the payment of money;

**Be It Further Resolved,** that any one (1) of the Authorized signers ("Agents") listed above may enter into any such
agreements and perform such other acts as they deem reasonably necessary in furtherance of the Company's Banking
Relationship with the Financial Institution, and those agreements will bind the Company, and acting for an on behalf of the
Company and as its act and deed be, and they hereby are, authorized and empowered;

EXHIBIT
1

Page 1 of 2

**Execute Documents:** To execute and deliver to Financial institution the form of Limited Liability Company Banking Resolution and other account opening documents submitted by Financial Institution, confirming the nature and existence of Account Holder and evidencing the terms of the agreement between Financial Institution and Account Holder.

**Agent's Authority:** Any one of such Agents is authorized to endorse all checks, drafts, notes and other items payable to or owned by this Company for deposit with the Financial Institution, or for collection or discount by the Financial Institution; and to accept draft and other items payable at the Financial Institution. The Financial Institution is hereby directed to accept and pay without further inquiry any item drawn against any of the Company's accounts with the Financial Institution bearing the signature of any one of the Agents, as authorized above or otherwise, even though drawn or endorsed to the order of Any Agent signing or tendered by such Agent for cashing or in payment of the individual obligation of such Agent or for deposit to the Agent's personal account, and the Financial Institution shall not be required or be under any obligation to inquire as to the circumstances of the issue or use of any item signed in accordance with the resolutions contained herein, or the application or disposition of such item or the proceeds of the item.

**Further Acts:** The above-named Agents are authorized and empowered to execute such other agreements, including, but not limited to, special depository agreements and arrangements regarding the manner, conditions or purposes for which funds, checks or items of Account Holder may be deposited, collected or withdrawn and to perform such other acts as they deem reasonably necessary to carry out the provisions of this resolutions.

**Be It Further Resolved,** that the authority hereby conferred upon the above-named Agents shall be and remain in full force and effect until written notice of any amendment or revocation thereof shall have been delivered and received by the Financial Institution at each location where an account is maintained. Financial Institution shall be indemnified and held harmless by the Company from any loss suffered or any liability incurred by it in continuing to act in accordance with this resolution. Any such notice shall not affect any items in process at the time notice given.

**We Further Certify** that the authorized signers name above are duly elected, appointed or employed by or for the Company, as the case may be, and occupy the positions set opposite their respective names; that the foregoing resolutions now stand of record on the books of the Company; and that the resolutions are in full force and effect and have not been modified or revoked in any manner whatsoever.

We have each read all of the provisions of this Limited Liability Company Resolution, and we each jointly and severally and on behalf of the Company certify and agree to its terms.

This Agreement is dated: 05/20/2009

Account Holder: AVON CAPITAL LLC

By: _____    By: _____

By: _____    By: _____



**DEAN HELLER**
Secretary of State
206 North Carson Street
Carson City, Nevada 89701-4299
(775) 684 5708
Website: secretaryofstate.biz

Entity #
**E0419312006-2**
Document Number:
**20060362087-34**

Date Filed:
6/6/2006 11:45:58 AM
In the office of

*Dean Heller*

Dean Heller
ABOVE Secretary of State

## Articles Of Organization
## Limited-Liability Company
### (PURSUANT TO NRS 86)

| | |
|---|---|
| 1. *Name of Limited-Liability Company* | AVON CAPITAL, LLC |

Check box if a Series Limited-Liability Company ☐

| 2. *Resident Agent Name and Street Address:* (must be a Nevada address where process may be served) | CSC SERVICES OF NEVADA, INC. |
|---|---|

Name
502 EAST JOHN STREET     CARSON CITY    NEVADA 89706
Physical Street Address      City       Zip Code

Additional Mailing Address     City     State   Zip Code

| 3. *Dissolution Date:* (OPTIONAL-see instructions) | Latest date upon which the company is to dissolve (if existence is not perpetual): |
|---|---|

| 4. *Management:* (check one) | Company shall be managed by ☐ Manager(s) OR ☒ Members |
|---|---|

| 5. *Names Addresses of Manager(s) or Members:* (attach additional pages as necessary) | GRISTMILL CAPITAL, LLC |
|---|---|

Name
100 GRIST MILL ROAD     SIMBURY   CT 06070
Address      City    State   Zip Code

Name

Address      City    State   Zip Code

Name

Address      City    State   Zip Code

| 6. *Names, Addresses and Signatures of Organizers* (if more than one organizer attach additional pages) | CSC SERVICES OF NEVADA, INC. |
|---|---|

Name          *Norma Hill* Signature
502 EAST JOHN STREET     CARSON CITY   NV 89706
Address      City    State   Zip Code

| 7. *Certificate of Acceptance of Appointment of Resident Agent:* | I hereby accept appointment as Resident Agent for the above named limited-liability company. |
|---|---|

*Norma Hill*
Authorized Signature of R.A. or On Behalf of R.A. Company     Date 6/6/06

*This form must be accompanied by appropriate fees.*

Reset

Nevada Secretary of State LLC ARIS 2005
Revised on 12/18/06



# SECRETARY OF STATE

## LIMITED LIABILITY COMPANY CHARTER

I, DEAN HELLER, the Nevada Secretary of State, do hereby certify that **AVON CAPITAL, LLC** did on June 6, 2006, file in this office the Articles of Organization for a Limited Liability Company, that said Articles of Organization are now on file and of record in the office of the Nevada Secretary of State, and further, that said Articles contain all the provisions required by the laws governing Limited Liability Companies in the State of Nevada.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on June 6, 2006.

DEAN HELLER
Secretary of State

By _____

Certification Clerk

**TD Banknorth**

## NEW NON-PERSONAL ACCOUNT

| | | | |
|---|---|---|---|
| REGION: | TD Banknorth CT Mid-Atl | DATE OPENED: | 05/20/2009 |
| ACCOUNT #: | ████4689 | TYPE OF ACCOUNT: | IM    Business Convenience Checking |
| TAX ID #: | ████6827 | TYPE CODE:  720 | CATEGORY:  Non-Personal Checking |
| BRANCH #: | 507 | BANK REPRESENTATIVE:  Carolyn M Starr | |

**Account Officer Information**  (Complete only if an officer will be assigned to this account)

Officer Number: _____ Officer Name: _____ Telephone: _____

BUSINESS NAME/ADDRESS: TIN:

AVON CAPITAL LLC            ████6827

100 GRIST MILL ROAD        BUSINESS PHONE:  (860) 408-7000

SIMSBURY , CT        USA        06070

eFunds Verification: _____  If Existing Customer, Enter the RM Number:  0000015681440

Account Relationship:  Corporation or LLC-2 Signers

**Additional Account Verification:**  *Articles of Organization*
☒ Business/Entity Documentation:  ~~Certificate of Good Standing & Resolution/Consent~~
☒ Previous Bank:  *Bank of America*        ☐ Visual Inspection of Business
(Enter Name of Previous Bank)

### IMPORTANT INFORMATION

Federal law requires all financial institutions to obtain, verify and record information that identifies each person who opens an account.

The undersigned acknowledge(s) receipt of the Deposit Account Agreement and Fee Schedule which govern my/our accounts with the Bank. My/our use of this account shall evidence my/our acceptance of the terms and conditions as set forth in the Deposit Account Agreement and Fee Schedule as the same may be amended from time to time.

The undersigned, both individually and on behalf of the account owner, if different, hereby authorize(s) the Bank to, from time to time, request consumer reports containing references about me/us from third parties, such as a consumer reporting agency, in connection with opening and maintaining this account. If you (the Bank) are unable to open a deposit account, you will provide me/us with an additional notice containing data regarding the consumer reporting agency.

I/We acknowledge and understand that TD Banknorth and TD Bank are trade names of TD Bank, N.A. I/We further acknowledge and understand that for FDIC insurance purposes, my/our deposits are not separately insured from any other deposits I/we may have at TD Banknorth and/or TD Bank.

This section does not apply to U.S. non-resident aliens.  Under penalty of perjury, the undersigned certify(ies) that:
1.  The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2.  I am not subject to backup withholding because:  (a) I am exempt from backup withholding, or  (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3.  I am a U.S. person (including a U.S. resident, alien).

Certification Instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return or for any other reason. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

| | | | | |
|---|---|---|---|---|
| X  *Daniel E Carpenter* | DANIEL E CARPENTER | ████1954 | ████4417 | eFunds Verification |
| Signature | Print Name | Date of Birth | SSN | |
| Date Signed:  5/21/09 | | | If Existing Personal Customer, Enter the RM Number:  0000014556664 | |
| X  *Amanda R* | AMANDA ROSSI | ████1980 | ████1423 | eFunds Verification |
| Signature | Print Name | Date of Birth | SSN | |
| Date Signed:  5/21/09 | | | If Existing Personal Customer, Enter the RM Number:  0000016447064 | |
| X _____ | _____ | _____ | _____ | eFunds Verification |
| Signature | Print Name | Date of Birth | SSN | |
| Date Signed: _____ | | | If Existing Personal Customer, Enter the RM Number: _____ | |
| X _____ | _____ | _____ | _____ | eFunds Verification |
| Signature | Print Name | Date of Birth | SSN | |
| Date Signed: _____ | | | If Existing Personal Customer, Enter the RM Number: _____ | |

| For Deposit Operations Use Only | |
|---|---|
| SIC: _____ | Entered By: _____ |

Rev. 11/2008

## Business Inquiry

### Business Details

| | | | |
|---|---|---|---|
| Business Name: | **AVON CAPITAL, LLC** | Citizenship/State Inc: | **Domestic/CT** |
| Business ID: | **0879747** | Last Report Filed Year: | **NONE** |
| Business Address: | **100 GRIST MILL ROAD, SIMSBURY, CT, 06070** | Business Type: | **Domestic Limited Liability Company** |
| Mailing Address: | **NONE** | Business Status: | **Active** |
| Date Inc/Registration: | **Nov 21, 2006** | | |

### Principals Details

| Name/Title | Business Address | Residence Address |
|---|---|---|
| WAYNE H. BURSEY  MANAGER | 100 GRIST MILL ROAD, SIMSBURY, CT, 06070 | 100 GRIST MILL ROAD, SIMSBURY, CT, 06070 |

### Agent Summary

| | |
|---|---|
| Agent Name | **HALLORAN & SAGE LLP** |
| Agent Business Address | **ONE GOODWIN SQUARE, 225 ASYLUM STREET, HARTFORD, CT, 06103** |
| Agent Residence Address | **NONE** |

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

       Petitioner/Judgment Creditor,

v.

NOVA GROUP, INC.,

and

AVON CAPITAL, LLC, a Connecticut
limited liability company,

       Respondents/Judgment Debtors.

Case No. 14-FJ-5-HE

## DECLARATION OF DONALD TRUDEAU

I, Donald Trudeau, declare and state as follows in support of Avon Capital, LLC a Wyoming limited liability company's ("Avon Capital-WY") motion to intervene in the above captioned matter:

1.     I am a member of Avon Capital-WY, over the age of eighteen, and competent to testify to the matters in this declaration.

2.     The statements in this declaration are true and correct based on my own personal knowledge, including a review of the records kept by Avon Capital-WY in the regular course of business.

3.     Avon Capital-WY's Tax Identification Number is REDACTED1285.

4.     Avon Capital-WY is not the same business entity as Avon Capital, LLC, a Connecticut limited liability company.

EXHIBIT
3

5.     Avon Capital-WY is also not the same business entity as Avon Capital, LLC, a Nevada limited liability company.

6.     Avon Capital-WY maintains bank accounts and bookkeeping records that are separate from those of its members.

7.     Avon Capital-WY owns 100% of the membership interests in SDM Holdings, LLC.   Attached as Exhibit 1 is a true and correct copy of the December 30, 2009 assignments of SDM Holdings, LLC's membership interests to Avon Capital-WY.

8.     Prior to the entry of judgment on August 15, 2014, Avon Capital-WY was not served with summons or other process at any time in connection with the lawsuits styled *Universitas Education, LLC v. Nova Group, Inc.*, United States District Court for the Southern District of New York case numbers 1:11-cv-1590 and 1:11-cv-8726.

9.     Attached as Exhibit 2 is a true and correct copy of a Restraining Notice dated March 17, 2016 served by Universitas Education, LLC in connection with the lawsuits styled *Universitas Education, LLC v. Nova Group, Inc.*, United States District Court for the Southern District of New York case numbers 1:11-cv-1590 and 1:11-cv-8726.

10.     I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746,  that the foregoing statements are true and correct.

Executed on April 15th, 2016.

_____
Donald Trudeau

2

Appellate Case: 16-6078   Document: 01019823837   Date Filed: 02/20/2025   Page: 128

## ASSIGNMENT OF MEMBERSHIP INTEREST

**KNOW ALL PERSONS BY THESE PRESENTS:**

THAT this Assignment is executed effective the 30th day of December, 2009, by and between Jane M. Moran, , having a notice address of 521 W. Wilshire, Suite 200, Oklahoma City, Oklahoma 73116 ("Assignor"), and Avon Capital, LLC, a Wyoming limited liability company, with a notice address of 2187 Atlantic Street, Stamford, CT 06902, ("Assignee"), with respect to the following:

### WITNESSETH:

NOW, THEREFORE, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby BARGAIN, SELL, ASSIGN, TRANSFER AND DELIVER unto Assignee one hundred percent (100%) of Assignor's existing right, title and interest in and to Assignor's Membership Interest in SDM Holdings, LLC, an Oklahoma limited liability company (the "Company"), such Membership Interest being ten percent (10%), together with all and singular the rights, titles, interests, privileges, and benefits thereunder and thereto in any manner belonging, including, without limitation, payments, proceeds, compensation, property and any and all monies to become due and payable on or after the date first written above, to Assignor in connection with or pursuant to the above Membership Interest, unto Assignee.

All payments, proceeds, compensations, property, assets, interests and/or rights assigned by Assignor to Assignee hereunder, and which may hereafter come into the possession or be under the control of the Assignor, shall forthwith be delivered by the Assignor to Assignee in precisely the form received, except for endorsement, transfer or assignment by Assignor, where necessary, in the name and in favor of Assignee or its nominee or designee. Until so transferred, assigned and/or turned over to Assignee, the same shall be deemed to be and shall be held in trust by Assignor, as trustee of an express trust for the exclusive benefit of Assignee, and shall not be commingled with any other funds or property of Assignor.

Assignor hereby represents, warrants and covenants to and with Assignee as follows:

a.     Assignor is the owner of the Membership Interest in Company herein assigned to Assignee, free and clear of any and all liens and encumbrances whatsoever, and said interests constitute not less than ten percent (10%) of the outstanding Membership Interest in Company.

b.     Assignor shall make, execute and deliver to Assignee, or any designee, nominee, representative or agent of Assignee, any and all further instruments, documents or writings deemed necessary or appropriate by Assignee in connection with or in confirmation of this instrument of assignment as Assignee may reasonably request in writing from time to time.

Assignor hereby designates Assignee and authorizes and empowers Assignee to demand from any person, firm or corporation, or otherwise, at such time or times as Assignee shall elect, as the case may be, all or any part of the monies or other property to become due on or after the date first written above, to said Company.

**Signature Page to Follow**

EXHIBIT
3-1

IN WITNESS WHEREOF, the Parties have executed this Agreement on the separate signature pages attached as a part hereof, effective December 30, 2009.

**ASSIGNOR:**

_Jane M. Moran_ (signature)

Jane M. Moran

**STATE OF OKLAHOMA**       )
                            ) SS:
**COUNTY OF OKLAHOMA**      )

This instrument was acknowledged before me on the _8th_ day of _DEC_, 2009, by Jane M. Moran.

My Commission Expires: _6/10/13_

My Commission No.: _05005427_

_____ Notary Public

(Notary seal: AMY MERRICK NOTARY #05005427 EXP. 06/10/13 STATE OF OKLAHOMA PUBLIC)

**ASSIGNEE:**

**AVON CAPITAL, LLC,**
**a Wyoming limited liability company**

By: _____

Donald Trudeau, Authorized Signatory

**STATE OF** _____       )
                                   ) SS:
**COUNTY OF** _____      )

The foregoing instrument was acknowledged before me this _____ day of _____, 2010, by Donald Trudeau, Authorized Signatory of Avon Capital, LLC, a Wyoming limited liability company.

My Commission Expires: _____

My Commission No.: _____

_____ Notary Public

## ASSIGNMENT OF MEMBERSHIP INTEREST

**KNOW ALL PERSONS BY THESE PRESENTS:**

THAT this Assignment is executed effective the 30th day of December, 2009, by and between H. Thomas Moran, II, having a notice address of 521 W. Wilshire, Suite 200, Oklahoma City, Oklahoma 73116 ("Assignor"), and Avon Capital, LLC, a Wyoming limited liability company, with a notice address of 2187 Atlantic Street, Stamford, CT 06902, ("Assignee"), with respect to the following:

### W I T N E S S E T H:

NOW, THEREFORE, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby BARGAIN, SELL, ASSIGN, TRANSFER AND DELIVER unto Assignee one hundred percent (100%) of Assignor's existing right, title and interest in and to Assignor's Membership Interest in SDM Holdings, LLC, an Oklahoma limited liability company (the "Company"), such Membership Interest being ninety percent (90%), together with all and singular the rights, titles, interests, privileges, and benefits thereunder and thereto in any manner belonging, including, without limitation, payments, proceeds, compensation, property and any and all monies to become due and payable, on or after the date first written above, to Assignor in connection with or pursuant to the above Membership Interest, unto Assignee.

All payments, proceeds, compensations, property, assets, interests and/or rights assigned by Assignor to Assignee hereunder, and which may hereafter come into the possession or be under the control of the Assignor, shall forthwith be delivered by the Assignor to Assignee in precisely the form received, except for endorsement, transfer or assignment by Assignor, where necessary, in the name and in favor of Assignee or its nominee or designee.  Until so transferred, assigned and/or turned over to Assignee, the same shall be deemed to be and shall be held in trust by Assignor, as trustee of an express trust for the exclusive benefit of Assignee, and shall not be commingled with any other funds or property of Assignor.

Assignor hereby represents, warrants and covenants to and with Assignee as follows:

a.      Assignor is the owner of the Membership Interest in Company herein assigned to Assignee, free and clear of any and all liens and encumbrances whatsoever, and said interests constitute not less than ninety percent (90%) of the outstanding Membership Interest in Company.

b.      Assignor shall make, execute and deliver to Assignee, or any designee, nominee, representative or agent of Assignee, any and all further instruments, documents or writings deemed necessary or appropriate by Assignee in connection with or in confirmation of this instrument of assignment as Assignee may reasonably request in writing from time to time.

Assignor hereby designates Assignee and authorizes and empowers Assignee to demand from any person, firm or corporation, or otherwise, at such time or times as Assignee shall elect, as the case may be, all or any part of the monies or other property to become due on or after the date first written above, to said Company.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the separate signature pages attached as a part hereof, effective December 30, 2009.

**Signature Page To Follow**

**ASSIGNOR:**

H. Thomas Moran, II

| | | |
|---|---|---|
| STATE OF OKLAHOMA | ) | |
| | ) SS: | |
| COUNTY OF OKLAHOMA | ) | |

    This instrument was acknowledged before me on the 30th day of DEC. , 2009 by H. Thomas Moran, II.

My Commission Expires: 6/10/13

My Commission No.: 05005427

                             Notary Public

AMY MERRICK
NOTARY
#05005427
EXPIRES 06/10/13
STATE OF OKLAHOMA
PUBLIC

**ASSIGNEE:**
**Avon Capital, LLC,**
**a Wyoming limited liability company**

By: _____
        Donald Trudeau, Authorized Signatory

| | | |
|---|---|---|
| STATE OF _____ | ) | |
| | ) SS: | |
| COUNTY OF _____ | ) | |

    The foregoing instrument was acknowledged before me this _____ day of _____, 2010, by Donald Trudeau, as Authorized Signatory of Avon Capital, LLC, a Wyoming limited liability company.

My Commission Expires: _____

My Commission No.: _____

                             Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                          Judgment Creditor,       :

                    -against-              :      Case Nos. 11-1590-LTS and
                                                11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and    :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,              :      **RESTRAINING NOTICE**

                      Judgment Debtor.
----------------------------------------------------------------X

      To:     Avon Capital, LLC
             25 Seir Hill Road
             Norwalk, CT  06851

      **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas
Education, LLC (copy of amended August 15 judgment attached hereto), against the following
Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number REDACTED 4417) – **$30,600,000.00**

- Grist Mill Capital, LLC (Tax Identification Numbers REDACTED 6232 and REDACTED 7868) –
  **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number REDACTED 8307) – **$21,000,000.00**

- Carpenter Financial Group (Tax Identification Numbers REDACTED 7983, REDACTED 6689
  and REDACTED 6669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number REDACTED 6827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number REDACTED 6871) –
  **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto
  insofar as they hold Grist Mill Trust assets (Tax Identification Number REDACTED 6773) –
  **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number REDACTED 8375) – **$1,200,000.00**

EXHIBIT
3-2

**WHEREAS,** these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

NY1398456.1
214560-10001

2

New York, NY

Dated: March 17, 2016

LOEB & LOEB LLP

By: /s/ Paula K. Colbath.
   Paula K. Colbath (PC-9895)
   345 Park Avenue
   New York, New York 10154-1895
   (212) 407-4000

*Attorneys for Petitioner/Judgment Creditor*
*Universitas Education, LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                Petitioner,

    -against-

NOVA GROUP, INC.,

                Respondent.
----------------------------------------------------------X

```
┌─────────────────────────────────────────────┐
│ USDC SDNY                                     │
│                                               │
│ DOCUMENT                                      │
│                                               │
│ ELECTRONICALLY FILED 08/15/2014               │
└─────────────────────────────────────────────┘
```

11 **CIVIL** 1590 (LTS) (HBP)
11 **CIVIL** 8726 (LTS) (HBP)

## JUDGMENT

Whereas following entry of judgment in its favor in the above captioned-actions, Universitas

Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and

Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets

by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill

Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust

Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the

"Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover

Respondents of money and assets, including certain specified insurance policies, until Petitioner's

judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ.

1590); Mr. Carpenter and certain third parties having moved to modify the temporary injunction to

allow transactions between themselves and certain of the Turnover Respondents (See docket entry

nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura

Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its

Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money

judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist

Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the

amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

**Dated:** New York, New York
August 15, 2014

**RUBY J. KRAJICK**

_____
**Clerk of Court**

BY:    K. Mango

_____
**Deputy Clerk**

## STATE OF WYOMING ✳ SECRETARY OF STATE
## ED MURRAY
## BUSINESS DIVISION

2020 Carey Ave., Ste. 700, Cheyenne, WY 82002-0020
Phone 307-777-7311 · Fax 307-777-5339
Website: http://soswy.state.wy.us · Email: business@wyo.gov

## Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | AVON CAPITAL, LLC | | |
|---|---|---|---|
| Filing ID | 2007-000538125 | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

### General Information

| | | | |
|---|---|---|---|
| Old Name | | Sub Status | Current |
| Fictitious Name | | Standing - Tax | Delinquent |
| | | Standing - RA | Good |
| Sub Type | | Standing - Other | Good |
| Formed in | Wyoming | Filing Date | 05/18/2007 2:00 PM |
| Term of Duration | Perpetual | Delayed Effective Date | |
| | | Inactive Date | 07/09/2014 |

| Principal Address | Mailing Address |
|---|---|
| 300 1st Stamford Pl Ste 201 | 100 Grist Mill Road |
| Stamford, CT 06902 | Simsbury, CT 06070 |

**Registered Agent Address**

Incorp Services, Inc.
1621 Central Ave
Cheyenne, WY 82001

### Parties

| Type | Name / Organization / Address |
|---|---|
| Manager | Caroline Financial Group, Inc. |

### Notes

| Date | Recorded By | Note |
|---|---|---|

EXHIBIT
4

# Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | AVON CAPITAL, LLC | | |
|------|------------------|--|--|
| Filing ID | 2007-000538125 | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

## Most Recent Annual Report Information

| Type | Original | | | AR Year | 2013 |
|------|----------|--|--|---------|------|
| License Tax | $50.00 | AR Exempt | N | AR ID | 01636720 |
| AR Date | 12/3/2012 3:26 PM | | | | |
| Web Filed | Y | | | | |

### Officers / Directors

| Type | Name / Organization / Address |
|------|-------------------------------|

| Principal Address | Mailing Address |
|-------------------|-----------------|
| 300 1st Stamford Pl Ste 201<br>Stamford, CT 06902 | 100 Grist Mill Road<br>Simsbury, CT 06070 |

### Annual Report History

| Num | Status | Date | Year | Tax |
|-----|--------|------|------|-----|
| 00943415 | Original | 11/26/2008 | 2008 | $50.00 |
| 01012991 | Original | 05/14/2009 | 2009 | $50.00 |
| 01243207 | Original | 11/22/2010 | 2010 | $50.00 |
| 01436363 | Original | 11/28/2011 | 2011 | $50.00 |
| Principal Address 1 Changed  From: 100 Grist Mill Ln  To: 300 1st Stamford Pl Ste 201 | | | | |
| Principal City Changed  From: Simsbury  To: Stamford | | | | |
| Principal Postal Code Changed  From: 06070  To: 06902 | | | | |
| 01562684 | Original | 06/27/2012 | 2012 | $50.00 |
| 01636720 | Original | 12/03/2012 | 2013 | $50.00 |

## Amendment History

| ID | Description | Date |
|----|-------------|------|
| 2014-001634683 | Dissolution / Revocation - Tax | 07/09/2014 |
| Filing Status Changed  From: Active  To: Inactive - Administratively Dissolved (Tax) | | |
| Inactive Date Changed  From: No Value  To: 07/09/2014 | | |
| 2014-001610497 | Delinquency Notice - Tax | 05/02/2014 |
| 2012-001332437 | Delinquency Notice - Tax | 05/02/2012 |
| 2011-001278511 | Reinstatement - Tax | 11/28/2011 |

# Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | AVON CAPITAL, LLC | | |
|---|---|---|---|
| Filing ID | 2007-000538125 | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

---

Filing Status Changed  From: Inactive - Administratively Dissolved (Tax)  To: Active

Inactive Date Changed  From: 07/10/2011  To: No value

2011-001268109    RA Address Change                                                11/01/2011

Registered Agent # Changed  From: 0126265  To: 0188376

Registered Agent Physical Address 1 Changed  From: 2510 Warren Ave  To: 1621 Central Ave

2011-001230761    Administrative Dissolution (Tax)                                  07/10/2011

Filing Status Changed  From: Active  To: Inactive - Administratively Dissolved (Tax)

2011-000974239    Delinquency Notice - Tax                                         05/02/2011

2010-000907596    RA Name/Address Change                                           11/22/2010

Registered Agent # Changed  From: No Value  To: 0126265

Registered Agent Organization Name Changed  From: No Agent  To: Incorp Services, Inc.

Registered Agent Physical Address 1 Changed  From: No Office  To: 2510 Warren Ave

Registered Agent Physical City Changed  From: No Value  To: Cheyenne

Registered Agent Physical Postal Code Changed  From: No Value  To: 82001

2010-000907594    Reinstatement - RA                                              11/22/2010

Filing Status Changed  From: Inactive - Administratively Dissolved (No Agent)  To: Active

Inactive Date Changed  From: 06/17/2009  To: No value

2009-000767835    Administrative Dissolution (No Agent)                           06/17/2009

Filing Status Changed  From: Active  To: Inactive - Administratively Dissolved (No Agent)

2009-000753369    Delinquency Notice - Tax                                        05/02/2009

2009-000748482    RA Resignation                                                  04/09/2009

Registered Agent # Changed  From: 0173386  To: No Value

Registered Agent Organization Name Changed  From: Corporation Service Company  To: No Agent

Registered Agent Physical Address 1 Changed  From: 1821 Logan Ave  To: No Office

Registered Agent Physical City Changed  From: Cheyenne  To: No Value

Registered Agent Physical Postal Code Changed  From: 82001  To: No Value

2008-000671490    Delinquency Notice - Tax                                        05/02/2008

See Filing ID        Initial Filing                                              05/18/2007

 **Banknorth**

STATEMENT OF ACCOUNT

CHARTER OAK TRUST
WAYNE H BURSEY TRUSTEE
100 GRIST MILL RD
SIMSBURY CT 06070

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | May 12 2009-May 20 2009 |
| Cust Ref #: | [REDACTED]4548-726-T-### |
| Primary Account #: | [REDACTED]4548 |

**Business Premier Money Market**
CHARTER OAK TRUST
WAYNE H BURSEY TRUSTEE

Account # [REDACTED]4548

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 0.00 | Average Collected Balance | 6,817,433.13 |
| Deposits | 30,677,296.85 | Interest Paid this Period | 2,084.38 |
| Other Credits | 2,084.38 | Interest Paid Year-to-Date | 2,084.38 |
| | | Annual Percentage Yield Earned | 0.28% |
| Ending Balance | 30,679,381.23 | Days in Period | 9 |

### DAILY ACCOUNT ACTIVITY

Deposits

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 5/13 | DEPOSIT | | 20.00 |
| 5/18 | DEPOSIT | | 30,677,276.85 |
| | | Subtotal: | 30,677,296.85 |

Other Credits

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 5/20 | INTEREST PAID | | 2,084.38 |
| | | Subtotal: | 2,084.38 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 5/12 | 0.00 | 5/18 | 30,677,296.85 |
| 5/13 | 20.00 | 5/20 | 30,679,381.23 |

Call 1-800-428-7000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED        ©        WWW.TDBANKNORTH.COM        

**EXHIBIT 5**

# How to Balance your Account

Page:   2 of 2

Begin by adjusting your account register as follows:

ı Subtract any services charges shown on this statement.

ı Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.

ı Add any interest earned if you have an interest-bearing account.

ı Add any automatic deposit or overdraft line of credit.

ı Review all withdrawals shown on this statement and check them off in your account register.

ı Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| ❷ DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| ❸ WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**FOR CONSUMER ACCOUNTS ONLY · IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377.

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

ı Your name and account number.
ı A description of the error or transaction you are unsure about
ı The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

TD Banknorth is a trade name of TD Bank, N.A.

**FOR CONSUMER ACCOUNTS ONLY · BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

ı Your name and account number..
ı The dollar amount of the suspected error.
ı Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "OD" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.

TD-Universitas 0012

 **Banknorth**

STATEMENT OF ACCOUNT

CHARTER OAK TRUST
WAYNE H BURSEY TRUSTEE
100 GRIST MILL RD
SIMSBURY CT  06070

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | May 21 2009-Jun 20 2009 |
| Cust Ref #: | ███4548-726-T-### |
| Primary Account #: | ███4548 |

**Business Premier Money Market**

CHARTER OAK TRUST
WAYNE H BURSEY TRUSTEE

Account # ███4548

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 30,679,381.23 | Average Collected Balance | 20,168,824.13 |
| Other Credits | 19,025.17 | Interest Paid this Period | 19,025.17 |
| | | Interest Paid Year-to-Date | 21,109.55 |
| Other Withdrawals | 10,863,842.75 | Annual Percentage Yield Earned | 1.12% |
| Ending Balance | 19,834,563.65 | Days in Period | 31 |

### DAILY ACCOUNT ACTIVITY

Other Credits

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 6/19 | INTEREST PAID | | 19,025.17 |
| | | Subtotal: | 19,025.17 |

Other Withdrawals

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 5/21 | DEBIT | | 8,677,276.75 |
| 5/26 | DEBIT | | 2,186,566.00 |
| | | Subtotal: | 10,863,842.75 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 5/20 | 30,679,381.23 | 5/26 | 19,815,538.48 |
| 5/21 | 22,002,104.48 | 6/19 | 19,834,563.65 |

Call 1-800-428-7000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED            WWW.TDBANKNORTH.COM      

# How to Balance your Account

Page:        2 of 2

Begin by adjusting your account register as follows:

⌐ Subtract any services charges shown on this statement.

⌐ Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.

⌐ Add any interest earned if you have an interest-bearing account.

⌐ Add any automatic deposit or overdraft line of credit.

⌐ Review all withdrawals shown on this statement and check them off in your account register.

⌐ Follow instructions 2-5 to verify your ending account balance.

1 Your ending balance shown on this statement is:

2 List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3 Subtotal by adding lines 1 and 2.

4 List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5 Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| ❷ DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| ❸ WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| ❹ WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**FOR CONSUMER ACCOUNTS ONLY •  IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377.

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared.  When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed.  Please include:

⌐ Your name and account number.
⌐ A description of the error or transaction you are unsure about.
⌐ The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly.  If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

TD Banknorth is a trade name of TD Bank, N.A.

**FOR CONSUMER ACCOUNTS ONLY •  BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

⌐ Your name and account number.
⌐ The dollar amount of the suspected error.
⌐ Describe the error and explain, if you can, why you believe there is an error.
  If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your MoneyLine/Overdraft Protection account (the terms "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge.  The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full.  To compute the finance charge, multiply the Average Daily Balance times the Days in Billing Cycle times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement).  The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle.  The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day.  There is no grace period during which no finance charge accrues.  Finance charge adjustments are included in your total finance charge.

TD-Universitas 0014

Appendix Page 153

 **Banknorth**

STATEMENT OF ACCOUNT

CHARTER OAK TRUST
WAYNE H BURSEY TRUSTEE
100 GRIST MILL RD
SIMSBURY CT 06070

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | Jun 21 2009-Jul 20 2009 |
| Cust Ref #: | ████4548-726-T-### |
| Primary Account #: | ████4548 |

Business Premier Money Market
CHARTER OAK TRUST
WAYNE H BURSEY TRUSTEE

Account # ████4548

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 19,834,563.65 | Average Collected Balance | 19,834,984.79 |
| Other Credits | 12,634.35 | Interest Paid this Period | 12,634.35 |
| | | Interest Paid Year-to-Date | 33,743.90 |
| Ending Balance | 19,847,198.00 | Annual Percentage Yield Earned | 0.78% |
| | | Days in Period | 30 |

### DAILY ACCOUNT ACTIVITY

Other Credits

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 7/20 | INTEREST PAID | | 12,634.35 |
| | | Subtotal: | 12,634.35 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE |
|---|---|
| 6/20 | 19,834,563.65 |
| 7/20 | 19,847,198.00 |

Call 1-800-428-7000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED     ©     WWW.TDBANKNORTH.COM     

TD-Universitas 0015

Appendix Page 154

# How to Balance your Account

Begin by adjusting your account register as follows:

/ Subtract any services charges shown on this statement.

/ Subtract any automatic payments, transfers or other electronic with-drawals not previously recorded.

/ Add any interest earned if you have an interest-bearing account.

/ Add any automatic deposit or overdraft line of credit.

/ Review all withdrawals shown on this statement and check them off in your account register.

/ Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| ❶ DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| ❷ | | |

| ❸ WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| ❹ | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| ❹ | | |

## FOR CONSUMER ACCOUNTS ONLY • IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377.

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

/ Your name and account number.
/ A description of the error or transaction you are unsure about.
/ The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

### INTEREST NOTICE

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

TD Banknorth is a trade name of TD Bank, N.A

## FOR CONSUMER LOAN ACCOUNTS ONLY • BILLING RIGHTS SUMMARY

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us a P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

/ Your name and account number.
/ The dollar amount of the suspected error.
/ Describe the error and explain, if you can, why you believe there is an error.
/ If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES Although the Bank uses the Daily Balance method to calculate the finance charge on your MoneyLine/Overdraft Protection account (the terms "ODP" or "OD" refer to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance (since the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.

TD-Universitas 0016

Case 3:11-cv-01500-SRU Document 57-10 Filed 04/15/16 Page 7 of 10
Case 5:14-f-00005-SHB Document 57-10 Filed 04/15/16 Page 7 of 10
Appellate Case 25-606 Document 389823 Date Filed 05/20/2024 Page: 147

 **Banknorth**

STATEMENT OF ACCOUNT

CHARTER OAK TRUST
WAYNE H BURSEY TRUSTEE
100 GRIST MILL RD
SIMSBURY CT 06070

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | Jul 21 2009-Aug 20 2009 |
| Cust Ref #: | REDACTED 4548-726-T-### |
| Primary Account #: | REDACTED 4548 |

### Business Premier Money Market
CHARTER OAK TRUST
WAYNE H BURSEY TRUSTEE

Account # REDACTED 4548

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 19,847,198.00 | Average Collected Balance | 19,847,605.81 |
| Other Credits | 12,642.39 | Interest Paid this Period | 12,642.39 |
| | | Interest Paid Year-to-Date | 46,386.29 |
| Ending Balance | 19,859,840.39 | Annual Percentage Yield Earned | 0.75% |
| | | Days in Period | 31 |

### DAILY ACCOUNT ACTIVITY

Other Credits

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 8/20 | INTEREST PAID | | 12,642.39 |
| | | Subtotal: | 12,642.39 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE |
|---|---|
| 7/20 | 19,847,198.00 |
| 8/20 | 19,859,840.39 |

Call 1-800-428-7000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED          WWW.TDBANKNORTH.COM     

TD-Universitas 0017

# How to Balance your Account

Begin by adjusting your account register as follows:

- Subtract any services charges shown on this statement.

- Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.

- Add any interest earned if you have an interest-bearing account.

- Add any automatic deposit or overdraft line of credit.

- Review all withdrawals shown on this statement and check them off in your account register.

- Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| ❷ DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| TOTAL DEPOSITS |  | ❷ |

| ❹ WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| WITHDRAWALS |  | ❹ |

**FOR CONSUMER ACCOUNTS ONLY • IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377.

We must hear from you no later than sixty (60) calendar days after we append the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

- Your name and account number.
- A description of the error or transaction you are unsure about.
- The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

TD Banknorth is a trade name of TD Bank, N.A.

**FOR CONSUMER LOAN ACCOUNTS ONLY • BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

- Your name and account number..
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in the Billing Cycle. The Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing that total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.

TD-Universitas 0018



| | | STATEMENT OF ACCOUNT | |
|---|---|---|---|

CHARTER OAK TRUST
WAYNE H BURSEY TRUSTEE
100 GRIST MILL RD
SIMSBURY CT 06070

Page:                                                    1 of 2
Statement Period:   Aug 21 2009-Sep 20 2009
Cust Ref #:             REDACTED 4548-726-T-###
Primary Account #:    REDACTED 4548

Business Premier Money Market
CHARTER OAK TRUST
WAYNE H BURSEY TRUSTEE
Account # REDACTED 4548

---

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 19,859,840.39 | Average Collected Balance | 19,860,248.46 |
| Other Credits | 12,650.45 | Interest Paid this Period | 12,650.45 |
| | | Interest Paid Year-to-Date | 59,036.74 |
| Ending Balance | 19,872,490.84 | Annual Percentage Yield Earned | 0.75% |
| | | Days in Period | 31 |

---

### DAILY ACCOUNT ACTIVITY

Other Credits

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 9/18 | INTEREST PAID | | 12,650.45 |
| | | Subtotal: | 12,650.45 |

---

### DAILY BALANCE SUMMARY

| DATE | BALANCE |
|---|---|
| 8/20 | 19,859,840.39 |
| 9/18 | 19,872,490.84 |

---

Call 1-800-428-7000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED                    WWW.TDBANKNORTH.COM          

Case 1:14-cv-00005-JFB Document 57-3 Filed 04/15/16 Page 10 of 10
Case 1:15-cv-01900-JFB Document 31-4 Filed 05/01/15 Page 13 of 45
Appellate Case: 25-6038 Document: 010823 Date Filed: 02/26/2024 Page: 150

# How to Balance your Account

Page: 2 of 2

Begin by adjusting your account register as follows:

ı Subtract any services charges shown on this statement.

ı Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.

ı Add any interest earned if you have an interest-bearing account.

ı Add any automatic deposit or overdraft line of credit.

ı Review all withdrawals shown on this statement and check them off in your account register.

ı Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL DEPOSITS | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL WITHDRAWALS | | |

**FOR CONSUMER ACCOUNTS ONLY • IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377.

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

ı Your name and account number.
ı A description of the error or transaction you are unsure about.
ı The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

TD Banknorth is a trade name of TD Bank, N.A.

**FOR CONSUMER LOAN ACCOUNTS ONLY • BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

ı Your name and account number.
ı The dollar amount of the suspected error.
ı Describe the error and explain, if you can, why you believe there is an error.
ı If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your MoneyLine/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of this statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.

TD-Universitas 0020



EXHIBIT 6

TD - University... 7
Appendix Page 16

Case 5:14-cv-00705-HE Document 30 Filed 04/15/20 Page 21 of 45



CHECKING DEPOSIT

**TD Bank**

DATE NOV 11, 2009

NAME Avon Capital

ACCT. # REDACTED 4689

CASH / CURRENCY

xfer

TOTAL FROM OTHER SIDE

SUBTOTAL

LESS CASH

$ 6 710 065.92

⑆5240⑆1020⑆

Account: REDACTED4689
Amount: 6,710,065.92
PostDate: 20091112
Tran_ID: 401030751
CheckNum: 0
DIN: 401030751
ReturnReasonCode:
ReturnReasonDescription:



11/12/09  4   REDACTED 4689
20091112

Commercial Deposit      $6,710,065.92

Simsbury           RDEASY    4   4523 507

Account: REDACTED4689
Amount: 6,710,065.92
PostDate: 20091112
Tran_ID: 401030751
CheckNum: 0
DIN: 401030751
ReturnReasonCode:
ReturnReasonDescription:



CHECKING WITHDRAWAL

**TD Bank**

NAME Gristmill Capital DE     DATE Nov 11, 2009

Six million seven hundred ten thousand sixty five dollars

ACCT. # REDACTED 4712      $ 6 710 065.92

⑆5140⑆1064⑆           500

Account: REDACTED4712
Amount: 6,710,065.92
PostDate: 20091112
Tran_ID: 401030751
CheckNum: 0
DIN: 401030752
ReturnReasonCode:
ReturnReasonDescription:



11/12/09  4   REDACTED 4712
20091112

DDA Withdrawal        $6,710,065.92

Simsbury           RDEASY    4   4523 507

Account: REDACTED4712
Amount: 6,710,065.92
PostDate: 20091112
Tran_ID: 401030751
CheckNum: 0
DIN: 401030752
ReturnReasonCode:
ReturnReasonDescription:

EXHIBIT 7

UNIVERSITAS 0835

Appendix Page 161

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

               Judgment Creditor,       :

          -against-            :       **Case No. 11 CV 1590-LTS-HBP**

NOVA GROUP, INC., as trustee, sponsor and   :
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,         :      **RESTRAINING NOTICE**

               Judgment Debtors.     :
-------------------------------------------------------------X

     To: Avon Capital, LLC
     100 Grist Mill Road
     Simsbury, CT 06070

     **WHEREAS**, in an action in the United States District Court for the Southern District of
New York (Swain, J.), between Universitas Education, LLC ("Universitas") as Petitioner, and
Nova Group, Inc. ("Nova Group") as Respondent, and as Trustee, Sponsor and Fiduciary of the
Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust"), a judgment was entered on June
7, 2012 in favor of Universitas in the amount of $30,181,880.30 (copy attached hereto), which,
along with post-judgment interest that has accrued thereon since June 7, 2012, remains due and
unpaid;

     **WHEREAS,** it appears that you owe a debt to Nova Group or the Charter Oak Trust
Welfare Benefit Plan, or are in possession of or have access to property in which Nova Group
and/or the Charter Oak Trust Welfare Benefit Plan has an interest;

     **TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b)
of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein),
you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any
interference with, any such property or pay over or otherwise dispose of any such debt except as
provided in Section 5222.

     **TAKE FURTHER NOTICE** that this notice also covers all property in which Nova
Group and/or the Charter Oak Trust Welfare Benefit Plan has an interest hereafter coming into
your possession or custody, and all debts hereafter coming due from you to Nova Group and/or
the Charter Oak Trust Welfare Benefit Plan.

EXHIBIT
8

# CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, NY
Dated: July 30, 2012

LOEB & LOEB LLP

By: _[signature]_

Paula K. Colbath (PC-9895)
Michael Barnett (MB-7686)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Judgment Creditor*
*Universitas Education, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                                      Petitioner,

                -against-

NOVA GROUP, INC.,

                          Respondent.
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/7/12

11 **CIVIL** 1590 (LTS)(HBP)

**JUDGMENT**

# 12, 1003

Petitioner Universitas Education, LLC having moved to confirm a January 24, 2011 Phase I arbitration award against Respondent Nova Group, Inc.; Respondent having cross-moved to vacate the award, and the matter having been brought before the Honorable Laura T. Swain, United States District Judge, and the Court, on June 5, 2012, having issued its Memorandum Order granting the petition for confirmation of the Award, denying Respondent's cross-motion for vacatur of the Award is denied, and directing the Clerk of Court to enter judgment confirming the January 24, 2011, Phase I Arbitration Award, awarding Petitioner $26,558,308.36, plus interest thereon from January 24, 2011, at the rate of 10% per annum ($3,623,571.94), for a total judgment of $30,181,880.30, and closing this case as well as the member case, No. 11 Civ. 8726, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Order dated June 5, 2012, the petition for confirmation of the award is granted; Respondent's cross-motion for vacatur of the Award is denied; and judgment is entered confirming the January 24, 2011, Phase I Arbitration Award, awarding Petitioner $26,558,308.36, plus interest thereon from January 24, 2011, at the rate of 10% per annum ($3,623,571.94), for a total judgment of $30,181,880.30; accordingly, this case is closed as well as the member case, No. 11 Civ. 8726.

**Dated:** New York, New York
June 7, 2012

RUBY J. KRAJICK

BY:
_____
Clerk of Court

_____
Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| Universitas Education, LLC (judgment creditor) | ) |
| *Plaintiff* | ) |
| v. | ) |
| Nova Group, Inc., as trustee, sponsor and fiduciary | ) |
| of the Charter Oak Trust (judgment debtors) | ) |
| *Defendant* | ) |

Civil Action No.   11-1590-LTS-HBP

(If the action is pending in another district, state where:
                                                                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Avon Capital, LLC, 100 Grist Mill Road, Simsbury, Connecticut 06070

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Schedule A attached hereto.

| Place: Boies Schiller & Flexner LLP<br>333 Main Street<br>Armonk, NY 10504 | Date and Time:<br><br>08/17/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    07/30/2012

CLERK OF COURT

_____          OR    _____
Signature of Clerk or Deputy Clerk                                  Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Universitas Education, LLC (judgment creditor) _____, who issues or requests this subpoena, are:
Michael Barnett (MB7686), Loeb & Loeb LLP, 345 Park Avenue, 18th Floor, New York, NY 10154
Phone: 212-407-4163; Email: mbarnett@loeb.com

Case 5:14-cr-00005-HE-BP Document 57-10.8 Filed 04/15/16 Page 6 of 14
Appellate Case 1:19-cv-09015-LTS-HBP Document 149-8 Filed 18/16/12 Page 7 of 39
Appellate Case 26-6018 Document 889823 Date Filed 02/20/2023 Page: 158

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-1590-LTS-HBP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                  _____
                                                        *Printed name and title*

                                                  _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)**

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A – AVON CAPITAL, LLC

## DOCUMENT REQUESTS

### Definitions

A.     Unless otherwise noted, each document request covers the time period of June 1, 2008 to the present.

B.     These document requests incorporate the Uniform Definitions set out in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York.

C.     "Nova Group, Inc." and "Nova Group" refer to a Delaware corporation that has a business address at 100 Grist Mill Road, Simsbury, Connecticut.

D.     "Charter Oak Trust" refers to the Charter Oak Trust Welfare Benefit Plan, which may bear the federal Tax Identification Number ████████5830.

E.     "Grist Mill Capital, LLC" and "Grist Mill Capital" refer to a Delaware corporation that has a business address at 100 Grist Mill Road, Simsbury, Connecticut.

F.     "Avon Capital, LLC" and "Avon Capital" refer to a Connecticut corporation that has a business address at 100 Grist Mill Road, Simsbury, Connecticut.

G.     "Trustee Wayne H. Bursey" and "Wayne H. Bursey as Trustee" refer to Wayne H. Bursey, who is believed to reside at ████████████ Bloomfield, Connecticut, in his capacity as President of Nova Group and/or Trustee of the Charter Oak Trust.

H.     Daniel E. Carpenter refers to an individual, believed to be residing at ████████ ████████ in West Simsbury, Connecticut, who is or was an officer or director of Nova Group, and who is or was an owner, officer or director of Grist Mill Capital.

### Document Requests

1.     Balance sheets, income statements, inventories, profit and loss statements, and all other documents and information showing the assets, property, expenses and liabilities of Nova Group, the Charter Oak Trust and/or Trustee Wayne H. Bursey.

2.     Copies of all bank statements, checks and wire transfers for any bank, brokerage or trust accounts standing in the name or for the benefit of Nova Group, the Charter Oak Trust and/or Trustee Wayne H. Bursey.

3.     Copies of all bank statements, checks and wire transfers for any bank, brokerage or trust accounts in which Nova Group and/or the Charter Oak Trust has or had an interest, whether under the name of Nova Group, the Charter Oak Trust and/or Trustee Wayne H. Bursey, under another name or nominee, or in association with others.

4.    Any other documents (not already requested in the requests set forth above) that have or may contain information concerning the identity, location and value of the property, income or assets of Nova Group and/or the Charter Oak Trust, including copies of all insurance policies held by Nova Group and/or the Charter Oak Trust, and copies of all insurance policies for which Nova Group, the Charter Oak Trust and/or Trustee Wayne H. Bursey is a beneficiary or owner.

5.    Documents sufficient to show the amount of money, funds and/or property being held at or by Avon Capital, for the benefit or as nominee of Nova Group, the Charter Oak Trust and/or Wayne H. Bursey as Trustee.

6.    Documents sufficient to show the amount of money that Nova Group, the Charter Oak Trust and Trustee Wayne H. Bursey each owes to Avon Capital.

7.    Copies of any charts, matrices or other documents that have been created any time since January 1, 2006 and identify any individual or entity that has or once had an ownership interest in Avon Capital.

8.    Copies of any charts, matrices or other documents showing the corporate affiliations and/or relationships of Nova Group and/or the Charter Oak Trust, and their affiliates and/or nominees.

9.    Copies of any charts, matrices or other documents showing the corporate affiliations and/or relationships of Avon Capital, and their affiliates and/or nominees.

10.    All escrow agreements or arrangements relating to or for the benefit of Avon Capital, Nova Group, the Charter Oak Trust, Wayne H. Bursey as Trustee, Daniel E. Carpenter and/or Grist Mill Capital, LLC.

11.    All documents evidencing and/or explaining investments of or distributions from the Charter Oak Trust.

12.    Copies of all communications with Christiana Bank & Trust Company and/or WSFS Bank.

13.    Copies of all agreements for loans and/or lines of credit, and all security agreements, funding agreements and/or promissory notes:

      A.    Between, among or by the Charter Oak Trust and any other individual or entity, including (but not limited to) Benistar Admin. Services, Inc., Grist Mill Capital, LLC, Plainfield Asset Management LLC,  Caldwell Funding Corporation, Caldwell Life Strategies Corporation, Caldwell Life Holdings LLC, Caldwell Life Strategies LLC, Ridgewood Finance Inc., Ridgewood Finance II LLC, or Avon Capital, LLC; and

      B.    Between, among or by Nova Group and any other individual or entity, including (but not limited to) Benistar Admin. Services, Inc., Grist Mill

Capital, LLC, Plainfield Asset Management LLC,  Caldwell Funding
Corporation, Caldwell Life Strategies Corporation, Caldwell Life
Holdings LLC, Caldwell Life Strategies LLC, Ridgewood Finance Inc.,
Ridgewood Finance II LLC, or Avon Capital, LLC.

C.  Between, among or by Avon Capital and any other individual or entity,
including (but not limited to) Benistar Admin. Services, Inc., Grist Mill
Capital, LLC, Plainfield Asset Management LLC,  Caldwell Funding
Corporation, Caldwell Life Strategies Corporation, Caldwell Life
Holdings LLC, Caldwell Life Strategies LLC, Ridgewood Finance Inc., or
Ridgewood Finance II LLC.

14.     Documents showing all transactions between or among the Charter Oak Trust
and:

A.  Nova Group;

B.  Trustee Wayne H. Bursey;

C.  Grist Mill Capital, LLC;

D.  Plainfield Asset Management LLC;

E.  Caldwell Funding Corporation;

F.  Caldwell Life Strategies Corporation;

G.  Caldwell Life Holdings LLC;

H.  Caldwell Life Strategies LLC;

I.   Ridgewood Finance Inc.;

J.   Ridgewood Finance II LLC;

K.  Grist Mill Capital;

L.  Avon Insurance Welfare Benefit Plan;

M. Christiana Bank & Trust Company;

N.  WSFS Bank;

O.  TD Bank;

P.  Bank of America;

3

Q. M&T Bank

R. Wayne H. Bursey;

S. Molly Carpenter;

T. Daniel E. Carpenter; or

U. Donald J. Trudeau

15. Documents showing all transactions between or among Nova Group and:

A. The Charter Oak Trust;

B. Wayne H. Bursey as Trustee;

C. Grist Mill Capital, LLC;

D. Plainfield Asset Management LLC;

E. Caldwell Funding Corporation;

F. Caldwell Life Strategies Corporation;

G. Caldwell Life Holdings LLC;

H. Caldwell Life Strategies LLC;

I. Ridgewood Finance Inc.;

J. Ridgewood Finance II LLC;

K. Avon Capital, LLC;

L. Avon Insurance Welfare Benefit Plan;

M. Christiana Bank & Trust Company;

N. TD Bank;

O. Bank of America;

P. WSFS Bank;

Q. M&T Bank

4

R.  Molly Carpenter;

S.  Wayne H. Bursey;

T.  Daniel E. Carpenter; or

U.  Donald J. Trudeau

16.    Documents showing all transactions between or among Trustee Wayne H. Bursey and:

A.  Nova Group;

B.  Charter Oak Trust;

C.  Grist Mill Capital, LLC;

D.  Plainfield Asset Management LLC;

E.  Caldwell Funding Corporation;

F.  Caldwell Life Strategies Corporation;

G.  Caldwell Life Holdings LLC;

H.  Caldwell Life Strategies LLC;

I.  Ridgewood Finance Inc.;

J.  Ridgewood Finance II LLC;

K.  Avon Capital, LLC;

L.  Avon Insurance Welfare Benefit Plan;

M.  Christiana Bank & Trust Company;

N.  TD Bank;

O.  Bank of America;

P.  WSFS Bank;

Q.  M&T Bank

5

R.  Molly Carpenter;

S.  Wayne H. Bursey;

T.  Daniel E. Carpenter; or

U.  Donald J. Trudeau.

17.     Documents showing all transactions between or among Avon Capital and:

A.  Nova Group;

B.  Charter Oak Trust;

C.  Wayne H. Bursey as Trustee;

D.  Plainfield Asset Management LLC;

E.  Caldwell Funding Corporation;

F.  Caldwell Life Strategies Corporation;

G.  Caldwell Life Holdings LLC;

H.  Caldwell Life Strategies LLC;

I.  Ridgewood Finance Inc.;

J.  Ridgewood Finance II LLC;

K.  Avon Capital, LLC;

L.  Avon Insurance Welfare Benefit Plan;

M. Christiana Bank & Trust Company;

N.  TD Bank;

O.  Bank of America;

P.  WSFS Bank;

Q.  M&T Bank

R.  Molly Carpenter;

6

Case 5:14-cr-00005-HE Document 57-10 Filed 04/15/16 Page 11 of 14
Case 1:15-cv-01990-TSE-IDD Document 18-1 Filed 08/10/12 Page 15 of 39
Appellate Case: 16-6078 Document: 01011993238 Date Filed: 02/28/2025 Page: 166

S.  Wayne H. Bursey;

T.  Daniel E. Carpenter; or

U.  Donald J. Trudeau

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

      Petitioner/Judgment Creditor,

v.

                                       Case No. 14-FJ-5-HE

NOVA GROUP, INC.,

and

AVON CAPITAL, LLC, a Connecticut
limited liability company,

      Respondents/Judgment Debtors.

## AFFIDAVIT OF ALAN L. RUPE

STATE OF KANSAS        )
                             ) ss.
COUNTY OF SEDGWICK    )

    I, Alan L. Rupe, being first duly sworn upon oath, hereby state and affirm as follows:

    1.    I am an attorney with the law firm Lewis Brisbois Bisgaard & Smith LLP and represent Avon Capital, LLC, a Wyoming limited liability company, in connection with the above captioned matter.

    2.    The statements in this affidavit are true and correct based upon my own personal knowledge.

4845-2952-4527.1

EXHIBIT
9

3.     Attached as Exhibit 1 is a true and correct copy of the January 20, 2016
email and attached correspondence I sent to Lysbeth George with copies to Judy Morse,
Paula K. Colbath, Melvin R. McVay, and Clayton Ketter.

4.     Attached as Exhibit 2 is a true and correct copy of the March 23, 2016
email and attached correspondence I sent to Melvin R. McVay and Clayton Ketter with
copies to Lysbeth George, Judy Morse, and Paula K. Colbath.

Dated this 1st day of April, 2016.

Alan L. Rupe

SUBSCRIBED AND SWORN to before me on this 1st day of April, 2016.

Notary Public

My Commission Expires: 12-28-19

ANA S. ROJAS
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 12-28-19

4845-2952-4527.1

2

## Rupe, Alan

| | |
|---|---|
| **From:** | Rupe, Alan |
| **Sent:** | Wednesday, January 20, 2016 3:29 PM |
| **To:** | 'lysbeth.george@crowedunlevy.com' |
| **Cc:** | 'judy.morse@crowedunlevy.com'; 'pcolbath@loeb.com'; 'mrmcvay@phillipsmurrah.com'; 'cdketter@phillipsmurrah.com'; Probasco, Angela |
| **Subject:** | Universitas Education, LLC v. Nova Group, Inc., W.D. Okla. No. 14-FJ-5 |
| **Attachments:** | Letter Rupe to George; 1-20-16; Execution of Judgment Against Avon Capital CT.pdf |

Ms. George, please see attached. Thanks. alan



**Alan L. Rupe**
**Wichita and Kansas City Managing Partner | Vice Chair**
**Employment and Labor Practice**
Alan.Rupe@lewisbrisbois.com

1605 North Waterfront Parkway, Suite 150          435 Nichols Road, Suite 200
Wichita, KS 67206                                 Kansas City, MO 64112

LewisBrisbois.com

**T: 316.609.7901 F: 316.462.5746 C: 316.304.8573**      **T: 816.299.4244 F: 816.299.4245 C: 316.304.8573**



Representing clients from coast to coast. View our nationwide locations.

EXHIBIT
9-1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1605 North Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316.609.7900
Fax: 316.462.5746

ALAN L. RUPE
DIRECT DIAL: 316.609.7901
ALAN.RUPE@LEWISBRISBOIS.COM

January 20, 2016

**VIA E-MAIL**

Lysbeth George
CROWE AND DUNLEVY
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
lysbeth.george@crowedunlevy.com

      Re:   *Universitas Education, LLC v. Nova Group, Inc.*, W.D. Okla. No. 14-FJ-5

Dear Ms. George:

      I am writing in response to your letter dated December 15, 2015 enclosing copies of a number of documents filed or served in the above referenced case ("Oklahoma Action"),[1] which involves the enforcement of an August 12, 2014 judgment entered in favor of Universitas Education, LLC ("Universitas") against several parties including "Avon Capital, LLC" in the United States District Court for the Southern District of New York, Case No. 1:11-cv-1590 ("New York Action"). Although the December 15, 2015 letter is addressed to me, the header on page 2 of the letter identifies "Avon Capital, LLC" as the recipient.

      Please be advised that this firm does not represent the judgment debtor in the Oklahoma Action and New York Action–"Avon Capital, LLC," a Connecticut limited liability

---

[1] (1) Clerk's Certification of a Judgment to be Registered in Another District (Docs. 1, 1-1, and 1-2); (2) Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property (Doc. 6); (3) Order for Avon Capital, LLC to Appear and Answer as to Assets and Injunction Forbidding Transfer or Other Disposition of Property (Doc. 14); (4) Amended Order resetting Hearing on Assets for January 27, 2016 (Doc. 15); (5) Subpoena to Asset Servicing Group, LLC to Appear at Hearing on Assets; (6) Writ of General Execution relating to Asset Servicing Group, LLC (Docs. 11-12); (7) Subpoena to SDM Holdings, LLC to Appear at Hearing on Assets; and (8) Writ of General Execution relating to SDM Holdings, LLC (Docs. 10 and 13).

ALBUQUERQUE • ATLANTA • BOSTON • CHARLESTON • CHICAGO • CLEVELAND • DALLAS • DENVER • FORT LAUDERDALE • FT. WRIGHT • HOUSTON • INDIAN WELLS

LAFAYETTE • LAWRENCEBURG • LAS VEGAS • LOS ANGELES • MADISON COUNTY • NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHILADELPHIA • PHOENIX

PITTSBURGH • PORTLAND • PROVIDENCE • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON • MERTON • WICHITA

4847-8216-2220.1

Lysbeth George
January 20, 2016
Page 2

company with an address of 100 Grist Mill Road, Simsbury, CT 06070 ("Avon Capital-CT").[2]

Nor does this firm represent the accountholder for TD Bank, N.A. Account No. ███████4689—"Avon Capital LLC," a Nevada limited liability company with an address of 100 Grist Mill Road, Simsbury, CT 06070 ("Avon Capital-NV"), which received the $6,710,065.92 in funds that are the subject of the August 12, 2014 judgment entered in the New York Action.[3]

This firm is not authorized to and does not accept service of any documents on behalf of Avon Capital-CT or Avon Capital-NV. Please refrain from sending any documents directed or addressed to Avon Capital-CT or Avon Capital-NV to me or anyone else at this firm.

That said, however, this firm does represent Avon Capital LLC, a Wyoming limited liability company with a business address of 300 1st Stamford Pl Ste 201, Stamford, CT 06902 ("Avon Capital-WY"), in connection with issues related to the Oklahoma Action. Despite the fact Avon Capital-WY was not a party to the New York Action and is a completely separate entity from the judgment creditor, Universitas served Avon Capital-WY's registered agent in Wyoming, Incorp Services, Inc., 1621 Central Ave., Cheyenne, WY 82001, with copies of documents in the Oklahoma Action.

These documents included a copy of the December 3, 2015 order directing the judgment debtor Avon Capital-CT to appear for a debtor's exam and bring an eight-page list of documents. Because Avon Capital-WY is not the judgment debtor and has not otherwise been properly served as a garnishee or in some other capacity in the Oklahoma Action, Avon Capital-WY will not be appearing for the debtor's exam or producing any documents in the eight-page list attached to the December 3, 2015 order.

For the same reasons, Avon Capital-WY objects to any continued or future efforts by Universitas to execute and satisfy the judgment it obtained against Avon Capital-CT on the assets of Avon Capital-WY.

---

[2]That the judgment debtor is Avon Capital-CT is evidenced by documents filed in the New York Action. *See, e.g.,* S.D.N.Y. No. 1:11-cv-1590, Doc. 118-1, page 9 (referring to Avon Capital LLC as a Connecticut corporation).

[3]The evidence submitted by Universitas in the New York Action in support of its judgment against Avon Capital-CT consists of a November 11, 2009 deposit into a TD Bank, N.A. account opened by Avon Capital-NV. *See* S.D.N.Y. No. 1:11-cv-1590, Doc. 216-4, pages 21 and 23-27 (TD Bank, N.A. documents identifying Avon Capital-NV as the accountholder).

---

4847-8216-2220.1

Lysbeth George
January 20, 2016
Page 3


     Please direct any future correspondence to Avon Capital-WY related to the Oklahoma Action or any other issues discussed in this letter to me.

Very truly yours,


Alan L. Rupe of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:    Judy Hamilton Morse (via email judy.morse@crowedunlevy.com)
      Paula K. Colbath (via email pcolbath@loeb.com)
      Melvin McVay (via email mrmcvay@phillipsmurrah.com)
      Clayton Ketter (via email cdketter@phillipsmurrah.com)

## Rupe, Alan

| | |
|---|---|
| **From:** | Rupe, Alan |
| **Sent:** | Wednesday, March 23, 2016 5:12 PM |
| **To:** | 'mrmcvay@phillipsmurrah.com'; 'cdketter@phillipsmurrah.com' |
| **Cc:** | 'lysbeth.george@crowedunlevy.com'; 'judy.morse@crowedunlevy.com'; 'pcolbath@loeb.com'; Probasco, Angela |
| **Subject:** | Universitas Education, LLC v. Nova Group, Inc. |
| **Attachments:** | Letter Rupe to George; 1-20-16; Execution of Judgment Against Avon Capit....pdf; Letter Rupe to McVay; Production of Documents; 3-23-16.pdf |

Counsel, please see attached.  Thanks. alan



**Alan L. Rupe**
**Wichita and Kansas City Managing Partner | Vice Chair**
**Employment and Labor Practice**
Alan.Rupe@lewisbrisbois.com

1605 North Waterfront Parkway, Suite 150
Wichita, KS 67206

**T: 316.609.7901  F: 316.462.5746  C: 316.304.8573**



LewisBrisbois.com

Admitted in Arkansas, Kansas, Missouri,
Oklahoma, and Texas

435 Nichols Road, Suite 200
Kansas City, MO 64112

**T: 816.299.4244  F: 816.299.4245**

Representing clients from coast to coast. View our nationwide locations.

EXHIBIT
9-2

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1605 North Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316.609.7900
Fax: 316.462.5746

ALAN L. RUPE
DIRECT DIAL: 316.609.7901
ALAN.RUPE@LEWISBRISBOIS.COM

January 20, 2016

**VIA E-MAIL**

Lysbeth George
CROWE AND DUNLEVY
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
lysbeth.george@crowedunlevy.com

Re:    *Universitas Education, LLC v. Nova Group, Inc.*, W.D. Okla. No. 14-FJ-5

Dear Ms. George:

I am writing in response to your letter dated December 15, 2015 enclosing copies of a number of documents filed or served in the above referenced case ("Oklahoma Action"),[1] which involves the enforcement of an August 12, 2014 judgment entered in favor of Universitas Education, LLC ("Universitas") against several parties including "Avon Capital, LLC" in the United States District Court for the Southern District of New York, Case No. 1:11-cv-1590 ("New York Action"). Although the December 15, 2015 letter is addressed to me, the header on page 2 of the letter identifies "Avon Capital, LLC" as the recipient.

Please be advised that this firm does not represent the judgment debtor in the Oklahoma Action and New York Action–"Avon Capital, LLC," a Connecticut limited liability

---

[1](1) Clerk's Certification of a Judgment to be Registered in Another District (Docs. 1, 1-1, and 1-2); (2) Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property (Doc. 6); (3) Order for Avon Capital, LLC to Appear and Answer as to Assets and Injunction Forbidding Transfer or Other Disposition of Property (Doc. 14); (4) Amended Order resetting Hearing on Assets for January 27, 2016 (Doc. 15); (5) Subpoena to Asset Servicing Group, LLC to Appear at Hearing on Assets; (6) Writ of General Execution relating to Asset Servicing Group, LLC (Docs. 11-12); (7) Subpoena to SDM Holdings, LLC to Appear at Hearing on Assets; and (8) Writ of General Execution relating to SDM Holdings, LLC (Docs. 10 and 13).

---

ALBUQUERQUE • ATLANTA • BOSTON • CHARLESTON • CHICAGO • CLEVELAND • DALLAS • DENVER • FORT LAUDERDALE • FT. WRIGHT • HOUSTON • INDIAN WELLS
LAFAYETTE • LAWRENCEBURG • LAS VEGAS • LOS ANGELES • MADISON COUNTY • NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHILADELPHIA • PHOENIX
PITTSBURGH • PORTLAND • PROVIDENCE • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON • WASHINGTON D.C.
4847-8216-2220.1

Lysbeth George
January 20, 2016
Page 2

company with an address of 100 Grist Mill Road, Simsbury, CT 06070 ("Avon Capital-CT").[2]

     Nor does this firm represent the accountholder for TD Bank, N.A. Account No. ████4689–"Avon Capital LLC," a Nevada limited liability company with an address of 100 Grist Mill Road, Simsbury, CT 06070 ("Avon Capital-NV"), which received the $6,710,065.92 in funds that are the subject of the August 12, 2014 judgment entered in the New York Action.[3]

     This firm is not authorized to and does not accept service of any documents on behalf of Avon Capital-CT or Avon Capital-NV.  Please refrain from sending any documents directed or addressed to Avon Capital-CT or Avon Capital-NV to me or anyone else at this firm.

     That said, however, this firm does represent Avon Capital LLC, a Wyoming limited liability company with a business address of 300 1st Stamford Pl Ste 201, Stamford, CT 06902 ("Avon Capital-WY"), in connection with issues related to the Oklahoma Action. Despite the fact Avon Capital-WY was not a party to the New York Action and is a completely separate entity from the judgment creditor, Universitas served Avon Capital-WY's registered agent in Wyoming, Incorp Services, Inc., 1621 Central Ave., Cheyenne, WY 82001, with copies of documents in the Oklahoma Action.

     These documents included a copy of the December 3, 2015 order directing the judgment debtor Avon Capital-CT to appear for a debtor's exam and bring an eight-page list of documents.  Because Avon Capital-WY is not the judgment debtor and has not otherwise been properly served as a garnishee or in some other capacity in the Oklahoma Action, Avon Capital-WY will not be appearing for the debtor's exam or producing any documents in the eight-page list attached to the December 3, 2015 order.

     For the same reasons, Avon Capital-WY objects to any continued or future efforts by Universitas to execute and satisfy the judgment it obtained against Avon Capital-CT on the assets of Avon Capital-WY.

---

[2]That the judgment debtor is Avon Capital-CT is evidenced by documents filed in the New York Action. *See, e.g.*, S.D.N.Y. No. 1:11-cv-1590, Doc. 118-1, page 9 (referring to Avon Capital LLC as a Connecticut corporation).

[3]The evidence submitted by Universitas in the New York Action in support of its judgment against Avon Capital-CT consists of a November 11, 2009 deposit into a TD Bank, N.A. account opened by Avon Capital-NV.  *See* S.D.N.Y. No. 1:11-cv-1590, Doc. 216-4, pages 21 and 23-27 (TD Bank, N.A. documents identifying Avon Capital-NV as the accountholder).

---

Lysbeth George
January 20, 2016
Page 3


Please direct any future correspondence to Avon Capital-WY related to the Oklahoma Action or any other issues discussed in this letter to me.

Very truly yours,

Alan L. Rupe of
LEWIS BRISBOIS BISGAARD & SMITH LLP


cc:   Judy Hamilton Morse (via email judy.morse@crowedunlevy.com)
      Paula K. Colbath (via email pcolbath@loeb.com)
      Melvin McVay (via email mrmcvay@phillipsmurrah.com)
      Clayton Ketter (via email cdketter@phillipsmurrah.com)

4847-8216-2220.1

Appendix Page 185



**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

1605 North Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316.609.7900
Fax: 316.462.5746

**ALAN L. RUPE**
DIRECT DIAL: 316.609.7901
ALAN.RUPE@LEWISBRISBOIS.COM

March 23, 2016

**VIA E-MAIL**

Melvin R. McVay, Jr.
Clayton D. Ketter
Phillips Murrah
Corporate Tower
101 N. Robinson Avenue, 13th Floor
Oklahoma City, OK 73102
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com

      Re:    *Universitas Education, LLC v. Nova Group, Inc.*, W.D. Okla. No. 14-FJ-5

Dear Messrs. McVay and Ketter:

      As you know, this firm represents Avon Capital LLC, a Wyoming limited liability company ("Avon Capital-WY"), in connection with issues related to the above referenced case ("Oklahoma Action"), which involves the enforcement of an August 12, 2014 judgment entered in favor of Universitas Education, LLC ("Universitas") against several parties including "Avon Capital, LLC," a Connecticut limited liability company ("Avon Capital-CT"),[1] in the United States District Court for the Southern District of New York, Case No. 1:11-cv-1590 ("New York Action").

      In my January 20, 2016 letter addressed to counsel for Universitas Education, LLC ("Universitas") and copied to you as counsel for Asset Servicing Group, LLC, I explained that Avon Capital-WY was not a party to the New York Action and is a completely separate entity from the judgment creditor Avon Capital-CT.[2] I also explained that Avon Capital-WY is a completely separate entity from Avon Capital LLC, a Nevada limited liability company

---

[1]That the judgment debtor is Avon Capital-CT is evidenced by documents filed in the New York Action. *See, e.g.*, S.D.N.Y. No. 1:11-cv-1590, Doc. 118-1, page 9 (referring to Avon Capital LLC as a Connecticut corporation).

[2]A copy of the January 20, 2016 letter is enclosed for ease of reference.

ALBUQUERQUE • ATLANTA • BOSTON • CHARLESTON • CHICAGO • CLEVELAND • DALLAS • DENVER • FORT LAUDERDALE • FT. WRIGHT • HOUSTON • INDIAN WELLS

LAFAYETTE • LAWRENCEBURG • LAS VEGAS • LOS ANGELES • MADISON COUNTY • NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHILADELPHIA • PHOENIX

PITTSBURGH • PORTLAND • PROVIDENCE • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON • WASHINGTON D.C. • WICHITA

4847-8450-2063.1

Messrs. McVay and Ketter
March 23, 2016
Page 2


("Avon Capital-NV"), which received the $6,710,065.92 in funds that are the subject of the August 12, 2014 judgment entered in the New York Action.[3]

On March 17, 2016, Asset Servicing Group, LLC and Universitas filed a joint motion for protective order to protect confidential information and records that have been requested by Universitas in a records subpoena issued to and served on Asset Servicing Group, LLC. As a result of the filing of this motion, Avon Capital-WY learned for the first time that Asset Servicing Group, LLC may intend to produce documents to Universitas regarding SDM Holdings, LLC ("SDM") and SDM's assets.

As advised in the January 20, 2016 letter, Avon Capital-WY objects to any continued or future efforts by Universitas to execute and satisfy the judgment it obtained against Avon Capital-CT on the assets of Avon Capital-WY. Avon Capital-WY owns 100% of the membership interests in SDM. Neither Avon Capital-CT nor Avon Capital-NV has any affiliation to or ownership interest in SDM. Consequently, information and documents related to SDM and SDM's assets are not relevant in any respect to the August 12, 2014 judgment entered in the New York Action.

Avon Capital-WY objects to any production of information related to SDM's assets to Universitas because neither Avon Capital-CT nor Avon Capital-NV has any affiliation to or ownership interest in SDM; only Avon Capital-WY does.

Very truly yours,

Alan L. Rupe of
LEWIS BRISBOIS BISGAARD & SMITH LLP

Enclosure

cc:    Lysbeth George (via email lysbeth.george@crowedunlevy.com)
       Judy Hamilton Morse (via email judy.morse@crowedunlevy.com)
       Paula K. Colbath (via email pcolbath@loeb.com)

_____

[3]The evidence submitted by Universitas in the New York Action in support of its judgment against Avon Capital-CT consists of a November 11, 2009 deposit into a TD Bank, N.A. account opened by Avon Capital-NV. *See* S.D.N.Y. No. 1:11-cv-1590, Doc. 216-4, pages 21 and 23-27 (TD Bank, N.A. documents identifying Avon Capital-NV as the accountholder).

4847-8450-2063.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

     Petitioner/Judgment Creditor,

v.                                                          Case No. 14-FJ-5-HE

NOVA GROUP, INC.,

and

AVON CAPITAL, LLC, a Connecticut
limited liability company,

     Respondents/Judgment Debtors.

**AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY'S
DISCLOSURE STATEMENT IDENTIFYING CONSTITUENTS OF LLC**

     Pursuant to LCvR7.1.1, notice is hereby given by counsel of record for Avon Capital,

LLC, a Wyoming limited liability company ("Avon Capital-WY") of the following:

     1.    Donald Trudeau and Caroline Financial Group, Inc. are the members of Avon

Capital-WY.

     Dated this 15th day of April, 2016.

                          By:  **/s/ Alan L. Rupe**
                                Alan L. Rupe, OBA No. 20440
                                LEWIS BRISBOIS BISGAARD & SMITH LLP
                                1605 N. Waterfront Parkway, Suite 150
                                Wichita, Kansas 67206
                                Telephone: 316-609-7900
                                Facsimile: 316-462-5746
                                alan.rupe@lewisbrisbois.com

                                *Attorney for Avon Capital, LLC, a Wyoming*
                                *limited liability company*

4826-7603-0767

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2016, I electronically transmitted attached

document to the Clerk of Court using the ECF System for filing.  Based on the records currently on

file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF

registrants:

Judy H. Morse
Lysbeth L. George
CROWE & DUNLEVY
Braniff Building
324 N. Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 272-5242
judy.morse@crowedunlevy.com
lysbeth.george@crowedunlevy.com

and

Paula K. Colbath
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Facsimile: (212) 407-4990
pcolbath@loeb.com
*Attorneys for Universitas Education, LLC*

Clayton D. Ketter
Melvin R. McVay, Jr.
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrmcvay@phillipsmurrah.com
cdketter@phillpsmurrah.com
*Attorneys for Garnishee Asset Servicing Group, LLC*

**/s/ Alan L. Rupe**
Alan L. Rupe, 20440

Appellate Case: 16-6056   Document: 01019823387   Date Filed: 02/26/2017   Page: 181

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.     UNIVERSITAS EDUCATION, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  14-FJ-00005-HE |
| | ) | |
| 1.     NOVA GROUP, INC., and | ) | |
| 2.     AVON CAPITAL, LLC, a Connecticut | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>APPEARANCE OF COUNSEL</u>

To the Clerk of This Court and All Parties of Record:

Gerald P. Green, of the law firm of Pierce Couch Hendrickson Baysinger & Green, L.L.P., hereby enters his appearance as counsel of record for Avon Capital, LLC, a Wyoming limited liability company.

I certify that I am admitted to practice in this court and am registered to file documents electronically with this court.

Dated:   April 15, 2016

s/ Gerald P. Green
Gerald P. Green
Oklahoma Bar No. 3563
Attorneys for Avon Capital, LLC
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
Post Office Box 26350
Oklahoma City, Oklahoma  73126
Telephone:  (405) 235-1611
Facsimile:   (405) 235-2904
jgreen@piercecouch.com

## CERTIFICATE OF SERVICE

     This is to certify that on April 15, 2016, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to all ECF registrants.

s/ Gerald P. Green
Gerald P. Green

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) |
| | ) |
| **Petitioner/Judgment Creditor,** | ) |
| | ) |
| v. | ) |
| | ) |
| NOVA GROUP, INC., | )   **Case No. 14-FJ-05-HE** |
| | ) |
| and | ) |
| | ) |
| AVON CAPITAL, LLC, a Connecticut limited liability company, | ) |
| | ) |
| **Respondents/Judgment Debtors.** | ) |

## ORDER

The court grants Respondent Avon Capital, a Wyoming limited liability company's ("Avon Capital-WY"), unopposed motion for leave in intervene. Doc. 56. The court orders Avon Capital-WY to file a motion for injunctive relief by October 6, 2016.

IT IS SO ORDERED this 29th day of September, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

      Petitioner/Judgment Creditor,

v.

NOVA GROUP, INC.,

and

AVON CAPITAL, LLC, a Connecticut
limited liability company,

      Respondents/Judgment Debtors.

Case No. 14-FJ-5-HE

## AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY'S MOTION FOR PERMANENT INJUNCTION AND BRIEF IN SUPPORT

Avon Capital, LLC, a Wyoming limited liability company ("Avon Capital-WY"), pursuant to Federal Rule of Civil Procedure 65 and LCvR7.1, hereby moves the Court for a permanent injunction prohibiting Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas Education") from satisfying its money judgment awarded by the United States District Court for the Southern District of New York in case number 1:11-cv-1590 ("New York Judgment") against Respondent/Judgment Debtor Avon Capital, LLC, a Connecticut limited liability company ("Avon Capital-CT") with assets belonging to the completely separate business entity Avon Capital-WY.  In support of this motion, Avon Capital-WY relies on the following opening brief and all pleadings and papers on file with this Court.

**OPENING BRIEF**

## I.    INTRODUCTION

Avon Capital-WY respectfully requests the Court enter a permanent injunction prohibiting Universitas Education from satisfying its New York Judgment with assets owned by Avon Capital-WY because Avon Capital-WY is not the judgment debtor and Universitas Education cannot properly execute its New York Judgment on assets of Avon Capital-WY in this ancillary proceeding.

## II.    BACKGROUND

### A.    The Three Distinct Avon Capital, LLCs

On June 6, 2006, Avon Capital, a Nevada limited liability ("Avon Capital-NV") filed articles of organization with the Nevada Secretary of State. (Doc. 57-1, page 4[1])  Avon Capital-NV's managing member was Grist Mill Capital LLC. (*Id.*) On November 21, 2006, Avon Capital-CT filed articles of organization with the Connecticut Secretary of State. (Doc. 57-2, page 1)  Avon Capital-CT's Tax Identification Number ends in 6827. (Doc. 57-5, page 1)

On May 18, 2007, Avon Capital-WY filed articles of organization with the Wyoming Secretary of State. (Doc. 57-6, page 1) Avon Capital-WY's Tax Identification Number ends with 1285. (Doc. 57-3, page 1) On December 30, 2009, Avon Capital-WY was assigned

---

[1] Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of documents filed in other actions. *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009). The Court may also take judicial notice of facts that are a matter of public record. *Van Woudenberg v. Gibson*, 211 F.3d 560 (10th Cir. 2000). Courts routinely take judicial notice of public documents filed with a secretary of state's office. *JP Morgan Trust Co., Nat'l Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp.2d 1244, 1258 (D. Kan. 2006).

100% of the membership interests in Garnishee SDM Holdings, LLC ("SDM"), an Oklahoma limited liability company.  (Doc. 57-4, pages 1-4)

**B.     Universitas Education's Judgment Against Nova and Avon Capital-CT**

On May 15, 2009, the Lincoln National Life Insurance Company paid the Charter Oak Trust $30 million in life insurance proceeds, plus interest, under two policies issued to Sash Spencer, who passed away in June 2008.  *Universitas Educ., LLC v. T.D. Bank, N.A.*, No. 15-cv-5643, 2015 U.S. Dist. LEXIS 170264, *1 (S.D.N.Y. Dec. 21, 2015); *Universitas Educ., LLC v. Nova Grp., Inc.*, Nos. 11 Civ. 1590 and 11 Civ. 8726,[2] 2013 U.S. Dist. LEXIS 165803, *4-5 (S.D.N.Y. Nov. 20, 2013).  Shortly thereafter, Respondent/Judgment Debtor Nova Group, Inc. ("Nova"), as the corporate trustee of the Charter Oak Trust, denied Universitas Education's claim as the sole, irrevocable beneficiary of the Charter Oak Trust to the life insurance proceeds.  *Universitas Educ.*, 2013 U.S. Dist. LEXIS 165803 at *5-6.

On May 18, 2009, the Charter Oak Trust deposited $30,677,276.85 into an account ending in 4548 at TD Banknorth.  (Doc. 57-7, page 1)  On May 20, 2009, Avon Capital-NV opened an account ending in 4689 at  TD Bank, N.A. ("TD Bank").  (Doc. 57-1, pages 1-5)  On October 27, 2009, the Charter Oak Trust withdrew $19,800,000.00 from the account ending in 4548 and transferred the funds to Grist Mill Capital's account ending in 4712.  (Doc. 57-8)  On November 11, 2009, Grist Mill Capital withdrew $6,710,065.92 from its

---

[2]S.D.N.Y. case numbers 11 Civ. 1590 and 11 Civ. 8726 were consolidated on November 16, 2011.  *Universitas Educ., LLC. v. Nova Group, Inc.*, No. 11 Civ. 1590, 2012  U.S. Dist. LEXIS 79295, at *3 (S.D.N.Y. June 5, 2012).

account and deposited the entire amount into Avon Capital-NV's TD Bank account ending in 4689.  (Doc. 57-9, page 1)

On June 17, 2010, Universitas Education commenced an arbitration against Nova, seeking to recover the life insurance proceeds paid by the Lincoln National Life Insurance Company to the Charter Oak Trust.  *Universitas Educ.*, 2013 U.S. Dist. LEXIS 165803 at *6. On January 24, 2011, Universitas Education recovered an arbitration award in the amount of $26,525,535.98 against Nova.  *Id.*  On June 5, 2012, the United States District Court for the Southern District of New York confirmed the arbitration award and on June 7, 2012, entered judgment in favor of Universitas Education in the total amount of $30,181,880.30 against Nova.  *Id.* at *7.  On July 30, 2012, in aid of execution of the June 7, 2012 judgment, Universitas Education issued a subpoena directed to Avon Capital-CT (Doc. 57-10, pages 5 and 8) for the production of certain business records based on Universitas Education's belief Avon Capital-CT "owe[d] a debt to Nova" or had possession of or access to property in which Nova has an interest.  (*Id.* at page 1)

On October 21, 2013, Universitas Education filed a motion for turnover of assets against several respondents, including Avon Capital-CT, pursuant to New York Civil Practice Law and Rules section 5225(b) and Federal Rule of Civil Procedure 69, as part of Universitas Education's continued efforts to execute on the June 7, 2012 judgment. *Universitas Educ., LLC v. Nova Group, Inc.*, Nos. 11-cv-1590 and 11-cv-8726, 2014 U.S. Dist. LEXIS 109077, *3-4 (S.D.N.Y. Aug. 7, 2014).  On August 7, 2014, the court entered an order finding the November 11, 2009 transfer from Grist Mill Capital to Avon Capital-NV's TD Bank account to be a fraudulent conveyance of life insurance proceeds originally

paid to the Charter Oak Trust. *Id.* at *32. In the same August 7, 2014 order, the court denied Avon Capital-CT's and the other respondents' motion to dismiss based on lack of personal jurisdiction, specifically noting the "Turnover Respondents" were all "entities formed in Delaware and Connecticut." *Id.* at *22. On August 15, 2014, the court entered the New York Judgment in favor of Universitas Education against Avon Capital-CT in the amount of $6,710,065.92. *Id.* at *33.

## C.     Procedural Background

On November 7, 2014, Universitas Education registered the New York Judgment with this court and commenced the instant ancillary proceeding. (Doc. 1) On November 11, 2015, Universitas Education filed a Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property. (Doc. 6) Universitas Education identified "Avon Capital, LLC" as the judgment debtor. (*Id.*) On December 3, 2015, the Court issued an order for the judgment debtor "Avon Capital, LLC" to appear at a debtor's exam on January 7, 2016. (Doc. 14)

Also on December 3, 2015, the Clerk of the Court issued a post-judgment general garnishment summons that identified SDM as the Garnishee. (Doc. 13, page 1)   On December 8, 2015, Universitas Education served on Asset Servicing Group, LLC ("Asset Servicing Group") a subpoena to appear at a hearing on assets and a post-judgment general garnishment summons. (Doc. 22) Asset Servicing Group provides administrative services for life insurance policies owned by SDM. (Doc. 31, page 1) In Asset Servicing Group's answer filed on December 17, 2015, to the garnishment, it asserted that it did not hold assets owned by the judgment debtor. (Doc. 24-1, page 1) It admitted to possessing property

owned by SDM, but asserted that it believed SDM was a separate and distinct legal entity from the judgment debtor.  (*Id.*)

On December 15, 2015, Avon Capital-WY's counsel received a letter from Universitas Education's counsel enclosing copies of several documents related to the enforcement of Universitas Education's judgment.  (Doc. 57-12, pages 1-4)  On January 20, 2016, counsel for Avon Capital-WY sent a letter in reply informing Universitas Education that his firm did not represent Avon Capital-CT or Avon Capital-NV.  (*Id.*)  In the letter, Avon Capital-WY objected to any future attempts by Universitas Education to satisfy its judgment against Avon Capital-CT with assets of Avon Capital-WY.  (*Id.*)

On February 8, 2016, Assert Servicing Group filed objections to an amended subpoena to appear at a hearing on assets.  (Doc. 31)  In part, it argued that the subpoena sought disclosure of confidential information and that no protective order had been entered in the case. (*Id.*, page 3)  On March 17, 2016, Asset Servicing Group filed a motion for entry of an agreed protective order with Universitas Education's approval governing the production of confidential or proprietary information.  (Doc. 36)  The Court entered the protective order on March 18, 2016.  (Doc. 38)

In another letter dated March 23, 2016, Avon Capital-WY's counsel advised counsel for Universitas Education and Asset Servicing Group that on March 17, 2016, Avon Capital-WY learned for the first time that Asset Servicing Group may intend to produce documents to Universitas Education regarding SDM.  (Doc. 57-13, pages 5-6)  Avon Capital-WY's counsel reiterated in the letter that Avon Capital-WY is not the same entity as Avon Capital-CT or Avon Capital-NV.  (*Id.*)

4839-0808-7354.1

6

On March 31, 2016, Universitas Education filed a motion for contempt and to compel the judgment debtor "Avon Capital, LLC" and SDM to comply with the Court's order to appear, asserting that the "Judgment Debtor" failed to appear or produce the requested documents.  (Doc. 40, pages 1 and 3)  The Court later ordered "Judgment Debtor Avon Capital, LLC" to appear on April 18, 2016 and show cause why it did not comply with the Court's order. (Doc. 42, page 2)  It also ordered SDM to appear at the same hearing and show cause why it did not comply with the subpoena directed at it.  (*Id.*)

On April 15, 2016, Avon Capital-WY filed a motion to intervene and brief in support. (Doc. 56)  Universitas Education responded, but did not oppose Avon Capital-WY's intervention.  (Doc. 70)  The district court granted Avon Capital-WY's motion to intervene on September 29, 2016.  (Doc. 71)

## III.   LEGAL STANDARD FOR PERMANENT INJUNCTION

A permanent injunction requires the moving party to establish "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Wyoming v. USDA*, 661 F.3d 1209, 1272 (10th Cir. 2011).

## IV.   ARGUMENT

### A.   Because Avon Capital-WY Is Not Bound by the New York Judgment, It Succeeds on the Merits.

"It is a fundamental rule of civil procedure that one who was not a party to an action is not bound by the judgment." *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008).  Avon

Capital-WY was not a party to the litigation that resulted in the New York Judgment. *Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *22. The postjudgment turnover order issued by the United States District Court for the Southern District of New York referred only to Delaware and Connecticut entities, making it clear that Avon Capital-WY was not a party to that order. *Id.* Therefore, Avon Capital-WY is not bound by the New York Judgment. To hold otherwise would violate Avon Capital-WY's due process rights because "a decision purporting to bind, to the findings of an earlier action, third parties who had no notice or right to be heard deprives those third parties of property without due process." *Dowell v. Dennis*, 998 P.2d 206, 212 (Okla. Civ. App. 2000) (citing *Schmidt v. Ret. Bd. of San Francisco City & Cnty Emps.*, 37 Cal. App. 4th 1204 (1995)). Because Avon Capital-WY owns 100% of the membership interests in SDM (Doc. 57-3, page 2), any attempt to enforce the New York Judgment against assets owned by SDM is improper. (Doc. 57-3, page 2)

**B.     In the Alternative, Avon Capital-WY Succeeds on the Merits Because Universitas Education Cannot Pursue Assets of Avon Capital-WY With a Rule 69 Motion.**

Avon Capital-WY also succeeds on the merits here because Universitas Education's attempt to execute its New York Judgment on assets owned by Avon Capital-WY is procedurally improper. Federal Rule of Civil Procedure 69, which governs execution of judgments, "defers to state law to provide methods for collecting judgments." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1235 (10th Cir. 2000) (internal quotations and citations omitted). In Universitas Education's motion for an order requiring Avon Capital-CT to appear, it relied on 12 O.S. § 842. (Doc. 6) That statute allows a

judgment creditor to subpoena a judgment debtor or any other person to appear and answer

questions concerning the debtor's assets.  12 O.S. § 842(B)(1)-(2).

Significantly, the statute does not authorize a judgment creditor to subpoena a

nonparty to answer questions concerning the nonparty's assets.  *See* 12 O.S. § 842.

Oklahoma law stands in stark contrast to New York Civil Practice Law and Rules section

5225(b), which Universitas Education relied on in conjunction with Rule 69 in the United

States District Court for the Southern District of New York to obtain the turnover order

against Avon Capital-CT.  *Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *3-4.  New

York Civil Practice Law and Rules section 5225(b) allows a judgment creditor to pursue

payment directly from nonparties who are transferees of money or property from the

judgment debtor, as long as the judgment creditor can establish that its right to the money or

property is superior to that of the transferee.  The Oklahoma statute relied on by Universitas

Education does not have any similar provisions.  *See* 12 O.S. § 842.

Given that Universitas Education can only pursue assets of a judgment debtor, it is

unclear what theory of liability it is asserting against Avon Capital-WY.  To the extent that

Universitas Education is suggesting that Avon Capital-WY is in possession of a judgment

debtor's assets or that Avon Capital-WY is the alter ego of Avon Capital-CT, the judgment

debtor, Universitas Education cannot assert such a claim in a Rule 69 motion.  In *Gilbert v.

DHC Dev., LLC*, No. 2:08-CV-258, 2013 U.S. Dist. LEXIS 131321, *32-33 (D. Utah

Sept. 12, 2013), the court noted that property in possession of an unnamed party may

properly be sought by a judgment creditor only if the unnamed party is an alter ego of the

judgment debtor or if there was a fraudulent transfer from the judgment debtor.  The court

specifically found that Utah law prohibited parties from asserting either theory of liability in the abbreviated post-judgment procedures of Rule 69. *Id.* at *34. It found that a defendant facing claims of alter ego liability or fraudulent transfers must be afforded due process in the form of a trial and the right to appeal. *Id.* at *36. "Absent due process, a court wields no power over an individual because a court only acquires jurisdiction over a party through proper service of process, which provides notice to the defendant that he is being sued and that he must appear and defend himself." *Id.* at *32.

Oklahoma courts have similarly indicated that "'in the absence of a fully developed factual record and adequate findings of fact [a court] cannot determine whether [an] equitable doctrine [of piercing the corporate veil] should be applied.'" *Sproles v. Gulfcor, Inc.*, 987 P.2d 454, 457 (Okla. Civ. App. 1999) (quoting *Micciche v. Billings*, 727 P.2d 367, 373 (Colo. 1986)). Oklahoma has also adopted the Uniform Fraudulent Transfer Act, 24 O.S. §§ 112-23 ("UFTA"). Its purpose is to give creditors a cause of action that provides an opportunity to invalidate fraudulent transfers by a debtor if the transfers put assets out of reach of creditors. *Estrada v. Kriz*, 345 P.3d 403, 411 (Okla. Civ. App. 2015). But "a cause of action for fraudulent transfers under the [Oklahoma UFTA] does not accrue until recovery of judgment against the debtor." *Boatright Family, LLC v. Reservation Ctr., Inc.*, No. CIV-13-192, 2014 U.S. Dist. LEXIS 142447, at *14-15 (W.D. Okla. Oct. 7, 2014). In other words, judgment creditors have the option of initiating separate actions against alleged fraudulent transferees, but they cannot simply allege the existence of fraudulent transfers during postjudgment proceedings. *See id.*

Universitas Education must first develop a factual record by which it can prove a cause of action showing that Avon Capital-WY is liable for the New York Judgment rendered against Avon Capital-CT before it can attempt to execute it on assets of Avon Capital-WY.  Universitas Education has not even attempted to develop such a record.  *See* docket.  Instead, it sought to circumvent Avon Capital-WY's due process rights by filing a motion for an order requiring the judgment debtor to appear without specifying which Avon Capital entity was the alleged judgment debtor.  (Doc. 6)  It then treated Avon Capital-WY as a judgment debtor without any factual basis to do so by serving documents on Avon Capital-WY aimed on enforcing the New York Judgment. (Doc. 33)  This is impermissible.

But even if it were permissible to attempt to establish liability on the part of Avon Capital-WY in a postjudgment Rule 69 motion, Universitas Education has not even attempted to do so.  In the New York action, Universitas Education never asserted any cause of action against Avon Capital-WY.  (Doc. 57-3, page 2)  Even in these ancillary proceedings, Universitas Education failed to explicitly name Avon Capital-WY as a judgment debtor or transferee of funds from any judgment debtor.  *See* docket.

### C.     Unless a Permanent Injunction Is Issued, Avon Capital-WY Will Suffer Irreparable Harm.

"It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979).  Injunctive relief is appropriate to prevent a due process violation from taking effect. *Seegmiller v. Accredited Home Lenders*, No. 2:11-cv-00771, 2011 U.S. Dist. LEXIS 120931, at *7-8 (D. Utah Oct. 19, 2011).  As discussed

above, Avon Capital-WY was not a party to the New York litigation, and Universitas

Education has not asserted any theory of liability that would bind Avon Capital-WY to the

New York Judgment against Avon Capital-CT.   Accordingly, unless this Court issues a

permanent injunction, Avon Capital-WY will suffer irreparable harm from the violation of

its due process rights.

### D.     A Permanent Injunction Would Not Harm the Public Interest.

Further, neither Universitas Education nor the public interest would be harmed or

adversely affected by this proposed injunction.  The New York Judgment did not establish

that Avon Capital-WY owes a debt to Universitas Education.  *See Universitas Educ.*, 2014

U.S. Dist. LEXIS 109077, at *22. Holding Avon Capital-WY liable for the New York

Judgment without affording it basic due process rights would not serve the public interest;  to

the contrary, the public interest is enhanced when litigants are afforded basic due process

protections.  *See Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1056 (5th Cir. 1997).  A

permanent injunction would merely prevent Universitas Education from taking actions that it

was never authorized to take in the first place.

### E.     Avon Capital-WY Is Not an Alter Ego of Any Judgment Debtor.

Universitas Education has not alleged that Avon Capital-WY is the alter ego of any

judgment debtor subject to the New York Judgment.  *See* docket.  If it wishes to do so, it will

bear the burden of proving that Avon Capital-WY's corporate veil should be pierced.  *Bloom*

*v. Express Servs.*, No. CIV-11-438, 2012 U.S. Dist. LEXIS 75522, at *9 (W.D. Okla.

May 31, 2012).  Universitas Education cannot meet that burden.

Under Wyoming law,[3] the veil of a limited liability company may only be pierced if "(1) the limited liability company is not only owned, influenced and governed by its members, but the required separateness has ceased to exist due to misuse of the limited liability company; and (2) the facts are such that an adherence to the fiction of its separate existence would, under the particular circumstances, lead to injustice, fundamental unfairness, or inequity." *GreenHunter Energy, Inc. v. W. Ecosystems Tech., Inc.*, 337 P.3d 454, 462 (Wyo. 2014). The Wyoming Supreme Court recently identified three factors that courts should consider in determining if both prongs of the test for piercing a limited liability company's veil have been met: (1) whether there has been fraud, (2) whether the limited liability company has inadequate capitalization, and (3) the degree to which the business and finances of the limited liability company and the members are intermingled. *Id.* at 463-64.

Given that Avon Capital-WY was never made a party to the lawsuit that led to the New York Judgment, Universitas Education has made no allegations against it of fraud, inadequate capitalization, or the intermingling of assets or finances. (Doc. 57-3, page 2) Avon Capital-WY has kept bank accounts and financial records entirely separate from those of its members. (*Id.*)

Finally, and most importantly, Wyoming law requires injustice or unfairness to be proven before a limited liability company's veil will be pierced. *GreenHunter Energy*, 337 P.3d at 464. No injustice or unfairness would result from continuing to recognize Avon

---

[3]Oklahoma courts follow the principles in the Restatement (Second) of Conflicts of Law that the law of the place of incorporation is applicable to veil-piercing issues. *See Clemmer v. Dist. of Columbia Grp.*, No. CIV-13-1335, 2014 U.S. Dist. LEXIS 52557, at *7-8 (W.D. Okla. Apr. 16, 2014).

Capital-WY as an entity separate and distinct from its owners or any other judgment debtors in this case. Universitas Education obtained a judgment against Avon Capital-CT and not Avon Capital-WY. *Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at \*22. Now, however, Universitas Education has changed its mind and wishes to execute the New York Judgment against SDM, an entity wholly owned by Avon Capital-WY. (Doc. 13)

Because Universitas Education did not plead any causes of action against Avon Capital-WY and did not join Avon Capital-WY as a defendant in its lawsuit seeking money damages, Universitas Education is not entitled to any judgment against Avon Capital-WY. *See Gilbert*, 2013 U.S. Dist. LEXIS 131321, at \*37 (plaintiffs were not entitled to judgment against a party they did not join as a defendant on a claim they did not plead at all). Given the complete lack of any adjudged liability on the part of Avon Capital-WY, it would not be fair to treat Avon Capital-WY as if it were a judgment debtor in this case.

## V.    CONCLUSION

Because Avon Capital-WY is not a judgment debtor in this action, the Court should grant this motion for permanent injunction prohibiting Universitas Education from attempting to enforce the New York Judgment against SDM or another other assets solely owned by Avon-Capital-WY.

Dated this 6th day of October, 2016.

Respectfully submitted,

By:    **s/ Alan L. Rupe**
Alan L. Rupe, OBA No. 20440
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206

(316) 609-7900
alan.rupe@lewisbrisbois.com

Angela Probasco, *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
435 Nichols Rd, Suite 200
Kansas City, MO 64112
(816) 299-4248
angela.probasco@lewisbrisbois.com

Gerald P. Green, OBA No. 3563
Pierce Couch Hendrickson Baysinger & Green
P.O. Box 26350
Oklahoma City, OK 73126
(405) 235-1611
jgreen@piercecouch.com

*Attorneys for Avon Capital, LLC, a Wyoming
limited liability company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2016 I electronically transmitted the attached document to the Court Clerk using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants:

Judy H. Morse
Lysbeth L. George
CROWE & DUNLEVY
Braniff Building
324 N. Robinson Avenue, Suite 100
Oklahoma City, OK 73102
judy.morse@crowedunlevy.com
lysbeth.george@crowedunlevy.com

Paula K. Colbath
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
*Attorneys for Universitas Education, LLC*

4839-0808-7354.1

15

Clayton D. Ketter
Melvin R. McVay, Jr.
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
mrmcvay@phillipsmurrah.com
cdketter@phillpsmurrah.com
*Attorneys for Garnishee Asset Servicing Group, LLC*

 **s/ Alan L. Rupe**
Alan L. Rupe, 20440

Appellate Case: 20-6078   Document: 010110898238   Date Filed: 07/28/2023   Page: 200

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | : |
| | : |
|     Petitioner/Judgment Creditor, | : |
| v. | : |
| | : Case No. 14-FJ-05-HE |
| | : |
| NOVA GROUP, INC., and AVON | : |
| CAPITAL, LLC, a Wyoming Limited | : |
| Liability Company, | : |
| | : |
| | : |
|     Respondents/Judgment Debtors. | : |

## UNIVERSITAS EDUCATION, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO AVON CAPITAL, LLC'S MOTION FOR A PERMANENT INJUNCTION

Lysbeth George, OBA #30562
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson, Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 272-5203
lysbeth.george@crowedunlevy.com

and

Paula K. Colbath
New York Bar #2461481
ADMITTED PRO HAC VICE
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Facsimile: (212) 253-4057
pcolbath@loeb.com

*Attorneys for Universitas Education, LLC*

# TABLE OF CONTENTS

**Page**

Table of Authorities .......................................................................................... ii

STATEMENT OF FACTS ................................................................................ 2

    A.    Universitas' Money Was Used by Avon to Purchase Its Interest in
          SDM Holdings, LLC and the Life Insurance Portfolio at Issue .................. 2

    B.    Background to Carpenter's Entangled Web ................................................ 3

    C.    Avon ........................................................................................................ 5

    D.    Universitas' Judgment Against Avon ...................................................... 8

ARGUMENT ................................................................................................... 9

I.      Avon Does Not Have Standing to Bring its Motion Because the LLC
        Was Dissolved in 2014 ............................................................................ 9

II.     Avon Is Estopped From Bringing This Motion Because Avon Failed to
        Oppose Universitas' Earlier Motion for an Injunction Against It ........................ 10

III.    Avon's Motion Should Not Be Granted as Avon Has Unclean Hands
        Because It Has Refused to Produce Any Documents and Failed to
        Appear at the Court-Ordered Hearing on Assets ................................................ 11

IV.    Contrary to Avon's Bare-Bone Assertions, Universitas' Judgment
        Encompasses Intervenor Avon, and Avon Has Not Put Forth a Single
        Document or Affidavit to Show Otherwise .......................................................... 12

V.      Avon Fails to Meet Any of the Criteria for a Permanent Injunction ................... 13

    A.    Avon Has Failed to Establish Irreparable Harm ...................................... 16

    B.    Avon Has Failed to Establish Actual Success on the Merits ..................... 17

    C.    Avon Has Failed to Establish that the Balance of Hardship
          Weighs in Its Favor ............................................................................... 18

    D.    Avon Has Failed to Establish that a Permanent Injunction Would
          Not Harm the Public Interest ................................................................. 19

CONCLUSION ................................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*A Plus Janitorial Co. v. Group Fox, Inc.*,
   2013 IL App (1st) 120245 (Ill. App. Ct. 1st Dist. 2013) .......................................... 10

*Bio-Thrust, Inc. v. Div. of Corps.*,
   2003 UT App 360 (Utah Ct. App. 2003) ...................................................................... 9

*Cousino v. City of Tulsa*,
   No. 12-CV-0223-CVE-TLW, 2012 U.S. Dist. LEXIS 58212
   (N.D. Okla. Apr. 26, 2012) ..................................................................................... 14, 15

*Daugomah v. Roberts*,
   No. CIV-16-1045-D, 2016 U.S. Dist. LEXIS 126100
   (W.D. Okla. Sept. 16, 2016) .................................................................................... 15, 16

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*,
   356 F.3d 1256 (10th Cir. 2004) ................................................................................. 16

*Iantosca v. Step Plan Servs.*,
   604 F.3d 24 (1st Cir. 2010) ........................................................................................ 4

*Korte Trucking Co. v. Broadway Ford Truck Sales, Inc.*,
   877 S.W.2d 218 (Mo. Ct. App. 1994) ....................................................................... 10

*Lee v. ConocoPhillips Co.*,
   No. CIV-14-1391-D, 2016 U.S. Dist. LEXIS 1269
   (W.D. Okla. Jan. 5, 2016) .......................................................................................... 16

*Merchants & Planters Bank & Trust Co. v. Massey*,
   790 S.W.2d 889 (Ark. 1990) ...................................................................................... 12

*Moran v. Avon Capital, LLC, a Wyoming Limited Liability Corporation*,
   Case No. 10-cv-00393-HE ......................................................................................... 7-8

*Parker Livestock LLC v. Oklahoma National Stock Yards Co.*,
   No. CIV-12-00983-R (W.D. Okla. May 17, 2013) .................................................... 9

*Peoples v. Norman Public Schools*,
   No. CIV-16-949-R, 2016 U.S. Dist. LEXIS 116362
   (W.D. Okla. Aug. 30, 2016) ....................................................................................... 14

*Planned Parenthood of Arkansas and Eastern Oklahoma v. Cline*,
   910 F. Supp. 2d 1300 (W.D. Okla. 2012) ................................................................ 18

*United States v. Carpenter*,
   736 F.3d 619 (1st Cir. 2013)...................................................................................... 2

*United States v. Carpenter*,
   No. 3:13-CR-00226 (RNC) (D. Conn. June 7, 2016) .................................................. 3

*Universitas Educ., LLC v. Nova Group, Inc.*,
   No. 11 Civ. 1590, 2016 U.S. Dist. LEXIS 72268
   (S.D.N.Y. Mar. 31, 2016)........................................................................................... 1

*Universitas Educ., LLC v. Nova Group, Inc.*,
   784 F.3d 99 (2d Cir. 2015) ........................................................................................ 5

*Universitas Educ., LLC v. Nova Group, Inc.*,
   No. 11-CV-1590-LTS-HBP, 2014 U.S. Dist. LEXIS 109077
   (S.D.N.Y. Aug. 7, 2014)......................................................................................3, 13

*Universitas Educ., LLC v. Nova Group, Inc.*,
   Nos. 11 Civ. 1590 (LTS) (HBP) and 11 Civ. 8726 (LTS) (HBP),
   2013 U.S. Dist. LEXIS 165803 (S.D.N.Y. Nov. 20, 2013) ........................................ 7

*White v. Jones*,
   No. Civ. 13-291-JHP-SPS, 2014 U.S. Dist. LEXIS 139674
   (E.D. Okla. Sept. 30, 2014) ................................................................................. 13-14

*Willis v. Discover Card Corp.*,
   2014 U.S. Dist. LEXIS 127234 (E.D. Okla. Sept. 11, 2014)......................... 14, 15-16

*Wilson v. State of Oklahoma*,
   No. 13-CIV-117-RAW, 2013 U.S. Dist. LEXIS 165000
   (E.D. Okl. Nov. 20, 2013) ....................................................................................... 16

**Statutes**

OK Stat § 18-2055.2 (2014) ....................................................................................... 9

Okla. Stat. tit. 12, § 842 ............................................................................................ 10

Petitioner and Judgment Creditor Universitas Education, LLC ("Universitas") respectfully submits this memorandum of law in opposition to intervenor Avon Capital, LLC's ("Avon") motion for not a preliminary, but a *permanent* injunction (the "Motion") – a Motion without a single supporting affidavit, and from a party who has refused to produce any documents or to appear for its Court-ordered Hearing on Assets.

It is critical to note at the outset that when Avon moved to intervene in this case, it appears that <u>Avon intentionally and incorrectly</u> added "Avon Capital, LLC, a Connecticut Limited Liability Company" to the caption of the case. *See* Dkt. 56. While the Avon entities are interwoven, it is Avon in Wyoming that sought to intervene in this Court but in an attempt to confuse the proceedings, unilaterally added Avon in Connecticut as the intervenor. Universitas has corrected the caption as reflected on this Memorandum, but wishes to inform the Court that other counsel in related cases have been sanctioned for such conduct. *See Universitas Educ., LLC v. Nova Group, Inc.*, No. 11 Civ. 1590, 2016 U.S. Dist. LEXIS 72268 (S.D.N.Y. Mar. 31, 2016) ("In an appeal from the denial of Nova [Group, Inc.]'s motion to dismiss, Nova's counsel also added Charter Oak Trust to the caption on the papers he submitted to the Court of Appeals (May 21, 2013 Decision, at 26). Nova's counsel's conduct was 'plainly fraudulent and [ran] afoul of Rule 11's requirement that 'factual contentions have evidentiary support'" (May 21, 2013 Decision, at 24-25, quoting Fed.R.Civ.P. 11(b)(3)). Further, the misrepresentations were 'strongly probative of [Nova's counsel's] bad faith [and] establish[ed] that his conduct was not an inadvertent mistake . . . .' (May 21, 2013 Decision, at 26)") (citing *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11 Civ. 1590, 2013 U.S. Dist. LEXIS 142902 (S.D.N.Y.

May 21, 2013)).

Regardless, Avon's Motion seeks the extraordinary and drastic remedy of a permanent injunction against Universitas, and should be denied for multiple reasons, including, the following: (1) It is arguable if Avon has standing to make this Motion because it was administratively dissolved in 2014; (2) Avon has not only refused to comply with Universitas' request for production of documents, but has failed to appear for its Court-mandated Hearing on assets; (3) Contrary to Avon's bare-bone assertions, Universitas' judgment encompasses intervenor Avon, and Avon has not put forth a single document to show otherwise; and (4) Avon cannot satisfy the standard for a permanent injunction, and, in fact, the relief Avon is seeking is the type of injunction that the Tenth Circuit has repeatedly held constitutes a "disfavored injunction," requiring Avon to satisfy a heightened standard of proof.

## **STATEMENT OF FACTS**

### A.    **Universitas' Money Was Used by Avon to Purchase Its Interest in SDM Holdings, LLC and the Life Insurance Portfolio at Issue**

Universitas is the beneficiary of the Charter Oak Trust, which owned two life insurance policies that in May 2009 paid out approximately $30.6 million to the Charter Oak Trust, a trust operated by Daniel Carpenter ("Carpenter"). Carpenter, a convicted fraudster and the mastermind of a criminal enterprise which includes within its web intervenor Avon, is currently behind bars in a U.S. Penitentiary in Pennsylvania for unrelated financial crimes. *United States v. Carpenter*, 736 F.3d 619 (1st Cir. 2013). In June 2016, in a separate trial, Carpenter was again convicted of multiple counts of fraud,

money laundering and engaging in illegal monetary transactions and is awaiting sentencing. *United States v. Carpenter*, No. 3:13-CR-00226 (RNC), 2016 U.S. Dist. LEXIS 78300 (D. Conn. June 7, 2016).

After Defendant Nova Group, Inc., the trustee of the Charter Oak Trust received payment of the insurance proceeds, Universitas' claim was denied and the $30.6 million in proceeds belonging to Universitas was fraudulently transferred to various Carpenter-related entities, including Avon. In a separate action before Judge Laura Taylor Swain of the Southern District of New York, the Court held that these and other transfers were fraudulent. *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11-CV-1590-LTS-HBP, 2014 U.S. Dist. LEXIS 109077, at \*10-11 (S.D.N.Y. Aug. 7, 2014).

Avon, in turn, used the money belonging to Universitas to purchase its interest in SDM Holdings, LLC ("SDM") and the life insurance portfolio at issue here. The TD Bank bank statements that have been produced to date by other parties show various tranches of money, totaling more than $2 million belonging to Universitas, transferred to Thomas Moran, who owned the membership interest in SDM. These transfers were made over the period of December 1, 2009 through June 9, 2010. *See* accompanying declaration of Paula K. Colbath, Esq., dated November 10, 2016 ("Colbath Decl."), **Exh. A**, attaching various TD Bank bank statements specifically showing deposits to "H. Thomas Moran."

### B. Background to Carpenter's Entangled Web

Carpenter has created <u>hundreds</u> of sham entities to purposefully make it difficult for judgment creditors to track his actions. The entangled web Carpenter, his family,

affiliates and cohorts have spun is a tale of companies that, <u>by design</u>, are registered in multiple jurisdictions with the same name or confusingly similar names, such as in this scenario, Avon purportedly being registered in Connecticut, Nevada, and Wyoming. In addition, many of the entities have the same addresses and registered agents, are successors of one another, have ownership interests in one another, are plan sponsors of one another, have the same trustees and then the same successor trustees, and are third-party administrators of one another. In addition, entities will often have the same names but try to distinguish themselves by adding a comma, or deleting a comma from their name, or changing from an LLC to an Inc. to an Ltd. and/or to a  Corp. to confuse their name and structure.[1]

In decisions spanning from 2003 and onward, Courts in this country have found many of Carpenter's sham entities to be Carpenter's alter egos.  *See*, *e.g.*, *Iantosca v. Step Plan Servs.*, 604 F.3d 24, 27-28 (1st Cir. 2010) ("In September 2003, the Massachusetts state court pierced the corporate veil and extended liability to five additional corporate entities controlled by Carpenter: Benistar Admin Services, Benistar Employer Services Trust Corp., Benistar Ltd., Carpenter Financial Group, LLC, and U.S. Property Exchange. In so doing, the court found that Carpenter owned each of the entities either by himself or with his wife, Molly; that Carpenter exercised control over all entities; that assets were intermingled; and that the entities were under-capitalized and failed to

---

[1] By way of example only, the confusing nature of some of Carpenter's entities was highlighted by life insurance carrier, Penn Mutual Life Insurance Co., in the Southern District of New York action. *See Universitas Educ., LLC v. Nova Group, Inc.*, S.D.N.Y. 11 Civ. 1590 at Dkt. 567 at 2-4 and Dkt. 567-1 at Exh. A.

observe corporate formalities.").[2]

### C.     Avon

As will be detailed in Section III, *infra*, Avon has refused to cooperate in discovery. Avon has failed to produce documents and has failed to appear for its Court-ordered Hearing on Assets. In addition, Avon has failed to support its Motion with even a single affidavit, instead choosing to reference the documents it filed when it moved to intervene in this case. *See* Avon's Brief ("Avon Br.") at 2.

But the documents Avon filed with its motion to intervene do not support Avon's position that it is a distinct and separate entity from Avon purportedly formed in Connecticut. As Carpenter testified at his deposition in another related case, Carpenter was intimately involved and "privy" to all of the interwoven Avon entities, including Avon Wyoming, and was involved in Avon's SDM transaction at issue here. *See* **Colbath Decl. Exh. B** at 144:12-16 and 148:4-17.

In support of its motion for intervention, Avon submitted a declaration from Donald Trudeau's ("Trudeau"). Dkt. 57-3 and Dkt. 57-4 (exhibit to Trudeau's declaration), copy attached as **Colbath Decl. Exh. C**. For starters, Trudeau is identified as a <u>target</u> of a grand jury investigation in the District of Connecticut. *See* **Colbath Decl. Exh. D** at ¶ 5.[3] In addition, Trudeau neglects to inform the Court that while he is

---

[2] By way of example only, the Second Circuit has noted the "persistent and abusive litigation" practices of one of Carpenter's entities, Nova Group, Inc. See *Universitas Educ., LLC v. Nova Group, Inc.*, 784 F.3d 99, 104 (2d Cir. 2015). Avon, another Carpenter entity, is no different.

[3] Avon is also identified as a target of a grand jury investigation in the District of Connecticut. *See* **Colbath Decl. Exh. D** at ¶ 5.

purportedly a "member" of intervenor Avon (**Colbath Decl. Exh. C** at ¶ 1), he in fact has a residence and business address in Connecticut, *see* **Colbath Decl. Exh. E** at 5:18-25.

In his declaration, Trudeau makes the vague and conclusory statement that intervenor "is not the same business entity" as the Avon formed in Connecticut or Nevada (**Colbath Decl. Exh. C**, Dkt. 57-3 at ¶¶ 4-5), but does not offer anything further on the subject. Trudeau also makes the curious statement that intervenor Avon maintains bank accounts and bookkeeping records "that are separate from those of its members," *id.* at ¶ 6, but is careful not to state that intervenor's bank statements are separate from the other Avon entities. The fact that Avon may have a separate bank account from Trudeau and any of Avon's other unidentified members is not readily significant. But the fact that Trudeau is careful not to state that the Avon entities have different bank accounts from one another is indeed significant.

In addition, the exhibit Trudeau attaches to his declaration (Dkt. 57-4, **Colbath Decl. Exh. C**), which is unsigned by Trudeau (and therefore a draft), further supports Universitas' position that its Judgment against Avon encompasses all Avon entities, including the Avon purportedly formed in Wyoming. While Trudeau makes the bare-bone representation that intervenor is distinct from Avon in Connecticut, unsurprisingly, the attached draft "Assignment of Membership Interest" identifies Avon in Wyoming with a Connecticut address at 2187 Atlantic Street, Stamford, Connecticut 06902. In addition, the Secretary of State records for Avon in Wyoming that Avon submitted again show intervenor's "principal address" in Stamford, Connecticut, with a "mailing address" at 100 Grist Mill Road, Simsbury, CT." (Dkt. 57-6, copy attached as **Colbath Decl. Exh.**

F.) Unsurprisingly, the Secretary of State records submitted by Avon with regard to Avon in Connecticut also indicate that the Avon Connecticut entity has the very same Connecticut address. (Dkt. 57-2, copy attached as **Colbath Decl. Exh. G**.) Thus, while Trudeau represents to this Court that Avon Wyoming is "not the same business entity" as Avon in Connecticut, Trudeau fails to demonstrate it by any admissible evidence and further neglects to mention that both of the Avon entities have the very same address at 100 Grist Mill Road address in Simsbury, Connecticut.[4] *See Universitas Educ., LLC v. Nova Group, Inc.*, Nos. 11 Civ. 1590 (LTS) (HBP) and 11 Civ. 8726 (LTS) (HBP), 2013 U.S. Dist. LEXIS 165803, at *9, 30 (S.D.N.Y. Nov. 20, 2013) ("Carpenter has founded and controlled hundreds of companies out of his offices at 100 Grist Mill Road in Simsbury, Connecticut.... It is highly probative that each of these entities shared the office at 100 Grist Mill Road, from which Mr. Carpenter admits to having established and controlled hundreds of entities....").

While intervenor has tried to distance itself from Avon in Connecticut, its strong connection with Connecticut continues. In a separate suit that was filed in this Court in 2010 in *Moran v. Avon Capital, LLC, a Wyoming Limited Liability Corporation*, Case

---

[4] Moreover, Trudeau testified at his deposition that he was not involved with Avon in Wyoming until 2010, at which time the entity "wasn't doing anything, and I basically put some spit polish on it [and] reincorporated it." (*See* **Colbath Decl. Exh. E** at 40:3-41:4.) Yet Trudeau's declaration attaches a draft Assignment of Membership Interest in SDM, dated December 30, 2009 (*see* **Colbath Decl. Exh. C**), which predates his involvement with Avon. Since Trudeau was not involved with Avon until 2010, he could not have personal knowledge and information to inform this Court as to the assignment of the SDM membership interest at issue here. The most he can, and has done, is put before the Court, a draft, unsigned, Assignment, without any admissible evidence.

7

No. 10-cv-00393-HE, Avon admitted in its Amended Answer that its "non-corporate members…are citizens and residents of the State of Connecticut." (W.D. Okla. No. 10-cv-00393-HE, at Dkt. 31, copy attached as **Colbath Decl. Exh. H**, ¶ 3.) But Trudeau carefully omits these facts from his submitted declaration.

### D.     Universitas' Judgment Against Avon

On August 12, 2014, the Honorable Laura Taylor Swain of the Southern District of New York (Case Nos. 11 Civ. 1590 and 11 Civ. 8726) awarded Universitas several Judgments, including a Judgment "against Avon Capital, LLC, in the amount of $6,710,065.92" (the "Judgment"), which was registered with this Court on November 7, 2014. *See* Dkt. 1, attached as **Colbath Decl. Exh. I**. The Avon Judgment was obtained as a result of Carpenter and his cohorts' misappropriation of more than $30 million in trust funds intended for Universitas. To date, the Judgment against Avon remains unpaid.

Contrary to Avon's representation that the Judgment awarded to Universitas is "against Avon Capital-CT," (*see* Avon's Brief at 5), judicial notice may be taken by the Court that Universitas' Judgment is against "Avon Capital, LLC." Judge Swain, being fully familiar with the intricacies of the case and Carpenter's ways, awarded Universitas a judgment against Avon Capital, LLC. The Judgment does not delineate that it is solely against Avon in Connecticut versus Avon in Nevada versus Avon in Wyoming. As set forth above, Universitas' Judgment encompasses Avon, the entity that has intervened in this case. As such, Avon's "name-game" plea is disingenuous, but is consistent with the run-around Universitas has received from Carpenter and his cohorts, in which the bevy of entangled Carpenter-related entities serves to thwart justice in an attempt to confuse

Courts and litigants alike.

## ARGUMENT

I.  **Avon Does Not Have Standing to Bring its Motion Because the LLC Was Dissolved in 2014**

The Wyoming Secretary of State documents, submitted by Avon with its motion to intervene, show that Avon has been "inactive" for more than two years, since July 9, 2014, and has been "administratively dissolved." (*See* **Colbath Decl., Exh. F.**) It is questionable whether a dissolved corporation has the ability to seek affirmative relief in a court of law after it was dissolved. The relevant Oklahoma statute states:

> A domestic limited liability company that has ceased to be in good standing or a foreign limited liability company that has ceased to be registered in this state may not maintain any action, suit or proceeding in any court of this state until the domestic limited liability company has been reinstated as a domestic limited liability company in good standing or the foreign limited liability company has been reinstated as a foreign limited liability company duly registered in this state.

18 OK Stat § 18-2055.2(F) (2016) (attached as **Colbath Decl., Exh. J**); *see also* **Colbath Decl. Exh. K** (Oklahoma Bar Association article entitled "Avoiding the Premature Death of an LLC."). *See also* the following analogous decisions: *Parker Livestock LLC v. Oklahoma National Stock Yards Co.*, No. CIV-12-00983-R at Dkt. 42 (W.D. Okla. May 17, 2013) (unpublished order) (complaint dismissed where plaintiff LLC was "inactive and not in good standing" on filing date, despite subsequent reinstatement); *Bio-Thrust, Inc. v. Div. of Corps.*, 2003 UT App 360, P8 (Utah Ct. App. 2003) ("'under the common law, a corporation ceased to exist at dissolution…. For that reason, a dissolved corporation was 'incapable of maintaining an action; and *all such actions* pending at the time of dissolution abate, in the absence of a statute to the contrary.'") (quoting *Holman*

9

*v. Callister, Duncan & Nebeker*, 905 P.2d 895, 897, 898 (Utah Ct. App. 1995) (emphasis in original); *A Plus Janitorial Co. v. Group Fox, Inc*., 2013 IL App (1st) 120245, P1 (Ill. App. Ct. 1st Dist. 2013) (plaintiff "lacked standing as a dissolved corporation pursuing claims that accrued postdissolution [sic].") ; *Korte Trucking Co. v. Broadway Ford Truck Sales, Inc*., 877 S.W.2d 218, 220 (Mo. Ct. App. 1994) ("a dissolved corporation does not have the capacity to sue for claims arising after dissolution").

Likewise, Avon does not have the standing to seek injunctive relief because it has been administratively dissolved.

## II.    Avon Is Estopped From Bringing This Motion Because Avon Failed to Oppose Universitas' Earlier Motion for an Injunction Against It

As the Court is familiar, on November 12, 2015, Universitas moved for an Order of injunction enjoining Avon from alienating, concealing, or encumbering any of its non-exempt property pursuant to Okla. Stat. tit. 12, § 842. Dkt. 6. On December 3, 2015, the Honorable Suzanne Mitchell ordered Avon "not to pay out, transfer, sell, assign, dispose, mortgage, alienate, encumber or make any other disposition of money, property, or assets, either real or personal, not exempt by law, until further  order of this Court." Dkt. 14.

Avon marches to the beat of its own drum. If Avon wanted to oppose Universitas' motion for injunction, it should have done so a year ago. Avon is under an injunction order at this time. It cannot merely ignore this fact and bring its own permanent injunction motion against Universitas. Avon's time for seeking relief was a year ago, in opposing Universitas' injunction motion against it. Not now, and this Court should, in

equity, not condone Avon's conduct.

**III.    Avon's Motion Should Not Be Granted as Avon Has Unclean Hands Because It Has Refused to Produce Any Documents and Failed to Appear at the Court-Ordered Hearing on Assets**

Avon's Motion should also be denied because Avon comes to this Court with unclean hands. Avon has refused to produce any documents and has refused to appear at the Court-Ordered Hearing on Assets.

On November 12, 2015, Universitas filed a motion to require Avon to appear and answer concerning property and assets and for an injunction forbidding Avon to transfer or dispose of property ("Motion to Appear and Answer"). *See* Dkt. 6.

On December 3, 2015, the Honorable Suzanne Mitchell granted Universitas' Motion to Appear and Answer and further required that Avon appear on January 7, 2016 to answer questions concerning its property and assets ("Hearing on Assets"). *See* Dkt. 14. The Hearing on Assets was thereafter adjourned to March 24, 2016. *See* Dkt. 29.

On January 16, 2016, Universitas issued an amended subpoena ("SDM Subpoena"), directing SDM to appear on March 24, 2016 and answer as well as produce certain documents. *See* Dkt. 40-1.

Avon <u>failed</u> to appear or produce documents at the March 24, 2016 Hearing on Assets scheduled before this Court. *See* Dkt. 39. SDM also <u>failed</u> to appear in accordance with the SDM Subpoena.

Accordingly, on March 31, 2016, Universitas filed a motion for contempt and to compel Avon and SDM to appear and produce all documents and records as previously directed by this Court, currently pending before the Court. *See* Dkt. 40.

Rather than comply with this Court's Orders, on April 15, Avon filed a motion to intervene, *see* Dkts. 56-57, and upon intervening, filed the instant Motion.

As the procedural history reflects, Avon and SDM have outright failed to appear and/or produce a single document in this case. Avon, thus, comes to this Court with unclean hands and, as such, cannot have its Motion granted. *See*, *e.g.*, *Merchants & Planters Bank & Trust Co. v. Massey*, 790 S.W.2d 889, 891 (Ark. 1990) ("The clean hands maxim bars relief to those guilty of improper conduct in the matter as to which they seek relief…. Equity will not intervene on behalf of a [party] whose conduct in connection with the same matter has been unconscientious or unjust."). Avon's abusive litigation tactics should not be condoned by the Court and its Motion should be denied.[5]

## IV. Contrary to Avon's Bare-Bone Assertions, Universitas' Judgment Encompasses Intervenor Avon, and Avon Has Not Put Forth a Single Document or Affidavit to Show Otherwise

Avon's Motion relies on its repeated argument that it is not the judgment debtor and that, therefore, Universitas cannot proceed against it. But this is simply not true.

As discussed in Section D, *supra*, the Judgment that Judge Swain awarded to Universitas is against Avon Capital, LLC, without any delineation as to the state of its formation.

In addition, as discussed in Section C, *supra*, the likely reason Avon does not

---

[5] Avon's Motion is also, at best, premature because Avon has failed to comply with its discovery obligations. Here, Avon seeks an extraordinary and drastic remedy without supporting its Motion with a single affidavit or supportive document, and while failing to comply with its Court-ordered discovery obligations. If the various Avon entities were indeed separate entities, as Trudeau claims, Trudeau could have readily demonstrated that by admissible evidence, but did not.

support its Motion with a single piece of supporting evidence or any affidavit is because it cannot represent to this Court that it is a distinct entity, with no relation to Avon in Connecticut – an innocent bystander caught in Universitas' firing range. To the contrary, Avon Wyoming shares the same corporate address as Avon Connecticut, and has Connecticut members. Carpenter's shell-game has been played over and over again in various Courts in this country, and this scenario is no different. *See*, *e.g.*, *Universitas Educ., LLC v. Nova Group, Inc.*, Nos. 11 CV 1590-LTS-HBP and 11 CV 8726-LTS-HBP, 2014 U.S. Dist. LEXIS 109077, at *27-28 (S.D.N.Y. Aug. 7, 2014) ("The evidence in this case proves that Mr. Carpenter and his entities actively concealed the fraudulent conveyances by using shell entities to secretly move the Insurance Proceeds away from the Charter Oak Trust, and then vigorously resisting efforts to enforce [Universitas'] judgment, and opposing all discovery efforts designed to determine the whereabouts of the Insurance Proceeds.").

Universitas' Judgment awarded against Avon encompasses intervenor. Contrary to Avon's contentions (Avon Br. at 12-14), Universitas need not pierce the corporate veil to reach Avon because its judgment encompasses the intervenor.

## V.    Avon Fails to Meet Any of the Criteria for a Permanent Injunction

Avon's Motion should not only be denied based on the prior arguments made above, but also because Avon cannot meet any of the criteria for a permanent injunction.

For Avon to obtain the extraordinary and drastic remedy of a permanent injunction, it must prove the following four elements: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs

the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *White v. Jones*, No. Civ. 13-291-JHP-SPS, 2014 U.S. Dist. LEXIS 139674, *12-13 (E.D. Okla. Sept. 30, 2014) (internal quotations and citation omitted). "'A permanent injunction cannot be granted if any of the four requirements has not been met.'" *Id.* at *13 (quoting *Utah Envtl. Cong. v. United States Bureau of Land Mgmt.*, 119 F. App'x 218, 220 (10th Cir. Dec. 15, 2004)). *See also Willis v. Discover Card Corp.*, No. 14-CIV-290-RAW, 2014 U.S. Dist. LEXIS 127234, at *2-3 (E.D. Okla. Sept. 11, 2014) ("a permanent injunction requires showing actual success on the merits, whereas a preliminary injunction requires showing a substantial likelihood of success on the merits.") (citing *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Circuit 2007); *Cousino v. City of Tulsa*, No. 12-CV-0223-CVE-TLW, 2012 U.S. Dist. LEXIS 58212, at *11 (N.D. Okla. Apr. 26, 2012) ("'It is frequently observed that a preliminary injunction is an extraordinary remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (emphasis in original).

In addition, the Court must further determine if Avon is seeking a "disfavored injunction," in which Avon "must satisfy a heightened standard of proof." *Peoples v. Norman Public Schools*, No. CIV-16-949-R, 2016 U.S. Dist. LEXIS 116362, at *4 (W.D. Okla. Aug. 30, 2016). As a disfavored injunction, Avon's Motion must be "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Cousino*, 2012 U.S. Dist. LEXIS 58212, at

*11 (internal quotations and citation omitted). The three types of disfavored injunctions are ones that "(1) disturb the status quo, (2) are mandatory rather than prohibitory, or (3) provide the movant substantially all the relief it could feasibly attain after a full trial on the merits. This court disfavors such injunctions." *Daugomah v. Roberts*, No. CIV-16-1045-D, 2016 U.S. Dist. LEXIS 126100, at *4 (W.D. Okla. Sept. 16, 2016) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp*., 269 F.3d 1149, 1154-55 (10th Cir. 2001) (citations omitted)); *see also Cousino*, 2012 U.S. Dist. LEXIS 58212, at *11-12 (same). For these disfavored types of injunctions, "the movant has a heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor" before obtaining an injunction. *Daugomah*, 2016 U.S. Dist. LEXIS 126100, at *4.

Avon's request for a permanent injunction qualifies as a "disfavored injunction" because it satisfies the third alternate prong of disfavored injunctions. If the Court grants Avon's Motion, without affording Universitas any opportunity to conduct discovery, Universitas will be foreclosed from pursuing its Judgment collection against Avon and, thus, Avon would obtain substantially all relief that it could recover at the conclusion of a full trial on the merits. Therefore, Avon's Motion requires higher scrutiny by the Court.

Nonetheless, Avon is not entitled to a permanent injunction even under the traditional standard. Because an injunction is considered "an extraordinary and drastic remedy…a movant's right to relief must be clear and unequivocal." *Daugomah,* 2016 U.S. Dist. LEXIS 126100, at *3 (W.D. Okla. Sept. 16, 2016) (internal quotations and citations omitted). Instead, Avon supports its Motion with bald conclusions, unsupported by facts, and cannot satisfy the elements required for a permanent injunction. *Willis*, 2014

15

U.S. Dist. LEXIS 127234, at *2-3 (denying motion for injunction, reasoning in part that "[t]he Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing.") (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); and *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971)); *see also Wilson v. State of Oklahoma*, No. 13-CIV-117-RAW, 2013 U.S. Dist. LEXIS 165000, at *3 (E.D. Okl. Nov. 20, 2013) (same).

### A. Avon Has Failed to Establish Irreparable Harm

This Court has emphasized that of all the factors considered for the issuance of injunctive relief, "proof of irreparable harm is generally considered the most important in determining whether a preliminary injunction should be issued." *Daugomah*, 2016 U.S. Dist. LEXIS 126100, at * 5; *see also Lee v. ConocoPhillips Co.*, No. CIV-14-1391-D, 2016 U.S. Dist. LEXIS 1269, at *15 (W.D. Okla. Jan. 5, 2016) ("Of all the factors considered, proof of irreparable harm is often the most important in determining whether a preliminary injunction should be issued."). Avon, here, "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256 (10th Cir. 2004) (internal quotations and citation omitted). Critically, Avon must establish "that its injury cannot be satisfied by a remedy after trial of an award of monetary damages…." *Id.* at *16 (citations omitted). Moreover, Avon must further "prove [that] its injury is both certain and great, and that it must not be merely serious or substantial."

*Lee*, 2016 U.S. Dist. LEXIS 1269, at * 16 (internal quotations and citations omitted). Avon offers no explanation as to why it would be irreparably harmed if an injunction is not issued. It merely asserts that it "will suffer irreparable harm," but nothing more. (Avon Br. at 11-12.)

Because Avon has failed to make an adequate showing of irreparable harm -- or, any showing at all -- the Court need not consider the remaining factors regarding the issuance of a permanent injunction. Avon has utterly failed to set forth an iota of evidence, nor even a bare-bone assertion, why its purported injury cannot be satisfied by an award of money damages.

### B.      Avon Has Failed to Establish Actual Success on the Merits

As previously discussed, because Avon is seeking a permanent, rather than a preliminary, injunction, it must prove that it can actually succeed on the merits. Avon's tack of simply saying that the Judgment that was awarded to Universitas is not against Avon is clearly not sufficient. Avon states that it has no connection with Avon Connecticut, but the facts show otherwise. *See* Section C, *supra*.

Universitas' Judgment is against Avon Capital, LLC, which encompasses intervenor Avon. Universitas' $30.6 million was stolen by the Carpenter enterprise and TD Bank statements prove that some of the monies, in the tune of more than $2 million, were siphoned to Thomas Moran, who at the time, was the owner of SDM. *See* **Colbath Decl. Exh. A.**

Avon cannot show "actual" success on the merits and its Motion should be denied.

## C. Avon Has Failed to Establish that the Balance of Hardship Weighs in Its Favor

Not only has Avon failed to satisfy the third requisite prong for a motion for permanent injunction – here, that the threatened injury to Avon outweighs the harm that the injunction may cause Universitas – Avon does not even discuss this required element in its brief.[6]

This Court has noted that a movant seeking a disfavored injunction "must make a strong showing … with regard to the balance of harms…." *Planned Parenthood of Arkansas and Eastern Oklahoma v. Cline*, 910 F. Supp. 2d 1300, 1305 n. 2 (W.D. Okla. 2012) (citing *O Centro Espirita Beneficente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004)). Yet, Avon has made no showing whatsoever with regard to the balance of harms.

Regardless, the balance of harms here strongly tilts in favor of Universitas. If the Court grants Avon's Motion and issues a permanent injunction against Universitas' Judgment satisfaction efforts, Universitas' Judgment against Avon will remain unsatisfied. More than $30 million in trust proceeds belonging to Universitas were stolen from it by Carpenter and his cohorts and some of the money made its way to Avon, as proven by the TD Bank statements showing deposits made to Tom Moran. Universitas has a Judgment against the intervenor, which was registered with this Court two years ago in November 2014. *See* Dkt. 1, attached as **Colbath Decl. Exh. H**. Universitas' Judgment against Avon remains unpaid. The harm to Universitas, if this Court enjoins it

---

[6] While Avon understands that this is a required prong for its Motion as it recites the elements it must prove (Avon Br. at 7), it does not discuss this requirement in its brief.

from attempting to collect against Avon, will have a devastating effect on Universitas which, at enormous litigation costs, has been pursuing its various Judgments against Carpenter and its shell entities for the last two years.

### D. Avon Has Failed to Establish that a Permanent Injunction Would Not Harm the Public Interest

Avon claims that the public interest will not be harmed because Universitas' Judgment did not specifically establish that the intervenor owes a debt to Universitas (Avon Br. at 12). Avon is wrong. Throughout its Motion papers, Avon chooses to narrowly read Universitas' Judgment as excluding intervenor. Universitas holds a Court-entered final Judgment against Avon, from this Court's sister state in New York. The public harm would be grave if this Court determines that Universitas' Judgment has no weight with this Court. In addition, the continuous abusive tactics of Avon and other Carpenter-related shell entities around this country must be stopped because the harm to the litigants who come to Court, waiting for their day, when they can have a Judgment against these entities and Carpenter who himself sits behind bars, is paramount.

As such, if this Court were to issue a permanent injunction to Avon, the public interest would be gravely harmed.

### CONCLUSION

For all the foregoing reasons, Avon's motion for a permanent injunction should be denied in its entirety. Universitas further asks that the Court reset the show cause hearing that was previously scheduled for April 18, 2016. *See* Dkt. 61. In addition, Universitas respectfully requests that the Court make an affirmative declaration as to the correct

caption of this case, as detailed in the opening page of this Memorandum.

Dated:   November 10, 2016

Respectfully submitted,

*s/Lysbeth George*
Lysbeth George, OBA #30562
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson, Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 272-5203
lysbeth.george@crowedunlevy.com

and

Paula K. Colbath
New York Bar #2461481
ADMITTED PRO HAC VICE
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Facsimile: (212) 253-4057
pcolbath@loeb.com

*Attorneys for Universitas Education, LLC*

10866741

20

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br><br>    Petitioner/Judgment Creditor,<br><br>v.<br><br>NOVA GROUP, INC., and AVON CAPITAL, LLC, a Wyoming Limited Liability Company,<br><br>    Respondents/Judgment<br>    Debtors. | Case No. 14-FJ-05-HE<br><br>**DECLARATION OF PAULA K. COLBATH IN SUPPORT OF UNIVERSITAS EDUCATION, LLC'S OPPOSITION TO AVON CAPITAL, LLC'S MOTION FOR A PERMANENT INJUNCTION** |

**PAULA K. COLBATH**, being duly sworn, does hereby state as follows:

1.      I am a partner in the law firm of Loeb & Loeb LLP ("Loeb"), and have been admitted to this Court *pro hac vice* to represent Universitas Education, LLC, the Petitioner and Judgment Creditor herein. I make this declaration to put before the Court certain documents, which are referred to in Universitas Education, LLC's Memorandum of Law in Opposition to Avon Capital, LLC's Motion for a Permanent Injunction.

2.      Attached as **Exhibit A** is a true and accurate copy of various TD Bank bank statements, spanning from December 1, 2009 to June 9, 2010, showing deposits to "H. Thomas Moran."

3.      Attached as **Exhibit B** is a true and accurate copy of excerpted pages of the deposition transcript of Daniel E. Carpenter, taken April 13, 2016 in *The Penn Mutual Life Insurance Company v. Kehoe, et al.*, Case No. 15-CV-01111(AJN) (S.D.N.Y.).

4.     Attached as **Exhibit C** is a true and accurate copy of the declaration of
Donald Trudeau, Dkt. 57-3, in the instant action.

5.     Attached as **Exhibit D** is a true and accurate copy of a Stipulation in the
United States District Court of Connecticut with regard to In Re: Grand Jury
Investigation, Misc. No. 3:12CV882(JCH).

6.     Attached as **Exhibit E** is a true and accurate copy of excerpted pages of the
deposition transcript of Donald Trudeau, taken February 6, 2013 in *Universitas Educ.,
LLC v. Nova Group, Inc*., Case Nos. 11 Civ. 1590 and 11 Civ. 8726 (S.D.N.Y.).

7.     Attached as **Exhibit F** is a true and accurate copy of the Wyoming
Secretary of State records for Avon Capital, LLC, Dkt. 57-5, in the instant action.

8.     Attached as **Exhibit G** is a true and accurate copy of the Connecticut
Secretary of State records for Avon Capital, LLC., Dkt. 57-2, in the instant action.

9.     Attached as **Exhibit H** is a true and accurate copy of the Amended Answer
of Avon Capital, LLC in *Moran v. Avon Capital, LLC, a Wyoming Limited Liability
Corporation*, Case No. 10-cv-00393-HE (W.D. Okla.) (Dkt. 31).

10.     Attached as **Exhibit I** is a true and accurate copy of the August 12, 2014
judgment awarded to Universitas Education, LLC by the Honorable Laura Taylor Swain
in *Universitas Educ., LLC v. Nova Group, Inc*., Case Nos. 11 Civ. 1590 and 11 Civ. 8726
(S.D.N.Y.) which was registered with this Court on November 7, 2014. (Dkt. 1 in the
instant action).

11.     Attached as **Exhibit J** is a true and accurate copy of the Oklahoma State
Statute,18 OK Stat § 18-2055.2 (2016).

2

Appendix Page 234

12.     Attached as **Exhibit K** is a true and accurate copy of the Oklahoma Bar Association article entitled "Avoiding the Premature Death of an LLC."

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
　　　　November 10, 2016

PAULA K. COLBATH

10920095

# EXHIBIT A



**Bank**

America's Most Convenient Bank®

STATEMENT OF ACCOUNT

AVON CAPITAL LLC
100 GRIST MILL ROAD
SIMSBURY CT  06070

| | |
|---|---|
| Page: | 1 of 3 |
| Statement Period: | Dec 01 2009-Dec 31 2009 |
| Cust Ref #: | ■■■■4689-720-T-### |
| Primary Account #: | ■■■■4689 |

### Business Convenience Checking
AVON CAPITAL LLC                                                 Account # ■■■■4689

### KEEPING YOU INFORMED
EARLIER THIS YEAR WE COMMUNICATED TO YOU THAT WE WOULD BE CHANGING THE ORDER IN
WHICH WE POST YOUR DAILY TRANSACTIONS TO YOUR ACCOUNT. THIS CHANGE WILL NOT BE
GOING INTO EFFECT AT THIS TIME. INSTEAD, WE WILL CONTINUE TO USE OUR CURRENT
METHOD OF POSTING CREDITS FIRST, FOLLOWED BY DEBITS, WITH DEBITS SORTED FROM
LARGEST TO SMALLEST. OUR POSTING ORDER MAY CHANGE IN THE FUTURE.

### ACCOUNT SUMMARY
| | | | |
|---|---|---|---|
| Beginning Balance | 6,745,794.16 | Average Collected Balance | 617,880.33 |
| Electronic Deposits | 1,292,469.36 | | |
| | | | |
| Checks Paid | 8,640.38 | | |
| Electronic Payments | 6,500,000.00 | | |
| Other Withdrawals | 1,368,939.85 | | |
| Ending Balance | 160,683.29 | | |

### DAILY ACCOUNT ACTIVITY
**Electronic Deposits**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 12/30 | eTransfer Credit | | 778,000.00 |
| | Online Xfer | | |
| | Transfer from CK ■■■■4697 | | |
| 12/31 | eTransfer Credit | | 514,469.36 |
| | Online Xfer | | |
| | Transfer from CK ■■■■4697 | | |
| | | Subtotal: | 1,292,469.36 |

**Checks Paid**    No. Checks: 5          *indicates break in serial sequence or check processed electronically and listed under Electronic Payments

| DATE | SERIAL NO. | AMOUNT | DATE | SERIAL NO. | AMOUNT |
|---|---|---|---|---|---|
| 12/28 | 1012 | 500.00 | 12/30 | 1017 | 2,040.00 |
| 12/30 | 1015* | 500.00 | 12/30 | 1019* | 5,100.38 |
| 12/28 | 1016 | 500.00 | | | |
| | | | | Subtotal: | 8,640.38 |

**Electronic Payments**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 12/3 | eTransfer Debit | | 6,500,000.00 |
| | Online Xfer | | |
| | Transfer to CK ■■■■17136 | | |
| | | Subtotal: | 6,500,000.00 |

Call 1-800-YES-2000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED          ©          WWW.TDBANK.COM

TD-UNIVERSITAS  0135

# How to Balance your Account

Page:   2 of 3

Begin by adjusting your account register as follows:

ꞏ Subtract any services charges shown on this statement.

ꞏ Subtract any automatic payments, transfers or other electronic with-drawals not previously recorded.

ꞏ Add any interest earned if you have an interest-bearing account.

ꞏ Add any automatic deposit or overdraft line of credit.

ꞏ Review all withdrawals shown on this statement and check them off in your account register.

ꞏ Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

❶ Ending Balance    160,083.29

❷ Total Deposits

❸ Sub Total

❹ Total Withdrawals

❺ Adjusted Balance

❷
| DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| Total Deposits | | ❷ |

❹
| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| Total Withdrawals | | ❹ |

**FOR CONSUMER ACCOUNTS ONLY • IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

TD Bank, N.A., Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared.  When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed.  Please include:

ꞏ   Your name and account number.
ꞏ   A description of the error or transaction you are unsure about.
ꞏ   The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly.  If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

**FOR CONSUMER LOAN ACCOUNTS ONLY • BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

ꞏ   Your name and account number.
ꞏ   The dollar amount of the suspected error.
ꞏ   Describe the error and explain, if you can, why you believe there is an error.
    If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES:Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge.  The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full.  To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day.  There is no grace period during which no finance charge accrues.  Finance charge adjustments are included in your total finance charge.



**STATEMENT OF ACCOUNT**

AVON CAPITAL LLC

| | |
|---|---|
| Page: | 3 of 3 |
| Statement Period: | Dec 01 2009-Dec 31 2009 |
| Cust Ref #: | ▆▆▆▆4689-720-T-### |
| Primary Account #: | ▆▆▆▆4689 |

---

### DAILY ACCOUNT ACTIVITY

**Other Withdrawals**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 12/3 | WIRE TRANSFER OUTGOING | | 76,684.19 |
| | Grist Mill Trust | | |
| 12/3 | WIRE TRANSFER FEE | | 15.00 |
| 12/31 | WIRE TRANSFER OUTGOING | | 777,741.30 |
| | H. Thomas Moran | | |
| 12/31 | WIRE TRANSFER OUTGOING | | 514,469.36 |
| | H Thomas Moran | | |
| 12/31 | WIRE TRANSFER FEE | | 15.00 |
| 12/31 | WIRE TRANSFER FEE | | 15.00 |
| | | Subtotal: | 1,368,939.85 |

---

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 11/30 | 6,745,794.16 | 12/30 | 938,454.59 |
| 12/3 | 169,094.97 | 12/31 | 160,683.29 |
| 12/28 | 168,094.97 | | |

---

Call 1-800-YES-2000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED        ©        WWW.TDBANK.COM





## TD Bank
### America's Most Convenient Bank®

STATEMENT OF ACCOUNT

AVON CAPITAL LLC
100 GRIST MILL ROAD
SIMSBURY CT  06070

| | |
|---|---|
| Page: | 1 of 3 |
| Statement Period: | Jan 01 2010-Jan 31 2010 |
| Cust Ref #: | 4689-720-T-### |
| Primary Account #: | 4689 |

**Business Convenience Checking**

AVON CAPITAL LLC                                          Account # ■■■■■4689

### GREAT NEWS ABOUT YOUR OVERDRAFT PROTECTION!

GREAT NEWS FOR CUSTOMERS WITH MONEYLINE OVERDRAFT PROTECTION! BEGINNING
DECEMBER 14, 2009, YOU WILL NO LONGER BE CHARGED A $5 FEE FOR TRANSFERS FROM YOUR
MONEYLINE OVERDRAFT PROTECTION ACCOUNT TO YOUR CHECKING ACCOUNT. IF YOU HAVE
QUESTIONS, OR IF YOU'D LIKE TO APPLY FOR A MONEYLINE OVERDRAFT PROTECTION ACCOUNT,
PLEASE VISIT YOUR NEAREST TD BANK STORE OR CONTACT YOUR RELATIONSHIP MANAGER.

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 160,683.29 | Average Collected Balance | 207,313.43 |
| Electronic Deposits | 1,000,000.00 | Annual Percentage Yield Earned | 0.00% |
| | | Days in Period | 31 |
| Checks Paid | 7,514.25 | | |
| Other Withdrawals | 1,000,630.21 | | |
| Ending Balance | 152,538.83 | | |

### DAILY ACCOUNT ACTIVITY

**Electronic Deposits**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 1/5 | eTransfer Credit | | 1,000,000.00 |
| | Online Xfer | | |
| | Transfer from CK ■■■■■4697 | | |
| | | Subtotal: | 1,000,000.00 |

| Checks Paid | No. Checks: 1 | *Indicates break in serial sequence or check processed electronically and listed under Electronic Payments | |
|---|---|---|---|
| DATE | SERIAL NO. | AMOUNT | |
| 1/5 | 1018 | 7,514.25 | |
| | | Subtotal: | 7,514.25 |

**Other Withdrawals**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 1/4 | WIRE TRANSFER OUTGOING | | 25,000.00 |
| | The Heritage Group | | |
| 1/4 | WIRE TRANSFER FEE | | 15.00 |
| 1/5 | WIRE TRANSFER OUTGOING | | 332,766.30 |
| | Hme Llc | | |
| 1/5 | WIRE TRANSFER OUTGOING | | 175,334.85 |
| | Asg | | |
| 1/5 | WIRE TRANSFER FEE | | 15.00 |
| 1/5 | WIRE TRANSFER FEE | | 15.00 |
| 1/7 | WIRE TRANSFER OUTGOING | | 373,033.83 |
| | H Thomas Moran | | |

Call 1-800-YES-2000 for 24-hour Direct Banking service

# How to Balance your Account

Page:     2 of 3

Begin by adjusting your account register as follows:

ꞁ Subtract any services charges shown on this statement.

ꞁ Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.

ꞁ Add any interest earned if you have an interest-bearing account.

ꞁ Add any automatic deposit or overdraft line of credit.

ꞁ Review all withdrawals shown on this statement and check them off in your account register.

ꞁ Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| ❶ Ending Balance | 152,438.83 |
| ❷ Total Deposits | |
| ❸ Sub Total | |
| ❹ Total Withdrawals | |
| ❺ Adjusted Balance | |

| ❷ DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| Total Deposit | | ❷ |

| ❹ WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| Total Withdrawals | | ❹ |

**FOR CONSUMER ACCOUNTS ONLY • IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

TD Bank, N.A., Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

ꞁ Your name and account number.
ꞁ A description of the error or transaction you are unsure about.
ꞁ The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

**FOR CONSUMER LOAN ACCOUNTS ONLY • BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write to us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

ꞁ Your name and account number.
ꞁ The dollar amount of the suspected error.
ꞁ Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your MoneyLine/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.



## TD Bank

**America's Most Convenient Bank®**

STATEMENT OF ACCOUNT

AVON CAPITAL LLC

| | |
|---|---|
| Page: | 3 of 3 |
| Statement Period: | Jan 01 2010-Jan 31 2010 |
| Cust Ref #: | 4######74689-720-T-### |
| Primary Account #: | REDACTED74689 |

---

### DAILY ACCOUNT ACTIVITY

Other Withdrawals (continued)

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 1/7 | WIRE TRANSFER FEE | | 15.00 |
| 1/15 | WIRE TRANSFER OUTGOING | | 50,000.00 |
| | Fasano Associates Inc | | |
| 1/15 | WIRE TRANSFER OUTGOING | | 44,405.23 |
| | Kirkpatrick Bank | | |
| 1/15 | WIRE TRANSFER FEE | | 15.00 |
| 1/15 | WIRE TRANSFER FEE | | 15.00 |
| | | Subtotal: | 1,000,630.21 |

---

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 12/31 | 160,683.29 | 1/7 | 246,974.06 |
| 1/4 | 135,668.29 | 1/15 | 152,538.83 |
| 1/5 | 620,022.89 | | |

---

Call 1-800-YES-2000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED                  WWW.TDBANK.COM         



## **TD** Bank

America's Most Convenient Bank®

AVON CAPITAL LLC
100 GRIST MILL ROAD
SIMSBURY CT 06070

STATEMENT OF ACCOUNT

| | |
|---|---|
| Page: | 1 of 3 |
| Statement Period: | Feb 01 2010-Feb 28 2010 |
| Cust Ref #: | REDACTED 4689-720-T-### |
| Primary Account #: | REDACTED 4689 |

### Business Convenience Checking

AVON CAPITAL LLC

Account # REDACTED 4689

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 152,538.83 | Average Collected Balance | 577,725.75 |
| Electronic Deposits | 1,000,000.00 | Annual Percentage Yield Earned | 0.00% |
| | | Days in Period | 28 |
| Checks Paid | 15,000.00 | | |
| Electronic Payments | 200,000.00 | | |
| Other Withdrawals | 263,409.44 | | |
| Ending Balance | 674,129.39 | | |

### DAILY ACCOUNT ACTIVITY

**Electronic Deposits**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 2/12 | eTransfer Credit | | 1,000,000.00 |
| | Online Xfer | | |
| | Transfer from CK REDACTED 4671 | | |
| | | Subtotal: | 1,000,000.00 |

**Checks Paid**      No. Checks: 1      *Indicates break in serial sequence or check processed electronically and listed under Electronic Payments

| DATE | SERIAL NO. | AMOUNT | |
|---|---|---|---|
| 2/18 | 1023 | 15,000.00 | |
| | | Subtotal: | 15,000.00 |

**Electronic Payments**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 2/23 | eTransfer Debit | | 200,000.00 |
| | Online Xfer | | |
| | Transfer to CK REDACTED 4655 | | |
| | | Subtotal: | 200,000.00 |

**Other Withdrawals**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 2/12 | WIRE TRANSFER OUTGOING | | 181,501.77 |
| | H. Thomas Moran | | |
| 2/12 | WIRE TRANSFER OUTGOING | | 13,860.00 |
| | H. Thomas Moran | | |
| 2/12 | WIRE TRANSFER FEE | | 15.00 |
| 2/12 | WIRE TRANSFER FEE | | 15.00 |
| 2/23 | WIRE TRANSFER OUTGOING | | 54,127.67 |
| | Asg | | |
| 2/23 | WIRE TRANSFER OUTGOING | | 13,860.00 |
| | Asg | | |

Call 1-800-YES-2000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED          ©          WWW.TDBANK.COM

# How to Balance your Account

Page:     2 of 3

Begin by adjusting your account register as follows:

- Subtract any services charges shown on this statement.

- Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.

- Add any interest earned if you have an interest-bearing account.

- Add any automatic deposit or overdraft line of credit.

- Review all withdrawals shown on this statement and check them off in your account register.

- Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| | |
|---|---|
| Ending Balance | 674,129.39 |
| Total Deposits | |
| Sub Total | |
| Total Withdrawals | |
| Adjusted Balance | |

| DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| Total Deposits | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| Total Withdrawals | | |

**FOR CONSUMER ACCOUNTS ONLY • IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

TD Bank, N.A., Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

- Your name and account number.
- A description of the error or transaction you are unsure about.
- The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

**FOR CONSUMER LOAN ACCOUNTS ONLY • BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

- Your name and account number..
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the fin

 **Bank**

America's Most Convenient Bank®

STATEMENT OF ACCOUNT

AVON CAPITAL LLC

Page:                                    3 of 3
Statement Period:   Feb 01 2010-Feb 28 2010
Cust Ref #:                    74689-720-T-###
Primary Account #:                       74689

---

**DAILY ACCOUNT ACTIVITY**

**Other Withdrawals (continued)**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 2/23 | WIRE TRANSFER FEE | | 15.00 |
| 2/23 | WIRE TRANSFER FEE | | 15.00 |
| | | Subtotal: | 263,409.44 |

**DAILY BALANCE SUMMARY**

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 1/31 | 152,538.83 | 2/18 | 942,147.06 |
| 2/12 | 957,147.06 | 2/23 | 674,129.39 |

---

Call 1-800-YES-2000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED            ©            WWW.TDBANK.COM            

 **Bank**

America's Most Convenient Bank®

STATEMENT OF ACCOUNT

AVON CAPITAL LLC
100 GRIST MILL ROAD
SIMSBURY CT 06070

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | Jun 01 2010-Jun 09 2010 |
| Cust Ref #: | 74689-720-0-### |
| Primary Account #: | 74689 |

## Business Convenience Checking

AVON CAPITAL LLC                                                                 Account # 4           4689

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 159,376.88 | Average Collected Balance | 759,097.08 |
| Electronic Deposits | 1,062,392.11 | Annual Percentage Yield Earned | 0.00% |
| | | Days in Period | 9 |
| Other Withdrawals | 1,221,768.99 | | |
| Ending Balance | 0.00 | | |

### DAILY ACCOUNT ACTIVITY

**Electronic Deposits**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 6/2 | eTransfer Credit | | 1,062,392.11 |
| | Online Xfer | | |
| | Transfer from CK        7136 | | |
| | | Subtotal: | 1,062,392.11 |

**Other Withdrawals**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 6/2 | WIRE TRANSFER OUTGOING | | 264,845.72 |
| | H Thomas Moran | | |
| 6/2 | WIRE TRANSFER OUTGOING | | 3,679.43 |
| | Adp Inc | | |
| 6/2 | WIRE TRANSFER FEE | | 15.00 |
| 6/2 | WIRE TRANSFER FEE | | 15.00 |
| 6/9 | ACCOUNT CLOSED | | 953,213.84 |
| | | Subtotal: | 1,221,768.99 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 5/31 | 159,376.88 | 6/9 | 0.00 |
| 6/2 | 953,213.84 | | |

**Call 1-800-YES-2000 for 24-hour Direct Banking service**

BANK DEPOSITS FDIC INSURED                    WWW.TDBANK.COM          

# How to Balance your Account

Page:        2 of 2

Begin by adjusting your account register as follows:

ⅼ  Subtract any services charges shown on this statement.

ⅼ  Subtract any automatic payments, transfers or other electronic with-drawals not previously recorded.

ⅼ  Add any interest earned if you have an interest-bearing account.

ⅼ  Add any automatic deposit or overdraft line of credit.

ⅼ  Review all withdrawals shown on this statement and check them off in your account register.

ⅼ  Follow instructions 2-5 to verify your ending account balance.

1.  Your ending balance shown on this statement is:

2.  List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3.  Subtotal by adding lines 1 and 2.

4.  List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5.  Subtract Line 4 from 3. This adjusted balance should equal your account balance.

Ending Balance        0.00

Total Deposits   +

Sub Total

Total Withdrawals

Adjusted Balance

| DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| Total Deposits |  |  |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| Total Withdrawals |  |  |

**FOR CONSUMER ACCOUNTS ONLY • IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

**TD Bank, N.A.,** Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

ⅼ  Your name and account number.
ⅼ  A description of the error or transaction you are unsure about.
ⅼ  The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

**FOR CONSUMER LOAN ACCOUNTS ONLY • BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

ⅼ  Your name and account number..
ⅼ  The dollar amount of the suspected error.
ⅼ  Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

**FINANCE CHARGES:**Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full.  To compute the fin

# EXHIBIT B

Page 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

THE PENN MUTUAL LIFE INSURANCE COMPANY,

             Plaintiff,    C.A. No.

  v.                   15-CV-01111(AJN)

KATHY KEHOE, as Trustee of the SICKNESS

ACCIDENT & DISABILITY INDEMNITY TRUST

2005; KATHY KEHOE, as Trustee of the

GRIST MILL TRUST DATED 10-1-03; and

UNIVERSITAS EDUCATION, LLC,

             Defendants.

- - - - - - - - - - - - - - - - - - x

LIFE INSURANCE COMPANY OF THE SOUTHWEST,

             Plaintiff,    C.A. No.

  v.                   15-CV-04594(AJN)

KATHY KEHOE, as Trustee of the GRIST

MILL TRUST DATED OCTOBER 1, 2003; and

UNIVERSITAS EDUCATION, LLC,

             Defendants.

- - - - - - - - - - - - - - - - - - x

   VIDEOTAPED DEPOSITION of DANIEL E. CARPENTER

     Donald W. Wyatt Detention Facility

  950 High Street, Central Falls, Rhode Island

Job 3165 Reporter: Michael O'Connor, RMR,CRR,CBC,CCP

Page 2

1

2

3

4                Wednesday, April 13, 2016

5                     9:53 a.m.

6

7            VIDEOTAPED DEPOSITION OF DANIEL E.

8    CARPENTER, at the Donald W. Wyatt Detention

9    Facility, 950 High Street, Central Falls, Rhode

10   Island, before Michael D. O'Connor, a Registered

11   Merit Reporter, Certified Realtime Reporter and

12   Certified Realtime Captioner, Notary Public in

13   and for the State of Rhode Island.

14

15

16

17

18

19

20

21

22

23

24

25

Page 144

1          Q.   Am I correct there's an Avon Capital

2     Delaware, an Avon Capital Wyoming, and an Avon

3     Capital Nevada?

4          A.   Well, that would be four.

5          Q.   Okay.

6          A.   The three that I'm aware of are Avon

7     Wyoming, Avon Nevada, and Avon Connecticut was

8     another entity set up by Bob Cox.

9               The one entity I'm not sure of is

10    Avon Delaware, because I've heard that discussed,

11    but I was not privy to it.

12         Q.   Okay.  Which Avon Capitals were you

13    privy to?

14         A.   I was privy to Avon Capital Wyoming,

15    Avon Capital Nevada, and I definitely knew about

16    Avon Capital Connecticut.

17         Q.   Okay.  How did you come to learn

18    about Avon Capital Nevada?

19         A.   Avon Capital Nevada was set up by a

20    gentleman named Paul Doucette, who was an

21    associate of ours up until 2004.

22         Q.   When you say an associate of ours,

23    who are you referring to in the "ours"?

24         A.   Paul was another individual who

25    worked and was paid by BASI.  He acted as a

Page 146

1   individual in the secondary market for life

2   insurance.

3        Q.   And to your knowledge, did Avon

4   Capital Nevada ever engage in any life settlement

5   transactions?

6        A.   I don't believe so.

7        Q.   And do you know who the members of

8   Avon Capital Nevada were?

9        A.   No, I don't know.

10       Q.   And would it be fair to say Avon

11  Capital Nevada never had any employees?

12       A.   Yes, that would be fair to say.

13       Q.   And also it never had any office

14  space?

15       A.   I don't think it had any office

16  space.

17       Q.   Okay.  Now, did you have any

18  involvement in the formation of Avon Capital

19  Wyoming?

20       A.   Yes.

21       Q.   And what was your involvement?

22       A.   I forget the name of the gentleman

23  who helped set it up, but there was a corporate

24  office in Cheyenne, Wyoming.  I forget the

25  gentleman's name, but he set up Avon Capital in

1    Wyoming.

2         Q.   And why did you have Avon Capital

3    Wyoming set up?

4         A.   It turned out that Wyoming has the

5    best laws in the country for doing life

6    settlement transactions.  Where a number of

7    states were requiring people to get licensed or

8    were starting to regulate life settlement

9    transactions, Wyoming had the best laws and had

10   no prohibitions whatsoever or regulations for

11   doing life settlement transactions.

12        So that was the reason why I thought

13   it would be best to, if we were going to be doing

14   any business in the life settlement market, we

15   should have a Wyoming LLC as opposed to a Nevada

16   or a Delaware LLC.

17        Q.   Okay.  Who are the members of Avon

18   Capital Wyoming?

19        A.   I don't recall.

20        Q.   Were any of your entities ever

21   members of Avon Capital Wyoming?

22        A.   I don't recall.

23        Q.   Do you recall anything about Avon

24   Capital Wyoming or drawing a total blank?

25        A.   No, I know that Avon Capital Wyoming

Page 148

```
 1   was involved in a number of transactions.   In

 2   terms of what the actual ownership structure was,

 3   I just don't know.

 4        Q.   Do you recall that Avon Capital

 5   Wyoming was involved in a transaction with a

 6   business known as SDM Holdings?

 7        A.   I know that Avon Capital was involved

 8   in an acquisition of a block of business known as

 9   SDM.

10        Q.   And do you know which of the Avon

11   Capitals was involved in that business?

12        A.   Yes.

13        Q.   Which one?

14        A.   Avon Wyoming.

15        Q.   And how do you know that?

16        A.   Because I was involved in the

17   transaction.

18        Q.   What was your involvement in the

19   transaction?

20        A.   Don Trudeau introduced me to a

21   gentleman by the name of Tom Moran, and Tom Moran

22   had a large block of business, several blocks of

23   business.

24        Don Trudeau was involved in a project

25   to buy large blocks of old viatical business.   He
```

# EXHIBIT  C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

      Petitioner/Judgment Creditor,

v.

NOVA GROUP, INC.,

and

AVON CAPITAL, LLC, a Connecticut
limited liability company,

      Respondents/Judgment Debtors.

Case No. 14-FJ-5-HE

## DECLARATION OF DONALD TRUDEAU

I, Donald Trudeau, declare and state as follows in support of Avon Capital, LLC a
Wyoming limited liability company's ("Avon Capital-WY") motion to intervene in the
above captioned matter:

1.      I am a member of Avon Capital-WY, over the age of eighteen, and competent
to testify to the matters in this declaration.

2.      The statements in this declaration are true and correct based on my own
personal knowledge, including a review of the records kept by Avon Capital-WY in the
regular course of business.

3.      Avon Capital-WY's Tax Identification Number is ▮▮▮▮1285.

4.      Avon Capital-WY is not the same business entity as Avon Capital, LLC, a
Connecticut limited liability company.

EXHIBIT
3

Case 5:14-fj-00005-HE   Document 77-4   Filed 11/10/16   Page 3 of 7
Appellate Case: 16-6078   Document: 01019823837   Date Filed: 04/26/2017   Page: 248
Case 5:14-fj-00005-HE   Document 57-3   Filed 04/15/16   Page 2 of 2

5.      Avon Capital-WY is also not the same business entity as Avon Capital, LLC, a Nevada limited liability company.

6.      Avon Capital-WY maintains bank accounts and bookkeeping records that are separate from those of its members.

7.      Avon Capital-WY owns 100% of the membership interests in SDM Holdings, LLC.  Attached as Exhibit 1 is a true and correct copy of the December 30, 2009 assignments of SDM Holdings, LLC's membership interests to Avon Capital-WY.

8.      Prior to the entry of judgment on August 15, 2014, Avon Capital-WY was not served with summons or other process at any time in connection with the lawsuits styled *Universitas Education, LLC v. Nova Group, Inc.*, United States District Court for the Southern District of New York case numbers 1:11-cv-1590 and 1:11-cv-8726.

9.      Attached as Exhibit 2 is a true and correct copy of a Restraining Notice dated March 17, 2016 served by Universitas Education, LLC in connection with the lawsuits styled *Universitas Education, LLC v. Nova Group, Inc.*, United States District Court for the Southern District of New York case numbers 1:11-cv-1590 and 1:11-cv-8726.

10.     I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746,  that the foregoing statements are true and correct.

Executed on April 15th, 2016.

_____
Donald Trudeau

2

Case 5:14-fj-00005-HE   Document 77-4   Filed 11/10/16   Page 4 of 7
Appellate Case: 16-6258   Document: 01019823742   Date Filed: 06/20/2017   Page: 249
Case 5:14-fj-00005-HE   Document 57-4   Filed 04/15/16   Page 1 of 4

## ASSIGNMENT OF MEMBERSHIP INTEREST

**KNOW ALL PERSONS BY THESE PRESENTS:**

THAT this Assignment is executed effective the 30th day of December, 2009, by and between Jane M. Moran, , having a notice address of 521 W. Wilshire, Suite 200, Oklahoma City, Oklahoma 73116 ("Assignor"), and Avon Capital, LLC, a Wyoming limited liability company, with a notice address of 2187 Atlantic Street, Stamford, CT 06902, ("Assignee"), with respect to the following:

**W I T N E S S E T H :**

NOW, THEREFORE, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby BARGAIN, SELL, ASSIGN, TRANSFER AND DELIVER unto Assignee one hundred percent (100%) of Assignor's existing right, title and interest in and to Assignor's Membership Interest in SDM Holdings, LLC, an Oklahoma limited liability company (the "Company"), such Membership Interest being ten percent (10%), together with all and singular the rights, titles, interests, privileges, and benefits thereunder and thereto in any manner belonging, including, without limitation, payments, proceeds, compensation, property and any and all monies to become due and payable on or after the date first written above, to Assignor in connection with or pursuant to the above Membership Interest, unto Assignee.

All payments, proceeds, compensations, property, assets, interests and/or rights assigned by Assignor to Assignee hereunder, and which may hereafter come into the possession or be under the control of the Assignor, shall forthwith be delivered by the Assignor to Assignee in precisely the form received, except for endorsement, transfer or assignment by Assignor, where necessary, in the name and in favor of Assignee or its nominee or designee. Until so transferred, assigned and/or turned over to Assignee, the same shall be deemed to be and shall be held in trust by Assignor, as trustee of an express trust for the exclusive benefit of Assignee, and shall not be commingled with any other funds or property of Assignor.

Assignor hereby represents, warrants and covenants to and with Assignee as follows:

     a.     Assignor is the owner of the Membership Interest in Company herein assigned to Assignee, free and clear of any and all liens and encumbrances whatsoever, and said interests constitute not less than ten percent (10%) of the outstanding Membership Interest in Company.

     b.     Assignor shall make, execute and deliver to Assignee, or any designee, nominee, representative or agent of Assignee, any and all further instruments, documents or writings deemed necessary or appropriate by Assignee in connection with or in confirmation of this instrument of assignment as Assignee may reasonably request in writing from time to time.

Assignor hereby designates Assignee and authorizes and empowers Assignee to demand from any person, firm or corporation, or otherwise, at such time or times as Assignee shall elect, as the case may be, all or any part of the monies or other property to become due on or after the date first written above, to said Company.

**Signature Page to Follow**

EXHIBIT
3-1

Case 5:14-fj-00005-HE   Document 77-4   Filed 11/10/16   Page 5 of 7
Appellate Case: 5:14-fj-00005-HE   Document: 01019823872   Date Filed: 02/26/2023/2013   Page: 250
Case 5:14-fj-00005-HE   Document 57-4   Filed 04/15/16   Page 2 of 4

IN WITNESS WHEREOF, the Parties have executed this Agreement on the separate signature pages attached as a part hereof, effective December 30, 2009.

ASSIGNOR:

_Jane M. Moran_
Jane M. Moran

STATE OF OKLAHOMA )
) SS:
COUNTY OF OKLAHOMA )

This instrument was acknowledged before me on the 9th day of DEC , 2009, Moran.

My Commission Expires: 6|10|13

My Commission No.: CC009427

_____
Notary Public

ASSIGNEE:

AVON CAPITAL, LLC,
a Wyoming limited liability company

By: _____
Donald Trudeau, Authorized Signatory

STATE OF _____ )
) SS:
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of _____, 2010, by Donald Trudeau, Authorized Signatory of Avon Capital, LLC, a Wyoming limited liability company.

My Commission Expires: _____

My Commission No.: _____

_____
Notary Public

Case 5:14-fj-00005-HE   Document 77-4   Filed 11/10/16   Page 6 of 7
Appellate Case: 16-6047   Document: 01019823972   Date Filed: 07/20/2017   Page: 251
Case 5:14-fj-00005-HE   Document 57-4   Filed 04/15/16   Page 3 of 4

## ASSIGNMENT OF MEMBERSHIP INTEREST

**KNOW ALL PERSONS BY THESE PRESENTS:**

THAT this Assignment is executed effective the 30th day of December, 2009, by and between H. Thomas Moran, II, having a notice address of 521 W. Wilshire, Suite 200, Oklahoma City, Oklahoma 73116 ("Assignor"), and Avon Capital, LLC, a Wyoming limited liability company, with a notice address of 2187 Atlantic Street, Stamford, CT 06902, ("Assignee"), with respect to the following:

### W I T N E S S E T H :

NOW, THEREFORE, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby BARGAIN, SELL, ASSIGN, TRANSFER AND DELIVER unto Assignee one hundred percent (100%) of Assignor's existing right, title and interest in and to Assignor's Membership Interest in SDM Holdings, LLC, an Oklahoma limited liability company (the "Company"), such Membership Interest being ninety percent (90%), together with all and singular the rights, titles, interests, privileges, and benefits thereunder and thereto in any manner belonging, including, without limitation, payments, proceeds, compensation, property and any and all monies to become due and payable, on or after the date first written above, to Assignor in connection with or pursuant to the above Membership Interest, unto Assignee.

All payments, proceeds, compensations, property, assets, interests and/or rights assigned by Assignor to Assignee hereunder, and which may hereafter come into the possession or be under the control of the Assignor, shall forthwith be delivered by the Assignor to Assignee in precisely the form received, except for endorsement, transfer or assignment by Assignor, where necessary, in the name and in favor of Assignee or its nominee or designee. Until so transferred, assigned and/or turned over to Assignee, the same shall be deemed to be and shall be held in trust by Assignor, as trustee of an express trust for the exclusive benefit of Assignee, and shall not be commingled with any other funds or property of Assignor.

Assignor hereby represents, warrants and covenants to and with Assignee as follows:

      a.      Assignor is the owner of the Membership Interest in Company herein assigned to Assignee, free and clear of any and all liens and encumbrances whatsoever, and said interests constitute not less than ninety percent (90%) of the outstanding Membership Interest in Company.

      b.      Assignor shall make, execute and deliver to Assignee, or any designee, nominee, representative or agent of Assignee, any and all further instruments, documents or writings deemed necessary or appropriate by Assignee in connection with or in confirmation of this instrument of assignment as Assignee may reasonably request in writing from time to time.

Assignor hereby designates Assignee and authorizes and empowers Assignee to demand from any person, firm or corporation, or otherwise, at such time or times as Assignee shall elect, as the case may be, all or any part of the monies or other property to become due on or after the date first written above, to said Company.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the separate signature pages attached as a part hereof, effective December 30, 2009.

**Signature Page To Follow**

**ASSIGNOR:**

H. Thomas Moran, II

| STATE OF OKLAHOMA | ) |
| | ) SS: |
| COUNTY OF OKLAHOMA | ) |

This instrument was acknowledged before me on the 30th day of DEC , 2009 by H. Thomas Moran, II.

My Commission Expires: 6/10/13

My Commission No.: 05005427

_____
Notary Public

**ASSIGNEE:**
**Avon Capital, LLC,**
**a Wyoming limited liability company**

By: _____
Donald Trudeau, Authorized Signatory

| STATE OF _____ | ) |
| | ) SS: |
| COUNTY OF _____ | ) |

The foregoing instrument was acknowledged before me this _____ day of _____, 2010, by Donald Trudeau, as Authorized Signatory of Avon Capital, LLC, a Wyoming limited liability company.

My Commission Expires: _____

My Commission No.: _____

_____
Notary Public

# EXHIBIT  D

Case 5:14-fj-00005-HE   Document 77-5   Filed 11/10/16   Page 2 of 5
Appellate Case: 16-6048   Document: 01019238028   Date Filed: 06/20/2019   Page: 254
Case 1:11-cv-01590-LTS-HBP   Document 183-22   Filed 11/28/12   Page 2 of 5

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

In Re: Grand Jury Investigation            Misc. No. 3:12CV882 (JCH)

## STIPULATION
### RE: Duplication of Seized and Subpoenaed Material

    1.      On May 25 and 26, 2011, agents of the United States Department of Labor

("DOL") seized certain documents from 100 Grist Mill Road, Simsbury, Connecticut and 300

First Stamford Place, #201, Stamford, Connecticut, collectively the offices of Benistar Admin

Services, Inc. ("BASI") and other associated businesses.  The "seized documents" were placed

into approximately eighty-three (83) boxes, and numbered by DOL agents.  Boxes from 100 Grist

Mill Road were numbered 1 through 41, and boxes from 300 First Stamford Place were

numbered 1 through 42.

    2.      On May 26, 2011, DOL agents served on Halloran and Sage LLP a federal grand

jury subpoena, requiring production of certain documents that had been seized during execution

of a search warrant at 100 Grist Mill Road, Simsbury, Connecticut on April 20, 2010 by agents of

the Internal Revenue Service, as part of a grand jury investigation emanating from the Eastern

District of Wisconsin.  Many of those documents were later been returned in the document

review process in the Eastern District of Wisconsin, and were in the possession of Halloran and

Sage at the time of the service of the subpoena.  From the material in the possession of Halloran

& Sage, twenty nine boxes of material were provided to DOL agents pursuant to the subpoena, in

the boxes bearing numbers assigned by the IRS agents from Wisconsin ("the subpoenaed

material").

EXHIBIT
Rossi
8

3.   On August 31, 2012, representatives of BASI and associated businesses reviewed the seized and subpoenaed material and requested to have certain of that material copied at their own expense. As part of that review, BASI representatives identified boxes to be provided to One Stop Copy Shop, located at 19 Thomas Street, East Hartford, Connecticut.

4.   The following boxes (the SUBJECT BOXES) have been identified as containing material to be copied:

      a.   Seized documents from 100 Grist Mill Road, boxes 2, 3, 4, 6, 7, 9, 12, 14, 22, 31, 33, and 36

      b.   Seized documents from 300 First Stamford Place, #201, boxes 2, 28, and 39

      c.   Subpoenaed documents from Halloran and Sage, boxes 38, 124, 238, 253, and 293

5.   The TARGETS of the grand jury investigation that gave rise to the May 2011 search warrants referenced above were previously identified as Daniel Carpenter, Jack E. Robinson, Donald Trudeau, J. Edward Waesche, Wayne Bursey, Charles Induddi Westcott, Benistar Admin Services, Inc. ("BASI"), Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Benefit Plan Advisors, LLC, TPG Group, Inc., Caroline Financial Group, Nova Group, Avon Capital, LLC, the Charter Oak Trust Welfare Benefit Plan, the Charter Oak Trust, and the Charter Oak Trust 2009, and all employees and business associates of those organizations. Attorney Dan LaBelle of Halloran and Sage has asserted that he represents all TARGETS in the seized and subpoenaed material discussed herein, for the limited purpose of entering into this stipulation. LaBelle further warrants that he have canvassed all TARGETS and that all such parties are satisfied with LaBelle's representation for the limited purpose of entering into this stipulation.

6.   The TARGETS agree that the DOL will turn physical custody of the SUBJECT

2

Case 5:14-fi-00005-HE   Document 77-5   Filed 11/10/16   Page 4 of 5
Appellate Case: 25-6049   Document: 010110960325   Date Filed: 10/06/2025   Page: 256
Case 1:11-cv-01590-LTS-HBP   Document 183-22   Filed 11/28/12   Page 4 of 5

BOXES over to One Stop Copy Shop for copying. After copying is complete, One Stop Copy

Shop will immediately return the SUBJECT BOXES to the DOL. One Stop Copy Shop will be

responsible for picking up the SUBJECT BOXES from the DOL and returning the SUBJECT

BOXES to the DOL. One Stop Copy Shop must maintain the integrity of each box and

the order of documents within each box. All costs associated with the copying of

material in the SUBJECT BOXES, including transportation of the SUBJECT BOXES, shall

be borne by the TARGETS.

      7.     The TARGETS further agree that should any representative of the TARGETS be

required to provide in-person explanation or clarification to employees of One Stop Copy Shop,

in which said representative would come into contact with the SUBJECT BOXES, notice will be

given to the undersigned Assistant United States Attorney, and a DOL agent will be permitted to

attend.

3

8. The TARGETS agree not to raise any objections in any procedural setting (including without limitation grand jury, pre-indictment, pre-trial, trial, sentencing, appeal or post-judgment proceedings) concerning the authenticity of the SUBJECT BOXES and the material contained therein, or the chain of custody concerning the SUBJECT BOXES and the material contained therein, as a result of the documents being in the possession of One Stop Copy Shop, or any of its facilities, for purposes of copying.

SO STIPULATED AND AGREED.

For the Government:

DAVID B. FEIN
UNITED STATES ATTORNEY

Dated: 11/20/2012

_____
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY

For the Targets:

_____
DANIEL E. LABELLE, ESQ.
ATTORNEY FOR THE TARGETS

Dated: 11/20/2012

4

# EXHIBIT E

Case 5:14-fj-00005-HE   Document 77-6   Filed 11/10/16   Page 2 of 6
Appellate Case 1:11-cv-01590-LTS-HBP   Document 582-26   Filed 09/25/15   Page 2 of 9   Date Filed: 02/20/2025   Page: 259

Case 1:11-cv-01590-LTS-HBP   Document 582-26   Filed 09/25/15   Page 2 of 9

[Page 1]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------

UNIVERSITAS EDUCATION, LLC,

       Plaintiff,     Civil Action Nos.

  vs.               11-1590-LTS-HBP

NOVA GROUP, INC., as      11-8726-LTS

Trustee, Sponsor and Fiduciary

of the CHARTER OAK TRUST

WELFARE BENEFIT PLAN,

       Defendant.

-----------------------------------

DEPOSITION OF DONALD TRUDEAU

Wednesday, February 6, 2013

10:00 a.m.

Reported by:

Joan Ferrara

[Page 5]

1

2    D O N A L D    T R U D E A U,

3         called as a witness, having been duly

4         sworn by a Notary Public, was examined

5         and testified as follows:

6    EXAMINATION BY

7    MS. COLBATH:

8         Q.    Good morning, Mr. Trudeau.

9         A.    Good morning.

10        Q.    My name is Paula Colbath.  I'm a

11   lawyer here with Loeb & Loeb and we

12   represent Universitas Education LLC in this

13   matter.

14             Could you state your full name

15   for the record.

16        A.    Donald, D-O-N-A-L-D, J, Trudeau,

17   T-R-U-D-E-A-U.

18        Q.    And could you state your business

19   address for the record.

20        A.    25 Seir Hill, two words, S-E-I-R,

21   H-I-L-L, Road, Norwalk, Connecticut 06850.

22        Q.    And could you state your

23   residential address for the record.

24        A.    1061 King Street, Greenwich,

25   Connecticut 06831.

Case 5:14-fi-00005-HE   Document 77-6   Filed 11/10/16   Page 4 of 6
Appellate Case: 16-6078   Document: 01019823837   Date Filed: 02/26/2025   Page: 261
Case 1:11-cv-01590-LTS-HBP   Document 582-26   Filed 09/25/15   Page 6 of 9

[Page 39]

1                   D. Trudeau

2       A.      CBCA Administrators.

3       Q.      CBCA Administrators?

4       A.      Correct.

5       Q.      And CBCA Administrators is out of

6   business?

7       A.      It is out of business, yes.

8       Q.      When did it go out of business?

9       A.      2011, I think, the last assets.

10      Q.      And did Mr. Carpenter have any

11   dealings with Loge Group or CBCA

12   Administrators?

13      A.      No.

14      Q.      None whatsoever?

15      A.      I mean, he didn't do any business

16   with it, as far as I know.  Did we talk

17   about it?  Probably did.  Didn't have any

18   ownership, that sort of thing, so...

19      Q.      And I think the next entity you

20   listed was Avon Capital?

21      A.      Uh-huh.

22      Q.      Is that a limited liability

23   company?

24      A.      It is.

25      Q.      And what ownership interest do

Case 5:14-fi-00005-HE   Document 77-6   Filed 11/10/16   Page 5 of 6
Appellate Case: 16-6058   Document 899823   Date Filed: 02/26/2019   Page: 262

Case 1:11-cv-01590-LTS-HBP   Document 582-26   Filed 09/25/15   Page 7 of 9

[Page 40]

1              D. Trudeau

2    you have in that entity?

3        A.     The entity I have most of, I

4    basically control the whole entity.

5        Q.     And when was Avon Capital, LLC

6    formed?

7        A.     It was formed, I believe, in

8    2010.

9        Q.     Who formed that entity for you?

10       A.     I formed it.  I basically

11   re-formed it.  It was a, not defunct, but

12   it wasn't doing anything, and I basically

13   put some spit polish on it, reincorporated

14   it.

15       Q.     Well, tell me what you did to

16   reincorporate it.  Just describe to me the

17   spit polish.

18       A.     You know, it hadn't paid the

19   licensing fee and the incorporation,

20   whatever it was.  So the state had made it

21   dormant.  So I paid the fees and had it

22   reincorporated.

23       Q.     So Avon Capital, LLC was an

24   existing corporation that had become

25   dormant in 2010?

Case 5:14-fj-00005-HE   Document 77-6   Filed 11/10/16   Page 6 of 6
Appellate Case: 16-6053   Document: 01019823837   Date Filed: 02/26/2025   Page: 263

Case 1:11-cv-01590-LTS-HBP   Document 582-26   Filed 09/25/15   Page 8 of 9

[Page 41]

1                       D. Trudeau

2        A.    Right.

3        Q.    Correct?

4        A.    Correct.

5        Q.    Okay.

6              How did you learn about Avon

7   Capital, LLC?

8        A.    How did I learn about it?

9        Q.    Yeah, that it was dormant.

10       A.    Well, there was another Avon

11  Capital, LLC, there were two of them at

12  least, one of which had been formed to do

13  transactions with Avon Insurance Trust that

14  you referenced earlier, and had actually

15  done a couple of transactions.

16             Either before or around the same

17  time, there was a separate basically shell

18  formed, and I don't know what the intent is

19  or whatever, but at the same time, I mean,

20  that was formed and it didn't do anything,

21  and I liked the name and suggested it would

22  be a reasonable thing to use and take over

23  rather than forming something new and

24  completely different.

25       Q.    Okay.

# EXHIBIT  F

# STATE OF WYOMING ✻ SECRETARY OF STATE
## ED MURRAY
## BUSINESS DIVISION

2020 Carey Ave., Ste. 700, Cheyenne, WY 82002-0020
Phone 307-777-7311 · Fax 307-777-5339
Website: http://soswy.state.wy.us · Email: business@wyo.gov

## Filing Information

 Please note that this form CANNOT be submitted in place of your Annual Report.

| | | | |
|---|---|---|---|
| Name | **AVON CAPITAL, LLC** | | |
| **Filing ID** | **2007-000538125** | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

---

## General Information

| | | | |
|---|---|---|---|
| Old Name | | Sub Status | Current |
| Fictitious Name | | Standing - Tax | Delinquent |
| | | Standing - RA | Good |
| Sub Type | | Standing - Other | Good |
| Formed in | Wyoming | Filing Date | 05/18/2007 2:00 PM |
| Term of Duration | Perpetual | Delayed Effective Date | |
| | | Inactive Date | 07/09/2014 |

**Principal Address**

300 1st Stamford Pl Ste 201
Stamford, CT 06902

**Mailing Address**

100 Grist Mill Road
Simsbury, CT 06070

**Registered Agent Address**

Incorp Services, Inc.
1621 Central Ave
Cheyenne, WY 82001

**Parties**

| Type | Name / Organization / Address |
|---|---|
| Manager | Caroline Financial Group, Inc. |

**Notes**

| Date | Recorded By | Note |
|---|---|---|

EXHIBIT
4

Page 1 of 3

Case 5:14-fj-00005-HE   Document 77-7   Filed 11/10/16   Page 3 of 4
Appellate Case: 16-6258   Document: 01019233043   Date Filed: 04/15/16   Page: 2   PageID: 266
Case 5:14-fj-00005-HE   Document 77-3   Filed 04/15/16   Page 2 of 3   PageID: 266

# Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | **AVON CAPITAL, LLC** | | | | |
|---|---|---|---|---|---|
| **Filing ID** | **2007-000538125** | | | | |
| Type | Limited Liability Company | | Status | | Inactive - Administratively Dissolved (Tax) |

## Most Recent Annual Report Information

| Type | Original | | | AR Year | 2013 |
|---|---|---|---|---|---|
| License Tax | $50.00 | AR Exempt | N | AR ID | 01636720 |
| AR Date | 12/3/2012 3:26 PM | | | | |
| Web Filed | Y | | | | |

### Officers / Directors

| Type | Name / Organization / Address |
|---|---|

| **Principal Address** | **Mailing Address** |
|---|---|
| 300 1st Stamford Pl Ste 201 | 100 Grist Mill Road |
| Stamford, CT 06902 | Simsbury, CT 06070 |

## Annual Report History

| Num | Status | Date | Year | Tax |
|---|---|---|---|---|
| 00943415 | Original | 11/26/2008 | 2008 | $50.00 |
| 01012991 | Original | 05/14/2009 | 2009 | $50.00 |
| 01243207 | Original | 11/22/2010 | 2010 | $50.00 |
| 01436363 | Original | 11/28/2011 | 2011 | $50.00 |

Principal Address 1 Changed  From: 100 Grist Mill Ln  To: 300 1st Stamford Pl Ste 201
Principal City Changed  From: Simsbury  To: Stamford
Principal Postal Code Changed  From: 06070  To: 06902

| | | | | |
|---|---|---|---|---|
| 01562684 | Original | 06/27/2012 | 2012 | $50.00 |
| 01636720 | Original | 12/03/2012 | 2013 | $50.00 |

## Amendment History

| ID | Description | Date |
|---|---|---|
| 2014-001634683 | Dissolution / Revocation - Tax | 07/09/2014 |

Filing Status Changed  From: Active  To: Inactive - Administratively Dissolved (Tax)
Inactive Date Changed  From: No Value  To: 07/09/2014

| | | |
|---|---|---|
| 2014-001610497 | Delinquency Notice - Tax | 05/02/2014 |
| 2012-001332437 | Delinquency Notice - Tax | 05/02/2012 |
| 2011-001278511 | Reinstatement - Tax | 11/28/2011 |

Case 5:14-fj-00005-HE   Document 77-7   Filed 11/10/16   Page 4 of 4
Appellate Case: 16-6325   Document: 01019723573   Date Filed: 10/31/2016   Page: 276
Case 5:14-fj-00005-HE   Document 77-6   Filed 04/15/16   Page 3 of 3

# Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| | | | |
|---|---|---|---|
| Name | **AVON CAPITAL, LLC** | | |
| **Filing ID** | **2007-000538125** | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

---

Filing Status Changed  From: Inactive - Administratively Dissolved (Tax)  To: Active

Inactive Date Changed  From: 07/10/2011  To: No value

| 2011-001268109 | RA Address Change | 11/01/2011 |
|---|---|---|

Registered Agent # Changed  From: 0126265  To: 0188376

Registered Agent Physical Address 1 Changed  From: 2510 Warren Ave  To: 1621 Central Ave

| 2011-001230761 | Administrative Dissolution (Tax) | 07/10/2011 |
|---|---|---|

Filing Status Changed  From: Active  To: Inactive - Administratively Dissolved (Tax)

| 2011-000974239 | Delinquency Notice - Tax | 05/02/2011 |
|---|---|---|
| 2010-000907596 | RA Name/Address Change | 11/22/2010 |

Registered Agent # Changed  From: No Value  To: 0126265

Registered Agent Organization Name Changed  From: No Agent  To: Incorp Services, Inc.

Registered Agent Physical Address 1 Changed  From: No Office  To: 2510 Warren Ave

Registered Agent Physical City Changed  From: No Value  To: Cheyenne

Registered Agent Physical Postal Code Changed  From: No Value  To: 82001

| 2010-000907594 | Reinstatement - RA | 11/22/2010 |
|---|---|---|

Filing Status Changed  From: Inactive - Administratively Dissolved (No Agent)  To: Active

Inactive Date Changed  From: 06/17/2009  To: No value

| 2009-000767835 | Administrative Dissolution (No Agent) | 06/17/2009 |
|---|---|---|

Filing Status Changed  From: Active  To: Inactive - Administratively Dissolved (No Agent)

| 2009-000753369 | Delinquency Notice - Tax | 05/02/2009 |
|---|---|---|
| 2009-000748482 | RA Resignation | 04/09/2009 |

Registered Agent # Changed  From: 0173386  To: No Value

Registered Agent Organization Name Changed  From: Corporation Service Company  To: No Agent

Registered Agent Physical Address 1 Changed  From: 1821 Logan Ave  To: No Office

Registered Agent Physical City Changed  From: Cheyenne  To: No Value

Registered Agent Physical Postal Code Changed  From: 82001  To: No Value

| 2008-000671490 | Delinquency Notice - Tax | 05/02/2008 |
|---|---|---|
| See Filing ID | Initial Filing | 05/18/2007 |

# EXHIBIT  G

Case 5:14-fj-00005-HE   Document 77-8   Filed 11/10/16   Page 2 of 2
4/14/2016 Appellate Case: 5:14-fj-00005-HE   Document 77-2   Filed 04/15/16   Page 1 of 1   Page: 269
Case 5:14-fj-00005-HE   Document 57-2   Filed 04/15/16   Page 1 of 1

## Business Inquiry

### Business Details

| | | | |
|---|---|---|---|
| Business Name: | **AVON CAPITAL, LLC** | Citizenship/State Inc: | **Domestic/CT** |
| Business ID: | **0879747** | Last Report Filed Year: | **NONE** |
| Business Address: | **100 GRIST MILL ROAD, SIMSBURY, CT, 06070** | Business Type: | **Domestic Limited Liability Company** |
| Mailing Address: | **NONE** | Business Status: | **Active** |
| Date Inc/Registration: | **Nov 21, 2006** | | |

### Principals Details

| Name/Title | Business Address | Residence Address |
|---|---|---|
| WAYNE H. BURSEY   MANAGER | 100 GRIST MILL ROAD, SIMSBURY, CT, 06070 | 100 GRIST MILL ROAD, SIMSBURY, CT, 06070 |

### Agent Summary

| | |
|---|---|
| Agent Name | **HALLORAN & SAGE LLP** |
| Agent Business Address | **ONE GOODWIN SQUARE, 225 ASYLUM STREET, HARTFORD, CT, 06103** |
| Agent Residence Address | **NONE** |

EXHIBIT
2

# EXHIBIT  H

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

H. THOMAS MORAN, II, and
JANE M. MORAN,

        Plaintiffs

v.

AVON CAPITAL, LLC, a Wyoming
Limited Liability Corporation,

        Defendant.

Case No. 10-cv-00393-HE

## DEFENDANT'S AMENDED ANSWER TO COMPLAINT

COMES NOW Defendant, Avon Capital, LLC, a Wyoming Limited Liability Corporation (hereinafter "Defendant"), and for its Amended Answer to Plaintiffs' Complaint states as follows:

## PARTIES AND JURISDICTION

1.    Responding to Paragraph 1 of Plaintiffs' Complaint, Defendant denies the basis for jurisdiction in this Court pursuant to 28 U.S.C. § 1338(a).

2.    Responding to Paragraph 2 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Plaintiffs H. Thomas Moran, II and Jane M. Moran (referred to collectively as "the Morans") are each citizens and residents of the State of Oklahoma and therefore denies the same.

3.    Responding to Paragraph 3 of Plaintiffs' Complaint, Defendant admits Defendant Avon Capital, LLC ("Avon") is a Wyoming limited liability company. Based

4846-7107-9431.1/1

Case 5:14-fj-00005-HE   Document 77-9   Filed 11/10/16   Page 3 of 8
Appellate Case: 16-6173   Document: 01019823387   Date Filed: 06/24/2017   Page: 272
Case 5:10-cv-00393-HE   Document 31   Filed 10/25/10   Page 2 of 7

on information and belief, the non-corporate members of Avon are citizens and residents of the State of Connecticut.

4.      Responding to Paragraph 4 of Plaintiffs' Complaint, Defendant denies that it engaged in unlawful conduct and therefore denies the amount in controversy.

5.      Responding to Paragraph 5 of Plaintiffs' Complaint, Defendant admits Plaintiffs purport to state a basis for venue, but denies any act or omission by which to establish venue in this Court, and therefore denies the allegations.

## GENERAL ALLEGATIONS

Defendant re-asserts Paragraphs 1-5 of its Answer as though fully set forth herein, and incorporates said Paragraphs by reference.

6.      Responding to Paragraph 6 of the Plaintiffs' Complaint, Defendant admits that on or about December 30, 2009, the Morans and Avon entered into a Membership Purchase Agreement (the "Agreement").

7.      Responding to Paragraph 7 of the Plaintiffs' Complaint, Defendant admits that it agreed to purchase the Morans' membership interests in SDM Holdings, LLC ("SDM"). Defendant denies the remaining allegations contained therein.

8.      Responding to Paragraph 8 of the Plaintiffs' Complaint, Defendant admits that the Morans executed assignments of membership interest. Defendant denies the remaining allegations contained therein.

9.      Responding to Paragraph 9 of the Plaintiffs' Complaint, Defendant admits the allegations contained therein.

Case 5:14-fj-00005-HE   Document 77-9   Filed 11/10/16   Page 4 of 8
Appellate Case: 16-6178   Document: 01019823333   Date Filed: 06/20/2017   Page: 273
Case 5:10-cv-00393-HE   Document 31   Filed 10/25/10   Page 3 of 7

10.    Responding to Paragraph 10 of the Plaintiffs' Complaint, Defendant states that under the terms of the Agreement, if certain conditions were met and the Plaintiffs fulfilled its obligations as set forth in the Agreement, the Defendant would be required to make a second payment.  Defendant denies the remaining allegations contained therein.

11.    Responding to Paragraph 11 of the Plaintiffs' Complaint, Defendant denies the allegations contained therein.

12.    Responding to Paragraph 12 of the Plaintiffs' Complaint, Defendant admits that the Agreement is as set forth in Paragraph 12.  Defendant denies the remaining allegations contained therein.

## COUNT I – SPECIFIC PERFORMANCE

Defendant re-asserts Paragraphs 1-12 of its Answer as though fully set forth herein, and incorporates said Paragraphs by reference.

13.    Responding to Paragraph 13 of Plaintiffs' Complaint, Defendant hereby denies the allegations contained therein.

14.    Responding to Paragraph 14 of Plaintiffs' Complaint, Defendant admits that, subject to certain terms and conditions, the Agreement provided the Morans the right to repurchase certain membership interests in SDM.  Defendant denies the remaining allegations contained therein.

15.    Responding to Paragraph 15 of Plaintiffs' Complaint, Defendant denies that Plaintiffs have fulfilled all of their obligations under the Agreement.  Defendant is without sufficient information to admit or deny the remaining allegations contained therein and therefore denies the same.

4846-7107-9431.1/3

3

Case 5:14-fj-00005-HE Document 77-9 Filed 11/10/16 Page 5 of 8
Appellate Case: 20-6048 Document 010110423923 Date Filed: 06/26/2020 Page: 274
Case 5:10-cv-00393-HE Document 31 Filed 10/25/10 Page 4 of 7

16.    Responding to Paragraph 16 of Plaintiffs' Complaint, Defendant admits that it is the legal owner of the Membership Interests. Defendant denies the remaining allegations contained therein.

17.    Responding to Paragraph 17 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

18.    Responding to Paragraph 18 of Plaintiffs' Complaint, Defendant denies that Plaintiffs are entitled to judgment against Defendant and denies that Plaintiffs are entitled to damages or relief as alleged by Plaintiffs. Defendant denies the remaining allegations contained therein.

### COUNT II
### (IN THE ALTERNATIVE) BREACH OF CONTRACT

Defendant re-asserts Paragraphs 1-18 of its Answer as though fully set forth herein, and incorporates said Paragraphs by reference.

19.    Responding to Paragraph 19 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

20.    Responding to Paragraph 20 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

21.    Responding to Paragraph 21 of Plaintiffs' Complaint, Defendant denies engaging in any unlawful conduct, and denies that it caused any damage to Plaintiffs and therefore denies that Plaintiffs are entitled to the nature or the extent of relief requested. Defendant denies the remaining allegations contained therein.

Case 5:14-fj-00005-HE   Document 77-9   Filed 11/10/16   Page 6 of 8
Appellate Case: 16-6275   Document: 01019832342   Date Filed: 06/06/2017   Page: 275
Case 5:10-cv-00393-HE   Document 31   Filed 10/25/10   Page 5 of 7

## GENERAL DENIAL

Defendant denies each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim for which relief can be granted.

2.      Plaintiffs' claims are barred in whole, or in part, by the applicable statute of limitations or other jurisdictional prerequisites.

3.      Plaintiffs' claims are barred in whole, or in part, due to failure of consideration.

4.      Plaintiffs' claims are barred in whole, or in part, because the conditions precedent to Defendant's obligations, if any, never occurred.

5.      Plaintiffs' claims are barred in whole, or in part, because Defendant fully performed its obligations, if it had any.

6.      Plaintiffs have an adequate remedy at law and are not entitled to specific performance.

7.      Plaintiffs have failed to mitigate their damages.

8.      Plaintiffs' claims are barred in whole, or in part, because the original Agreement between the parties cannot be enforced because the parties substituted a new and different Agreement for the original under the doctrine of novation.

9.      Defendant specifically reserves the right to amend this Answer to add or delete affirmative defenses as additional investigation, discovery or circumstances warrant.

5

Case 5:14-fj-00005-HE   Document 77-9   Filed 11/10/16   Page 7 of 8
Appellate Case: 20-6048   Document: 010110432308   Date Filed: 06/26/2020   Page: 276
Case 5:10-cv-00393-HE   Document 31   Filed 10/25/10   Page 6 of 7

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

A.     For a final judgment in Defendant's favor which:   (i) dismisses with prejudice the claims asserted by Plaintiffs against Defendant in this case; (ii) declares Defendant to be the prevailing party on each dismissed claim; (iii) awards Defendant all damages entitled by law or contract; and (iv) liberally awards Defendant attorneys' fees and costs to the maximum extent allowed by law.

B.     For a final judgment which grants Defendant such other and further legal and equitable relief as may be just and proper under the circumstances.

Dated this 25th day of October, 2010.

Respectfully submitted,

**s/ Alan L. Rupe          10/25/10**
Alan L. Rupe
OBA Number: 20440
*Attorney for Defendant*
KUTAK ROCK LLP
1605 N. Waterfront Pkwy., Suite 150
Wichita, KS 67206
Telephone:  (316) 609.7900
Fax:  (316) 630.8021
alan.rupe@kutakrock.com

6305 Waterford Blvd., Suite 475
Oklahoma City, OK  73118-116
Telephone: (405) 842.2475
Fax:  (405) 842.5748

Case 5:14-fj-00005-HE   Document 77-9   Filed 11/10/16   Page 8 of 8
Appellate Case: 16-6078   Document: 01019823349   Date Filed: 06/24/2017   Page: 277
Case 5:10-cv-00393-HE   Document 31   Filed 10/25/10   Page 7 of 7

## DEMAND FOR TRIAL BY JURY

Defendant respectfully requests a trial by jury of all facts so triable in the Western

District of Oklahoma.

Respectfully submitted,

<u>s/ Alan L. Rupe</u>          **10/25/10**
Alan L. Rupe
OBA Number: 20440
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Melvin R. McVay, Jr., OBA No. 06096
Shannon K. Emmons, OBA No. 14272
Catherine L. Campbell, OBA No. 14689
**PHILLIPS MURRAH P.C.**
Corporate Tower/Thirteenth Floor
101 North Robinson
Oklahoma City, OK  73102
Telephone:   (405) 235-4100
Facsimile:   (405) 235-4133
Email:mrmcvay@phillipsmurrah.com
   skemmons@phillipsmurrah.com
   clcampbell@phillipsmurrah.com

Attorneys for Plaintiffs

<u>s/ Alan L. Rupe</u>          **10/25/10**
Alan L. Rupe
OBA No. 20440
Attorney for Defendant

# EXHIBIT  I



**FILED**

NOV 0 7 2014

UNITED STATES DISTRICT COURT
for the
Southern District of New York

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA,
BY_____,DEPUTY

Universitas Education, LLC
*Plaintiff*
V.
Nova Group Inc.
*Defendant*

Civil Action No. 11 Civ. 1590

14 - FJ - 5 - HE

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on (date) 08/12/2014

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and appeals have been filed and are still pending. Clerk's certification is issued as per judge's order dated 11/5/2014, Doc #493.

Date: 11/05/2014

CLERK OF COURT

Signature of Clerk or Deputy Clerk

NY1307510.1
214560-10001

Case 5:14-fj-00005-HE   Document 77-10   Filed 11/10/16   Page 3 of 7
Appellate Case 5:14-fj-00005-HE   Document 54-2   Filed 11/07/14   Page 3 of 3   Page: 280

Case 1:11-cv-01590-LTS-HBP   Document 475   Filed 08/12/14   Page 1 of 3

USDC SDNY
DOCUMENT    475
ELECTRONICALLY FILED 08/12/2014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

              Petitioner,

      -against-

NOVA GROUP, INC.,

              Respondent.
------------------------------------------------------------X

11 **CIVIL** 1590 (LTS) (HBP)
11 **CIVIL** 8726 (LTS) (HBP)

**JUDGMENT**

Whereas following entry of judgment in its favor in the above captioned-actions, Universitas Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the "Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover Respondents of money and assets, including certain specified insurance policies, until Petitioner's judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ. 1590); Mr. Carpenter and certain third parties having moved to modify the temporary injunction to allow transactions between themselves and certain of the Turnover Respondents (See docket entry nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

Case 5:14-fj-00005-HE   Document 77-10   Filed 11/10/16   Page 4 of 7
Appellate Case: 16-6190   Document 01019823934   Date Filed 06/02/2017   Page: 281
Case 5:14-fj-00005-HE   Document 1-1   Filed 11/07/14   Page 2 of 3

Case 1:11-cv-01590-LTS-HBP   Document 475   Filed 08/12/14   Page 2 of 3

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

Case 5:14-fj-00005-HE   Document 77-10   Filed 11/10/16   Page 5 of 7
Appellate Case: 16-6015   Document: 01019833389   Date Filed: 05/26/2017   Page: 282
Case 5:14-fj-00005-HE   Document 1-1   Filed 11/07/14   Page 3 of 3

Case 1:11-cv-01590-LTS-HBP   Document 475   Filed 08/12/14   Page 3 of 3

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

Dated: New York, New York
       August 12, 2014

                                        RUBY J. KRAJICK
                                   _____
                                        Clerk of Court

                            BY:    *K. Mango*
                                   _____
                                        Deputy Clerk


THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON  8/12/2014



                            A CERTIFIED COPY
                       RUBY J. KRAJICK  CLERK

                       _____
                              Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

        Petitioner,

    -v-

NOVA GROUP, INC.,

        Respondent.

-------------------------------------------------------x

NOVA GROUP, INC.,

        Petitioner,

    -v-

UNIVERSITAS EDUCATION, LLC,

        Respondent.

-------------------------------------------------------x

No. 11 Civ. 1590 (LTS)(HBP)

No. 11 Civ. 8726 (LTS)(HBP)

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 0 5 2014**

## ORDER

Universitas Education, LLC ("Universitas") moved on September 25, 2014, to register the judgment entered on August 15, 2014 in other judicial districts pursuant to 28 U.S.C. § 1963. (Docket entry no. 485.)[1] No opposition to this motion was filed. For substantially the reasons stated in Universitas' memorandum in support of its motion (docket entry no. 496), and supported by the September 25, 2014 Declaration of Michael Barnett (docket entry no. 487), the motion is granted.

---

[1]    Docket entry numbers in this Order refer exclusively to those in case number 11 Civ. 1590.

JUDGMENTS.WPD      VERSION 3/12/14                        1

Case 5:14-fj-00005-HE   Document 77-10   Filed 11/10/16   Page 7 of 7
Appellate Case: Case 5:14-fj-00005-HE   Document 1-2   Filed 11/7/14   Page 2 of 2   Page: 284

Case 1:11-cv-01590-LTS-HBP   Document 493   Filed 11/05/14   Page 2 of 2

This Order resolves docket entry no. 485.

SO ORDERED.

Dated: New York, New York
November 5, 2014

LAURA TAYLOR SWAIN
United States District Judge

# EXHIBIT  J

## 18 Okl. St. § 2055.2

Current through the Second Regular Session of the 55th Legislature (2016)

**Oklahoma Statutes, Annotated by LexisNexis®** > **Title 18. Corporations** > **Chapter 32. Oklahoma Limited Liability Company Act**

## § 2055.2. Annual Certificate for Domestic Limited Liability Company and Foreign Limited Liability Company

ANNUAL CERTIFICATE FOR DOMESTIC LIMITED LIABILITY

COMPANY AND FOREIGN LIMITED LIABILITY COMPANY

A. Every domestic limited liability company and every foreign limited liability company registered to do business in this state shall file a certificate each year in the Office of the Secretary of State, which confirms it is an active business and includes its principal place of business address, and shall pay an annual certificate fee of Twenty-five Dollars ($25.00).

B. The annual certificate shall be due on the anniversary date of filing the articles of organization or registration, as the case may be, until cancellation of the articles of organization or withdrawal of the registration.

C. The Secretary of State shall, at least sixty (60) days before the anniversary date of each year, cause a notice of the annual certificate to be sent to each domestic limited liability company and each foreign limited liability company required to comply with the provisions of this section to its last known electronic mail address of record with the Secretary of State.

D. A domestic limited liability company or foreign limited liability company that fails to file the annual certificate and pay the annual certificate fee within sixty (60) days after the date due shall cease to be in good standing as a domestic limited liability company or registered as a foreign limited liability company in this state.

E. Except for accepting a resignation of a registered agent when a successor registered agent is not being appointed or an application for reinstatement, the Secretary of State shall not accept for filing any certificate or articles, or issue any certificate of good standing, in respect to any domestic limited liability company that has ceased to be in good standing or foreign limited liability company that has ceased to be registered, unless or until the domestic limited liability company has been reinstated as a domestic limited liability company in good standing or the foreign limited liability company has been reinstated as a foreign limited liability company duly registered in this state.

F. A domestic limited liability company that has ceased to be in good standing or a foreign limited liability company that has ceased to be registered in this state may not maintain any action, suit or proceeding in any court of this state until the domestic limited liability company has been reinstated as a domestic limited liability company in good standing or the foreign limited liability company has been reinstated as a foreign limited liability company duly registered in this state. An action, suit or proceeding may not be maintained in any court of

Case 5:14-fi-00005-HE   Document 77-11   Filed 11/10/16   Page 3 of 4
Appellate Case: 16-6018   Document: 01019823837   Date Filed: 02/28/2017   Page: 287

Page 2 of 3

18 Okl. St. § 2055.2

this state by any successor or assignee of the domestic limited liability company or foreign limited liability company on any right, claim or demand arising out of the transaction of business by the domestic limited liability company after it has ceased to be in good standing or a foreign limited liability company that has ceased to be registered in this state until the domestic limited liability company or foreign limited liability company, or any person that has acquired all or substantially all of its assets, has caused the limited liability company to be reinstated as a domestic limited liability company in good standing or as a foreign limited liability company duly registered in this state, as applicable.

**G.** A domestic limited liability company not in good standing for failure to file an annual certificate and pay the annual certificate fees or registered agent fees, including a domestic limited liability company whose articles of organization have been canceled under subsection B of Section 2012.1 of this title, or a foreign limited liability company whose registration was withdrawn for failure to file an annual certificate and pay the annual certificate fees or registered agent fees may apply to the Secretary of State for reinstatement by:

**1.** Filing all delinquent annual certificates with the Secretary of State and paying all delinquent annual certificate fees or paying all delinquent registered agent fees to the Secretary of State; and

**2.** Filing an application for reinstatement with the Secretary of State stating its name at the time it ceased to be in good standing or was withdrawn, the date it ceased to be in good standing or was withdrawn, and its current name, if its name at the time it ceased to be in good standing or was withdrawn is no longer available under Section 2008 or 2045 of this title.

If the Secretary of State determines that the application contains the required information, the information is correct, all delinquent certificates or other filings are submitted, all delinquent fees are paid, and the name satisfies the requirements of Section 2008 or 2045 of this title, the Secretary of State shall accept the application for reinstatement and issue a certificate of reinstatement in the manner provided in Section 2007 of this title for domestic limited liability companies or Section 2044 of this title for foreign limited liability companies. If the limited liability company is required to change its name because its name at the time it ceased to be in good standing or was withdrawn is no longer available, acceptance of the reinstatement shall constitute an amendment to the domestic limited liability company's articles of organization to change its name or the adoption of a fictitious name by the foreign limited liability company, as applicable. The application for reinstatement may amend the articles of organization of the domestic limited liability company or the application for registration of the foreign limited liability company, subject in either case to the payment of the additional fee required in Section 2055 of this title for amendments; provided, that the application may not extend the term of a limited liability company that had expired before the application for reinstatement. For purposes of this section, a foreign limited liability company applying for reinstatement is deemed to have done business continually in the state following the administrative withdrawal.

**H.** The failure of a domestic limited liability company or foreign limited liability company to file an annual certificate and pay an annual certificate fee or a registered agent fee to the Secretary of State shall not impair the validity on any contract, deed, mortgage, security interest, lien or act of the domestic limited liability company or foreign limited liability company or prevent

18 Okl. St. § 2055.2

the domestic limited liability company or foreign limited liability company from defending any action, suit or proceeding with any court of this state.

I.  A member or manager of a domestic limited liability company or foreign limited liability company is not liable for the debts, obligations or liabilities of the domestic limited liability company or foreign limited liability company solely by reason of the failure of the domestic limited liability company or foreign limited liability company to file an annual certificate and pay an annual certificate fee or a registered agent fee to the Secretary of State or by reason of the domestic limited liability company or foreign limited liability company ceasing to be in good standing or duly registered.

## History

Laws 2006, ch. 22 (SB 1556), § 1, eff. Nov. 1, 2006; Laws 2008, ch. 253 (SB 1043), § 31, eff. June 2, 2008; Laws 2012, ch. 245 (SB 1523), § 1, eff. Nov. 1, 2012.

Oklahoma Statutes, Annotated by LexisNexis®

Copyright © 2016 All rights reserved.

# EXHIBIT  K



Home    Recent    Public    Members

Search

JOURNAL

 **Business and Corporate Law Section**

# Avoiding the Premature Death of an LLC

*By Libby Anne Mercer*

Oklahoma enacted the Oklahoma Limited Liability Company Act in 1992.₁ The LLC act has been amended several times since then, most recently in 2006.₂ Several provisions added as amendments carry serious consequences for an LLC that fails to comply with the act.

Added in 2001 is the requirement that each domestic LLC and each foreign LLC registered to do business in Oklahoma "shall" annually file a certificate with the Office of the Secretary of State. The certificate "shall confirm [the LLC] is an active business and include its principal place of business address."₃ Before Nov. 1, 2006, the due date for filing the annual certificate was July 1 of each year.₄ Effective Nov. 1, 2006, the annual certificate is due "on the anniversary date of filing the certificate following the close of the calendar year."₅

Additionally, if the secretary of state acts as the registered service agent for an LLC, an annual fee is also required and is due on July 1 of each year.₆ An LLC that fails to pay the annual fee is subject to the same consequences as the LLC that fails to file the annual certificate.₇

The first failure to file the annual certificate results in a termination of "good standing as a domestic limited liability company or [entity] registered as a foreign limited liability company in this state."₈ Upon the loss of good standing, a domestic LLC or a foreign LLC registered to do business in Oklahoma, "may not maintain any action, suit or proceeding in any court of this state" until its "good standing" or "duly registered" standing has been restored.₉ Importantly, no "successor or assignee" of the LLC is allowed to maintain any action on any "right, claim or demand arising out of business by the domestic" LLC after it ceased to be in good standing *unless and until* the LLC, "or any person that has acquired all or substantially all of its assets, has filed its annual certificate with the Secretary of State or paid its registered agent fee to the Secretary of State then due and payable, together with penalties."₁₀ Unfortunately, this may not be possible.

Unlike an Oklahoma corporation that has been suspended for its failure to pay franchise taxes, an Oklahoma LLC does not have unlimited time in which to seek reinstatement of good standing. A suspended corporation may be restored to good standing upon payment of all past due franchise taxes regardless of the number of years the tax has gone unpaid.₁₁ The corporation may discover that its name now belongs to a different corporation, but it nevertheless has the ability to choose another name and be reinstated.₁₂ An LLC lacks this option because the Oklahoma LLC Act limits an LLC to three years within which to obtain restoration of its good standing status.₁₃ After three years of noncompliance with the filing and/or fee requirement, reinstatement is no longer available to an LLC. The LLC is dead and cannot be revived under any name!₁₄

> Section 2012.1 of Title 18 provides,
>
> The articles of organization of a domestic limited liability company **shall be deemed to be cancelled** if the domestic limited liability company shall fail to pay the annual fee provided in Section 2055.2 of this title or a registered agent fee to the Secretary of State due under Section 2055 of this title *for a period of three (3) years from the date it is due*, the cancellation to be effective on the third anniversary of the due date. [Emphasis added]



Webcast Encore's are available for OBA/CLE seminars.

View the catalog (http://okbar.inreachce.com/Search?mediaType=da0e7866-a44c-4daf-bb2c-9c504f5d8f9d) and sign up for one today!

## Bar Journal Menu ▼

Advertising
(http://www.okbar.org/LinkClick.aspx?link=788&tabid=720&portalid=13&mid=2111)

Archived Issues
(http://www.okbar.org/LinkClick.aspx?link=4695&tabid=4695&portalid=13&mid=2111)

Publication Dates
(http://www.okbar.org/LinkClick.aspx?link=809&tabid=720&portalid=13&mid=2111)

Submissions
(http://www.okbar.org/LinkClick.aspx?link=810&tabid=720&portalid=13&mid=2111)

Subscriptions
(http://www.okbar.org/LinkClick.aspx?link=784&tabid=720&portalid=13&mid=2111)

This provision removes forever the ability of an LLC to be restored to good standing. Unlike the statute that suspends a corporation for failure to pay franchise taxes,[15] the current LLC Act does not allow reinstatement of an LLC that has been cancelled by the secretary of state after three years of noncompliance. Neither the members of the deceased LLC nor its assignees or successors can revive an LLC whose articles of organization have been cancelled. Some of you must be thinking this conclusion is absolutely wrong. Here is why it is not.

An LLC whose articles of organization have been cancelled is no longer a legal entity. The day after the secretary of state administratively cancels the articles of organization, the name of the deceased LLC becomes available to anyone, other than a corporation, for the taking.[16] The name of the deceased LLC may be reserved[17] or may be assumed by any person who files articles of organization using the LLC name.[18] Although the individuals who owned or controlled the deceased LLC could again file articles of organization using the same name (assuming the name was still available), the former LLC nevertheless would not be revived or reinstated. The secretary of state would issue a certificate of organization under a new identification number that is different from the identification number of the deceased LLC. The deceased LLC would not have been reinstated; rather, an entirely new entity would be created.

Another reason refiling would not restore the former LLC is that after cancellation of the articles of organization, the members of the deceased LLC would be free to decline to participate in the new LLC. Even if the new LLC used the old name, it is possible that the members could be different. An attorney representing an LLC that has been cancelled by operation of law who attempts to revive the LLC's existence merely by filing new articles of organization under the name of the deceased LLC should consider carefully whether s/he has an ethical obligation to inform the members of the deceased LLC they may have the option to refuse to become members of the new LLC.

To illustrate a potential consequence of noncompliance with the act's requirements, consider the following scenario from a recent case. John Doe formed an LLC naming himself, his wife Jane, and his mother, Mary Smith, as members of the LLC. John and Jane later became embroiled in an action to dissolve their marriage. John caused the LLC to sue Jane in an attempt to enforce an alleged contract that would have removed property from the marital estate. Jane moved to dismiss on the basis that the LLC had died after it failed to comply with the act for three consecutive years. The motion was granted; the court held the LLC no longer existed, and therefore, it lacked capacity to attempt to enforce the alleged contract.[19]

Many people associate the death of an LLC solely with "dissolution" and believe that an LLC is a legal entity until completion of the winding up of its business. Contrary to this belief, the Oklahoma LLC Act expressly sets out that the manner of death of an LLC is the *cancellation* of the articles of organization.[20] The act states that a "limited liability company formed under this act is a separate legal entity, the existence of which as a separate legal entity continues until cancellation of the limited liability company's *articles of organization.*"[21] The act then provides that the articles of organization shall be cancelled by dissolution or merger,[22] or shall be deemed cancelled after three years of failing to file the annual certificate and pay the associated fee.[23] Consequently, an LLC is no longer a legal entity after its articles of organization have been cancelled, whether by dissolution, merger or by operation of law.

Those Oklahoma LLCs whose articles of organization have been cancelled by the secretary of state after three consecutive years of noncompliance, but who continue to transact business, have placed themselves in a Catch-22. The 10th Circuit Court of Appeals has held that an Oklahoma LLC whose legal existence has been terminated *no longer exists for any purpose* and lacks the capacity to wind up its affairs and dissolve.[24] *In re Midpoint Development L.L.C.,*[25] articles of dissolution containing an immediate effective date were filed with the Oklahoma secretary of state. Midpoint Development L.L.C. thereafter filed a petition for bankruptcy relief. Creditors sought dismissal arguing that Midpoint was no longer a legal entity and was therefore ineligible to be a debtor. Midpoint claimed it had the right to wind up its affairs after dissolution. The 10th Circuit disagreed with Midpoint and concluded that "the winding up period should precede the effective date of the articles of dissolution, which ultimately terminates an L.L.C.'s legal existence by cancelling its articles of organization."[26]

While *In re Midpoint* addresses the situation of an LLC that ceased to exist after the effective date of its articles of dissolution, the reasoning applies equally to an LLC that ceased to exist after three consecutive years of noncompliance with the reporting and fee requirements. An Oklahoma LLC whose articles of organization have been cancelled for any reason lacks the capacity to conduct business as a legal entity.

An additional problem encountered by those LLCs that, perhaps unknowingly, have been canceled by operation of law occurs when the nonexistent LLC attempts to sell real property. A certificate of good standing for the LLC likely will be required as a formality necessary to finalize the sale. Of course, when the LLC attempts to obtain the certificate from the secretary of state, it will be confronted with the unpleasant discovery that it no longer exists and cannot be reinstated as the same entity.[27] This obviously presents a significant obstacle to a defunct LLC attempting to sell real property which remains titled in its name, especially in light of the 10th Circuit's ruling in *In re Midpoint Development L.L.C.*[28] that an LLC whose articles of organization have been cancelled no longer exists for any purpose.

The LLC Act also currently contains an inherent conflict for an LLC that has been suspended from good standing for less than three years and wishes to dissolve. The act gives "persons winding up the business or affairs" of an LLC the ability to "prosecute and defend suits."[29] This statutory provision does not expressly limit the dissolving LLC's participation in lawsuits solely to legal actions necessary to wind down LLC affairs. However, a suspended LLC is expressly prohibited from *maintaining* any lawsuit in Oklahoma.[30] It thus appears that a suspended LLC claiming to be dissolving and winding down its affairs might be allowed to file lawsuits while a suspended, but not dissolving, LLC is prohibited from doing so. However, as shown above, an LLC that is no longer a legal entity does not exist for any purpose and therefore lacks the capacity to participate in a law suit in any way.

The issues and conflicts apparent in the current provisions of the Oklahoma LLC Act discussed in this article will likely be resolved by the Oklahoma Legislature in 2008 in Senate Bill 1043. Until these statutory provisions are amended, practitioners who represent LLCs would do well to take careful note of the act's requirements and to make sure their LLC clients do not die a premature death for failure to comply.

1. Chapter 148, 1992 Oklahoma Session Laws.
2. Amended by Laws 2006, SB 1556, c. 22, § 1, eff. Nov. 1, 2006.
3. 18 O.S. §2055.2 (A).
4. 18 O.S. §2055.2 (B), superceded effective Nov. 1, 2006.
5. 18 O.S. §2055.2 (B), as amended effective Nov. 1, 2006.
6. 18 O.S. §2055(12).
7. 18 O.S. §2055.1. Nonpayment the first year results in loss of good standing. 18 O.S. '2055.2(G). Nonpayment for three consecutive years results in cancellation of the LLC's articles of organization. 18 O.S. §2012.1(B).
8. 18 O.S. §2055.2 (D).
9. 18 O.S. §2055.2 (G).
10. *Id.*
11. 68 O.S. §1212.
12. A corporation that has been suspended for a number of years may discover that its name has been taken by another company. The secretary of state works closely with the Oklahoma Tax Commission, and after three years of suspension for failure to pay franchise taxes, the secretary of state apparently will make the corporate name available to the public under 18 O.S. §1006(A)(1)(a). If the corporate name has been used by another, a suspended corporation seeking reinstatement will be required to choose a different name.
13. 18 O.S. §2012.1.
14. 18 O.S. §2012.1.
15. 68 O.S. §1212.
16. 18 O.S. §2008(2)(a)(1) prohibits a new LLC from organizing under the same name or a name indistinguishable from "then existing limited liability companies." In contrast, a corporation is prohibited by 18 O.S. §1006(A)(1)( c ) from incorporating under the "names of limited liability companies, whether domestic or foreign, then existing or which existed at any time during the preceding three (3) years."
17. 18 O.S. §2009.
18. 18 O.S. §2008.
19. Jane later reserved the name of the former LLC herself. Although this step was not necessary to prevent resurrection of the former LLC, it did prevent John and Mary from registering a new LLC under the former name, and then attempting (albeit unsuccessfully) to reopen the dismissed case. However, the divorce court later allowed both the LLC and Mary to intervene in the divorce in order to "dissolve" the LLC, an action this author believes to be in direct violation of the LLC Act and the *Midpoint Development* decision. The dispute is still pending.
20. 18 O.S. §2004 (B).
21. 18 O.S. §2004 (B) (emphasis added).
22. 18 O.S. §2012.1 (A).
23. 18 O.S. §2012.1 (B).
24. *In re Midpoint Development L.L.C.*, 466 F.3d 1201 (10th Cir. 2006).
25. 466 F.3d 1201 (10th Cir. 2006).
26. *Id.* at 1205.

27. It is outside the scope of this article whether a new LLC, otherwise identical to the LLC that was canceled by operation of law, will be allowed by the IRS to use the defunct LLC's tax identification number.
28. 466 F.3d 1201 (10th Cir. 2006).
29. 18 O.S. §2039 (A)(2)(a).
30. 18 O.S. §2055.2 (G).

## About The Author

Libby Mercer is a private practice attorney in Oklahoma City. Her 20 years of experience encompass both state and federal judicial clerkships and private civil litigation. Currently, her practice emphasizes representing consumers in cases involving auto fraud, warranty law, debt collection abuses, predatory lending practices and other consumer-related issues. Mercer also works as a research and briefing consultant and provides litigation support. She may be reached at (405) 525-8858 or by e-mail at consumerlaw@swbell.net (mailto:consumerlaw@swbell.net).

Originally published in the *Oklahoma Bar Journal* -- Jan.12, 2008 -- Vol.79, No. 1

---

## Contact Us

1901 N. Lincoln Blvd.

PO Box 53036

Oklahoma City, OK 73152

Phone: 405-416-7000

## Members

Join a Committee

Section Sign Up

OBA-NET

Lawyers Helping Lawyers

MyOkbar & Fastcase

## Public

Oklahoma Find a Lawyer

Consumer Legal Information

LRE    Mock Trial

Complaint Process

Free Legal Answers


my.OKBar.org login

ID: Bar Number

PIN: MyOKBar PIN

Sign in

---

Copyright 2016 by Oklahoma Bar Association

Login |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

      Petitioner/Judgment Creditor,

v.

NOVA GROUP, INC.,

and

AVON CAPITAL, LLC, a Connecticut
limited liability company,

      Respondents/Judgment Debtors.

Case No. 14-FJ-5-HE

## INTERVENOR AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION

Intervenor Avon Capital, LLC, a Wyoming limited liability company ("Avon Capital-WY"), pursuant to Federal Rule of Civil Procedure 65 and LCvR7.1, hereby submits this reply brief in support of its motion for a permanent injunction prohibiting Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas Education") from satisfying its judgment awarded by the United States District Court for the Southern District of New York in case number 1:11-cv-1590 ("New York Judgment") against Respondent/Judgment Debtor Avon Capital, LLC, a Connecticut limited liability company ("Avon Capital-CT"), with assets belonging to the completely separate business entity Avon Capital-WY.

# I.     INTRODUCTION

As discussed in Avon Capital-WY's opening brief, Universitas Education's efforts to satisfy its New York Judgment obtained against Avon Capital-CT[1] with assets owned by Avon Capital-WY are wholly improper and should be enjoined. In its response, Universitas Education acknowledges, at least implicitly,[2] that Avon Capital-CT and Avon Capital-WY are not the same entity. Universitas Education nevertheless implores the Court to ignore this fact and allow it to proceed with its unlawful collection efforts because (1) the New York Judgment somehow "encompasses" Avon Capital-WY, even though Universitas Education never joined Avon Capital-WY as a party to the New York litigation and the New York Judgment was not entered against Avon Capital-WY; (2) Avon Capital-WY "refused to comply" with discovery served on Avon Capital-CT in this ancillary proceeding; (3) Avon Capital-WY "failed to appear for its Court-mandated Hearing on assets"—a hearing that the

---

[1]Universitas Education casts aspersions on Avon Capital-WY's alleged "unilateral," "intentional," and "incorrect" addition of "a Connecticut limited liability company" to Judgment Debtor Avon Capital, LLC's name in the caption and "wish[es] to inform the Court that other counsel in 'related cases' have been sanctioned for such conduct." (Doc. 77, page 5 (citing an order describing addition of a nonparty to the caption as "plainly fraudulent")) Avon Capital-WY, however, did not add a nonparty to the caption. Avon Capital-WY's addition of "a Connecticut limited liability company" to Judgment Debtor Avon Capital, LLC's name can hardly be described as "plainly fraudulent" when it is supported by the August 7, 2014 order, which specifically referred to Judgment Debtor Avon Capital, LLC as an entity formed in *Connecticut*, and Universitas Education's own filings, which also specifically referred to "Avon Capital, LLC" as a *Connecticut* corporation. *See Universitas Educ., LLC v. Nova Grp., Inc.*, Nos. 11-cv-1590 and 11-cv-8726, 2014 U.S. Dist. LEXIS 109077, *22 (S.D.N.Y. Aug. 7, 2014); Doc. 57-10, pages 5 and 8.

[2]In its response, Universitas Education cites to documents from the Wyoming Secretary of State regarding Avon Capital-WY and documents from the Connecticut Secretary of State regarding Avon Capital-CT. (Docs. 77-7 and 77-8)

"Judgment Debtor" was ordered to appear for, not Avon Capital-WY; and (4) Avon Capital-WY "cannot satisfy the standard for a permanent injunction."[3]  (Doc. 77 at page 6)

Rather than squarely address the dispositive effect of the fact that Avon Capital-WY is not and cannot be the judgment debtor because it was not a party to the New York litigation, Universitas Education relies on its fallacious and circular logic that the judgment debtor is any and all entities with the name "Avon Capital, LLC"[4] and, therefore, Avon Capital-WY is the judgment debtor, Universitas Education may satisfy its New York Judgment with Avon Capital-WY's assets, and Avon Capital-WY has failed to comply with the Court's orders directed to the judgment debtor in this ancillary proceeding.   In short, Universitas Education merely assumes that which it has the burden to prove, i.e., that Avon

---

[3]Universitas Education also asserts that Avon Capital-WY lacks standing to move for a permanent injunction because it is administratively dissolved, but fails to cite any apposite authority.  (Doc. 77 at page 13)  Universitas Education's reliance on 18 O.S. § 2055.2(F) is misplaced because Avon Capital-WY is neither a domestic limited liability company or a foreign limited liability company registered in Oklahoma.  Under Oklahoma law, "[a] limited liability company continues in existence after dissolution, regardless of whether articles of dissolution are filed" and may "prosecute and defend suits" even after dissolution.  18 O.S. §§ 2037 and 2039(A)(2)(a).  Wyoming has a similar statute allowing dissolved limited liability companies to "prosecute and defend actions and proceedings."  W.S. 17-29-702.  Universitas Education's standing argument is without merit and further highlights the irreparable harm that Avon Capital-WY would suffer from being deprived of an opportunity to protect its assets if its motion for permanent injunction is denied.

[4]Universitas Education incorrectly refers to "Avon" as "purportedly being registered in Connecticut, Nevada, and Wyoming."  (Doc. 77 at page 8)  This ancillary proceeding does not involve a single judgment debtor registered to do business in multiple states, but rather three different business entities with the same name.  The fact Avon Capital-WY has the same name as the judgment debtor does not make Avon Capital-WY the judgment debtor. *Cf. United States v. Simmons*, CV F 96-5948, 1998 U.S. Dist. LEXIS 9127, at *29 (E.D. Cal. Apr. 1, 1998) ("[T]he mere fact that two (or more) entities have the same name is not, standing alone, sufficient to create a genuine issue of disputed fact as to the identity of the party to whom a transferor intends to deed property[.]").

Capital-WY is properly before the Court in this ancillary proceeding as the judgment debtor. Because Universitas Education has failed to make any such showing in the more than two years since this ancillary proceeding was filed, Avon Capital-WY's motion for permanent injunction should be granted.

## II.    ARGUMENT

### A.    Avon Capital-WY Is Not Estopped From Seeking a Permanent Injunction Because Universitas Education Has Never Obtained a Judgment Against Avon Capital-WY or Filed any Motions Against Avon Capital-WY.

Without citation to a single legal authority or any supporting facts, Universitas Education asserts "this Court should, in equity," deny Avon Capital-WY's motion for permanent injunction. (Doc. 77 at pages 10-11) According to Universitas Education, Avon Capital-WY cannot "bring its own permanent injunction motion" after having failed to oppose Universitas Education's motion for an injunction filed in November 2015. (*Id.*) Universitas Education makes the related, and equally erroneous, assertion that Avon Capital-WY "comes to this Court with unclean hands" having "refused to produce any documents and" "to appear at the Court-Ordered Hearing on Assets." (*Id.* at page 11) Contrary to Universitas Education's unsupported assertions, it never filed any motions against Avon Capital-WY in November 2015, and this Court did not enter any orders directing Avon Capital-WY to appear at a debtor's exam.

As continually ignored by Universitas Education, its New York Judgment is against the completely separate and distinct legal entity Avon Capital-CT. *Universitas*, 2014 U.S. Dist. LEXIS 109077, at *22. Accordingly, this ancillary proceeding, which was filed in aid of execution of Universitas Education's New York Judgment *against Avon Capital-CT*, is

not against Avon Capital-WY because Avon Capital-WY is not the "Judgment Debtor."

Avon Capital-WY was not even a party to this ancillary proceeding until the Court granted it

leave to intervene—intervention that was necessitated by Universitas Education's refusal to

acknowledge the undisputed facts that Avon Capital-WY is not the same entity as Avon

Capital-CT and is not the "Judgment Debtor."

On July 30, 2012, in aid of execution of the June 7, 2012 judgment entered against

Respondent/Judgment Debtor Nova Group, Inc., Universitas Education issued and served a

subpoena directed to Avon Capital-CT, defined by Universitas Education itself as "a

*Connecticut* corporation" (Doc. 57-10, pages 5 and 8 (emphasis added)), for the production

of certain business records based on Universitas Education's belief Avon Capital-CT

"owe[d] a debt to Nova" or had possession of or access to property in which Nova has an

interest.  (*Id.* at page 1)  Universitas Education did not, however, serve any subpoenas

directed to Avon Capital-WY.  *See* dockets in S.D.N.Y. Case Nos. 11 Civ. 1590 and 11 Civ.

8726, attached as Exs. 1 and 2; Doc. 57-3, ¶ 8.

On February 6, 2013, Universitas Education's counsel deposed Donald Trudeau in

S.D.N.Y. Case Nos. 11 Civ. 1590 and 11 Civ. 8726.  (Ex. 3, page 1)  Trudeau testified

regarding his involvement with Avon Capital-WY, explaining to Universitas Education's

counsel that Avon Capital-WY is a separate entity from Avon Capital-CT.  (*Id.* at 39:19-

57:22)  He testified that Avon Capital-CT "was a sponsor of the Avon Insurance Trust" and

Avon Capital-WY had nothing to do with the Avon Insurance Trust.  (*Id.* at 42:13-17, 44:11-

14)  He also testified regarding Avon Capital-WY's purchase of SDM.  (*Id.* at 276:19-

277:25)  On October 21, 2013, Universitas Education filed a motion for turnover of assets

against several respondents, including Avon Capital-CT, as a further attempt to execute on the June 7, 2012 judgment. *Universitas*, 2014 U.S. Dist. LEXIS 109077, at \*3-4. Despite Trudeau's February 2013 testimony regarding Avon Capital-WY and Universitas Education's actual knowledge that Avon Capital-WY was a completely separate entity from Avon Capital-CT, Universitas Education did not name Avon Capital-WY as a respondent to the motion for turnover of assets. *See Universitas*, 2014 U.S. Dist. LEXIS 109077, at \*22. *See also* Exs. 1 and 2; Doc. 57-10 at pages 5 and 8; Doc. 57-3 at ¶ 8.

On August 7, 2014, the court entered an order awarding Universitas Education a judgment against several respondents, including the New York Judgment against Avon Capital-CT in the amount of $6,710,065.92. *Id.* at \*33. In the August 7, 2014 order, the court specifically noted the "Turnover Respondents," i.e., the judgment debtors, were all "entities formed in Delaware and Connecticut." *Id.* at \*22. The court's order did not include a single reference to any entities formed in Wyoming or Avon Capital-WY. *Id.* at \*1-40. Despite Universitas Education's knowledge that Avon Capital-WY was a completely separate entity from Avon Capital-CT, Universitas Education did not move to alter the judgment or join Avon Capital-WY as a judgment debtor. *See* Exs. 1 and 2.

On November 7, 2014, Universitas Education registered the New York Judgment with this Court. (Doc. 1) On November 11, 2015, Universitas Education filed a motion for order requiring the *judgment debtor*, identified as "Avon Capital, LLC," to appear and answer concerning property and assets and for injunction forbidding transfer or other disposition of property. (Doc. 6, page 1 (emphasis added)) On December 3, 2015, the Court issued an order for the judgment debtor "Avon Capital, LLC" to appear at a debtor's exam. (Doc. 14)

On December 15, 2015, Avon Capital-WY's counsel received a letter from Universitas Education's counsel enclosing copies of several documents related to the enforcement of the New York Judgment. (Doc. 57-12, page 2)  On January 20, 2016, counsel for Avon Capital-WY sent a letter in reply advising that his firm did not represent Avon Capital-CT and of Avon Capital-WY's objection to any future attempts by Universitas Education to satisfy the New York Judgment with assets of Avon Capital-WY. (*Id.* at pages 2-4)  Universitas Education provided no response to Avon Capital-WY's January 20, 2016 letter. (Ex. 4, ¶ 3)

Instead, Universitas Education served Avon Capital-WY with several more documents related to the enforcement of the New York Judgment. (Doc. 33)  In a second letter dated March 23, 2016, Avon Capital-WY's counsel reiterated that Avon Capital-WY is not the same entity as Avon Capital-CT. (Doc. 57-13, page 5)  Again, Universitas Education provided no response (Ex. 4, ¶ 4), and instead filed a motion on March 31, 2016 asking the Court to issue a contempt citation compelling "Defendant Avon Capital LLC ('Judgment Debtor')" to appear and produce all documents and records as required by the Court's earlier orders. (Docs. 14, 29; Doc. 40, page 1)

Despite Universitas Education's actual knowledge, no later than February 6, 2013, some eighteen months *before* the entry of the New York Judgment, that Avon Capital-WY is a separate and distinct legal entity from Avon Capital-CT, Universitas Education never once served Avon Capital-WY with process or made any other effort to join Avon Capital-WY as respondent or judgment debtor in the New York litigation. *See Universitas*, 2014 U.S. Dist. LEXIS 109077, at *22. *See also* Exs. 1 and 2; Doc. 57-10 at pages 5 and 8; Doc. 57-3 at ¶ 8. Despite the repeated reminders from Avon Capital-WY in connection with this ancillary

4832-5393-2093.1

7

proceeding that it is a separate and distinct legal entity from Avon Capital-CT (Docs. 56, 57-12, 57-13, and 73), Universitas Education still refuses to cease its unlawful collection efforts against Avon Capital-WY (Doc. 77). Universitas Education has yet to refer Avon Capital-WY or this Court to any ruling, order, or adjudication that Avon Capital-WY is, in fact, the "Judgment Debtor," a mere alter ego of Avon Capital-CT, or otherwise subject to the enforcement of the New York Judgment such that Universitas Education's efforts in this ancillary proceeding are justified.[5] This failure is telling and further supports Avon Capital-WY's requested permanent injunction.

### B. Avon Capital-WY Has Satisfied Its Burden to Establish Its Entitlement to a Permanent Injunction.

Universitas Education contends Avon Capital-WY's motion for permanent injunction should be denied because Avon Capital-WY failed to support its motion "with a single affidavit or supportive document." (Doc. 77 at page 16 n.5) Citing a litany of inapposite cases discussing *preliminary* injunctions,[6] Universitas Education further contends Avon

---

[5]The extent of Universitas Education's proof in this regard is that the New York Judgment is against "Avon Capital, LLC, without any delineation as to the state of its formation." (Doc. 77 at page 12) Universitas Education's contention that this means the New York Judgment is against every entity named "Avon Capital, LLC" is contrary to Judge Swain's August 7, 2014 order in which the court specifically noted the "Turnover Respondents," i.e., the judgment debtors, were all "entities formed in Delaware and Connecticut." *Universitas*, 2014 U.S. Dist. LEXIS 109077, at *22. This contention is also contradicted by Universitas Education's own filings in the New York litigation in which it referred to "Avon Capital, LLC" as a Connecticut corporation. (Doc. 57-10 at pages 5 and 8)

[6]The cases cited by Universitas Education regarding Avon Capital-WY's alleged burden to satisfy a heightened standard of proof for "disfavored" injunctions all involved preliminary injunctions. *See Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 356 F.3d 1256, 1262 (10th Cir. 2001); *Daugomah v. Roberts*, No. CIV-16-1045, 2016 U.S. Dist. LEXIS 126100, *4 (W.D. Okla. Sep. 16, 2016); *Peoples v. Norman Pub. Schs*, No. CIV-16-949, (footnote continued)

---

Capital-WY's motion should be denied because  Avon Capital-WY has failed to satisfy any

of the criteria for a *permanent* injunction.  (*Id*. at pages 17-22)  Universitas Education's

contentions are not only belied by the record before this Court, but also contrary to

established Tenth Circuit case law.

As for Universitas Education's repeated assertions that Avon Capital-WY failed to

support its motion with a single supporting document or affidavit (Doc. 77 at pages 5, 16,

and 17), Universitas Education ought to more closely examine the record before this Court.

Avon Capital-WY has relied on and cited to its own business records (Doc. 57-6), Avon

Capital-CT's business records (Doc. 57-2), the declaration of Don Trudeau (Doc. 57-3),

deposition testimony of Don Trudeau (Ex. 3), and numerous documents filed in the New

York litigation, including the August 7, 2014 order, which specifically refers to the judgment

debtors as entities formed in Delaware and Connecticut, and documents filed by Universitas

Education, which refer to "Avon Capital, LLC" as a Connecticut corporation (Docs. 57-8,

57-9, and 57-10; Exs. 1 and 2).  In truth, Universitas Education is the one who has failed to

support its allegation that Avon Capital-WY is the judgment debtor with a single affidavit or

document.

Although Universitas Education alleges its money was used to purchase Avon

Capital-WY's interest in SDM, the bank records submitted by Universitas Education show

only that the money to purchase SDM came from Avon Capital-NV's TD Bank account

---

2016 U.S. Dist. LEXIS 116362, *4 n.2 (W.D. Okla. Aug. 30, 2016); *Planned Parenthood v.
Cline*, 910 F. Supp. 2d 1300, 1305 (W.D. Okla. 2012); *Cousino v. City of Tulsa*, No. 12-CV-
223, 2012 U.S. Dist. LEXIS 58212, *10-11 (N.D. Okla. Apr. 26, 2012).

ending in 4689.  (Doc. 77-2)  The bank records do not prove the money used to purchase SDM came from the funds that form the basis of Universitas Education's New York Judgment against Avon Capital-CT.  Nor do any of the other documents relied on by Universitas Education for the general propositions that Daniel Carpenter is "a convicted fraudster" and he had an "entangled web" of business entities.  Neither Carpenter's criminal convictions nor court decisions regarding entities unrelated to Avon Capital-WY prove any portion of Universitas Education's $6,710,065.92 was used to purchase SDM.

Even assuming Universitas Education had submitted evidence that actually proves Avon Capital-WY purchased SDM with funds fraudulently transferred from Universitas Education, as discussed in Avon Capital-WY's opening brief (Doc. 73 at pages 8-11), Avon Capital-WY still prevails on the merits because 12 O.S. § 842 does not permit Universitas Education to assert what amounts to a fraudulent transfer or piercing the corporate veil claim against Avon Capital-WY in this ancillary proceeding.  Universitas Education jumped the gun in filing this ancillary proceeding and attempting to satisfy its New York Judgment with assets belonging to Avon Capital-WY.

## III.   CONCLUSION

Because Avon Capital-WY is not a judgment debtor in this action, the Court should grant this motion for permanent injunction prohibiting Universitas Education from attempting to enforce the New York Judgment against SDM or other assets solely owned by Avon Capital-WY.

Dated this 3rd day of January, 2017.

Respectfully submitted,

By:   s/ Alan L. Rupe
Alan L. Rupe, OBA No. 20440
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
(316) 609-7900
alan.rupe@lewisbrisbois.com

Angela Probasco, *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
435 Nichols Rd, Suite 200
Kansas City, MO 64112
(816) 299-4248
angela.probasco@lewisbrisbois.com

Gerald P. Green, OBA No. 3563
Pierce Couch Hendrickson Baysinger & Green
P.O. Box 26350
Oklahoma City, OK 73126
(405) 235-1611
jgreen@piercecouch.com

*Attorneys for Intervenor Avon Capital, LLC, a
Wyoming limited liability company*

### CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2017 I electronically transmitted the attached document to the Court Clerk using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants:

Judy H. Morse
Lysbeth L. George
CROWE & DUNLEVY
Braniff Building
324 N. Robinson Avenue, Suite 100
Oklahoma City, OK 73102
judy.morse@crowedunlevy.com
lysbeth.george@crowedunlevy.com

Paula K. Colbath

4832-5393-2093.1

11

LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
*Attorneys for Universitas Education, LLC*

Clayton D. Ketter
Melvin R. McVay, Jr.
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
mrmcvay@phillipsmurrah.com
cdketter@phillpsmurrah.com
*Attorneys for Garnishee Asset Servicing Group, LLC*

         **s/ Alan L. Rupe**
         Alan L. Rupe, 20440