UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| **Phoenix Charitable Trust,** § <br> **Appellant,** § <br> § <br> **v.** § <br> § <br> **Universitas Education LLC,** § <br> **Appellee.** § | § <br> § <br> § **Case No.  25-6073** <br> § <br> § <br> § <br> § <br> § |

**EMERGENCY MOTION BY APPELLANT PHOENIX CHARITABLE TRUST
TO TEMPORARILY STAY AUGUST 5, 2025 ORDER
<u>FOR DISBURSEMENT OF FUNDS</u>**

Appellant Phoenix Charitable Trust ("Phoenix") files this Emergency Motion to Temporarily Stay the August 5, 2025 Order for the Disbursement of Funds. Oral argument in this appeal is scheduled for September 10, 2025. Appellant respectfully shows the Court as follows:

## I. Introduction

The origin of this case is a New York Judgment against Avon Capital, LLC, a Connecticut limited liability company ("Avon-CT") for $6.7 million that was registered in the Western District of Oklahoma, and is the basis for a $6.7 million judgment against Avon Capital, LLC, a Wyoming entity ("Avon-WY") that has not existed for years according to the Wyoming Secretary of State.

On May 21, 2025, the District Court entered three Orders that are the subject of this appeal (collectively, the "May Orders"): (1) granting Universitas's motions to sell assets and awarding attorneys' fees to Universitas (App. Vol. 28 at 6769 (Doc. 761); (App. Vol. 28 at

**EMERGENCY MOTION BY APPELLANT SDM HOLDINGS, LLC
TO STAY AUGUST 5, 2025 ORDER FOR DISBURSEMENT OF FUNDS**
I:\14184\Oklahoma\Appeal - May orders by J Heaton (25-6073)\Motion (Emergency) to
Stay August 5 Order for Disbursement of Funds. 250807..doc          Page 1 of 8

6777 (Doc. 762)) and (2) denying Phoenix's Motion to Vacate the District Court's March 29, 2024 Order modifying the injunction. (App. Vol. 28 at 6781 (Doc. 763)) (App. 18, 19, 20).

The first of the May 2025 Orders (App. Vol. 28 at 6769 (Doc. 761) orders that the assets of non-party SDM Holdings, LLC, an Oklahoma limited liability company ("SDM-OK") be sold, despite SDM-OK not being a judgment debtor, based upon the District Court's belief that it is best to wholly ignore: (1) the Wyoming Secretary of State records conclusively establishing that Avon-WY hasn't existed for many years; (2) the Oklahoma Secretary of State records conclusively establishing that SDM-OK hasn't existed for many years; (3) the Connecticut Secretary of State records conclusively establish that SDM-OK was merged into SDM Holdings, LLC in 2017; and (4) the merger documents filed in the records maintained by the Connecticut Secretary of State years ago. The District Court also chose to ignore <u>Universitas's</u> admission that it received $18 million (although it is believed that Universitas actually was paid $22 million), which is far greater than the $6.7 million judgment, which results in the one satisfaction rule barring Universitas's claims. Further, copies of the SDM-OK and SDM-CT tax returns that are filed under the penalty of perjury, along with the form K-1s issued to the members of SDM-OK and SDM-CT and reflecting that no form K-1s were issued by SDM-OK or SDM-CT to Avon-WY, are located in Doc. 365-3. The tax filings would be decidedly different if Avon-WY was truly in fact the 100% member of SDM-OK or SDM-CT – Avon-WY did not receive a form K-1.

On page 8, this same Order also establishes a supersedeas bond amount of $13 million (based on accrued interest on the judgment) on the $6.7 million judgment entered when this

**EMERGENCY MOTION BY APPELLANT SDM HOLDINGS, LLC**
**TO STAY AUGUST 5, 2025 ORDER FOR DISBURSEMENT OF FUNDS**
I:\14184\Oklahoma\Appeal - May orders by J Heaton (25-6073)\Motion (Emergency) to
**Stay August 5 Order for Disbursement of Funds. 250807..doc**                    **Page 2 of 8**

Court issued its mandate in the first appeal on September 28, 2023 – basically <u>doubling</u> the judgment amount for supersedeas purposes <u>less than two years</u> later and making it significantly more difficult to obtain a supersedeas bond due to the required bond amount.

Now, on August 5, 2025, the District Court entered a new Order in anticipation of the September 10, 2025 oral argument, ordering that $650,000 purportedly belonging to nonparty/non-judgment debtor SDM-OK, which conclusively does not exist, be paid out by the manager (legal secretary) appointed by the receiver of former Avon-WY, to Universitas. If this money is paid out, Phoenix and the true owner of the cash, SDM-CT, will be unable to recover it from Universitas and Universitas's members, who state that they are destitute. (Doc. 699, Universitas Emergency Motion ¶¶ 5-8)

Because oral argument on September 10, 2025 is fast approaching and the District Court made it unnecessarily more difficult to obtain a supersedeas bond, Phoenix requests a stay to preserve this Court's jurisdiction regarding the appeal of the May 2025 Orders and also preserve the status quo – the receivership and the appointed manager prevent the removal of the funds by SDM-CT, the true owner.

## II. Applicable Law – Stay Pending Appeal

"[A] court retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal." *Hawaii Housing Auth. v. Midkiff*, 463 U.S. 1323, 1324 (1983). A stay may be issued to preserve the rights of the parties and to preserve the status quo. *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1249-50 (10th Cir. 2006) (citing a "July 15th Order"); *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996)

(The purpose of a stay or injunction pending appeal "is to preserve the status quo pending appellate determination.").

The Tenth Circuit Loal Rules require the following:

A motion for a stay or an injunction pending appeal must include a clear statement of the specific relief requested. No motion for a stay or an injunction pending appeal will be considered unless the applicant addresses all of the following:
- (A) the basis for the district court's or agency's subject matter jurisdiction and the basis for the court of appeals' jurisdiction, including citation to statutes and a statement of facts establishing jurisdiction;
- (B) the likelihood of success on appeal;
- (C) the threat of irreparable harm if the stay or injunction is not granted;
- (D) the absence of harm to opposing parties if the stay or injunction is granted; and
- (E) any risk of harm to the public interest.

10th Cir. Rule 8.1.

### III. A Temporary Stay Is Needed – Oral Argument Is Set for September 10, 2025

On August 6, 2025, Phoenix filed an emergency motion in the District Court. (Doc. 798) No order regarding the emergency motion has been entered at this time.

**(A) The basis for the district court's or agency's subject matter jurisdiction and the basis for the court of appeals' jurisdiction, including citation to statutes and a statement of facts establishing jurisdiction.**

The District Court was held by this Court to have regained subject matter jurisdiction after the Universitas claims became moot and the District Court lost subject matter jurisdiction. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, 124 F.4th 1231 (10th Cir. 2024), Petition for Writ of Certiorari filed (No. 24-1126)).

This Court has jurisdiction under 28 U.S.C. § 1291 to review post-judgment orders that are final and otherwise unreviewable. *Snider v. B.A.C. Home Loans Servicing, LP*, 639 Fed. Appx. 572, 573-74 (10th Cir. 2016) (citing *Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1473-74 (10th Cir. 1993)).

**(B)     The likelihood of success on appeal.**

The success of this appeal regarding the first of the May 2025 Orders (Doc. 797) is very likely based upon well-settled law and the facts. First, the District Court lost subject matter jurisdiction when the unpleaded Universitas claims became moot in December 2020. For the same reason, the District Court lost personal jurisdiction over Avon-WY, which had intervened before its termination by the Wyoming Secretary of State Office. This also concluded Universitas's garnishment action in the District Court for which SDM-OK was served before it ceased to exist. Subsequently, this Court held that the District Court regained subject matter jurisdiction when Universitas refiled the New York Judgment in August 2023. These jurisdictional issues are included in the Petition for Writ of Certiorari that is currently pending.

Next, the one satisfaction rule bars Universitas's collection of additional funds in this case/ Universitas admits it has collected $18 million (and is believed to have collected $22 million), so that Universitas's collections far exceed the $6.7 million judgment at issue in this case.

Next, the Oklahoma Secretary of State terminated SDM-OK on February 19, 2018 and cancelled SDM-OK on February 19, 2021. [Dkt. 577-1, Secretary of State filings listing]

**EMERGENCY MOTION BY APPELLANT SDM HOLDINGS, LLC**
**TO STAY AUGUST 5, 2025 ORDER FOR DISBURSEMENT OF FUNDS**
I:\14184\Oklahoma\Appeal - May orders by J Heaton (25-6073)\Motion (Emergency) to
Stay August 5 Order for Disbursement of Funds. 250807..doc                    Page 5 of 8

SDM-OK ceased to exist as a matter of law, at the very latest, at this time.

Also, as the Court is aware, the 2017 Agreement and Plan of Merger was previously filed as Doc. 365-2 on Feb 4, 2022 and filed by Universitas before that as Doc. 339-1 on Dec. 7, 2021, and the very same document has again been filed by ASG as Doc. 587-1 on February 14, 2024. As a result of the merger, SDM-OK ceased to exist in 2017. [Dkt 365-2], June 30, 2017 Merger Agreement and Certificate of Merger]

Finally, the Supreme has made it clear: before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Universitas did not attempt service of process, much less achieve service of process, after the District Court lost Article III jurisdiction on December 3, 2020.

**(C)   The threat of irreparable harm if the stay or injunction is not granted.**

If this money is paid out, Phoenix and the true owner of the cash, SDM-CT, will be unable to recover it from Universitas and Universitas's members, who state that they are destitute. (Doc. 699, Universitas Emergency Motion ¶¶ 5-8)

**(D)   The absence of harm to opposing parties if the stay or injunction is granted.**

A stay will not harm Appellee because there is a receiver in place regarding former Avon-WY, who in turn has appointed a manager for former SDM-OK. The assets are managed by an independent third party, Asset Servicing Group, LLC ("ASG"), which takes its orders from the receiver/manager. ASG does not take orders from SDM-CT.

**EMERGENCY MOTION BY APPELLANT SDM HOLDINGS, LLC**
**TO STAY AUGUST 5, 2025 ORDER FOR DISBURSEMENT OF FUNDS**
I:\14184\Oklahoma\Appeal - May orders by J Heaton (25-6073)\Motion (Emergency) to
Stay August 5 Order for Disbursement of Funds. 250807..doc           Page 6 of 8

**(E)    Any risk of harm to the public interest.**

The public interest is best served by being able to point to well-reasoned judicial decisions that properly apply the law. At a time when the judiciary is subject to increasing levels of attack by other branches of the government and biased media reporting, the public interest is in the protection of rights, one case/one appeal at a time.

## PRAYER

WHEREFORE, Appellant Phoenix Charitable Trust requests that this Motion for Stay be granted, and for such further relief to which it is entitled.

>Respectfully submitted,
>
>s/ Jeffrey R. Sandberg
>Jeffrey R. Sandberg
>Texas State Bar Number 00790051
>Palmer Lehman Sandberg, PLLC,
>f/k/a Palmer & Manuel, PLLC
>8350 N. Central Expressway, Suite 1111
>Dallas, Texas 75206
>Telephone: (214) 242-6454
>Facsimile: (214) 265-1950
>Email:  jsandberg@pamlaw.com
>ATTORNEYS FOR APPELLANT
>PHOENIX CHARITABLE TRUST

## CERTIFICATE OF CONFERENCE

Counsel for Appellant certifies that on August 6, 2025, counsel conferred with counsel for Appellee Universitas Education, LLC, who stated Appellee opposes the relief requested by Phoenix.

>s/ Jeffrey R. Sandberg
>Jeffrey R. Sandberg

**EMERGENCY MOTION BY APPELLANT SDM HOLDINGS, LLC**
**TO STAY AUGUST 5, 2025 ORDER FOR DISBURSEMENT OF FUNDS**
I:\14184\Oklahoma\Appeal - May orders by J Heaton (25-6073)\Motion (Emergency) to
**Stay August 5 Order for Disbursement of Funds. 250807..doc**          Page 7 of 8

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the foregoing instrument was served upon counsel of record, on the 7th day of August 2025 via the Court CM/ECF system.

                                                        s/ Jeffrey R. Sandberg
                                                        Jeffrey R. Sandberg

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) |
| Petitioner, | ) |
| vs. | ) NO. 14-FJ-00005-HE |
| AVON CAPITAL, LLC, *et al.*, | ) |
| Respondents. | ) |

## **ORDER**

Before the court is the petitioner's motion to authorize the receiver to disburse up to $750,000 in insurance proceeds [Doc. #779]. Interested Party Phoenix Charitable Trust (Phoenix) and intervenor Avon Capital, LLC (Avon Capital) (i.e., the pre-receivership ownership/control group) have filed oppositions to the motion.

On May 21, 2025, this court imposed a constructive trust on the insurance portfolio maintained by SDM Holdings, LLC, an Oklahoma limited liability company ("SDM"). Petitioner now moves the court to authorize the Receiver, Ryan Leonard, to pay it up to $750,000 from the funds collected from matured life insurance policies in the SDM portfolio as partial satisfaction of its New York judgment against, among others, Avon Capital. Phoenix and Avon Capital object to the relief requested through petitioner's motion. These objections have been previously raised numerous times by Phoenix and Avon Capital and have been rejected by this court and the Tenth Circuit.

Phoenix and Avon Capital further assert that no disbursements should be made while the petition for writ of certiorari and the appeal of the court's May orders are pending.

In its May 21, 2025 Order, the court determined "a bond in the amount of $13,000,000 shall be required to suspend [the order's] operation pending appeal." *See* [Doc. #761] at 8. No appeal bond has been posted; thus, this court's orders and judgment have not been stayed. *See* Strong v. Laubach, 443 F.3d 1297, 1299-1300 (10th Cir. 2006).

In light of the long history of this case, and because the matters at issue have finally been resolved, the court concludes that the receiver, Ryan Leonard, should be authorized to direct the manager of SDM to disburse funds to the receiver who, in turn, is authorized to disburse those funds to petitioner. Therefore, petitioner's motion to authorize the receiver to disburse up to $750,000 in insurance proceeds [Doc. #779] is GRANTED as follows: Ryan Leonard, the receiver, is authorized to direct the manager of SDM to disburse funds up to $650,000[1] in insurance proceeds to Ryan Leonard, the receiver, who is authorized to disburse those funds to petitioner Universitas Education, LLC.

**IT IS SO ORDERED**.

Dated this 5th day of August, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] The court considered the receiver's June 30, 2025 report [Doc. #785] when determining the amount authorized.

2