Appeal No. 25-6073

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**Phoenix Charitable Trust**
**Respondent/Appellant,**

v.

**Universitas Education LLC,**
**Petitioner/Judgment Creditor/Appellee.**

**On appeal from the United States District Court for**
**the Western District of Oklahoma**
**Civil Case No. 5:14-fj-00005-HE**
**Judge Joe L. Heaton, United States District Judge**

## APPELLANT PHOENIX CHARITABLE TRUST'S
## REPLY BRIEF

Jeffrey R. Sandberg
jsandberg@pamlaw.com
PALMER LEHMAN SANDBERG, PLLC
8350 N. Central Expressway; Suite 1111
Dallas, Texas 75206
(214) 242-6444/Fax (214) 265-1950
**COUNSEL FOR APPELLANT**
**PHOENIX CHARITABLE TRUST**

**ORAL ARGUMENT REQUESTED**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.........................................................................i

TABLE OF AUTHORITIES ...............................................................vi

INTRODUCTION ...............................................................................1

    A.    The Three May 21, 2205 Orders Being Appealed. ...............................3

    B.    The District Court Orders Ignore the Undisputed Fact That Avon-WY and SDM-OK Have Not Existed for Many Years. .............4

    C.    The District Court Orders Ignore Universitas's Admission That It Collected $18 Million - an Amount That Greatly Exceeds the $6.7 Million Judgment at Issue. ........................................5

CITATION TO THE RECORD ...........................................................7

GLOSSARY ........................................................................................7

JURISDICTIONAL STATEMENT ....................................................9

    A.    Phoenix Has Standing to Appeal the Post-Judgment Orders Because the District Court Ordered that an "Interested Party" Could Appear to Object. ............................................................9

    B.    Phoenix Has Standing as an "Interested Party." .................................10

STATEMENT OF ISSUES ...............................................................12

SUMMARY OF THE ARGUMENTS ...............................................14

A.    The Orders Award Relief Against Long-Defunct Entities.......................14

B.    The One Satisfaction Rule Bars Further Recovery By Universitas, and While Universitas's Argument That Universitas's Collection of $12 Million in the WSFS Litigation Is Somehow for a Different Injury Fails, Universitas Does Not Challenge the Rest of the Funds Received by Universitas ($6 Million Admitted by Universitas) Being Credited Against the Judgment.................................................... 14

C.    The District Court Lacks Personal Jurisdiction Over Former Avon-WY ................................................................................15

D.    The District Court Lacks Subject Matter Jurisdiction.............................16

E.    Nonparty Mr. Carpenter Was Not Served With Universitas's Motion for Sanctions and Mr. Carpenter Was Also Not Served With Universitas's Motion to Enjoin Mr. Carpenter. .......................................16

ARGUMENT AND AUTHORITIES..................................................................17

REPLY ISSUE ONE: THE DISTRICT COURT ERRED WHEN IT ENTERED THE MAY ORDERS BECAUSE THE DISTRICT COURT LACKED PERSONAL JURISDICTION ONCE THE CASE AND CLAIMS BECAME MOOT AND THE DISTRICT COURT LOST ARTICLE III JURISDICTION IN DECEMBER 2020.

A.    Standard of Review  .................................................................17

B.    The Law of the Case Doctrine, Which Is Discretionary, Requires That an Issue Be Previously Decided.. ............................................17

C.    The Prior Opinion Did Not Hold That the District Court Somehow Reacquired Personal Jurisdiction After the District Court Lost Subject Matter Jurisdiction in December 2020. ....................................................18

D.    Because Registering the New York Judgment Did Not Place Any Parties, Other than Universitas, Before the District Court, the District Court Lacks Jurisdiction..............................................................19

E.    It Would Be Clearly Erroneous and Manifestly Unjust to Apply the Law of the Case to This Issue............................................................20

F.    There Is No Waiver – Avon-WY and Phoenix Objected to the
      District Court Exercising Personal Jurisdiction in All of Their Filings...20

G.    No Exception Permitting Universitas to Regain Standing and the
      District Court to Reacquire Article III Jurisdiction Apply.......................21

REPLY ISSUE TWO: THE DISTRICT COURT ERRED WHEN IT ENTERED
      THE MAY ORDERS BECAUSE THE DISTRICT COURT LACKED
      SUBJECT MATTER JURISDICTION ONCE THE CASE AND
      CLAIMS BECAME MOOT AND THE DISTRICT COURT LOST
      ARTICLE III JURISDICTION IN DECEMBER 2020.

A.    Standard of Review  ...................................................................24

B.    The December 31, 2024 Opinion Held That the District Court
      Reacquired Subject Matter Jurisdiction.. ..................................................24

C.    The District Court Did Not Reacquire Subject Matter Jurisdiction After
      This Court Held the Case Became Moot and the District
      Court Lost Article III Jurisdiction in December 2020. ...........................25

D.    The District Court Could Not Reacquire Subject Matter
      Jurisdiction After December 3, 2020 Because No Petition
      or Claims Were Filed Against Avon-WY.  .............................................26

REPLY ISSUE THREE: THE DISTRICT COURT ERRED WHEN IT
      ENTERED THE MAY 21 ORDERS AUTHORIZING THE SALE OF
      THE POLICIES BECAUSE UNIVERSITAS HAS ALREADY
      COLLECTED MORE THAN WHAT IT WAS OWED BY THE AVON
      CAPITAL, LLC ENTITY THAT IS THE SUBJECT OF THE NEW
      YORK JUDGMENT.

A.    Standard of Review ...................................................................27

B.    Other Than the $12 Million WSFS Settlement Payment to Universitas,
      Universitas Does Not Challenge the Crediting of the Other Payments
      Against the Judgment. ...............................................................27

C.    The One-Satisfaction Rule Applies to the $12 WSFS Settlement
      Because the $12 Million Payment to Universitas Was from the
      Insurance Trustee That Universitas Sued When Universitas Was
      Not Paid By the Trust.............................................................................28

    1.    Universitas Settled Its Claim Against WSFS for WSFS's Breach
          of Its Fiduciary Duty as a Co-Trustee of the Charter Oak Trust
          When Universitas Was Not Paid By the Charter Oak Trust After
          Sash Spencer Died...............................................................................29

    2.    This Suit Arises From Universitas's Confirmation of the
          Arbitration Award on Universitas's Claim That It Was Not Paid
          by the Charter Oak Trust After Sash Sencer Died..............................30

D.    This Court's Touche Ross Opinion Supports Applying the One
      Satisfaction Rule....................................................................................32

REPLY ISSUE FOUR: THE DISTRICT COURT ERRED WHEN IT
    ENTERED THE MAY 21 ORDER AWARDING ATTORNEYS' FEES
    BECAUSE (1) THE AWARD IS AGAINST A NON-PARTY WITHOUT
    PERSONAL SERVICE AND (2) THE AWARD OF THE RECEIVER'S
    FEES IS A DOUBLE RECOVERY BECAUSE THE RECEIVER IS
    ALREADY BEING PAID OUT OF THE POLICIES PROCEEDS.

    A.    Standard of Review .......................................................................34

B.    Universitas's Statement That Mr. Carpenter Was Served Through His
      Counsel is False.......................................................................................34

C.    The Award of the Receiver's Fees Is a Double Recovery Because the
      Receiver's Fees Are Already Being Paid Out of the Policies Proceeds .35

REPLY ISSUE FIVE: THE DISTRICT COURT ERRED WHEN IT ENTERED
    THE MAY 21 ORDER DENYING THE MOTION TO VACATE THE
    MARCH 29, 2024 ORDER BECAUSE THERE WAS NO NOTICE TO
    CARPENTER AS REQUIRED BY RULE 65.

    A.    Standard of Review .........................................................................35

    B.    Universitas Failed to Serve Mr. Carpenter With the Motion..............36

iv

CONCLUSION AND RELIEF SOUGHT ..........................................................37

CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF
APPELLATE PROCEDURE 32(A)...................................................................39

CERTIFICATE OF SERVICE .........................................................................40

ATTACHMENTS:

| No. | Docket # | Date | Description |
| --- | --- | --- | --- |
| 1 | 761 | May 21, 2025 | District Court's order granting motion to enforce judgment |
| 2 | 762 | May 21, 2025 | District Court's order granting motion for attorneys' fees |
| 3 | 763 | May 23, 2025 | District Court's order denying motion to vacate |

# TABLE OF AUTHORITIES

## FEDERAL RULES

Fed. R. Civ. P. 12 ........................................................................2, 17, 24

Fed. R. Civ. P. 65 ................................................................................36

## CASES

*Abeyta v. City of Albuquerque*,
    664 F.3d 792 (10th Cir. 2011). ......................................................10

*Affinion Loyalty Grp., Inc. v. Maritz, Inc.*,
    No. 04-360-JJF, 2006 U.S. Dist. LEXIS 32311, at *4
    (D. Del. May 22, 2006). .............................................................22, 23

*Already, LLC v. Nike, Inc.*,
    568 U.S. 85 (2013) ........................................................................26

*Alvarez v. Smith*,
    558 U.S. 87 (2009) ........................................................................22

*Arbaugh v. Y & H Corp.*,
    546 U.S. 500 (2006). .....................................................................26

*Corbin v. Blankenburg*,
    39 F.3d 650 (6th Cir. 1994). ..........................................................23

*ClearOne Communs., Inc. v. Bowers*,
    651 F.3d 1200 (10th Cir.). ..............................................................36

*Commercial Sec. Bank v. Walker Bank & Trust Co.*,
    456 F.2d 1352 (10th Cir. 1972). .....................................................36

*Crow Tribe of Indians v. Repsis*,
    74 F.4th 1208 (10th Cir. 2023). ................................................35, 36

vi

*Earthgrains Baking Cos. v. Sycamore Fam. Bakery, Inc.*,
No. 24-4085, 2025 U.S. App. LEXIS 14450 (June 12, 2025). .....................10

*El Encanto, Inc, v. Hatch Chile Co.*, Inc.,
825 F.3d 1161 (10th Cir. 2016). ...........................................................27, 34

*Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*,
618 F.3d 1153 (10th Cir. 2010). ....................................................................17

*Entek GRB, LLC v. Stull Ranches*, *LLC*,
840 F.3d 1239(10th Cir. 2016). ....................................................................17

*FDIC v. United Pac. Ins. Co.*,
152 F.3d 1266 (10th Cir. 1998). ...................................................................35

*Friedland v. Indus. Co.*,
566 F.3d 1203 (10th Cir. 2009). ...................................................................33

*Fuld v. PLO*,
606 U.S. 1 (2025). .......................................................................................20

*Hess Oil Virgin Islands Corp. v. UOP, Inc.*,
861 F.2d 1197 (10th Cir. 1988). ...................................................................33

*Heyman v. Kline*,
444 F.2d 65 (2d Cir. 1971). ..........................................................................37

*Huffman v. Saul Holdings, Ltd. P'ship*,
262 F.3d 1128 (10th Cir. 2001). ............................................................18, 20

*Karcher v. May*,
484 U.S. 72 (1987).......................................................................................22

*Khan v. Bank of N.Y. Mellon*,
525 F. App'x 778 (10th Cir. 2013)................................................................24

*Marino v. Ortiz*,
484 U.S. 301 (1988).................................................................................10, 11

*McIlravy v. Kerr-McGee Coal Corp.*,
204 F.3d 1031 (10th Cir. 2000). ...........................................................18, 20

*Messenger v. Anderson*,
225 U.S. 436, 32 S. Ct. 739, 56 L. Ed. 1152 (1912). ...................................17

*North v. Winterthur Assurances (In re N.)*,
279 B.R. 845 (Bankr. D. Ariz. 2002). ..........................................................19

*North v. Winterthur Assurances (In re: North)*,
2003 Bankr. LEXIS 829 (B.A.P. 9th Cir., Mar. 20, 2003). ..........................19

*OMI Holdings, Inc. v. Royal Ins. Co.*,
149 F.3d 1086 (10th Cir. 1998). ...................................................................18

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*,
484 U.S. 97 (1987)................................................................................2, 19, 35

*Pettine v. Direct Biologist, LLC (In re Pettine)*,
655 B.R. 196(10th Cir. BAP 2023). ..............................................................10

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
402 F.3d 1198 (Fed. Cir. 2005). ...................................................................22

*Southern Railway Co. v. Clift*,
260 U.S. 316, 43 S. Ct. 126, 67 L. Ed. 283 (1922). .....................................17

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)..................................................................................24, 26

*Stokes v. Indian Health Serv.*,
967 F.3d 1034 (10th Cir. 2020). .............................................................27, 34

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)........................................................................................24

*Trump v. Hawaii*,
583 U.S. 941 (2017)........................................................................................22

*United States v. Smelting Refining & Mining Co.*,
   339 U.S. 186, 70 S. Ct. 537, 94 L. Ed. 750 (1950). ......................................17

*United States Indus. v. Touche Ross & Co.*,
   854 F.2d 1223 (10th Cir. 1998). ....................................................................32

*Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*,
   Nos. 21-6044, 21-6049, 21-6133, 21-6134,
   2023 U.S. App. LEXIS 20356 (10th Cir. Aug. 4, 2023)..................................2

*Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*,
   124 F.4th 1231 (10th Cir. 2024), Petition for Writ of Certiorari filed
   (No. 24-1126). ...............................................................................2, 6, 18, 25

*Walden v. Fiore*,
   571 U.S. 277 (2014)........................................................................................19

*Warth v. Seldin*,
   422 U. S. 490 (1975)........................................................................................26

*World-Wide Volkswagen Corp. v. Woodson*,
444 U. S. 286 (1980). ........................................................................................19

**INTRODUCTION**

Unsurprisingly, Appellee Universitas begins by pointing the finger at Daniel Carpenter. As this Court is well aware, Mr. Carpenter is not a party in this appeal and is also not a party in the civil proceeding in the District Court. At this late date, Mr. Carpenter has never been served with process and has never been a party to these proceedings. Universitas's attempt to distract this Court should not be rewarded.

Further, former Avon-WY, former SDM-OK and even nonparty SDM-CT[1] are not parties in the proceedings in New York and Connecticut described by Universitas. Phoenix was a party in the case in the District Court of Connecticut that was affirmed by the Second Circuit – the claims against Phoenix were dismissed with prejudice when Phoenix's Rule 12 motion was granted. In any event, the District Court's orders improperly grant relief against entities that have not existed for many years, and certainly have not existed in December 2020 when the District Court lost Article III jurisdiction.

The origin of this case is the denial of Universitas's claim for payment made to the Charter Oak Trust, the confirmation of an arbitration award regarding the

---

[1] As established on pages 16-17 of Appellant's Brief, SDM-OK was indisputably merged into SDM-CT in 2017 and the Oklahoma Secretary of State terminated SDM-OK on February 19, 2018 and cancelled SDM-OK on February 19, 2021. [Dkt. 577-1, Secretary of State filings listing] SDM-OK ceased to exist as a matter of law, at the very latest, at this time. SDM-CT is the owner of the policies that are at issue in this case. Phoenix was an owner of SDM-OK when it existed and continues to be an owner of SDM-CT.

denial of Universitas's claim, and the subsequent 2014 New York Judgment against Avon Capital, LLC, a Connecticut limited liability company ("Avon-CT") for $6.7 million that was registered in the Western District of Oklahoma, and in turn is the basis for a $6.7 million judgment against Avon Capital, LLC, a Wyoming entity ("Avon-WY") that has not existed for years according to the Wyoming Secretary of State.

When the case and controversy became moot and the District Court lost Article III jurisdiction in December 2020 because Universitas failed to take the necessary actions to satisfy Oklahoma's 5-year renewal period for registered judgments (*Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356 (10th Cir. Aug. 4, 2023)), the District Court also lost personal jurisdiction over Avon-WY and SDM-OK. *See* Fed. R. Civ. P. 12(b)(2); *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) After the District Court lost subject matter jurisdiction on December 3, 2020 (and even after Universitas refiled the New York Judgment on August 7, 2023 (App. Vol. 16at 4059 (Doc. 511-1, New York Judgment)), Universitas never attempted to obtain service on Avon-WY and there was never

service on Avon-WY. (App. Vol. 1 at 1 (Docket). In fact, Universitas never attempted to serve any potential parties. (App. Vol. 1 at 1 (Docket). [2]

## A.    The Three May 21, 2025 Orders Being Appealed.

On May 21, 2025, the District Court entered three Orders that are the subject of this appeal (collectively, the "May Orders"): (1) granting Universitas's motions to sell assets and awarding attorneys' fees as a double recovery to Universitas, and also the extraordinary remedy of imposing a constructive trust on the insurance policies owned by nonparty SDM-CT (that is NOT owned by former Avon-WY and NEVER alleged to be owned by former Avon-WY) (App. Vol. 28 at 6769 (Doc. 761); (App. Vol. 28 at 6777 (Doc. 762)) and (2) denying Phoenix's Motion to Vacate the District Court's March 29, 2024 Order modifying the injunction. (App. Vol. 28 at 6781 (Doc. 763)) (App. 18, 19, 20). Notably, the Order states that under Oklahoma law, "[t]he primary reason for imposing a constructive trust is to avoid unjust

---

[2] A Petition for Writ of Certiorari is pending in Case No. 24-1126 regarding this Court's Order and Opinion in the Second Consolidated Appeal. The Petition argues that the District Court lost and did not regain personal jurisdiction and subject matter jurisdiction after the Universitas claims became moot and the District Court lost Article III jurisdiction on December 3, 2020. While the Order and Opinion in the Second Consolidated Appeal held that the District Court reacquired subject matter jurisdiction and did not address the argument that the District Court lacked personal jurisdiction, the argument that the District Court lacked personal jurisdiction and also lacked subject matter jurisdiction are presented in this brief to avoid an argument that these jurisdiction arguments were waived, in the event the Supreme Court grants relief.

enrichment," yet the Order ignores Oklahoma law's two-year statute of limitations found in Okla. Stat. tit. 12, § 95A.3. (App. Vol. 28 at 6772 (Doc. 761, Order p. 4)

**B.    The District Court Orders Ignore the Undisputed Fact That Avon-WY and SDM-OK Have Not Existed for Many Years.**

The first of the May 2025 Orders (App. Vol. 28 at 6769 (Doc. 761)) orders that the assets of non-party SDM Holdings, LLC, an Oklahoma limited liability company ("SDM-OK") be sold, despite SDM-OK not being a judgment debtor and former SDM-OK not owning the policies, based upon the District Court's belief that it is best to wholly ignore: (1) the Wyoming Secretary of State records conclusively establishing that former Avon-WY hasn't existed for many years; (2) the Oklahoma Secretary of State records conclusively establishing that former SDM-OK hasn't existed for many years; (3) the Connecticut Secretary of State records conclusively establish that former SDM-OK was merged into SDM Holdings, LLC in 2017; and (4) the merger documents filed in the records maintained by the Connecticut Secretary of State years ago.

Further, copies of the SDM-OK and SDM-CT tax returns that are filed under the penalty of perjury, along with the form K-1s issued to the members of SDM-OK and SDM-CT and reflecting that no form K-1s were issued by SDM-OK or SDM-CT to Avon-WY. (App. Vol. 13 at 2971-3188; Doc. 365-3) The tax filings would be decidedly different if Avon-WY was truly in fact the 100% member of SDM-OK or SDM-CT – Avon-WY did not receive a form K-1.

4

Contrary to the undisputed evidence that former Avon-WY and SDM-OK have not existed for years, the District Court appointed a close family friend to be the receiver for defunct Avon-WY that the District Court, way back in 2017, stated in an order was "dissolved" and "defunct" based upon the Wyoming Secretary of State records. (App. Vol. 2 at 479; Doc. 92, Order)

## C. The District Court Orders Ignore Universitas's Admission That It Collected $18 Million – an Amount That Greatly Exceeds the $6.7 Million Judgment at Issue.

The District Court also chose to ignore **Universitas's** admission that it received **$18 million** (although it is believed that Universitas actually was paid $22 million), which is far greater than the **$6.7 million** judgment, which results in the One Satisfaction Rule barring Universitas's claims. In paragraph 3 of the Universitas Motion to Disburse Funds (App. Vol. 27 at 6236 (Dkt. 699), Universitas **admits** that it has been paid $18 million. ("Except for approximately **$6 million** received in a settlement with one of Mr. Carpenter's entities, Universitas has not recovered any more of the millions stolen by Mr. Carpenter. In 2018, Universitas did recover **$12 million** in a settlement with WSFS Bank, the co-Trustee of the Charter Oak Trust [Welfare Benefit Plan (an ERISA Plan)], the repository of the stolen funds.")

The New York Judgment filed in the District Court (App. Vol.1 at 67 (Doc. 1-1)) awards **$6.710,065.92** against the Avon-CT entity (not Avon-WY), which in turn became the basis for the District Court's alter ego judgment against Avon-WY

in 2023. *Universitas Educ., LLC v. Avon Cap., LLC*, 124 F.4th 1231, 1238 (10th Cir. 2024), *petition for writ of certiorari filed* (No. 24-1126) (App. Vol. 27 at 6755 (Doc. 758)).

## CITATION TO THE RECORD

Filed simultaneously with Appellant's opening brief is the Appendix, which has been prepared according to 10th Cir. R. 30. The Appendix consists of twenty-eight volumes. Appellant will refer to the Appendix as " App. Vol. [1, 2, 3, 4, etc.]."

## GLOSSARY

" Avon-CT" refers to the entity named "Avon Capital, LLC," which was a limited liability company registered under the laws of Connecticut.

" Avon-NV" refers to the entity named "Avon Capital, LLC," which was a limited liability company registered under the laws of Nevada.

"Avon-WY" refers to the entity named "Avon Capital, LLC," which was a limited liability company registered under the laws of Wyoming who was the Intervenor in this case until this Court found the District Court lacked jurisdiction necessary to enter judgment against it under the District Court's February 11, 2021 order because the New York Judgment registered with the District Court expired on December 3, 2020, at which time Avon-WY filed a limited entry of appearance with the District Court solely for the purpose of challenging jurisdiction.

"First Consolidated Appeal" shall refer to consolidated appeal nos. 21-6044, 21-6049, 21-6133, 21-6134 on which this Court entered its decision on August 4, 2023 and issued its mandate on September 28, 2023. (*See* App. Vol. 16 at 3933 (Doc. 500)).

7

"New York Judgment" refers to the judgment in an action in the United States District Court for the Southern District of New York (the "New York Action"). (*See* App. Vol. 1 at 66, 67 (Doc. 1, 1-1)).

"Phoenix" refers to Interested Party Phoenix Charitable Trust, which was a member of SDM-OK before the 2017 merger of SDM-OK into SDM-CT, and which appeared in the case before the District Court pursuant to the District Court's February 1, 2022 Order that interested parties will be permitted to object or otherwise address matters as to the receivership. (App. Vol. 12 at 2949 (Dkt 363, Order))

"Universitas" refers to Appellee/Petitioner Universitas Education, LLC, the judgment creditor under the 2014 New York Judgment.

"SDM-OK" refers to former Respondent/Garnishee/SDM-OK, LLC, a limited liability company formerly registered under the laws of Oklahoma.

"SDM-CT" refers to nonparty SDM Holdings, LLC, a limited liability company domiciled and registered under the laws of Connecticut which is active and is the true owner of the policies here.

## **JURISDICTIONAL STATEMENT**

Appellee Universitas does not respond to the Jurisdictional Statement in Appellant's Brief. Instead, Appellee argues on page 9 that Phoenix lacks standing.

**A. Phoenix Has Standing to Appeal the Post-Judgment Orders Because the District Court Ordered that an "Interested Party" Could Appear to Object.**

Universitas does not dispute that:

- On February 1, 2022, the District Court entered its Order that **interested parties** will be permitted to object or otherwise address matters as to the receivership ordered for former Avon-WY. (App. Vol. 12 at 2949 (Doc. 363, Order )) The District Court ordered that any **interested party** is required to identify itself and the claimed basis for the interested party's participation. (App. Vol. 12 at 2949 (Doc. 363, Order)) (emphasis added)

- Following the entry of the February 1, 2022 Order, Phoenix, as an "**Interested Party**" filed numerous oppositions to motions filed by the receiver and Universitas, and Phoenix also filed motions seeking relief. For example, see Phoenix's February 4, 2022 Opposition to the Receiver's Notice of Compensation Arrangement (App. Vol. 13 at 2956 (Doc. 365)); Phoenix's October 25, 2022 Motion to Quash Subpoena and for Protective Order (App. Vol. 14 at 3474 (Doc. 427)); Phoenix's Motion to Dismiss (App. Vol. at 4065 (Doc. 516))

9

- Consistent with the District Court's February 1, 2022 Order, each filing by Phoenix made clear that it was an "**Interested Party**" and contained language describing Phoenix's reason for appearing as an interested party.

## B. Phoenix Has Standing as an "Interested Party."

This Court's June 11, 2025 Order requires that the parties address the following: "Appellate jurisdiction to consider a nonparty's appeal of post-judgment orders, *see, e.g., Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam) (usually "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment"), *but see Abeyta v. City of Albuquerque*, 664 F.3d 792, 795 (10th Cir. 2011). Phoenix did this in its Appellant's Brief.

First, Universitas's Response wholly ignores Phoenix's citation to this Court's precedent in *Pettine v. Direct Biologist, LLC (In re Pettine)*, 655 B.R. 196, 215-16 (10th Cir. BAP 2023) (owner of membership interest had standing to seek return of membership interest free of postjudgment order).

Next, Appellee seeks to distinguish another opinion cited by Phoenix, this Court's very recent opinion in *Earthgrains Baking Cos. v. Sycamore Fam. Bakery, Inc.*, No. 24-4085, 2025 U.S. App. LEXIS 14450 at *9-*10 (10th Cir. June 12, 2025). Universitas contends that in *Earthgrains*, it was named in the order and that this is a basis for this Court to ignore its precedent. In this appeal, Phoenix is named in the Order Authorizing Sale of Assets (App. Vol.28 at 6773, Doc. 761 pp. 5 (App.5)),

10

Order for Payment of Attorneys' Fees (App. Vol.28 at 6778, Doc. 762 p. 2 (App. 10)), and Phoenix is the movant seeking to vacate the March 29, 2024 Order that was denied by the District Court. (App. Vol.28 at 6781, Doc. 763 (App.13)) Phoenix was essentially a party to the suit – the District Court authorized filings by an "interested party" and Universitas does not dispute that Phoenix made numerous filings as an "interested party" in compliance with the District Court's order.

Next, on page 11 of Appellee's Brief, Appellee points to a general statement that only parties may appeal that is located in *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S. Ct. 586, 587-88 (1988). Critically, the *Marino* opinion language relied upon by Universitas does not discuss the exception to the general rule, and thus adds nothing to this Court's analysis of the exceptions that authorize nonparties to file appeals.

## <u>STATEMENT OF ISSUES</u>

### REPLY ISSUE ONE

The District Court Erred When It Entered the May Orders Because the District Court Lacked Personal Jurisdiction Once the Case and Claims Became Moot and the District Court Lost Article III Jurisdiction in December 2020.

### REPLY ISSUE TWO

The District Court Erred When It Entered the May Orders Because the District Court Lacked Subject Matter Jurisdiction  Once the Case and Claims Became Moot and the District Court Lost Article III Jurisdiction in December 2020.

### REPLY ISSUE THREE

The District Court Erred When It Entered the May 21 Orders Authorizing the Sale of the Policies Because Universitas Has Already Collected More Than What It Was Owed by the Avon Capital, LLC Entity That Is the Subject of the New York Judgment.

### REPLY ISSUE FOUR

The District Court Erred When It Entered the May 21 Order Awarding Attorneys' Fees  Because (1) the Award Is Against a Non-Party Without Personal Service and (2) the Award of the Receiver's Fees Is a Double Recovery Because the Receiver Is Already Being Paid Out of the Policies Proceeds.

**REPLY ISSUE FIVE**

The District Court Erred When It Entered the May 21 Order Denying the Motion to Vacate the March 29, 2024 Order Because There Was No Notice to Carpenter as Required by Rule 65.

## SUMMARY OF THE ARGUMENTS

**A. The Orders Award Relief Against Long-Defunct Entities.**

It is undisputed that Avon-WY has not existed since 2017 according to the Wyoming Secretary of State records. It is undisputed that SDM-OK has not existed since 2017 according to the Oklahoma Secretary of State records and also the merger documents filed in the office of the Connecticut Secretary of State. So how can the District Court appoint a receiver over former Avon-WY in 2025, roughly 8 years later? How can the receiver then appoint his legal secretary as a manager over former SDM-OK in 2025 – once again, roughly 8 years later? How can the District Court impose a constructive trust in 2025 (yes, over 8 years later) regarding assets that are not owned by SDM-OK (again it does not exist)?

**B. The One Satisfaction Rule Bars Further Recovery By Universitas, and While Universitas's Argument That Universitas's Collection of $12 Million in the WSFS Litigation Is Somehow for a Different Injury Fails, Universitas Does Not Challenge the Rest of the Funds Received by Universitas ($6 Million Admitted by Universitas) Being Credited Against the Judgment.**

It is also undisputed that the $6.7 million judgment against former Avon-WY was entered (became effective) by the District Court when the mandate was issued on September 28, 2023 regarding the First Appeal. Universitas admits it has collected $18 million. Universitas does not argue that the $6 million of payments ($18 million admitted less the $12 million contested) should not be credited against the $6.7 million judgment against former Avon-WY.

14

Further, while Universitas contests that credit of $12 million, Universitas also does not contest Phoenix's requested credit for the other payments:

1. Universitas received $4,487,007.81, the receipt of which was confirmed by the Court on June 19, 2018. (App. Vol.27 at 6490 (Exhibit F, Satisfaction of Judgment, Doc. 651 & 726-6).

2. Universitas received additional payments in the amount of $900,333.61 from BPETCO; and at least $343,031.52 from USAA. (App. Vol. 27 at 6466, 6468-69 (Exhibits C and Exhibit D, Docs. 726-3, 726-4))

These payments received by Universitas are for the same injury – nonpayment of the Sash Spencer policies proceeds - and should also be credited against the judgment.

## C. The District Court Lacks Personal Jurisdiction Over Former Avon-WY.

After Universitas lost Article III Standing and the District Court lost jurisdiction in December 2020, Universitas never attempted service and never actually accomplished service. In the absence of service, there cannot be personal jurisdiction over former Avon-WY, nonparty former SDM-OK and nonparty SDM-CT. Further, in the absence of pleadings, Universitas failed to meet its burden of showing that the District Court could exercise personal jurisdiction and that the "minimum contacts" requirement for foreign entities was somehow satisfied. While Universitas's registration of the 2014 New York Judgment would arguably be

sufficient to place Universitas before the District Court, it does not place other parties before the District Court.

### D. The District Court Lacks Subject Matter Jurisdiction.

After Universitas lost Article III Standing and the District Court lost jurisdiction in December 2020, Universitas never filed any pleadings. While Universitas registered the 2014 New York Judgment after the District Court lost jurisdiction, Universitas never filed a pleading establishing that the District Court possessed subject matter jurisdiction.

### E. Nonparty Mr. Carpenter Was Not Served With Universitas's Motion for Sanctions and Mr. Carpenter Was Also Not Served With Universitas's Motion to Enjoin Mr. Carpenter.

Mr. Carpenter, who is not a party and has never been a party, was not personally served with Universitas's motion for sanctions and also was not served with Universitas's motion to enjoin Mr. Carpenter. Without proper service of the motion, relief cannot be awarded against Mr. Carpenter and the orders granting Universitas's motions are void.

Additionally, the award of the receiver's attorneys' fees against nonparty Mr. Carpenter when one Universitas's motions that was not served upon Mr. Carpenter is a double recovery because the same attorneys' fees were already awarded to the receiver.

## ARGUMENT AND AUTHORITIES

I.    **REPLY ISSUE ONE: THE DISTRICT COURT ERRED WHEN IT ENTERED THE MAY ORDERS BECAUSE THE DISTRICT COURT LACKED PERSONAL JURISDICTION ONCE THE CASE AND CLAIMS BECAME MOOT AND THE DISTRICT COURT LOST ARTICLE III JURISDICTION IN DECEMBER 2020.**

When the case became moot and the District Court lacked Article III jurisdiction, and the case and controversy became moot, the District Court also lost personal jurisdiction over Avon-WY and SDM-OK.  *See* FED. R. CIV. P. 12(b)(2).

**A. Standard of Review.**

An appellate court reviews *de novo* a district court's decision to exercise personal jurisdiction over a defendant.  *Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1156 (10th Cir. 2010).

**B. The Law of the Case Doctrine, Which Is Discretionary, Requires That an Issue Be Previously Decided.**

The "law of the case" rule is "only a discretionary rule of practice," designed to avoid the relitigation of issues once considered and decided. *United States v. Smelting Refining & Mining Co.*, 339 U.S. 186, 199, 70 S. Ct. 537, 94 L. Ed. 750 (1950) (emphasis added); *see also Southern Railway Co. v. Clift*, 260 U.S. 316, 319, 43 S. Ct. 126, 67 L. Ed. 283 (1922). "[T]he decision whether to apply law of the case doctrine remains a matter of judicial discretion. *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1242 (10th Cir. 2016) (citing *Messenger v. Anderson*, 225 U.S. 436, 444, 32 S. Ct. 739, 56 L. Ed. 1152 (1912)). A decision that is "clearly erroneous

17

and would work a manifest unjustice" justifies departing from the law of the case doctrine. *Huffman v. Saul Holdings, Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir. 2001) (quoting *McIlravy v. Kerr-McGee Coal Corp*., 204 F.3d 1031, 1035 (10th Cir. 2000)).

### C. The Prior Opinion Did Not Hold That the District Court Somehow Reacquired Personal Jurisdiction After the District Court Lost Subject Matter Jurisdiction in December 2020.

The law of the case doctrine does not apply because, contrary to Universitas's citation to the prior opinion *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, 124 F.4th 1231 (10th Cir. 2024), Petition for Writ of Certiorari filed (No. 24-1126) (App. Vol. 27 at 6755 (Doc. 758)) (App. Vol. 27 at 6311, 6333, Doc. 704), the prior opinion discussed solely subject matter jurisdiction and not personal jurisdiction. The prior opinion does not contain a holding regarding personal jurisdiction. *Id*.

Further, Universitas conflates personal jurisdiction, which is the subject of Issue No.1, with subject matter and Article III jurisdiction, which is the subject of Issue No. 2. Universitas has the burden of establishing personal jurisdiction after Universitas's claims became moot in December 2020. *See OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). How did Universitas accomplish this? Put simply, it didn't, which means the District Court lacks personal jurisdiction  - Universitas never attempted to obtain service on Avon-WY and there

was never service on Avon-WY. (App. Vol. 1 at 1 (Docket). In fact, Universitas never attempted to serve any potential parties. (App. Vol. 1 at 1 (Docket)). Further, how did Universitas satisfy, or even attempt to satisfy, the "minimum contacts requirement" protecting nonresident defendants *Walden v. Fiore*, 571 U.S. 277, 283-85, 290 n. 9 (2014) (which in turn is mandated by *World-Wide Volkswagen Corp. v. Woodson*[3], 444 U. S. 286, 291-292, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980))? Once again, Universitas didn't.

### D. Because Registering the New York Judgment Did Not Place Any Parties, Other than Universitas, Before the District Court, the District Court Lacks Jurisdiction.

Registration of a foreign judgment does not place any parties before the District Court other than perhaps the party registering the judgment, which in this case is Universitas. Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons "must be satisfied" – the Due Process Clause is a "matter of individual liberty" and "there must be more than notice to the defendant." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).[4] The registration of the New York Judgment did not place other

---

[3] *Woodson* is an Oklahoma case in which a Connecticut dealership was sued. The minimum contacts requirement was not met.

[4] Incredibly, Universitas states on page 25 that *Omni Capital* has been superseded by statute and is not applicable, citing "*North v. Winterthur Assurances (In re N.)*, 279 B.R. 845, 852 (Bankr. D. Ariz. 2002)." Universitas's citation fails to inform the Court that the Bankruptcy Court's opinion was reversed and remanded by this Court in *North v.*

parties (such as Avon-WY) before the District Court and also does not provide notice of Universitas's claims or personal jurisdiction as required by *Omni Cap. Int'l, Ltd.*

### E. It Would Be Clearly Erroneous and Manifestly Unjust to Apply the Law of the Case to This Issue.

Even if the law of the case doctrine applies here (and it doesn't), the Court should reverse due to the lack of personal jurisdiction because it would be clearly erroneous and manifestly unjust to apply the law of the case to this issue. *See Huffman*, 262 F.3d at 1133 (10th Cir. 2001; *McIlravy*, 204 F.3d at 1035. It is undisputed that following the District Court's loss of subject matter jurisdiction in December 2020, Universitas never attempted to obtain service on Avon-WY and there was never service on Avon-WY. (App. Vol. 1 at 1 (Docket). In fact, Universitas never attempted to serve any potential parties. (App. Vol. 1 at 1 (Docket).

### F. There Is No Waiver – Avon-WY and Phoenix Objected to the District Court Exercising Personal Jurisdiction in All of Their Filings.

Universitas's argument that the lack of personal jurisdiction was somehow waived is wholly meritless. The filings by Avon-WY and former SDM-OK (through

---

*Winterthur Assurances (In re: North)*, 2003 Bankr. LEXIS 829 (B.A.P. 9th Cir., Mar. 20, 2003). Universitas's argument that the 1993 revision to Rule 4(f) discussed by the Bankruptcy Court, which broadens the boundaries of service outside the United States following issuance of the *Omni Capital* opinion, somehow renders the bedrock personal jurisdiction principles that a defendant must be served in compliance with legal standards insupportable. Further, *Omni Capital* was cited favorably by the Supreme Court in June of 2025 without language indicating it is not binding precedent. *Fuld v. PLO*, 606 U.S. 1, 11 (2025).

Phoenix) following the remand by the Court in the First Appeal (App. Vol. 16 at 4042 (Doc. 510, Opinion and Order – First Consolidated Appeal) on August 4, 2023 all contest the District's personal jurisdiction and subject matter jurisdiction. Examples just from the first half of August 2023  are located at App. Vol. 17 at 4065 (Doc. 513, SDM-OK Motion to Dismiss), App. Vol. 17 at 4076 (Doc. 514, Avon-WY Appearance to Challenge Jurisdiction), App. Vol. 17 at 4078 (Doc. 515, Avon-WY Opposition to Motion for Constructive Trust), App. Vol. 17 at 4091 (Docs. 516 & 517 Avon-WY Motion to Dismiss and Supporting Memorandum), App. Vol. 17 at 4111 (Doc. 519, Phoenix Opposition to Motion for Constructive Trust). Avon-Wy and Phoenix consistently continued to remind the District Court in their subsequent filings that they objected to the District Court exercising personal jurisdiction and the ruling that the District Court somehow reacquired subject matter jurisdiction after this. IN other words, Avon-WY and SDM-OK (through Phoenix) have objected that the District Court lacks personal jurisdiction and also lacks subject matter jurisdiction at all times following the remand by the Court, so how can there possibly be a waiver as argued by Universitas?

### G. No Exception Permitting Universitas to Regain Standing and the District Court to Reacquire Article III Jurisdiction Apply.

Universitas argues on page 16 that when a plaintiff loses standing the courts sometimes allow the plaintiff to regain standing. While Universitas's argument is irrelevant to the personal jurisdiction issue, it is noteworthy that the circumstances

when this exception is permitted are very narrow.  Universitas fails to explain how it somehow regained standing, particularly in light of Supreme Court opinions in *Trump v. Hawaii*, 583 U.S. 941, 942 (2017) (order being appealed expired so that the appeal no longer presented a live case or controversy); *Alvarez v. Smith*, 558 U.S. 87, 93, 97 (2009) (vacating moot case with order to dismiss and recognizing an exception when the acts are "capable of repetition" while "evading review."); *Karcher v. May*, 484 U.S. 72, 83 (1987) ("when a case becomes moot in its journey through the federal courts we will reverse or vacate the 'unreviewable' judgment below and remand with directions to dismiss").

On page 17, Universitas also points to *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005). First, *Schreiber Foods* involves a substitution of a plaintiff in patent litigation and has no relevance to this case. Further, the *Schreiber Foods* opinion, which  states "In cases where the plaintiff lacked initial standing or the case suffered from some other jurisdictional defect at the time suit is commenced, the Supreme Court's cases are less than clear as to whether and how a jurisdictional defect can be remedied in the course of litigation." *Schreiber Foods, Inc.*, 402 F.3d at 1203 (emphasis added). This case does not involve a plaintiff's initial lack of standing or some jurisdictional defect at the time suit was commenced. Similarly, Universitas's reliance upon *Affinion Loyalty Grp., Inc. v. Maritz, Inc.*, No. 04-360-JJF, 2006 U.S. Dist. LEXIS 32311, at *4 (D. Del.

May 22, 2006) is misplaced because *Affinion* is also a patent case in which *Affinion* was permitted to be substituted in for the original plaintiff because Affinion was the licensee for some patents that were the subject of the litigation. *Id.* The present case does not involve patent litigation and does not involve a substitution of parties.

Universitas also points this Court to *Corbin v. Blankenburg*, 39 F.3d 650, 654 (6th Cir. 1994), but this opinion also does not support Universitas's argument. *Corbin* involves the substitution of a predecessor trustee that lost standing when the trustee resigned with a new trustee that stepped into the shoes of the prior trustee. *Corbin*, 39 F.3d at 654. This appeal does <u>not</u> involve a substitution of trustees/parties.

Therefore, Appellant requests the Court enter an order which finds the District Court lost personal jurisdiction (and has not regained personal jurisdiction) after the expiration of the registered judgment on December 3, 2020, when Universitas lost the requisite Article III Standing and when the District Court lost jurisdiction; that Avon-WY and SDM-OK are no longer before the District Court; and dismisses this action for lack of personal jurisdiction.

## II.    REPLY ISSUE TWO: THE DISTRICT COURT ERRED WHEN IT ENTERED THE MAY ORDERS BECAUSE THE DISTRICT COURT LACKED SUBJECT MATTER JURISDICTION[5] ONCE THE CASE AND CLAIMS BECAME MOOT AND THE DISTRICT COURT LOST ARTICLE III JURISDICTION IN DECEMBER 2020.

When the case became moot, the District Court  jurisdiction and Universitas lost Article III Standing.  *See* FED. R. CIV. P. 12(b)(1). When a plaintiff lacks Article III Standing, the court lacks jurisdiction. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

### A. Standard of Review.

An appellate court generally reviews *de novo* the issue of subject-matter jurisdiction. *Khan v. Bank of N.Y. Mellon*, 525 F. App'x 778, 779 (10th Cir. 2013).

### B. The December 31, 2024 Opinion Held That the District Court Reacquired Subject Matter Jurisdiction.

As this Court held in the First Appeal, the registered judgment (New York Judgment) expired on December 3, 2020, and the case became moot at that point. (App. Vol. 16 at 4042 (Doc. 510) (Order and Judgment Dated August 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked

---

[5] The argument that the District Court lacked subject matter jurisdiction is presented in this brief to avoid an argument that this argument was waived in the event the Supreme Court grants relief.

Article III jurisdiction to enter its order, rendering the order void.").  In the Second Appeal, this Court's December 31, 2024 Opinion and Order holds the District Court reacquired subject matter jurisdiction but does not explain how this occurred. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, 124 F.4th 1231 (10th Cir. 2024), Petition for Writ of Certiorari filed (No. 24-1126).

### C. The District Court Did Not Reacquire Subject Matter Jurisdiction After This Court Held the Case Became Moot and the District Court Lost Article III Jurisdiction in December 2020.

On page 20 of Appellee's Brief, Appellee points to *Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952). Curiously, Universitas's reliance upon *Mullaney* is betrayed by Universitas's footnote 3 on page 16: "While *Mullaney* is not directly analogous to the case at bar, and the Supreme Court noted it was fact circumstance specific, it stands for the proposition that standing deficiencies may be cured in litigation and a case may continue once such deficiencies are cured." Further, *Mullaney* does not provide a basis for the District Court somehow reacquiring Article III jurisdiction in this case - Mullaney  involved standing being raised for the first time in the Supreme Court, a claim that there was authorization to bring the claims on behalf of other persons, and the filing of a motion for leave to add parties. *Mullaney*, 342 U.S. at 416-17.

Accordingly, the District Court did not have jurisdiction to enter any order entered after December 3, 2020.  (App. Vol. 16 at 4042 (Doc. 510) (Order and

Judgment Dated August 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction."). A court without jurisdiction lacks authority to act. *See Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013).

### D. The District Court Could Not Reacquire Subject Matter Jurisdiction After December 3, 2020 Because No Petition or Claims Were Filed Against Avon-WY.

Without a pleading alleging sufficient facts to establish standing, Universitas failed to meet its burden. When "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating'" all three elements necessary to show standing. *Spokeo*, 578 U.S. at 338 (quoting *Warth v. Seldin*, 422 U. S. 490, 518 (1975). Appellee's Response Brief does not respond to this argument. Here, Universitas has never filed a pleading. To Universitas's credit, Universitas does not try to argue that Universitas filed a petition or claims against Avon-WY after the District Court lost Article III jurisdiction.

Because Universitas failed to file a pleading (both before and after the District Court lost subject matter jurisdiction on December 3, 2020, Universitas failed to meet its burden of proof and failed to meet the requirements of Rule 8(a)(1), so that there is no subject matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

Therefore, Appellant requests the Court enter an order which finds the District Court lost subject matter jurisdiction over the case upon expiration of the registered judgment (New York Judgment) on December 3, 2020; that the District Court has not regained subject matter jurisdiction since then; and dismisses this action for lack of subject matter jurisdiction.  (*See* App. Vol. 16 at 4045 (Doc. 510) (Order and Judgment Dated August 4, 2023).

**III.    REPLY ISSUE THREE: THE DISTRICT COURT ERRED WHEN IT ENTERED THE MAY 21 ORDERS AUTHORIZING THE SALE OF THE POLICIES BECAUSE UNIVERSITAS HAS ALREADY COLLECTED MORE THAN WHAT IT WAS OWED BY THE AVON CAPITAL, LLC ENTITY THAT IS THE SUBJECT OF THE NEW YORK JUDGMENT.**

**A. Standard of Review**

"[T]he presence or absence of legal error" receives de novo review. *Stokes v. Indian Health Serv.*, 967 F.3d 1034, 1043 n.8 (10th Cir. 2020) (quoting *El Encanto, Inc, v. Hatch Chile Co.*, Inc., 825 F.3d 1161, 1162 (10th Cir. 2016)).

**B. Other Than the $12 Million WSFS Settlement Payment to Universitas, Universitas Does Not Challenge the Crediting of the Other Payments Against the Judgment.**

While Universitas argues that the $12 Million WSFS settlement payment should not be credited against the judgment, Universitas does not dispute that the other amounts detailed by Phoenix should be credited against the judgment. As a result, this Court must order that the following amounts be credited against the $6.7 million judgment:

27

3. Universitas received $4,487,007.81, the receipt of which was confirmed by the Court on June 19, 2018. (App. Vol.27 at 6490 (Exhibit F, Satisfaction of Judgment, Doc. 651 & 726-6).

4. Universitas received additional payments in the amount of $900,333.61 from BPETCO; and at least $343,031.52 from USAA. (App. Vol. 27 at 6466, 6468-69 (Exhibits C and Exhibit D, Docs. 726-3, 726-4))

These payments received by Universitas are for the same injury – nonpayment of the Sash Spencer policies proceeds - and should also be credited against the judgment.

### C. The One-Satisfaction Rule Applies to the $12 WSFS Settlement Because the $12 Million Payment to Universitas Was from the Insurance Trustee That Universitas Sued When Universitas Was Not Paid By the Trust.

Appellee's Brief does not deny that Universitas admits that it has been paid $18 million. (App. Vol. 26 at 6236 (Dkt. 699, Universitas Motion to Disburse Funds par. 3) Instead, Universitas argues that the $12 million WSFS settlement was somehow for a different injury.

As shown below, in contrast to cases involving divisible damages, the only underlying harm was the non-payment of the Spencer life insurance proceeds. Every step taken by Universitas to collect the Judgment is related to the claim that Universitas was not paid by the Charter Oak Trust. The harm to Universitas was the non-payment of Spencer insurance proceeds. Thus, all of the collection actions,

regardless of the defendant or theory of recovery, relate to these "common damages" that arise from one, indivisible injury.

### 1. Universitas Settled Its Claim Against WSFS for WSFS's Breach of Its Fiduciary Duty as a Co-Trustee of the Charter Oak Trust When Universitas Was Not Paid By the Charter Oak Trust After Sash Spencer Died.

Universitas's argument is betrayed by pleadings filed by Universitas's counsel, Mr. Manson, in the WSFS case. (App. Vol. 10 at 2407 (Doc. 293-3, Am. Complaint in Interpleader)) Mr. Manson's Amended Complaint in Interpleader, which was concerned with competing claims by Universitas's attorneys to portions of the settlement funds, states:

> 6. Universitas is the beneficiary of the proceeds of two life insurance policies issued by Lincoln Life Insurance Company ("Lincoln") on the life of Sash A. Spencer. The Charter Oak Trust (the "COT") was the beneficiary of the Spencer policies, which were held in the COT.
>
> 7. Mr. Spencer died in June of 2008. In May of 2009, Lincoln paid the Spencer policy proceeds, plus interest, to the COT. The COT denied Universitas's claims to the proceeds.
>
> 8. Universitas subsequently commenced an arbitration against Nova Group, Inc. ("Nova"), the Named Trustee of the COT.
>
> 9. Universitas obtained an arbitration award against Nova, which was confirmed by the United States District Court for the Southern District of New York, Case No. 1:11-cv-01590-LTS-HBP. Nova failed to pay the award, prompting Universitas to engage in collection efforts. Universitas was represented by Loeb in the arbitration against Nova and in the related collection efforts.
>
> 10. On or about April 6, 2015, Universitas also commenced arbitration against Wilmington Savings Fund Society, FSB ("WSFS"), **the Insurance Trustee of the COT**, with the American Arbitration

29

Association, Case No. 01-15-003-1194 (the "Arbitration"). At the time, Universitas was represented by Shannon A. Lang and Charles A. Sturm. Universitas subsequently terminated that representation and engaged the Law Offices of Joseph L. Manson III.

11. On or about February 26, 2018, Universitas and WSFS reached a full and final settlement of the Arbitration. Universitas agreed to dismiss its claims against WSFS with prejudice in exchange for, among other things, compensation in the amount of Twelve Million Dollars ($12,000,000.00 USD).

(App. Vol. 10 at 2408-09 (Doc. 293-3, Am. Complaint in Interpleader)) (emphasis added)

Next, the affidavit of one of Universitas's members, Sharon Siebert, states that "In 2018, Universitas settled a **breach of fiduciary duty case against WSFS Bank, a Delaware bank that was <u>co-trustee</u> of COT** [Charter Oak Trust] with Nova Group and that Universitas received $12 million. (App. Vol. 11 at 2670 (Doc. 331-3, Siebert Affidavit par. 11))

## 2. This Suit Arises From Universitas's Confirmation of the Arbitration Award on Universitas's Claim That It Was Not Paid by the Charter Oak Trust After Sash Sencer Died.

Judge Heaton's September 13, 2017 Order establishes that Universitas's claims in this case arise from the same injury – Universitas not being paid by another trustee of the Charter Oak Trust. In relevant part, Judge Heaton wrote:

Universitas was the sole beneficiary of several life insurance policies totaling $30 million in proceeds. *Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 100–01 (2d Cir. 2015). When the death benefits came due, however, Universitas's claim to those benefits was denied. Id. Universitas participated in binding arbitration with **the trustee** of the

benefit plan, and obtained a favorable award. Id. The plan trustee sought to vacate the award in the U.S. District Court for the Southern District of New York, but the award was confirmed and judgment was entered for $30,181,880.30. *Id*.

Universitas encountered significant resistance in collecting on the judgment. The money was transferred to various other entities in connection with a money-laundering scheme. *See* Universitas Educ., LLC v. Nova Grp., Inc., 2014 WL 388371 (S.D.N.Y. Aug. 7, 2014); *see also* United States v. Daniel Carpenter, 190 F. Supp. 3d 260 (D. Conn. Jun. 6, 2016). Upon finding these **transfers** to be fraudulent, the New York court entered judgment in Universitas's favor against the defendants in various amounts, including judgment against **"Avon Capital, LLC**, in the amount of $6,710,065.92." Doc. #1-1.

(App. Vol. 2 at 478-79 (Doc. 92, Order. pp. 2-3) (emphasis added))

Universitas wrote in its 2016 Memorandum of Law "Universitas is the beneficiary of the Charter Oak Trust, which owned two life insurance policies that in May 2009 paid out approximately $30.6 million to the Charter Oak Trust . . . [a]fter Defendant Nova Group, Inc., the **trustee of the Charter Oak Trust** received payment of the insurance proceeds, **Universitas' claim was denied and the $30.6 million in proceeds belonging to Universitas** was fraudulently transferred to various Carpenter related entities, including Avon." (App. Vol. 1 at 214, 215 (Doc. 77, Memorandum pp. 2, 3)

Similarly, Universitas wrote in its 2019 brief supporting its motion for discovery: "policies acquired by the Charter Oak Trust . . . One such policy was for **Sash Spencer**, the beneficiary of which was Universitas. Following Spencer's death, the **Charter Oak Trust** received $30.67 million in insurance proceeds . . . These

transactions were undertaken in part to hide assets from Universitas. *See Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *7. Among these transactions was a fraudulent conveyance on November 11, 2009 of **$6,710,065.92 to Avon Capital, LLC**. *See id.* at *11. (Doc. 145, Universitas brief p. 8 ) (emphasis added)

> Next, the Magistrate's Report and Recommendation states in relevant part:
>
> The Southern District of New York turnover proceeding, referenced above, found that Daniel Carpenter fraudulently transferred $30 million of life insurance policy proceeds from the Charter Oak Trust, of which Universitas was the sole beneficiary. . . . Insured Sash Spencer obtained two policies totaling $30 million . . .

(App. Vol. 8 at 1781, 1793 (Doc. 218, pp. 8, 20)) (cit. omitted)

### D. This Court's *Touche Ross* Opinion Supports Applying the One Satisfaction Rule.

As shown above, Universitas suffered a single injury – nonpayment of the Sash Spencer policy proceeds by the Charter Oak Trust. On page 22 of the Response Brief, Appellee argues that this Court's *Touche Ross* opinion shows why the One Satisfaction Rule does not apply. Actually, the *Touche Ross* makes it clear that the One Satisfaction Rule **does** apply: "When a plaintiff receives an amount from a settling defendant, therefore, it is normally applied as a credit against the amount recovered by the plaintiff from a non-settling defendant, provided both the settlement and the judgment represent common damages. . . . Consequently, the rule applies only where the defendants' conduct resulted in a single injury." *United States*

*Indus. v. Touche Ross & Co.*, 854 F.2d 1223, 1236-37 (10th Cir. 1988)(citations omitted).

Further, while Universitas points on page 23 to language in the New York judgment stating that the New York judgment debtors are jointly and severally liable, Universitas does not explain how this somehow makes former Avon-WY liable for more than the $6.7 million judgment amount – Avon-WY is not a party to the New York Judgment.

When a plaintiff receives an amount from a settling party, it is generally credited against the amount recovered by the plaintiff from a non-settling defendant, provided both the settlement and the judgment represent common damages. *Hess Oil Virgin Islands Corp. v. UOP, Inc.*, 861 F.2d 1197, 1208 (10th Cir. 1988); *see also Friedland v. Indus. Co.*, 566 F.3d 1203, 1209 (10th Cir. 2009) (citing *Hess Oil Virgin Islands Corp.*, 861 F.2d at 1208). Here, because the $18 million received by Universitas is a settlement payment for "common damages" Universitas's requested recovery must be denied and the judgment against former Avon-WY is satisfied in full.

**IV.    REPLY ISSUE FOUR: THE DISTRICT COURT ERRED WHEN IT ENTERED THE MAY 21 ORDER AWARDING ATTORNEYS' FEES  BECAUSE (1) THE AWARD IS AGAINST A NON-PARTY WITHOUT PERSONAL SERVICE AND (2) THE AWARD OF THE RECEIVER'S FEES IS A DOUBLE RECOVERY BECAUSE THE RECEIVER IS ALREADY BEING PAID OUT OF THE POLICIES PROCEEDS.**

**A. Standard of Review.**

"[T]he presence or absence of legal error" receives de novo review. *Stokes v. Indian Health Serv.*, 967 F.3d 1034, 1043 n.8 (10th Cir. 2020) (quoting *El Encanto, Inc, v. Hatch Chile Co.*, Inc., 825 F.3d 1161, 1162 (10th Cir. 2016)).

**B. Universitas's Statement That Mr. Carpenter Was Served Through His Counsel is False.**

On page 24, Appellee states that Mr. Carpenter was served with the show cause motion because his counsel was served. This is false, as Mr. Sandberg was not Mr. Carpenter's counsel and Mr. Carpenter is not and has never been a party. (App. Vol. 1 at 1 (Docket). Mr. Sandberg's representation of Mr. Carpenter in another case, as argued by Universitas, does not somehow convert or transform service upon Mr. Sandberg in his role as counsel for Interested Party Phoenix into service upon Mr. Carpenter.

Put simply, Carpenter is not a party and was never served by Universitas (App. Vol. 27 at 6614 (Doc. 738, Motion p. 6)) Universitas points to the District Court's Order statement that Carpenter had "notice" of Universitas's motion. (App. Vol. 28 at 6778 (Doc. 762, Order p. 2, Ap. 18) Because *Omni Capital* makes it clear "there

must be more than notice to the defendant", Universitas's argument and the District Court's belief that notice is sufficient is an error of law and must be reversed. *See Omni Cap. Int'l, Ltd.,* 484 U.S. at 104.

### C. The Award of the Receiver's Fees Is a Double Recovery Because the Receiver's Fees Are Already Being Paid Out of the Policies Proceeds.

On page 26, Universitas argues that "basic math" renders this argument "nonsensical" because fees paid to the receiver reduce the assets from which Universitas's judgment could be satisfied. Universitas fails to consider the fact that the policies are not owned by Avon-WY and are not the subject of the receivership, and that Universitas possesses no claim to the policies. As a result, Universitas's argument fails, as the order is a second award of attorneys' fees to the receiver.

## V.    REPLY ISSUE FIVE: THE DISTRICT COURT ERRED WHEN IT ENTERED THE MAY 21 ORDER DENYING THE MOTION TO VACATE THE MARCH 29, 2024 ORDER BECAUSE THERE WAS NO NOTICE TO CARPENTER AS REQUIRED BY RULE 65.

### A. Standard of Review.

An order denying a Rule 60(b) motion is reviewed under an abuse of discretion standard. *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998). A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Crow Tribe of Indians v. Repsis*, 74 F.4th 1208, 1216 (10th Cir. 2023). "Thus, even in the context of the deferential abuse-of-discretion standard, [the appellate court

reviews] subsidiary legal questions de novo." *Crow Tribe of Indians*, 74 F.4th at 1216 (cit. omitted).

## B. Universitas Failed to Serve Mr. Carpenter With the Motion.

First, Universitas argues that Phoenix lacks standing to challenge the order. As discussed above, the District Court ordered that "interested parties" could appear in that capacity, and it is undisputed that Phoenix appeared as n "interested party" because Phoenix was an owner of former SDM-OK and is an owner of SDM-CT. Put simply, Phoenix has standing.

Rule 65 requires notice to the adverse party. Fed. R. Civ. P. 65(a). Rule 65 must be strictly complied with. *Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972).

The March 29, 2024 Order is void because Carpenter was never served with Universitas's motion and Universitas made no attempt to provide actual notice of the motion to Carpenter, so that relief under subsections (4) and (6) is required. (App. Vol. 22 at 5051 (Doc. 586, Universitas Motion))

Further, Universitas made no attempt to comply with the requirement of this Court's holding in *ClearOne Communications* that the nonparty could not be in contempt of an injunction in the absence of "active concert or participation" by the nonparty, required typical proof of personal jurisdiction over the nonparty. *ClearOne*

*Communs., Inc. v. Bowers*, 651 F.3d 1200, 1215-16 (10th Cir.) (citing *Heyman v. Kline*, 444 F.2d 65 (2d Cir. 1971)).

## CONCLUSION AND RELIEF SOUGHT

Avon-WY and SDM-OK, pray that the Court vacate all orders of the District Court that followed the loss of jurisdiction in December 2020 pursuant to 12(b)(1) and 12(b)(2); vacate the District Court's May 21, 2025 Orders; vacate the Constructive Trust; and assess all fees, expenses, and costs against Appellee Universitas related to the receiver and the receivership appointed over Avon-WY; and remand with direction for the District Court to terminate proceedings based on its loss of subject matter jurisdiction and personal jurisdiction on December 3, 2020 when the New York Judgment expired, and that upon expiration of the New York Judgment the District Court could not regain subject matter jurisdiction and personal jurisdiction over Appellant without Appellee Universitas having filed the New York Judgment in a new action (and with a new case number) and upon service of process having been properly effected on each Appellant; and that Phoenix receive such other relief to which it is justly entitled, including the costs for this appeal.

/s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
PALMER LEHMAN SANDBERG, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, Texas 75206
Telephone: 214-242-6444
Facsimile: 214-265-1950
jsandberg@pamlaw.com

*Attorneys for Appellant Phoenix Charitable Trust (Interested Party)*

**CERTIFICATE OF COMPLIANCE WITH**
**FEDERAL RULE OF APPELLATE PROCEDURE 32(a)**
**& THE COURT'S ORDER ENTERED ON JANUARY 23, 2024**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1.      Appellant's reply brief complies with the type-volume limitation of
Fed. R. App. P. 32(a)(7)(b), because the reply brief contains <u>8323</u> words, excluding
the parts of Federal Rule of Appellate Procedure 32(f) and Tenth Circuit Rule 32.

2.      Appellant's reply brief complies with the typeface requirements of Fed.
R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)
because the brief has been prepared in a proportionately spaced typeface using a 14-
point Times New Roman font.

/s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2025, I electronically filed Appellant's Brief with the Clerk of Court, eserved and emailed this Appellant's Brief to counsel for Universitas, and will mail seven (7) hard copies to the Court following notice from the Court.

/s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,     )
    )
        Petitioner,     )
    )
vs.     )     NO. 14-FJ-00005-HE
    )
AVON CAPITAL, LLC, *et al.*,     )
    )
        Respondents.     )

## **ORDER**

Multiple motions are pending in this case. This order addresses petitioner's Motion for Order Authorizing Receiver to Sell Property of the Receivership Estate [Doc. #713] and related motions for emergency disbursement of funds [Doc. #699] and for leave to file a response out of time [Doc. #729]. The latter two motions are easily disposed of. Petitioner has indicated it is withdrawing the motion for emergency disbursement of funds [Doc. #738 at 2], so that motion will be stricken. The motion for leave to file a response to Doc. #713 was intended to be granted at the recent hearing at the same time a parallel request [Doc. #728] was addressed. In any event, the motion for leave to file response out of time [Doc. #729] will be granted, and the court has considered the proffered submissions attached to that motion.

The court concludes petitioner's motion for order authorizing sale of assets should be granted.

Background

It is unnecessary to set out the full background of the circumstances which give rise to the present motion, as those have been described at length in earlier decisions of this court,[1] of the Tenth Circuit Court of Appeals,[2] and of other courts.[3]  Broadly stated, this case arises out of petitioner Universitas Education, LLC's efforts to recover insurance proceeds stolen from it via an elaborate fraud scheme engineered by Daniel Carpenter.  As the Tenth Circuit noted, his scheme "involved acquiring third-party life insurance policies from unsuspecting beneficiaries with the promise to hold them in trust, but withholding the benefits when they became due, and laundering the money through a vast web of interconnected shell companies."  Universitas Educ., LLC, 124 F.4th at 1238.  The scheme resulted in the criminal conviction of Mr. Carpenter, following a bench trial, for mail and wire fraud, money laundering, and related crimes.  See United States v. Carpenter, 190 F. Supp. 3d 260 (D. Conn. 2016).[4]  It also resulted in the non-payment of substantial amounts of proceeds otherwise due to Universitas, the beneficiary of two life insurance policies.

---

[1] See September 13, 2017 Order [Doc. #92]; October 20, 2020 Report and Recommendation [Doc. #218].

[2] Universitas Educ., LLC v. Avon Capital, LLC, 2023 WL 5005654 (10th Cir. Aug. 4, 2023)(Universitas I) and Universitas Educ., LLC v. Avon Capital, LLC,124 F.4th 1231 (10th Cir. 2024) (Universitas II).

[3] Among them are United States v. Carpenter, 190 F. Supp. 3d 260 (D. Conn. 2016), Universitas Education LLC v. Nova Group, Inc., 2013 WL 6123104 (S.D.N.Y. 2013), and Universitas Education LLC v. Nova Group, Inc., 2024 WL 2701537 (S.D.N.Y. 2024).

[4] Mr. Carpenter also had an earlier fraud conviction.  See United States v. Carpenter, 405 F. Supp. 2d 85 (D. Mass. 2005); United States v. Carpenter, Criminal No. 04-10029-GAO, 2014 WL 691659 (D. Mass. Feb. 21, 2014); United States v. Carpenter, 781 F.3d 599 (1st Cir. 2015).

2

Universitas sued various Carpenter entities, eventually getting a New York judgment in its favor against, among others, Avon Capital, LLC. Multiple entities named Avon Capital, LLC had been formed under the laws of different states. One of those, Avon Capital, LLC – Wyoming ("Avon-WY"), ended up owning 100% of the ownership interests in SDM Holdings, LLC, an Oklahoma limited liability company ("SDM"), acquired with funds derived from the fraud scheme and channeled through various Carpenter entities. After Universitas registered its judgment in Oklahoma, these proceedings followed.

Universitas sought to collect the judgment via garnishment and levy of execution directed to the life insurance policies then nominally owned by SDM. Avon-WY intervened, contending it was not the "Avon Capital" named in the New York judgment. This court concluded otherwise, piercing the corporate veil of Avon-WY to allow Universitas to proceed against insurance policies held by SDM. As part of that process, the court appointed a receiver for Avon-WY who, acting on behalf of Avon-WY as the owner of SDM, replaced the manager of SDM. Subject to interference by Mr. Carpenter, the new manager has maintained control of the SDM assets in the meantime.[5]

Universitas I concluded that the domesticated judgment had expired due to the lapse of time since its filing, but this court's re-imposition of the same findings and orders, following re-filing of the judgment, was upheld in Universitas II. In that case, the Tenth

---

[5] *The court entered an injunction prohibiting interference with the manager's control of SDM. Mr. Carpenter and others violated that order. Mr. Carpenter has since pleaded guilty to a criminal contempt charge arising out of his conduct. See* In re: Contempt Proceedings Against Daniel E. Carpenter, *Case No. 24-MC-5-GKF. Sentencing is pending in that case.*

**Appellant's Brief Appendix Page 3**

Circuit observed that Mr. Carpenter had served his criminal sentences and that "[w]hile Mr.

Carpenter's debt to society may have been repaid, his entities' debts to Universitas certainly

have not." Universitas Educ., LLC, 124 F.4th at 1250. The present motion seeks to remedy

that, at least to the extent of the value of the insurance policies now held by SDM.

Discussion

In other circumstances, a court addressing the propriety of a judgment creditor's

collection efforts would be obliged to consider the fine points and technicalities of the

creditor's efforts, evaluated against the particular state's judgment collection scheme. Fed.

R. Civ. P. 69. Here, however, in light of the pervasive pattern of fraud which has been

conclusively established in both criminal and civil proceedings, the court concludes that

undertaking is unnecessary.

Oklahoma recognizes the imposition of a constructive trust as an available equitable

remedy in appropriate circumstances.

> The primary reason for imposing a constructive trust is to avoid
> unjust enrichment. It is imposed against one who by fraud,
> actual or constructive, by devices or abuse of confidence, by
> commission of wrong, or by any form of unconscionable
> conduct, artifice, concealment, or questionable means, or who
> in any way against equity and good conscience, either obtained
> or holds the legal right to property which he ought not, in
> equity and good conscience, hold and enjoy.

Easterling v. Ferris, 651 P.2d 677, 680 (Okla. 1982). See also United States v. Andrews,

530 F.3d 1232, 1237 (10th Cir. 2008) ("A constructive trust is a legal fiction, an equitable

remedy devised to prevent unjust enrichment and compel restitution of property that in

equity and good conscience does not belong to the Defendant."). It has been established

4

in this case that the insurance policies now held by SDM were acquired (via the acquisition of SDM itself) through use of insurance proceeds stolen from Universitas. That is a classic circumstance where imposition of a constructive trust is warranted.[6]

Beyond the tracing of the stolen proceeds, the conduct of entities controlled by Mr. Carpenter in this case warrants the imposition of the trust. The trial judge in Mr. Carpenter's most recent criminal case noted that the evidence in that case established "that corporate entities were created and discarded at Mr. Carpenter's direction when it suited his purposes." 190 F. Supp. 3d at 274. The same conduct and posturing has continued here.

Two entities, both controlled by Mr. Carpenter, have appeared in this proceeding and pursued inconsistent positions both factually and legally.[7] Avon-WY intervened in the case, maintaining that it was the 100% owner of SDM and that the assets being pursued by Universitas belonged to it. *See* [Doc. #56 at 2-3]. It has maintained that position in multiple filings in this case (*see, e.g.* Doc. # 99, 149, 195, and 223), explicitly contending as recently as 2021 that SDM "is" an Oklahoma LLC, and it has never repudiated that position so far as the court can determine. By contrast, the Phoenix Charitable Trust, also controlled by

---

[6] *At the February 27, 2025 hearing, the court invited the parties to submit additional authorities relating to the potential application of a constructive trust, and they have done so.*

[7] *Here, the entities are Avon-WY, which intervened in the case and is controlled by Mr. Carpenter, and the Phoenix Charitable Trust, which purports to be a former owner of SDM and substantially represents its owners. The court permitted those owners, via representation by Mr. Sandberg, to continue to participate in the proceedings although, in light of the appointment of a new manager of SDM via the receivership, he could no longer speak for SDM.*

**Appellant's Brief Appendix Page 5**

Mr. Carpenter, contends that SDM does not exist at all, but that it was merged back in 2017 with SDM-Connecticut, and that, by the way, Avon-WY doesn't exist either. And it further contends that Avon-WY did not own a membership interest in SDM "for years before the merger of SDM-OK into SDM-CT." [Doc. #726 at 3, n.5]. Beyond that, SDM (when it was still represented by counsel reporting to Mr. Carpenter) continued to litigate in this court at least through 2020 on the basis it still existed.[8] This repeated use of inconsistent positions by entities controlled by the same person indicates a shell game strategy of litigation by exhaustion, not a strategy grounded in truth or reality.

The adverse parties' other arguments against petitioner's motion fare no better. They contend that Universitas has already been paid by reason of the "one satisfaction rule" and amounts Universitas has received in settlements with other entities. The court is unpersuaded that any principle of law or aspect of the circumstances makes the liability of the "debtor" here anything other than joint and several, such that payments by others would not inure to the benefit of Avon-WY absent full payment, or that there is any reason to assume that petitioner is getting a double recovery. But the bigger question is this: if there is a plausible reason to think that payments to Universitas from settlements in 2018 discharged the obligation of the debtors involved here, why are we just now hearing about it, five years later? Mr. Carpenter's entities have been represented by competent counsel

---

[8] *Counsel for SDM entered their appearance in this case in February 2018 and requested an extension of time to respond, with no suggestion that SDM had ceased to exist (due to a purported merger or otherwise) the year before. [Doc. Nos. 101 & 102]. Similarly Kathy Kehoe filed an affidavit in 2020 on behalf of SDM, with no suggestion that it had ceased to exist. [Doc. No. 192-1].*

6

throughout the process, and the result is that either (a) the argument is meritless, or (b) the entities have waived it.[9]

The adverse parties continue to maintain the usual post-collection remedies are not available to Universitas because a charging order is the sole and exclusive remedy.  To the extent that argument has not been already rejected by this court and the Tenth Circuit (see 124 F.4th at 1249-50), the court concludes that Oklahoma law nonetheless authorizes the application of equitable remedies to preclude an Oklahoma LLC being used as an instrument of fraud.  *See* Mattingly Law Firm, P.C. v. Henson, 466 P.3d 590, 595 (Okla. Civ. App. 2019) ("The Oklahoma LLC Act provides that the 'rules of law and equity' shall supplement the Act with regard to any case not addressed therein."); Lifetouch Nat'l School Studios Inc. v. Oklahoma School Pictures, LLC, 554 P.3d 764, 774-75 (Okla. Civ. App. 2023).

The objecting parties continue to maintain other arguments that have been rejected by the court, presumably for record preservation purposes.  The court declines to repeat its earlier conclusions as to those.

<u>Conclusion</u>

The result is that Universitas has amply made out the basis for a constructive trust (and potentially other remedies) being impressed on the insurance policies now held by SDM.  Its motion to enforce the judgment [Doc. # 713] is therefore **GRANTED** as follows:

---

[9] *Avon Capital tried the same argument, in a somewhat different procedural context, in the Southern District of New York.  That court also rejected the suggestion, noting that the equities were elsewhere.  Universitas Education LLC v. Nova Group, Inc., 2024 WL 2701537 (S.D.N.Y. 2024).*

**Appellant's Brief Appendix Page 7**

(1) a constructive trust is hereby imposed on the insurance portfolio now maintained by SDM, (2) the receiver is authorized and directed to cause the manager of SDM to proceed with the appraisal and sale of the subject portfolio, and (3) the receiver may, alternatively, direct the manager to cause SDM to formally transfer ownership of the portfolio to the receiver if the eventual disposition of the portfolio through the receivership, directly, would be more efficient.

In the event of an appeal from this order by respondent or the related entities, the court determines a bond in the amount of $13,000,000 shall be required to suspend its operation pending appeal.[10]

As noted above, petitioner's motion for emergency distribution of funds [Doc. #699] is **STRICKEN** and Avon-WY's motion for leave to file objections out of time [Doc. #729] is **GRANTED** (the attached objection is deemed filed).

**IT IS SO ORDERED.**

Dated this 21st day of May, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[10] *This is the amount suggested by Universitas without explanation. However, it is consistent with the court's earlier determination of a bond amount [Doc. #310] and the running of interest on the underlying amounts in the meantime.*

8

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,            )
                                       )
                Petitioner,            )
                                       )
vs.                                    )          NO. 14-FJ-00005-HE
                                       )
AVON CAPITAL, LLC, *et al.*,           )
                                       )
                Respondents.           )

## ORDER

Petitioner Universitas Education, LLC has moved for an award of attorneys' fees and costs against Daniel E. Carpenter in connection with his violation of this court's orders relating to interference with receivership assets.[1]  It seeks the recovery of fees for the services of the Law Offices of Joseph L. Manson III and local counsel Mee, Hawkins, Greenhaw & Cotner.  It also seeks to recover for time spent by the Receiver in addressing the issues in the contempt proceeding.

Resolution of the present motion is complicated by the nature of the contempt proceedings.  Those proceedings were commenced by Universitas filing a motion for a finding of civil contempt against Mr. Carpenter [Doc. #655].  Some time thereafter, the court concluded the matter should proceed as one for criminal contempt and, on June 26, 2024, converted the motion to one for criminal contempt.  Thereafter, the criminal

---

[1] *The motion does not clearly state whether recovery is sought only against Carpenter or also against the others (Jonathan Boothroyd and SDM-Connecticut) who violated the order.  The parties' submissions appear to assume the motion is directed only to Carpenter, and the court has proceeded on that assumption.*

contempt proceeded separately, and Mr. Carpenter has since pled guilty in that proceeding. *See* In re: Contempt Proceedings Against Daniel E. Carpenter, Case No. 24-MC-5-GKF. The amounts sought here by petitioner are for counsel's and the Receiver's efforts in connection with the entire scope of violative conduct of Mr. Carpenter, both before and after the conversion to a criminal contempt proceeding.

Phoenix Charitable Trust and Avon Capital, LLC (i.e., the pre-receivership owners) have responded in opposition to the motion, arguing that Mr. Carpenter did not have notice of the motion and the recovery of fees is not authorized by the "American Rule" as to fees, and re-stating other objections they have previously advanced as to a creditor's rights generally.

At least insofar as the requested fees of counsel were incurred in connection with a civil contempt proceeding, the court is satisfied they are properly recoverable in appropriate circumstances. *See* Institute of Cetacean Research v. Sea Shepherd Conservation Soc'y, 774 F.3d 935, 958-9 (9th Cir. 2014); Dow Chem. Co. v. Chem. Cleaning, Inc., 434 F.2d 1212, 1215 (5th Cir. 1970) (noting that, as to civil contempt proceedings, "[t]here are contempt cases in abundant number holding that a court has discretion to award reasonable attorney's fees and other expenses necessary to make an innocent party whole.") Further, it is clear that, in the circumstances existing here, Mr. Carpenter had notice of the request for fees. He was served with the initial show cause order [Doc. Nos. 656, 666]. He was represented in the criminal contempt proceeding by the same counsel appearing here on behalf of another Carpenter entity and plainly knew of the request for fees (though he has not personally responded to the request for fees).

2

In light of the undisputed evidence of Mr. Carpenter's violation of the court's order, as the objecting parties appearing here have not challenged either the time allegedly spent by counsel or that it was appropriately spent, and as the requested fees appear otherwise reasonable, the court concludes petitioner should recover the requested attorneys' fees to the extent they may be viewed as incurred in connection with a civil contempt proceeding.

The complicating factor is that the contempt proceeding was converted into a criminal proceeding on June 26, 2024, and that some of the fees for which recovery is sought were incurred after that time. The parties' submissions do not address the issue, and the court's own research has generated little that is helpful in addressing the impact of the conversion. However, the court concludes that any fees or other costs attributable to the time after conversion to a criminal contempt proceeding must be sought in that proceeding as restitution or otherwise, rather than in this case. *See* 18 U.S.C. § 3663(a).

The court concludes the fees and expenses attributed to the receiver are recoverable to the same extent. Universitas is not entitled to seek recovery of the Receiver's attorney's fees as such but, in the circumstances existing here, they are among the "other expenses necessary to make an innocent party whole." Dow Chemical Co., 434 F.2d at 1215. This case is a post-judgment collection proceeding in which the judgment creditor seeks to satisfy its judgment from specific assets in the hands of the receiver. The fees paid to the receiver from the receivership estate necessarily reduce the remaining assets from which the creditor's judgment might otherwise be satisfied. As a result, they constitute recoverable damages/costs here.

3

**Appellant's Brief Appendix Page 11**

Applying these principles, the court concludes petitioner's motion should be granted to the extent of services performed or expenses incurred in connection with Mr. Carpenter's conduct violating the injunction order, through the date of the conversion of the proceeding to one for criminal contempt. Based on the documents attached to the motion, that translates into $21,400 as to the Manson firm (Manson, 23 hours at $700; Karam, 13.25 hours at $400), $2915 as to the Mee firm (10.6 hours at $275), and $51,931 attributable to the Receiver's efforts during the April-June 2024 period, for a total recovery of $76,246.

For these reasons, the court concludes petitioner's motion for attorneys' fees [Doc. #738] should be and is **GRANTED** to this extent: Universitas Education, LLC shall recover from Daniel E. Carpenter the sum of $76,246, attributable to the fees and costs reasonably incurred by Universitas and/or the Receiver in responding to Mr. Carpenter's actions in this case.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2025.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

4

**Appellant's Brief Appendix Page 12**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,           )
                                      )
              Petitioner,             )
                                      )
vs.                                   )        NO. 14-FJ-00005-HE
                                      )
AVON CAPITAL, LLC, *et al.*,          )
                                      )
              Respondents.            )

## <u>ORDER</u>

Phoenix Charitable Trust has moved to vacate the order entered March 29, 2024, which modified the court's earlier injunction by explicitly extending its prohibitions against interference with receivership assets to, among others, Daniel Carpenter. It contends Mr. Carpenter did not get appropriate notice of petitioner's motion to modify. It seeks relief pursuant to Fed. R. Civ. P. 60(b).

The present motion will be denied for multiple reasons which need not be discussed in detail here. First, to the extent movant asserts Mr. Carpenter's rights were violated, it suffices to say it is not Mr. Carpenter here seeking relief. Phoenix, albeit controlled by Mr. Carpenter, does not have standing to assert his personal rights in this context. Second, Mr. Carpenter has separately entered a plea of guilty to criminal contempt charges based on his violation of the same order to which this motion is directed. He apparently did not challenge the validity of the order in those proceedings and will not be permitted, via an intermediary, to do so here. Third, the motion is not timely. Rule 60(b) provides that motions asserting an order is void must be brought within a "reasonable time." Here, the

**Appellant's Brief Appendix Page 13**

challenged order was entered approximately a year before the present motion was filed, under circumstances where the state of Mr. Carpenter's notice was plainly known to him and his counsel both at the time of entry of the order and at the time of the various subsequent actions taken by Mr. Carpenter in the contempt proceeding. Collateral estoppel and other theories may also lead to the same result, but it is unnecessary to consider them here.

The motion to vacate of Phoenix Charitable Trust [Doc. #747] is **DENIED.**

**IT IS SO ORDERED.**

Dated this 21st day of May, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

2

**Appellant's Brief Appendix Page 14**