No. 25-6073

---

# In the United States Court of Appeals for the Tenth Circuit

_____

PHOENIX CHARITABLE TRUST, RESPONDENT - APPELLANT,

VS.

UNIVERSITAS EDUCATION, LLC,
PETITIONER/JUDGMENT CREDITOR - APPELLEE.

_____

ON APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THE HONORABLE JOE L. HEATON
UNITED STATES DISTRICT JUDGE
CASE No. FJ-14-00005-HE

_____

**APPELLANT PHOENIX CHARITABLE TRUST'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL CLERK'S RECORD
(DOCUMENTS REGARDING UNIVERSITAS'S COLLECTIONS ON
JUDGMENT ATTACHED)**

_____

JEFFREY R. SANDBERG
Palmer Lehman Sandberg, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, TX 75206
Telephone   (214) 242-6454
Facsimile: (214) 265-1950
jsandberg@pamlaw.com

---

## I.

This appeal is concerning orders entered by the District Court on May 21, 2025. This appeal is set for oral argument on January 22, 2026.

On January 7, 2026, Appellant Phoenix filed the attached notice and exhibits in the District Court as Doc. 831 and 831-1 through 831-8, respectively. The exhibits contain a District Court Order and Universitas's admissions establishing Universitas's collections and the satisfaction of Universitas's $6,710,065.92 judgment.

## CONCLUSION

Phoenix respectfully requests that the Court grant leave to file a Supplemental Clerk's Record containing the attached filings, and for such additional relief to which Phoenix is entitled at law or equity.

Respectfully submitted,

/s/ *Jeffrey R. Sandberg*
JEFFREY R. SANDBERG
Palmer Lehman Sandberg, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, TX 75206
Telephone   (214) 242-6454
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com

## CERTIFICATE OF CONFERENCE

Counsel certifies under 10TH CIR. R. 27.1 that Universitas's counsel stated on January 7, 2026 that Universitas opposes the requested relief.

/s/ Jeffrey R. Sandberg
JEFFREY R. SANDBERG

## CERTIFICATE OF COMPLIANCE

This Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) and 10TH CIR. R. 8.1 because it contains 444 words, as determined by the word-count function of Microsoft Word 365.

This motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg

## CERTIFICATE OF SERVICE,
## DIGITAL SUBMISSION AND PRIVACY REDACTIONS

This is to certify that on this 7th day of January 2026, a true and correct copy of the foregoing instrument was served via ECF, to counsel for Universitas.

☑      The undersigned certifies all required privacy redactions have been made, and with the exception of those redactions, the document submitted in Digital Form is an exact copy of the written document filed with the Clerk of this Court.

☑      The undersigned further certifies that the digital submissions have been scanned for viruses on the above date with Trend Micro Security Agent and, according to the program, are free of viruses.

*/s/ Jeffrey R. Sandberg*
JEFFREY R. SANDBERG

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.: 14-FJ-05-HE |
| | § | |
| AVON CAPITAL, LLC, | § | |
|     Respondent, | § | |
| | § | |
| ASSET SERVICING GROUP, LLC, | § | |
|     Respondent, | § | |
| | § | |
| SDM HOLDINGS, LLC, | § | |
|     Respondent, | § | |
| | § | |
| And | § | |
| | § | |
| AVON CAPITAL, LLC, a Wyoming | § | |
| limited liability company, | § | |
|     Intervenor. | § | |

## INTERESTED PARTY'S STATEMENT AND NOTICE
## <u>THAT THE AVON JUDGMENT HAS BEEN SATISFIED</u>

Phoenix Charitable Trust ("Phoenix"), as an "Interested Party" regarding SDM Holdings, LLC, an Oklahoma limited liability company ("SDM-OK") gives notice of collections by judgment creditor Universitas Education, LLC ("Universitas") so that the Avon judgment has been satisfied as established by the exhibits filed with this Notice:

| <u>Exhibit</u> | <u>Amount</u> | <u>Description</u> |
|---|---|---|
| 1 | | Registration of Foreign Judgment by Universitas August 15, 2023 (5:23-fj-00004-D |
| 2 | $18,079,640.03 | Collections Listing by Universitas Counsel J. Manson |

**INTERESTED PARTY'S STATEMENT AND NOTICE**
**<u>THAT THE AVON JUDGMENT HAS BEEN SATISFIED</u>**        **Page 1 of 6**
**I:\14184\Oklahoma\Pleadings\Notice of Universitas Colllections by SDM (Phoenix).260106..docx**

| | | |
|---|---|---|
| 3 | $650,000.00 | Order August 5, 2025 (Doc. 797) |
| 4 | | Petition in Interpleader by Universitas's Counsel (E.D. Va.) |
| 5 | $900,333.06 | Collections In BPETCO Suit by Universitas Counsel P. Samson |
| 6 | $4,703,621.64 | Universitas Collections Listing |
| 7 | $5,041.768.65 | Collections Listing by Universitas Counsel P. Colbath |
| 8 | $5,850,276.22 | Collections Listing by Universitas Counsel P. Colbath |

## THE AVON JUDGMENT HAS BEEN SATISFIED

This Notice and the exhibits establish that the Avon Capital judgment has been satisfied. As AUSA McCrary stated, there is only one portfolio of policies, and that portfolio has always been owned first by SDM-OK and then SDM-CT after the 2017 Merger.. Neither Avon-CT nor Avon-WY have ever owned even 1% of the portfolio.

The amount of the judgment against Avon-CT was $6,710,000 as listed in the 2023[1] Universitas filing with Chief Judge DeGuisti. *See* Foreign Judgment of August 14, 2014 attached as Exhibit One, page 4.

Universitas's attorney, J. Manson, confirmed that amount in his letter to Attorney Alan Rupe – the attorney for Avon-WY that has also never been served. See the J. Manson letter of May 22, 2021 attached as Exhibit Two which states on page 1 that "[t]he judgment

---

[1] The Tenth Circuit held conclusively that the District Court lost jurisdiction over the case in December of 2020 when Universitas lost Article III Standing (Doc. 510), and on August 15, 2023 Universitas sought to register a foreign judgment from August 2014 (See Exhibit 1) when the Oklahoma Statutes make clear that the foreign judgment must be filed within three-years from the date a judgment becomes active. (See 12 O.S. § 95(A)(2)).

against Avon Wyoming is $6,710,065.92" – which Attorney Manson says is owed by Avon-WY instead of Avon-CT. But in 2021, Attorney Manson admits that Universitas has already received over $18,000,000, but then Attorney Manson argues that $5,643,640.03 reduced the unpaid judgment balance according to J. Manson's calculations on page 2 of Exhibit 2.

This is important because attached as Exhibit Three is Judge Heaton's Order to have the receiver pay $650,000 from the SDM Portfolio at ASG to Universitas. *See* August 2025 Order attached as Exhibit Three. Therefore, even if there were no other payments that have been made, the $6,710,065.92 judgment debt of Avon-CT, and thus the judgment debt of the long-defunct Avon-WY, has been satisfied as a matter of law. Still, Attorney Samson, Universitas's attorney in another collection case brought by Universitas in Boston, acknowledged in 2015 that Universitas collected $900,333.06 as shown in Exhibit 5.

Attorney Manson became attorney for Universitas sometime in 2017. The original attorney for Universitas in New York and in Oklahoma was Ms. Paula Colbath of Loeb & Loeb, who created the collections listings located in Exhibit 6 and Exhibit 7. It is noteworthy that Ms. Colbath and her law firm, Loeb & Loeb, had to threaten to sue the ladies of Universitas and Attorney Manson to get her share of the Universitas-Wilmington Trust Settlement. *See* attached as Exhibit Four the 2018 Interpleader filed by Attorney Manson against Paula Colbath and Loeb & Loeb. Ms. Colbath, on behalf of Loeb & Loeb, created the listing of Universitas collections located in Exhibit 8 as part of its claims for payment.

Next, it is important to note that Mr. Carpenter's name, and neither Avon-CT or Avon-WY, are mentioned in the Universitas/Attorney Manson description of the history of the case in the petition for interpleader filed in the Eastern District of Virginia in May 2018 where Universitas and Attorney Manson admit that Universitas received $12 million and that is attached as Exhibit 4. Attorney Manson states that Universitas is the beneficiary of the proceeds of the Sash Spencer policies, and that the Charter Oak Trust held the policies and was the beneficiary of the Sash Spencer policies. (Ex. 4, par. 6) Attorney Manson also states that Universitas's arbitration award, which was subsequently confirmed in the S.D.N.Y., was against Nova Group, Inc. because it was the named trustee of the Charter Oak Trust. (Exh. 4, pars 8-9). Attorney Manson states that he represented Universitas in the E.D. Va. arbitration and that the respondent in the arbitration, Wilmington Savings Fund Society, FSB ("WSFS") was sued because it was the Insurance Trustee of the Charter Oak Trust. (Exh. 4, par. 10)

Wilmington Trust took over Christiana Bank which was the Insurance Trustee for the Charter Oak Trust Welfare Benefit Plan, which was sued by Universitas after their loss to TD Bank in Judge Scheindlin's Court in December of 2015, where Judge Scheindlin made clear that **any** lawsuit by Universitas against **anyone** for **anything** was time-barred after October 2012.

**Interested Party Statement – Phoenix Charitable Trust[2]**

On December 21, 2021, the Court ordered, sua sponte, that counsel Sandberg could not continue to represent SDM-OK unless the Receiver or manager authorized it, and struck SDM-OK's Objection to the Universitas Re-Filing. [Dkt 353]

On December 30, 2021, SDM-OK filed its Motion for Reconsideration requesting that the Court permit Mr. Sandberg to continue to represent SDM-OK. [Dkt 348]

On February 1, 2022, the Court entered its Order denying SDM-OK's Motion for Reconsideration, ordering that interested parties will be permitted to object or otherwise address matters as to the receivership. [Dkt 363]

Again, former SDM-OK does not exist. [3] Phoenix is filing this document as ordered by the Court. Phoenix does not consent to the jurisdiction of the Court beyond Phoenix's compliance with the Court's order and Phoenix does not consent to jurisdiction of the Court over Phoenix, i.e., Phoenix is filing this document solely as an "interested party." Again, the true owner of the policies is SDM-CT, which has never been served and has never been a party to this action.

Dated: January 7, 2026

---

[2] Phoenix Charitable Trust was a defendant in a suit brought by Universitas in the United States District Court of Connecticut – Case 3:20-cv-00738-JAM.

[3] Certain arguments and authorities presented were included in prior filings by SDM-OK and Phoenix that were previously ruled upon by the Court, and are presented here to avoid a contention by opposing parties that the arguments and authorities were not properly presented to the Court in this opposition to the requested relief. Certain arguments are also the subject of the December 31, 2024 Order issued by the Tenth Circuit. A petition for writ of certiorari is filed in Case No. 24-1126, and the issues are presented here to avoid a contention by opposing parties that the arguments and authorities were not properly presented to the Court in this opposition to the relief requested by the Receiver.

**INTERESTED PARTY'S STATEMENT AND NOTICE**
**THAT THE AVON JUDGMENT HAS BEEN SATISFIED**                    **Page 5 of 6**
I:\14184\Oklahoma\Pleadings\Notice of Universitas Colllections by SDM (Phoenix).260106..docx

Respectfully submitted,

s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg,
Texas Bar No. 00790051
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway, Suite 1111
Dallas, TX 75206
Telephone: (214) 242-6444
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com
(ADMITTED PRO HAC VICE)
Attorneys for Phoenix Charitable Trust

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Francis Schneider
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenhaw
Timothy F. Campbell
Ryan Leonard
Heidi Long
Joseph Manson

/s/ Jeffrey R. Sandberg

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner/Judgment Creditor, | ) | |
| | ) | |
| v. | ) | Civil Action No. FJ-23-4-D |
| | ) | |
| AVON CAPITAL, LLC, et al. | ) | |
| | ) | |
| Respondents/Judgment Debtors, | ) | |

## NOTICE OF REGISTRATION OF JUDGMENT

Joshua C. Greenhaw, of the law firm of MEE HOGE PLLP, counsel for the Petitioner/Judgment Creditor, Universitas Education LLC, hereby gives notice of registration of the judgment of the United States District Court for the Southern District of New York in Case No. 11 Civ. 1590 (LTS)(HBP) filed August 12, 2014 (the "Judgment") in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1963. A certified copy of the Judgment is attached hereto as Exhibit 1. An Order of the United States District Court for the Southern District of New York in Case No. 11 Civ. 1590 (LTS)(HBP) filed November 5, 2014 to register the Judgment in other judicial districts pursuant to 28 U.S.C. § 1963 is attached hereto as Exhibit 2.

DATE OF FILING WITH THE DISTRICT COURT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK: August 12, 2014.

AGAINST JUDGMENT DEBTORS: Avon Capital, LLC, et al. as set forth in the Judgment.

JUDGMENT CREDITOR: Universitas Education, LLC.

DATED this 14th day of August, 2023.

/s/ Joshua C. Greenhaw
Joshua C. Greenhaw, OBA No. 19111
jcg@meehoge.com
MEE HOGE PLLP
50 Penn Place
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118
Telephone: (405) 848-9100
Facsimile: (405) 848-9101

ATTORNEYS FOR UNIVERSITAS
EDUCATION, LLC

Case 5:25-cv-00054-D   Document 31-1   Filed 01/07/26   Page 6 of 9
Appellate Case: 25-6073   Document: 54   Date Filed: 01/07/2026   Page: 12
Case 1:11-cv-01590-LTS-HBP   Document 475   Filed 08/12/14   Page 1 of 3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNIVERSITAS EDUCATION, LLC,

                              Petitioner,

         -against-

NOVA GROUP, INC.,

                              Respondent.
------------------------------------------------------------X

┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED 08/12/2014      │
└─────────────────────────────────────┘

11 **CIVIL** 1590 (LTS) (HBP)
11 **CIVIL** 8726 (LTS) (HBP)

## JUDGMENT

Whereas following entry of judgment in its favor in the above captioned-actions, Universitas

Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and

Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets

by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill

Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust

Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the

"Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover

Respondents of money and assets, including certain specified insurance policies, until Petitioner's

judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ.

1590); Mr. Carpenter and third parties having moved to modify the temporary injunction to

allow transactions between themselves and certain of the Turnover Respondents (See docket entry

nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura

Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its

Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money

judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist

Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the

amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

**Exhibit 1   Page 3 of 9**

Case 5:25-cv-00094-D   Document 31-1   Filed 01/07/26   Page 4 of 9
Appellate Case: 25-6073    Document: 54    Date Filed: 01/07/2026    Page: 13
Case 1:11-cv-01590-LTS-HBP   Document 475   Filed 08/12/14   Page 2 of 3

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

**Exhibit 1   Page 4 of 9**

Case 5:24-cv-00504-D   Document 31-1   Filed 08/15/22   Page 5 of 9
Appellate Case: 25-6073   Document: 54   Date Filed: 01/07/2025   Page: 14
Case 1:11-cv-01590-LTS-HBP   Document 475   Filed 08/12/14   Page 3 of 3

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

**Dated:**  New York, New York
        August 12, 2014

                                        **RUBY J. KRAJICK**

                                        _____
                                        **Clerk of Court**

                        **BY:**      _K. Mango_
                                        _____
                                        **Deputy Clerk**

CERTIFIED AS A TRUE COPY ON

THIS DATE_____08/11/2023_____

BY_____Stanley Klimek_____
        (  ) Clerk
        (✓) Deputy
        STANLEY KLIMEK

**Exhibit 1   Page 5 of 9**

# U.S. District Court

## New York Southern - Manhattan

Receipt Date: Aug 11, 2023 11:41AM

NEIDA RIVERA

Rcpt. No: 19786                          Trans. Date: Aug 11, 2023 11:41AM                          Cashier ID: #AF

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 104 | Cert of Document/Transcript of JGMT | | 1 | 11.00 | 11.00 |

| CD | Tender | | | | Amt |
|---|---|---|---|---|---|
| CC | Credit Card | | | | $11.00 |

|  |  |
|---|---|
| Total Due Prior to Payment: | $11.00 |
| Total Tendered: | $11.00 |
| Total Cash Received: | $0.00 |
| Cash Change Amount: | $0.00 |

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

**Exhibit 1   Page 6 of 9**

Case 5:25-cv-00009-HE    Document 32-1    Filed 08/15/22    Page 7 of 9
Appellate Case: 25-6073    Document: 54    Date Filed: 01/07/2026    Page: 16

Case 1:11-cv-01590-LTS-HBP    Document 493    Filed 11/05/14    Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

     Petitioner,

    -v-

NOVA GROUP, INC.,

     Respondent.

------------------------------------------------------x

NOVA GROUP, INC.,

     Petitioner,

    -v-

UNIVERSITAS EDUCATION, LLC,

     Respondent.

------------------------------------------------------x

No. 11 Civ. 1590 (LTS)(HBP)

No. 11 Civ. 8726 (LTS)(HBP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 05 2014

ORDER

     Universitas Education, LLC ("Universitas") moved on September 25, 2014, to

register the judgment entered on August 15, 2014 in other judicial districts pursuant to 28 U.S.C. §

1963. (Docket entry no. 485.)[1]  No opposition to this motion was filed.  For substantially the

reasons stated in Universitas' memorandum in support of its motion (docket entry no. 496), and

supported by the September 25, 2014 Declaration of Michael Barnett (docket entry no. 487), the

motion is granted.

---

[1]    Docket entry numbers in this Order refer exclusively to those in case number 11 Civ.
1590.

JUDGMENTS.WPD      VERSION 3/12/14      1

Exhibit 1    Page 7 of 9

Case 5:25-cv-00050-HD   Document 32-1   Filed 01/15/2026   Page 2 of 9
Appellate Case: 25-6073   Document: 54   Date Filed: 01/07/2026   Page: 17
Case 1:11-cv-01590-LTS-HBP   Document 493   Filed 11/05/14   Page 2 of 2

This Order resolves docket entry no. 485.

SO ORDERED.

Dated: New York, New York
November 5, 2014

LAURA TAYLOR SWAIN
United States District Judge

Exhibit 1    Page 8 of 9

JS 44 (Rev. 06/17)

Case 5:26-cv-00050-HE  Document 33-1  Filed 06/07/26  Page 9 of 9
Appellate Case: 25-6079  Document: 18  Date Filed: 01/07/2026  Page: 18

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNIVERSITAS EDUCATION, LLC

**(b)** County of Residence of First Listed Plaintiff NEW YORK, NEW YORK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* 405-848-9100
JOSHUA L. GREENHAW, OBA # 19111
1900 NW EXPRESSWAY STE 1400, OKC, OK 73118

## DEFENDANTS

AVON CAPITAL, LLC

County of Residence of First Listed Defendant HARTFORD, CT
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☑ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☑ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☑ 5  Transferred from Another District *(specify)* FILING OF JUDGMENT - 28 U.S.C. 1963

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

REGISTRATION

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. 1963

Brief description of cause: REGISTRATION OF JUDGMENT UNDER 28 U.S.C. 1963

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE 8/15/2023

SIGNATURE OF ATTORNEY OF RECORD  JOSHUA GREENHAW, OBA # 19111

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**Exhibit 1  Page 9 of 9**

# Law Offices of Joseph L. Manson III

Joseph L. Manson III, Esq.
600 Cameron St.
Alexandria, VA 22314

May 22, 2021

<u>VIA EMAIL</u>

Alan L. Rupe
Lewis Brisbois Bisgaard & Smith LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206

   Re: Universitas' Payment History for Tenth Circuit Mediation

Dear Alan,

Consistent with our conversation and the 10th Circuit mediation, we are enclosing a list of payments received by Universitas which are identified in accordance with the matters to which they relate. The judgment against Avon Wyoming is $6,710,065.92, none of which has been satisfied.

In order to evaluate a settlement proposal, we need an updated schedule of all of the assets of SDM, including but not limited to the insurance policies remaining in the portfolio, the policy numbers and policy coverage amounts, the annual premiums, and the cash value of each policy. As soon as we receive this information, we will be in a position to evaluate any settlement offer that your client makes.

Best regards,

Joe Manson

**CONFIDENTIAL - FOR SETTLEMENT PURPOSES ONLY**

### COLLECTIONS THAT COUNT AGAINST JUDGMENT:

| Description | Amount | Judgment Reduced |
|---|---|---|
| Insurance Reimbursement for Damages to Moonstone Propety in Rhode Island | $ 443,031.52 | Nova Group, Inc. |
| Settlement with Cahaly Creditors | $ 606,752.65 | Carpenter |
| Grist Mill Trust Settlement | $ 4,287,007.81 | Grist Mill Trust |
| Avon Old Farms School | $ 200,000.00 | Nova Group, Inc. |
| Carpenter Financial Group Payment | $ 7,858.14 | Carpenter Financial Group |
| Miscalleneous Recoveries | $ 98,989.91 | Nova Group, Inc. |
| **Total Collected** | **$ 5,643,640.03** | |

### COLLECTIONS THAT DO NOT REDUCE JUDGMENT:

| Description | Amount | Judgment Reduced |
|---|---|---|
| Settlement with Wilmington Savings Fund Society, FSB ("WSFS") | $12,000,000.00 | N/A |
| Settlement Involving Sanctions Against Counsel for Nova Group, Inc. | $ 250,000.00 | N/A |
| Settlement Involving Sanctions Against Counsel for Nova Group, Inc. | $ 36,000.00 | N/A |
| Settlement with TD Bank, N.A. | $ 150,000.00 | N/A |
| **Total** | **$12,436,000.00** | |

**Exhibit 2   Page 2 of 2**

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 14-FJ-00005-HE |
| | ) | |
| AVON CAPITAL, LLC, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the court is the petitioner's motion to authorize the receiver to disburse up to $750,000 in insurance proceeds [Doc. #779]. Interested Party Phoenix Charitable Trust (Phoenix) and intervenor Avon Capital, LLC (Avon Capital) (i.e., the pre-receivership ownership/control group) have filed oppositions to the motion.

On May 21, 2025, this court imposed a constructive trust on the insurance portfolio maintained by SDM Holdings, LLC, an Oklahoma limited liability company ("SDM"). Petitioner now moves the court to authorize the Receiver, Ryan Leonard, to pay it up to $750,000 from the funds collected from matured life insurance policies in the SDM portfolio as partial satisfaction of its New York judgment against, among others, Avon Capital. Phoenix and Avon Capital object to the relief requested through petitioner's motion. These objections have been previously raised numerous times by Phoenix and Avon Capital and have been rejected by this court and the Tenth Circuit.

Phoenix and Avon Capital further assert that no disbursements should be made while the petition for writ of certiorari and the appeal of the court's May orders are pending.

**Exhibit 3   Page 1 of 2**

In its May 21, 2025 Order, the court determined "a bond in the amount of $13,000,000 shall be required to suspend [the order's] operation pending appeal." *See* [Doc. #761] at 8. No appeal bond has been posted; thus, this court's orders and judgment have not been stayed. *See* <u>Strong v. Laubach</u>, 443 F.3d 1297, 1299-1300 (10th Cir. 2006).

In light of the long history of this case, and because the matters at issue have finally been resolved, the court concludes that the receiver, Ryan Leonard, should be authorized to direct the manager of SDM to disburse funds to the receiver who, in turn, is authorized to disburse those funds to petitioner. Therefore, petitioner's motion to authorize the receiver to disburse up to $750,000 in insurance proceeds [Doc. #779] is GRANTED as follows: Ryan Leonard, the receiver, is authorized to direct the manager of SDM to disburse funds up to $650,000[1] in insurance proceeds to Ryan Leonard, the receiver, who is authorized to disburse those funds to petitioner Universitas Education, LLC.

**IT IS SO ORDERED**.

Dated this 5th day of August, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *The court considered the receiver's June 30, 2025 report [Doc. #785] when determining the amount authorized.*

2

**Exhibit 3   Page 2 of 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| JOSEPH L. MANSON III,            ) | |
|    d/b/a LAW OFFICES OF     ) | |
|    JOSEPH L. MANSON III     ) | |
|                     ) | |
|    Plaintiff/Stakeholder,    ) | |
|                     ) | |
| v.                         ) | CA No. 1:18-cv-219-CMH/JFA |
|                     ) | |
| UNIVERSITAS EDUCATION, LLC, <u>et al</u>.  ) | |
|                     ) | |
|    Defendants/Claimants.    ) | |
|                     ) | |

## <u>FIRST AMENDED COMPLAINT FOR INTERPLEADER</u>

Interpleader-Plaintiff Joseph L. Manson, III, d/b/a Law Offices of Joseph L.

Manson III, by and through counsel, pursuant to F.R.Civ.P. 15(a)(1)(B)[1], files this First

Amended Complaint for Interpleader against Interpleader-Defendants Universitas

Education, LLC ("Universitas"); Loeb & Loeb, LLP ("Loeb"); Sturm Law PLLC

("Sturm"); and Lang & Associates, PLLC ("Lang").  This Complaint for Interpleader is

brought pursuant to Rule 22 of the Federal Rules of Civil Procedure, and, in the

alternative, pursuant to 28 U.S.C. § 1335.

As and for his Complaint, Interpleader-Plaintiff pleads as follows:

1.　　Interpleader-Plaintiff is an attorney doing business as the Law Offices of

Joseph L. Manson III.  He is a citizen of Virginia.

---

[1] Rule 15(a)(1)(B) allows a party to amend a pleading within 21 days after service of a responsive pleading or Rule 12 motion.  All defendants except Sturm filed answers on May 18, 2018, and Sturm filed a Rule 12 motion on that same date.  Accordingly, this amendment is timely and filed as a matter of right.

**Exhibit 4   Page 1 of 8**

2.      Universitas is a Delaware limited liability company with its principal place of business in New York.  Its only members, Sharon Siebert and Donna Vassar, are both citizens of New York.

3.      Loeb is a law firm and a California limited liability partnership.  Upon information and belief at the time of the filing of the original complaint, Plaintiff understood Loeb's partners to be citizens of California, Illinois, New York, Tennessee, and Washington, D.C.  Loeb has denied these allegations in its Answer to the original Complaint, but has not specified on what grounds.

4.      Sturm is a law firm and a Texas professional limited liability company located at 712 Main Street, Suite 900, Houston, Texas 77002.  Upon information and belief, Sturm's sole member, Charles A. Sturm, is a citizen of Texas.

5.      Lang is a law firm and a Texas professional limited liability company located at 440 Louisiana Street, Suite 900, Houston, Texas 77002.  Upon information and belief, all Lang's members, including Shannon A. Lang, are citizens of Texas.

6.      Universitas is the beneficiary of the proceeds of two life insurance policies issued by Lincoln Life Insurance Company ("Lincoln") on the life of Sash A. Spencer. The Charter Oak Trust (the "COT") was the beneficiary of the Spencer policies, which were held in the COT.

7.      Mr. Spencer died in June of 2008. In May of 2009, Lincoln paid the Spencer policy proceeds, plus interest, to the COT.  The COT denied Universitas's claims to the proceeds.

8.      Universitas subsequently commenced an arbitration against Nova Group, Inc. ("Nova"), the Named Trustee of the COT.

2

**Exhibit 4   Page 2 of 8**

9.      Universitas obtained an arbitration award against Nova, which was confirmed by the United States District Court for the Southern District of New York, Case No. 1:11-cv-01590-LTS-HBP.  Nova failed to pay the award, prompting Universitas to engage in collection efforts.  Universitas was represented by Loeb in the arbitration against Nova and in the related collection efforts.

10.      On or about April 6, 2015, Universitas also commenced arbitration against Wilmington Savings Fund Society, FSB ("WSFS"), the Insurance Trustee of the COT, with the American Arbitration Association, Case No. 01-15-003-1194 (the "Arbitration"). At the time, Universitas was represented by Shannon A. Lang and Charles A. Sturm. Universitas subsequently terminated that representation and engaged the Law Offices of Joseph L. Manson III.

11.      On or about February 26, 2018, Universitas and WSFS reached a full and final settlement of the Arbitration.  Universitas agreed to dismiss its claims against with WSFS with prejudice in exchange for, among other things, compensation in the amount of Twelve Million Dollars ($12,000,000.00 USD).

12.      As described therein, the Settlement Agreement required WSFS to wire the sum of Eight Million Dollars (the "Settlement Payment") to an escrow account at Branch Bank & Trust in the name of Interpleader-Plaintiff (Account Number 0000258221575, the "Escrow Account").[2]

---

[2] The Settlement Agreement also required WSFS to wire the additional sum of Four Million Dollars ($4,000,000.000), which constitute Interpleader-Plaintiff's attorneys' fees for representing Universitas in the Arbitration, to a trust account in the name of Interpleader-Plaintiff. These funds are not the subject of this dispute.

3

**Exhibit 4   Page 3 of 8**

13.    Within two days of receiving the Settlement Payment to the Escrow Account, the Settlement Agreement required Interpleader-Plaintiff to commence this interpleader action naming all lienholders who may have a claim to any portion of the Settlement Payment.

14.    All Defendants have asserted a claim to some portion of the Settlement Payment funds.

15.    Sturm has claimed an attorneys' lien against 35% of the proceeds, if any, recovered in the Arbitration.  As alleged by Sturm, Sturm's claim to the Settlement Payment amounts to $4,200,000.00.

16.    Loeb has also asserted a claim to the Settlement Payment.  As alleged by Loeb, Loeb's claim to the Settlement Payment amounts to at least $4,109,906.52.

17.    Lang has asserted a claim to the proceeds, if any, recovered in the Arbitration.  On information and belief, Lang's alleged claim to the Settlement Payment amounts to at least $200,000.00.

18.    On information and belief, Universitas also has a substantial claim to the Settlement Payment.

19.    Pursuant to the Settlement Agreement, on February 27, 2018, the Settlement Payment was wired to the Escrow Account.

20.    Pursuant to the Settlement Agreement, and because Interpleader-Plaintiff reasonably believes that the competing claims for payment exceed the amount of the Settlement Payment, Interpleader-Plaintiff brings this Complaint for Interpleader.

21.    Interpleader-Plaintiff believes that Interpleader-Defendants' collective claims exceed the Settlement Payment, so that any attempt to make payment may result

in multiple litigation and expose Interpleader-Plaintiff to conflicting and multiple liabilities.

22.     Interpleader-Plaintiff is neutral regarding each party's entitlement to the Settlement Payment, including the entitlement of the Interpleader-Defendants, and therefore seeks discharge from this action and from any liability with respect to the Settlement Payment.

## COUNT I
### (Rule Interpleader Pursuant To F.R.Civ.P. 22)

23.     Interpleader-Plaintiff incorporates the allegations of Paragraphs 1 through 22 above.

24.     In the event that there are no Interpleader-Defendants that are citizens of Virginia by virtue of the citizenship of one of their members, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity between the Interpleader-Plaintiff and the various Interpleader-Defendants, and the amount in controversy exceeds $75,000.

25.     Venue is proper under 28 U.S.C. § 1391, because the property that is the subject of this dispute, the Settlement Payment, is situated in Interpleader-Plaintiff's escrow account in the City of Alexandria in this judicial district.

## COUNT II
### (Statutory Interpleader Pursuant To 28 U.S.C § 1335)

26.     Pleading in the alternative, Interpleader-Plaintiff incorporates the allegations of Paragraphs 1 through 22 above.

**Exhibit 4   Page 5 of 8**

27.     There are two or more adverse claimants of diverse citizenship who are claiming or may claim to be entitled to the Settlement Payment, which exceeds $500 in value.

28.     This Court has jurisdiction pursuant to 28 U.S.C. § 1335, which requires only diversity between any two of the Interpleader-Defendants (which exists, for example, between Universitas, a citizen of New York, and Lang, a citizen of Texas).

29.     In the event that an Interpleader-Defendant, such as Loeb, is a citizen of Virginia by virtue of the citizenship of one of its members, then a claimant resides in this district, and this matter may be brought in this court under 28 U.S.C. § 1379.

30.     Interpleader-Plaintiff prays the Court issue an Order granting leave to deposit the entirety of the Settlement Payment pursuant to 28 U.S.C § 1335, amounting to $8,000,000.00, into the registry of the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Interpleader-Plaintiff respectfully requests this Court:

a.  issue an Order requiring the Interpleader-Defendants to interplead all of their claims under or with respect to the Settlement Payment;

b.  issue an Order granting the Interpleader-Plaintiff leave to have the entirety of the Settlement Payment, amounting to $8,000,000.00, deposited into the registry of the Court, and providing that, upon such deposit, the Interpleader-Plaintiff and its employees and agents shall be discharged from all liability to the Interpleader-Defendants under or in connection with the Settlement Payment;

6

**Exhibit 4   Page 6 of 8**

c.  enter a preliminary and permanent injunction enjoining the Interpleader-Defendants from instituting or prosecuting any action in any court, state or federal, against the Interpleader-Plaintiff and its agents or employees asserting any claims, rights, causes of action, or demands of any nature, known or unknown, under or in connection with the Settlement Payment;

d.  enter judgment discharging the Interpleader-Plaintiff and its agents and employees from all further liability relating in any way to the Settlement Payment or any demands that may be made in connection with the Settlement Payment;

e.  award to Interpleader-Plaintiff his costs and attorneys' fees; and

f.  grant any further relief as this Court may deem just and proper.

Dated:  May 23, 2018

LAW OFFICES OF JOSEPH L. MANSON III
By Counsel

_____/dib/_____
David I. Bledsoe
VSB 29826
600 Cameron Street, Suite 203
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

7

**Exhibit 4   Page 7 of 8**

Case 1:18-cv-00219-CMH-JFA   Document 29-1   Filed 05/23/18   Page 8 of 8 PageID# 108
Case 5:24-i-06005-HE   Document 831-1   Filed 01/07/26   Page 8 of 8
Appellate Case: 25-6073     Document: 54     Date Filed: 01/07/2026     Page: 30

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2018, the foregoing was filed with the

Clerk of Court through the Court's CM/ECF system, which will then send a notice of the

filing (NEF) to all counsel of record.


_____/s/_____
David I. Bledsoe

**From:** Paul S Samson [mailto:PSamson@riemerlaw.com]
**Sent:** Monday, December 28, 2015 5:30 PM
**To:** Elkind, Thomas I.; Tony Zelle (tzelle@zelmcd.com); tevans@zelmcd.com; 'Paula Colbath' (pcolbath@loeb.com) (pcolbath@loeb.com); Lindsay Feuer (lfeuer@loeb.com) (lfeuer@loeb.com)
**Subject:** RE: Satisfaction of Judgment

Universitas has been paid $900,333.06 as a result of the settlement and that amount will be credited against the Universitas judgment against Mr. Carpenter in accordance with Universitas' agreement with BPETCO and Mr. Carpenter.

Regards, have a happy and healthy New Year.  Paul.

Paul S. Samson
(admitted in MA and NY)
Riemer & Braunstein LLP
psamson@riemerlaw.com

From: TElkind@foley.com [mailto:TElkind@foley.com]
Sent: Monday, December 28, 2015 5:25 PM
To: Tony Zelle (tzelle@zelmcd.com); tevans@zelmcd.com; Paul S Samson; 'Paula Colbath' (pcolbath@loeb.com) (pcolbath@loeb.com); Lindsay Feuer (lfeuer@loeb.com) (lfeuer@loeb.com)
Subject: Satisfaction of Judgment

Counsel:

Attached is a copy of the Satisfaction of Judgment that was filed today in the original Cahaly action pursuant to Section 11 of the Release and Settlement Agreement.

The settlement between the Cahalys and BPETCO has now been completed. The settlement documents have all been signed and the $125,000 payment from BPETCO has been wired to counsel for the Cahalys.

Please let me know the total amount that is paid to Universitas, including interest,  pursuant to its settlement with the Cahalys, as this is the amount that will be credited against the judgment held by Universitas against Dan Carpenter and others.

Thank you for your cooperation regarding this matter.

Regards,

Thomas I. Elkind
Foley & Lardner LLP
111 Huntington Avenue
Boston, MA 02199
Tel:  617-342-4010
Fax: 617-342-4001
telkind@foley.com

**Exhibit 5   Page Solo**
1

### Amounts Collected by Universitas Through July 17, 2017

| Judgment Reduced | Date | Amount | Description |
|---|---|---|---|
| Nova Group, Inc. | 8/14/2013 | $50,000.00 | STEPHEN D STANTON SR / WISDA PYMT |
| Nova Group, Inc. | 8/15/2013 | $10,000.00 | STEPHEN D STANTON SR / WISDA RELEASE |
| Nova Group, Inc. | 8/22/2013 | $20,000.00 | STEPHEN D STANTON SR |
| Nova Group, Inc. | 12/6/2013 | $155,782.92 | USAA / DANIEL CARPENTER |
| Nova Group, Inc. | 12/6/2013 | $187,248.60 | USAA / DANIEL CARPENTER |
| Nova Group, Inc. | 4/29/2014 | $250,000.00 | CONFIDENTIAL SETTLEMENT |
| Grist Mill Trust | 2/11/2015 | $25,000.00 | CAROL ANN STAUSS |
| Grist Mill Trust | 3/23/2015 | $35,000.00 | BHUPINDER SAINI |
| Nova Group, Inc. | 8/14/2015 | $47,108.54 | USAA GENERAL INDEMNITY CO. |
| Nova Group, Inc. | 8/14/2015 | $31,375.70 | USAA GENERAL INDEMNITY CO. |
| Carpenter | 12/23/2015 | $606,752.65 | RIEMER & BRAUNSTEIN |
| Grist Mill Trust | 2/4/2016 | $65,000.00 | MIDLAND FAMILY DENTISTRY |
| Grist Mill Trust | 3/24/2016 | $90,000.00 | ROBERT LEVINTHAL |
| Grist Mill Trust | 5/24/2016 | $239,108.48 | WEBSTER BANK OFFICIAL CK |
| Grist Mill Trust | 5/24/2016 | $251,912.20 | WEBSTER BANK OFFICIAL CHECK |
| Grist Mill Trust | 5/31/2016 | $250,000.00 | US TREASURY |
| Grist Mill Trust | 6/1/2016 | $54,578.11 | HANOVER BENFIT PLANS |
| Grist Mill Trust | 6/14/2016 | $16,149.94 | PHOENIX LIFE INSUR SETTLEMENT |
| Grist Mill Trust | 6/29/2016 | $27,443.09 | RALPH STEVENS/GRIST MILL TRUST |
| Grist Mill Trust | 6/29/2016 | $24,253.35 | RALPH STEVENS/GRIST MILL TRUST |
| Grist Mill Trust | 7/8/2016 | $48,968.73 | HANOVER BENEFIT PLANS |
| Grist Mill Trust | 7/13/2016 | $8,006.41 | USAA GENERAL INDEMNITY CO. |
| Grist Mill Trust | 7/13/2016 | $7,073.74 | HARTFORD LIFE & ANNUITY |
| Grist Mill Trust | 7/25/2016 | $1,199,986.00 | AMERITAS LIFE INSURANCE CO |
| Grist Mill Trust | 8/5/2016 | $39,850.85 | LINCOLN FINANCIAL GROUP |
| Grist Mill Trust | 8/5/2016 | $35,137.26 | BENISTAR ADMIN SRVC |
| Grist Mill Trust | 8/15/2016 | $46,544.93 | BENISTAR ADMIN SERVICES |
| Grist Mill Trust | 8/19/2016 | $46,549.08 | LINCOLN FINANCIAL GROUP |
| Grist Mill Trust | 8/31/2016 | $1,000.00 | JOHN FULKERSON |
| Grist Mill Trust | 9/30/2016 | $28,386.29 | COLUMBUS LIFE INSUR CO |
| Grist Mill Trust | 10/14/2016 | $142,169.63 | BENISTAR ADMIN SRVC |
| Grist Mill Trust | 10/21/2016 | $7,576.28 | VOYA SECURITY LIFE OF DENVER |
| Nova Group, Inc. | 11/21/2016 | $25,000.00 | UNITED SERVICES AUTO ASSOC |
| Grist Mill Trust | 12/6/2016 | $44,249.68 | NATIONAL LIFE GROUP INSUR CO OF SW |
| Grist Mill Trust | 12/13/2016 | $4,143.76 | ROD LINJA |
| Grist Mill Trust | 12/13/2016 | $34,763.40 | JAMES KELLER |
| Grist Mill Trust | 12/13/2016 | $1,741.12 | LINCOLN NATIONAL LIFE INSUR |
| Grist Mill Trust | 12/29/2016 | $12,407.96 | ALL ABOUT GLASS & WINDOW |
| Grist Mill Trust | 12/29/2016 | $50,000.00 | VOYA (DENNIS P SHAW) |
| Grist Mill Trust | 12/30/2016 | $12,407.96 | BRUCE MACIN |
| Grist Mill Trust | 1/13/2017 | $63,617.80 | BENISTAR ADMIN SRVC INC |
| Grist Mill Trust | 1/24/2017 | $21,364.07 | LINCOLN FINANCIAL |
| Grist Mill Trust | 2/1/2017 | $9,734.82 | DR DAVID HOFFMAN |
| Grist Mill Trust | 2/1/2017 | $10,998.61 | DR DAVID HOFFMAN |
| Grist Mill Trust | 2/1/2017 | $11,567.51 | JAMES JONES |
| Grist Mill Trust | 2/1/2017 | $14,779.94 | LINCOLN NATIONAL LIFE |
| Grist Mill Trust | 2/15/2017 | $99,078.02 | AMERICAN GENERAL LIFE INS |
| Grist Mill Trust | 2/15/2017 | $19,868.30 | JOE AND KRIS WOLFE |
| Grist Mill Trust | 2/15/2017 | $25,580.06 | CHRISTINA SANDERS |
| Grist Mill Trust | 3/20/2017 | $22,595.16 | BANK OF AMER/ R BUDAH |
| Grist Mill Trust | 3/20/2017 | $24,356.12 | BANK OF AMER/C BUDAH |
| Grist Mill Trust | 5/10/2017 | $10,000.00 | DAJAC, INC |
| Grist Mill Trust | 5/10/2017 | $28,515.44 | BENISTAR ADMIN SERVICES, INC. |
| Grist Mill Trust | 5/26/2017 | $50,012.35 | NATIONAL LIFE GROUP INS |
| Grist Mill Trust | 6/2/2017 | $58,876.78 | LINCOLN NATIONAL LIFE |

TOTAL                         $4,703,621.64

**Exhibit 6   Page Solo**

## *Client Trust -* | **214560-10001** |

**UNIVERSITAS EDUCATION, LLC**

*Re:* **COLLECTION OF INSURANCE PROCEEDS**

Thursday, October 26, 2017

*Resp ATTY:* | **COLBATH** |

| ACCT | DATE | DOC | DESCRIPTION | RECEIPTS | DISBS. | BALANCE |
|------|------|-----|-------------|----------|--------|---------|
| 24576266 | 08/14/13 | WIRE IN | STEPHEN D STANTON SR / WISDA PYMT | 50,000.00 | 0.00 | |
| | 08/15/13 | WIRE IN | STEPHEN D STANTON SR / WISDA RELEASE | 10,000.00 | 0.00 | |
| | 08/22/13 | WIRE IN | STEPHEN D STANTON SR | 20,000.00 | 0.00 | |
| | 09/30/13 | TRANSFER | TNFR FROM TRUST TO GEN TO APPLY TO A/R | 0.00 | -40,000.00 | |
| | 10/04/13 | TRANSFER | TNFR FUNDS TO GEN TO PAY A/R PER L OPPEN | 0.00 | -40,000.00 | |
| | 12/06/13 | DEPOSIT | USAA / DANIEL CARPENTER | 155,782.92 | 0.00 | |
| | 12/06/13 | DEPOSIT | USAA / DANIEL CARPENTER | 187,248.60 | 0.00 | |
| | 12/16/13 | TRANSFER | TNFR TO LOEB GEN ACCT TO PAY A/R | 0.00 | -117,595.24 | |
| | 12/26/13 | 2405 | UNIVERSITAS EDUCATION. LLC | 0.00 | -30,000.00 | |
| | 12/26/13 | WIRE OUT | REYHANI NEMIROVSKY LLP | 0.00 | -25,000.00 | |
| | 12/26/13 | TRANSFER | TNFR TO LOEB GEN ACCT. | 0.00 | -110,515.76 | |
| | 01/08/14 | TRANSFER | TNFR TO GEN ACCT TO PAY INV#1555517 | 0.00 | -23,781.16 | |
| | 02/21/14 | TRANSFER | TNFR TO LOEB GENERAL ACCT A/R | 0.00 | -30,139.36 | |
| | 02/25/14 | TRANSFER | TNFR TO LOEB GEN ACCT MATTER 10003 COST | 0.00 | -6,000.00 | |
| | 04/29/14 | DEPOSIT | LEYDEN & MAIN LEGAL GROUP PC | 250,000.00 | 0.00 | |
| | 07/02/14 | WIRE OUT | ANTHONY R ZELLE PC | 0.00 | -100,000.00 | |
| | 07/02/14 | 2497 | UNIVERSITAS EDUCATION LLC | 0.00 | -18,750.00 | |
| | 07/03/14 | WIRE OUT | TNFR TO LOEB GENERAL ACCT | 0.00 | -56,250.00 | |
| | 07/03/14 | TRANSFER | TNFR TO LOEB GEN ACCT TO PAY A/R | 0.00 | -5,202.88 | |
| | 07/07/14 | TRANSFER | TNFR TO GEN ACCT TO PAY A/R | 0.00 | -24,172.58 | |
| | 07/14/14 | TRANSFER | TNFR TO LOEB GEN ACCT TO PAY A/R | 0.00 | -28,542.17 | |
| | 08/06/14 | TRANSFER | TNFR TO LOEB GEN ACCT TO PAY 8/5/14 INV | 0.00 | -3,521.63 | |
| | 10/01/14 | TRANSFER | TRANSFER TO TRUST ACCT TO PAY A/R | 0.00 | -13,560.74 | |
| | 02/11/15 | WIRE IN | CAROL ANN STAUSS | 25,000.00 | 0.00 | |
| | 02/11/15 | 2580 | UNIVERSITAS EDUCATION LLC | 0.00 | -12,500.00 | |
| | 03/23/15 | WIRE IN | BHUPINDER SAINI | 35,000.00 | 0.00 | |
| | 03/24/15 | 2583 | UNIVERSITAS EDUCATION LLC | 0.00 | -7,500.00 | |
| | 04/08/15 | TRANSFER | TNFR TO LOEB GEN ACCT TO PAY A/R | 0.00 | -10,000.00 | |
| | 04/20/15 | 2606 | ANGELI UNGAR LAW GROUP LLC | 0.00 | -5,000.00 | |
| | 04/24/15 | 2610 | RIEMER & BRAUNSTEIN LLP | 0.00 | -5,836.65 | |
| | 05/04/15 | 2618 | RIEMER BRAUNSTEIN 50% OF INV# 211354 - 50% | 0.00 | -12,962.51 | |
| | 07/06/15 | 2661 | ZELLE HOFMANN VOELBEL & MASON LLP | 0.00 | -2,698.62 | |
| | 08/14/15 | DEPOSIT | USAA GENERAL INDEMNITY CO. | 47,108.54 | 0.00 | |
| | 08/14/15 | DEPOSIT | USAA GENERAL INDEMNITY CO. | 31,375.70 | 0.00 | |
| | 08/14/15 | 2669 | UNIVERSITAS EDUCATION, LLC | 0.00 | -20,000.00 | |

*Page 1 of 3*

**Exhibit 7   Page 1 of 3**

| ACCT | DATE | DOC | DESCRIPTION | RECEIPTS | DISBS. | BALANCE |
|------|------|-----|-------------|----------|--------|---------|
| 24576266 | 08/27/15 | 2683 | LOEB & LOEB | 0.00 | -19,241.12 | |
| | 12/04/15 | TRANSFER | TNFR TO GEN ACCT TO PAY A/R | 0.00 | -28,745.34 | |
| | 12/04/15 | 2734 | UNIVERSITAS EDUCATION | 0.00 | -14,000.00 | |
| | 12/23/15 | WIRE IN | RIEMER & BRAUNSTEIN | 606,752.65 | 0.00 | |
| | 12/24/15 | TRANSFER | TNFR TO LOEB GEN ACCT | 0.00 | -606,752.65 | |
| | 02/04/16 | DEPOSIT | MIDLAND FAMILY DENTISTRY | 65,000.00 | 0.00 | |
| | 03/24/16 | WIRE IN | ROBERT LEVINTHAL | 90,000.00 | 0.00 | |
| | 05/06/16 | 2812 | UNIVERSITAS EDUCATION LLC | 0.00 | -25,000.00 | |
| | 05/18/16 | 2816 | LOEB & LOEB | 0.00 | -130,000.00 | |
| | 05/24/16 | DEPOSIT | WEBSTER BANK OFFICIAL CK | 239,108.48 | 0.00 | |
| | 05/24/16 | DEPOSIT | WEBSTER BANK OFFICIAL CHECK | 251,912.20 | 0.00 | |
| | 05/31/16 | DEPOSIT | US TREASURY | 250,000.00 | 0.00 | |
| | 06/01/16 | DEPOSIT | HANOVER BENFIT PLANS | 54,578.11 | 0.00 | |
| | 06/14/16 | DEPOSIT | PHOENIX LIFE INSUR SETTLEMENT | 16,149.94 | 0.00 | |
| | 06/29/16 | DEPOSIT | RALPH STEVENS/GRIST MILL TRUST | 27,443.09 | 0.00 | |
| | 06/29/16 | DEPOSIT | RALPH STEVENS/GRIST MILL TRUST | 24,253.35 | 0.00 | |
| | 07/08/16 | DEPOSIT | HANOVER BENEFIT PLANS | 48,968.73 | 0.00 | |
| | 07/13/16 | DEPOSIT | USAA GENERAL INDEMNITY CO. | 8,006.41 | 0.00 | |
| | 07/13/16 | DEPOSIT | HARTFORD LIFE & ANNUITY | 7,073.74 | 0.00 | |
| | 07/25/16 | WIRE IN | AMERITAS LIFE INSURANCE CO | 1,199,986.00 | 0.00 | |
| | 08/05/16 | DEPOSIT | LINCOLN FINANCIAL GROUP | 39,850.85 | 0.00 | |
| | 08/05/16 | DEPOSIT | BENISTAR ADMIN SRVC | 35,137.26 | 0.00 | |
| | 08/15/16 | DEPOSIT | BENISTAR ADMIN SERVICES | 46,544.93 | 0.00 | |
| | 08/19/16 | DEPOSIT | LINCOLN FINANCIAL GROUP | 46,549.08 | 0.00 | |
| | 08/31/16 | DEPOSIT | JOHN FULKERSON | 1,000.00 | 0.00 | |
| | 09/13/16 | 2860 | UNIVERSITAS EDUCATION | 0.00 | -246,576.35 | |
| | 09/14/16 | 2862 | PULLMAN & COMLEY LLC | 0.00 | -7,500.00 | |
| | 09/15/16 | 2864 | US LEGAL SUPPORT | 0.00 | -2,000.00 | |
| | 09/15/16 | 2865 | HALL OF FAME REPORTING | 0.00 | -5,719.45 | |
| | 09/16/16 | 2866 | LOEB & LOEB LLP | 0.00 | -2,000,000.00 | |
| | 09/16/16 | 2867 | ZELLE LLP | 0.00 | -20,000.00 | |
| | 09/30/16 | 2871 | CROWE & DUNLEVY | 0.00 | -6,839.04 | |
| | 09/30/16 | 2872 | SCHWARTZ & THOMASHOWER | 0.00 | -2,928.58 | |
| | 09/30/16 | DEPOSIT | COLUMBUS LIFE INSUR CO | 28,386.29 | 0.00 | |
| | 10/14/16 | DEPOSIT | BENISTAR ADMIN SRVC | 142,169.63 | 0.00 | |
| | 10/21/16 | DEPOSIT | VOYA SECURITY LIFE OF DENVER | 7,576.28 | 0.00 | |
| | 11/21/16 | DEPOSIT | UNITED SERVICES AUTO ASSOC | 25,000.00 | 0.00 | |
| | 11/15/16 | 2894 | LAW OFFICES OF JOSEPH L MANSON III | 0.00 | -10,000.00 | |
| | 12/06/16 | DEPOSIT | NATIONAL LIFE GROUP INSUR CO OF SW | 44,249.68 | 0.00 | |
| | 12/07/16 | 2899 | LAW OFFICES OF JOSEPH L. MANSON III | 0.00 | -15,000.00 | |
| | 12/13/16 | DEPOSIT | ROD LINJA | 4,143.76 | 0.00 | |

*Page 2 of 3*

| ACCT | DATE | DOC | DESCRIPTION | RECEIPTS | DISBS. | BALANCE |
|---|---|---|---|---|---|---|
| 24576266 | 12/13/16 | DEPOSIT | JAMES KELLER | 34,763.40 | 0.00 | |
| | 12/13/16 | DEPOSIT | LINCOLN NATIONAL LIFE INSUR | 1,741.12 | 0.00 | |
| | 12/29/16 | DEPOSIT | ALL ABOUT GLASS & WINDOW | 12,407.96 | 0.00 | |
| | 12/29/16 | DEPOSIT | VOYA (DENNIS P SHAW) | 50,000.00 | 0.00 | |
| | 12/30/16 | DEPOSIT | BRUCE MACIN | 12,407.96 | 0.00 | |
| | 12/30/16 | 2912 | LAW OFFICES OF JOSEPH L. MANSON III | 0.00 | -45,125.00 | |
| | 12/30/16 | 2913 | LOEB & LOEB | 0.00 | -208,028.91 | |
| | 01/04/17 | 2914 | UNIVERSITAS | 0.00 | -14,875.00 | |
| | 01/04/17 | 2915 | ALL ABOUT GLASS & WINDOW INC | 0.00 | -12,407.96 | |
| | 01/13/17 | DEPOSIT | BENISTAR ADMIN SRVC INC | 63,617.80 | 0.00 | |
| | 01/24/17 | DEPOSIT | LINCOLN FINANCIAL | 21,364.07 | 0.00 | |
| | 02/02/17 | 2934 | CDS 072585; 073926; 073928 073927; 073930 | 0.00 | -8,058.60 | |
| | 02/15/17 | DEPOSIT | AMERICAN GENERAL LIFE INS | 99,078.02 | 0.00 | |
| | 02/15/17 | DEPOSIT | JOE AND KRIS WOLFE | 19,868.30 | 0.00 | |
| | 02/15/17 | DEPOSIT | CHRISTINA SANDERS | 25,580.06 | 0.00 | |
| | 02/01/17 | DEPOSIT | DR DAVID HOFFMAN | 9,734.82 | 0.00 | |
| | 02/01/17 | DEPOSIT | DR DAVID HOFFMAN | 10,998.61 | 0.00 | |
| | 02/01/17 | DEPOSIT | JAMES JONES | 11,567.51 | 0.00 | |
| | 02/01/17 | DEPOSIT | LINCOLN NATIONAL LIFE | 14,779.94 | 0.00 | |
| | 02/16/17 | 2939 | UNIVERSITAS EDUCATION | 0.00 | -30,000.00 | |
| | 02/17/17 | 2940 | LOEB & LOEB | 0.00 | -250,000.00 | |
| | 03/20/17 | DEPOSIT | BANK OF AMER/ R BUDAH | 22,595.16 | 0.00 | |
| | 03/20/17 | DEPOSIT | BANK OF AMER/C BUDAH | 24,356.12 | 0.00 | |
| | 04/10/17 | BANK CK | CLERK US DISTRICT COURT | 0.00 | -3,000.00 | |
| | 05/10/17 | DEPOSIT | DAJAC, INC | 10,000.00 | 0.00 | |
| | 05/10/17 | DEPOSIT | BENISTAR ADMIN SERVICES, INC. | 28,515.44 | 0.00 | |
| | 05/26/17 | DEPOSIT | NATIONAL LIFE GROUP INS | 50,012.35 | 0.00 | |
| | 06/12/17 | 3009 | UNIVERSITAS | 0.00 | -10,000.00 | |
| | 06/12/17 | 3010 | LAW OFFICES OF JOSEPH MANSON | 0.00 | -25,000.00 | |
| | 06/02/17 | DEPOSIT | LINCOLN NATIONAL LIFE | 58,876.78 | 0.00 | |
| | 06/29/17 | 3026 | LOEB & LOEB LLP | 0.00 | -190,000.00 | |
| | 07/11/17 | DEPOSIT | BENISTAR ADMIN | 105,598.66 | 0.00 | |
| | 07/12/17 | DEPOSIT | JOHN HANCOCK | 3,617.21 | 0.00 | |
| | 07/21/17 | 3036 | UNIVERSITAS EDUATION | 0.00 | -20,000.00 | |
| | 07/21/17 | 3037 | LOEB & LOEB | 0.00 | -90,000.00 | |
| | 10/10/17 | DEPOSIT | BENISTAR ADMIN SRVC | 218,105.00 | 0.00 | |
| | 10/24/17 | DEPOSIT | LINCOLN NATIONAL LIFE | 1,877.11 | 0.00 | |
| | 10/24/17 | DEPOSIT | LINCOLN NATIONAL LIFE | 8,949.03 | 0.00 | |

**Total -**  24576266      5,041,768.65    -4,796,327.30    245,441.35

**Grand Total**      5,041,768.65   -4,796,327.30    245,441.35

*Page 3 of 3*

+ 9,943.72  11/17

255,385.07
+ 54,316.08  11/20
309,701.15

**Exhibit 7    Page 3 of 3**

**UNIVERSITAS EDUCATION, LLC V. WILMINGTON SAVINGS FUND SOCIETY, FSB, AS SUCCESSOR-IN-INTEREST TO CHRISTIANA BANK AND TRUST COMPANY**
**REASONABLE ATTORNEYS' FEES AND COSTS**

|  | Source | Amount |
|---|---|---|
| Judgment Reduced | Nova Group, Inc. | $776,515.76[1] |
|  | Carpenter | $606,752.65[2] |
|  | Grist Mill Trust | $4,287,007.81[3] |
|  | Dajac, Inc. | $10,000[4] |
|  | TD Bank | $170,000[5] |
| **Total Judgment Reduced** |  | **$5,850,276.22** |
| Attorneys' Fees and Costs | 2010 Arbitration Award | $786,403 |
|  | October 5, 2012 Order from SDNY[6] | $268,810.01 |
|  | October 8, 2014 Judgment from SDNY | $1,131,472.84 |
|  | 35% of $5,850,276.22, which is total judgment recovery, as reasonable attorneys' fees and costs for collection work | $2,047,596.68 |
| **Total Reasonable Attorneys' Fees and Costs** |  | **$4,234,282.53** |
| **Recoveries Net of Reasonable Fees and Costs** |  | **$1,615,993.69** |

---

[1] $776,515.76 is the sum of the amounts recovered and applied towards the judgment against Nova Group, Inc. according to Claimant's Exhibit 231, on the page titled "Amounts Collected by Universitas Through July 17, 2017."

[2] $606,752.65 is the amount recovered and applied towards the judgment against Carpenter.

[3] $4,287,007.81 is the amount Universitas is to receive under the Stipulation and Order of Settlement with Grist Mill Trust Welfare Benefit Plan (Doc. No. 143) in *Penn Mutual v. Kathy Kehoe*, No. 15-cv-01111-AJN (S.D.N.Y.).

[4] $10,000 is the amount recovered from the Dajac, Inc. litigation.

[5] $170,000 is the settlement amount Universitas received from the TD Bank litigation, as testified to by Ms. Siebert in her deposition.

[6] Reduced to judgment in the October 8, 2014 judgment.

**Exhibit 8    Page Solo**